GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, State Bar No. 163581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5395
Facsimile: 640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, State Bar No. 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8293
Facsimile: 415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER (*pro hac vice* forthcoming)
MIGUEL A. ESTRADA (*pro hac vice* forthcoming)
VERONICA J.T. GOODSON, State Bar No. 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500
Facsimile: 202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, INC., PACCAR INC., and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>Defendants. | CASE NO. 2:25-cv-02255-DC<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS'** *EX PARTE* **APPLICATION AND MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR THEIR MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Dena Coggins<br>Action Filed: August 11, 2025 |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR THEIR MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

I, Rachel S. Brass, declare as follows:

1. I am a partner at Gibson, Dunn & Crutcher LLP and am admitted to practice in the State of California and before this Court. I am one of the counsel of record for Plaintiffs in the above-captioned matter. I have personal knowledge of the matters contained in this declaration. If called to testify to the matters set forth in this declaration, I could do so competently.

2. Plaintiffs filed their complaint in this action on the morning of Monday, August 11. That same day, my colleague Stacie Fletcher sent two emails on which I was copied to California Attorney General Rob Bonta; Deputy Attorney General Lisa Plank; Deputy Attorney General Benjamin Lempert; Deputy Attorney General Jonathan Wiener; and Shannon Dilley, Chief Counsel for the California Air Resources Board.

3. In the first email, Ms. Fletcher explained that Plaintiffs would be filing a consolidated motion for a preliminary injunction, requested that Defendants accept a waiver of service and agree to accept service by email for all future filings, and requested that Defendants stipulate to a mutual page extension of 35 pages for Plaintiffs' consolidated motion for a preliminary injunction and Defendants' consolidated opposition to the same. A true and correct copy of that email is attached here as **Exhibit A**. Defendants responded saying they could not take a position until they knew to whom this case was assigned.

4. After Plaintiffs' case was assigned to this Court, Ms. Fletcher sent Defendants a second email to comply with this Court's Standing Order in Civil Cases, which requires that parties meet and confer prior to filing a motion. A true and correct copy of that email is attached as **Exhibit B**. In that second email, we invited Defendants to meet and confer on the substance of Plaintiffs' motion for a preliminary injunction and administrative motion, the possibility of potential resolution, and the same service and page-limit issues that we raised in the first email.

5. The next day, Tuesday, August 12, I joined a thirty-minute video conference with five counsel for the Defendants—Elaine Mecheknstock, Jonathan Weiner, David Meeker, Cecilia Segal and Benjamin Lempert. During that call, counsel for Defendants suggested they did not have authority to present a specific response to the page limit request. They did not offer a time at which they could

2

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR THEIR MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

Gibson, Dunn & Crutcher LLP

respond. Defendants' counsel asked Plaintiffs to delay their motion for various reasons. On behalf of Plaintiffs, Ms. Fletcher and I explained that the urgency of the issues presented by upcoming Model Year 26 deadlines, and the failure to CARB to respond to attempts to resolve these issues in May, June and July—*see infra* ¶¶ 12–16—meant further delay was not tenable. I also explained that Plaintiffs intended to notice their motion for preliminary injunction for a September 19, 2025 date, the earliest available that allowed a full briefing schedule. I offered to work with Defendants to allow additional time for their response to the Plaintiffs' motion provided that date did not change. I and other participating counsel also explained that moving the hearing to the October 3 date would not work due to the injury delay would cause the Plaintiff OEMs, and because it would require travel on October 2—Yom Kippur, a holiday multiple OEM counsel observe. Taken together, further delay would prejudice Plaintiffs.

6. When after 5:00 p.m. (PT) Plaintiffs had no updates from Defendants on any of the issues subject to the meet and confer, Ms. Fletcher sent an additional email confirming that Plaintiffs would file the preliminary injunction motion on August 12, 2025. A true and correct copy of that email is attached as **Exhibit C**.

7. There is good cause for the Court to grant *ex parte* relief. Plaintiffs have an urgent need for preliminary injunctive relief to prevent them from incurring the substantial and irreparable injuries detailed in their joint Motion for Preliminary Injunction. For the same reasons, Plaintiffs will be irreparably harmed if this Court's consideration of the merits of their motion for a preliminary injunction is delayed by its resolution of the antecedent administrative question whether Plaintiffs are entitled to a page extension under the standard timeframe provided by Local Rule 233 or Section I-B of this Court's Standing Order in Civil Cases.

8. There is also good cause for the Court to grant Plaintiffs' modest request for a page extension. Rather than file separate briefs of 25 pages each for a total of 100 pages, the four Plaintiffs have coordinated on a consolidated motion that modestly exceeds the page limits. That modest extension was needed to set forth the seven causes of action at issue in the Plaintiffs' Motion, and the basis for each Plaintiff's request for preliminary injunctive relief. The interests of justice and judicial

3

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR THEIR MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

Gibson, Dunn & Crutcher LLP

economy will be best served by granting Plaintiffs' modest extension request.

