GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, State Bar No. 163581
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:     650.849.5395
Facsimile:      640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, State Bar No. 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8293
Facsimile:      415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER (*pro hac vice* forthcoming)
MIGUEL A. ESTRADA (*pro hac vice* forthcoming)
VERONICA J.T. GOODSON, State Bar No. 314367
1700 M Street N.W.
Washington, D.C.  20036-4504
Telephone:     202.955.8500
Facsimile:      202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, INC., PACCAR INC., and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>Defendants. | CASE NO. 2:25-cv-02255-DC<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Judge:            Hon. Dena Coggins<br>Action Filed:   August 11, 2025 |

I, Rachel S. Brass, declare as follows:

1. I am a partner at Gibson, Dunn & Crutcher LLP and am admitted to practice in the State of California and before this Court. I am one of the counsel of record for Plaintiff Daimler Truck North America LLC ("Daimler Truck") in the above-captioned matter. I have personal knowledge of the matters contained in this declaration. If called to testify to the matters set forth in this declaration, I could do so competently.

2. Plaintiffs are four Original Equipment Manufacturers ("OEMs") who design, develop, manufacture and sell medium- and heavy-duty vehicles and engines, for which I will use the general term "heavy-duty trucks." All four Plaintiffs are members of the Truck & Engine Manufacturers Association ("EMA"), a trade group representing medium- and heavy-duty OEMs.

3. Over the past several months, alongside the other three Plaintiff OEMs, Daimler Truck has repeatedly attempted to contact the California Air Resources Board ("CARB") to seek regulatory clarity and avoid the necessity for litigation.

4. On Tuesday, May 20, 2025, Jed Mandel, the President of EMA, sent a letter to Steve Cliff, Executive Officer of CARB on behalf of EMA members, including all four Plaintiffs here. A true and correct copy of that letter is attached here as **Exhibit A**. In that letter, EMA explained that the circumstances changed since the Clean Truck Partnership, including that CARB had withdrawn its request for a preemption waiver for its Advanced Clean Fleets rule, it indicated that it would not seek new waiver determinations from the U.S. Environmental Protection Agency ("EPA"), and that multiple lawsuits had been filed challenging the legality of the Clean Truck Partnership. EMA asked that CARB and EMA "promptly discuss needed regulatory changes, such as the repeal of [Advanced Clean Trucks] (as CARB agreed to do with the [Advanced Clean Fleets]), the elimination of Paragraph 2 of the [Clean Truck Partnership], or any requirement that the OEMs comply with [Advanced Clean Truck]'s requirements without a valid waiver from the EPA." To date, I am not aware of a substantive response from CARB regarding the regulatory changes requested by EMA.

5. On Wednesday, June 25, 2025, I participated in a video conference between counsel for the four OEMs who are Plaintiffs here and counsel for CARB, including Deputy Attorneys General

Jonathan Wiener, Benjamin Lempert, and Caitlan McLoon of the California Department of Justice and Randy Reck and Abigail May of CARB. During that conference, counsel for the OEMs again raised the concerns from EMA's May 20, 2025 letter and also raised further concerns that the President's June 12, 2025 signing of joint resolutions adopted under the Congressional Review Act created additional issues under the Clean Air Act regarding the enforceability of California's heavy-duty vehicle emissions standards.

6. Specifically, counsel for the four OEMs explained that circumstances had changed dramatically and significantly since the Clean Truck Partnership was signed in June 2023, including due to CARB's withdrawal of Advanced Clean Fleets, as well as a lack of infrastructure for heavy-duty electric trucks and a corresponding reluctance on the part of customers to purchase such trucks. Counsel explained that the OEMs were "between a rock and hard place" following the Congressional Review Act resolutions revoking California's preemption waivers becoming law on June 12, the effect of which we described as "removing CARB's heavy-duty regulations." Counsel for the OEMs also explained that (1) the Clean Truck Partnership, (2) CARB's May 23, 2025 Manufacturers Advisory Correspondence, and (3) California Executive Order N-27-25 all appeared to violate Section 209 of the Clean Air Act as attempts to enforce emissions standards or certification requirements. Finally, the OEM defendants raised concerns with the constitutionality of the Clean Truck Partnership's speech-constraining provisions. In conclusion, the OEMs stressed the need to hear from CARB on those issues quickly.

7. On Monday, July 7, 2025, my colleague Stacie Fletcher sent an email on which I was copied to Deputy Attorney General Jonathan Wiener. A true and correct copy of that email is attached here as **Exhibit B**. In that email, we asked "if CARB has further information in response to [EMA's] May 20 letter and June 25 discussion," and requested a discussion that week. In response, Jonathan Wiener indicated that he would propose "some times for a follow-up conversation shortly." Jonathan Wiener did not respond again until Thursday, July 21, 2025, where he wrote, "[w]e are still discussing and planning to follow up soon." As of the date of this declaration, more than three weeks later, we

//

1  have not received a substantive response.

2        I declare under penalty of perjury that the foregoing is true and correct. Executed on August 12, 2025.

_____
RACHEL S. BRASS