9. To alleviate any possible prejudice to Defendants should the Court grant Plaintiffs' motion, Plaintiffs also request that the Court enter an order allowing Defendants at least a comparable extension for any consolidated brief in opposition. For avoidance of doubt, Plaintiffs also will not oppose any reasonable request for additional pages by Defendants.

10. Plaintiffs also request an extension to 20 pages for a consolidated reply in support of their motion.

11. Plaintiffs remain happy to meet and confer regarding any additional page extension Defendants believe they require and will not oppose any reasonable request. Plaintiffs are also happy to adjust the briefing schedule related to Plaintiffs' preliminary injunction provided that any such schedule is Court approved, provides Plaintiffs 10 days in which to reply, and is heard on September 19, 2025.

12. Plaintiffs have not only repeatedly tried to avoid the necessity of filing their request for *ex parte* administrative relief, but also the necessity of having to file their motion for a preliminary injunction. Over the past several months, alongside the other three Plaintiff OEMs, Daimler Truck has repeatedly attempted to contact the California Air Resources Board ("CARB") to seek regulatory clarity and avoid the necessity for litigation.

13. On Tuesday, May 20, 2025, Jed Mandel, the President of EMA, sent a letter to Steve Cliff, Executive Officer of CARB on behalf of EMA members, including all four Plaintiffs here. A true and correct copy of that letter is attached here as **Exhibit D**. In that letter, EMA explained that the circumstances changed since the Clean Truck Partnership, including that CARB had withdrawn its request for a preemption waiver for its Advanced Clean Fleets rule, it indicated that it would not seek new waiver determinations from the U.S. Environmental Protection Agency ("EPA"), and that multiple lawsuits had been filed challenging the legality of the Clean Truck Partnership. EMA asked that CARB and EMA "promptly discuss needed regulatory changes, such as the repeal of [Advanced Clean Trucks] (as CARB agreed to do with the [Advanced Clean Fleets]), the elimination of Paragraph 2 of the [Clean Truck Partnership], or any requirement that the OEMs comply with [Advanced Clean Truck]'s

4

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR THEIR MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

requirements without a valid waiver from the EPA." To date, I am not aware of a substantive response from CARB regarding the regulatory changes requested by EMA.

14. On Wednesday, June 25, 2025, I participated in a video conference between counsel for the four OEMs who are Plaintiffs here and counsel for CARB, including Deputy Attorneys General Jonathan Wiener, Benjamin Lempert, and Caitlan McLoon of the California Department of Justice and Randy Reck and Abigail May of CARB. During that conference, counsel for the OEMs again raised the concerns from EMA's May 20, 2025 letter and also raised further concerns that the President's June 12, 2025 signing of joint resolutions adopted under the Congressional Review Act created additional issues under the Clean Air Act regarding the enforceability of California's heavy-duty vehicle emissions standards.

15. Specifically, counsel for the four OEMs explained that circumstances had changed dramatically and significantly since the Clean Truck Partnership was signed in June 2023, including due to CARB's withdrawal of Advanced Clean Fleets, as well as a lack of infrastructure for heavy-duty electric trucks and a corresponding reluctance on the part of customers to purchase such trucks. Counsel explained that the OEMs were "between a rock and hard place" following the Congressional Review Act resolutions revoking California's preemption waivers becoming law on June 12, the effect of which we described as "removing CARB's heavy-duty regulations." Counsel for the OEMs also explained that (1) the Clean Truck Partnership, (2) CARB's May 23, 2025 Manufacturers Advisory Correspondence, and (3) California Executive Order N-27-25 all appeared to violate Section 209 of the Clean Air Act as attempts to enforce emissions standards or certification requirements. Finally, the OEM defendants raised concerns with the constitutionality of the Clean Truck Partnership's speech-constraining provisions. In conclusion, the OEMs stressed the need to hear from CARB on those issues quickly.

16. On Monday, July 7, 2025, my colleague Stacie Fletcher sent an email on which I was copied to Deputy Attorney General Jonathan Wiener. A true and correct copy of that email is attached here as **Exhibit E**. In that email, we asked "if CARB has further information in response to [EMA's] May 20 letter and June 25 discussion," and requested a discussion that week. In response, Jonathan

Gibson, Dunn & Crutcher LLP

5

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR THEIR MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

1  Wiener indicated that he would propose "some times for a follow-up conversation shortly." Jonathan
2  Wiener did not respond again until Monday, July 21, 2025, where he wrote, "[w]e are still discussing
3  and planning to follow up soon." As of the date of this declaration, more than three weeks later, we
4  have not received a substantive response.
5       I declare under penalty of perjury that the foregoing is true and correct. Executed on August
6  12, 2025.

RACHEL S. BRASS