# EXHIBIT I



333 West Wacker Drive, Suite 810
Chicago, Illinois, 60606
Phone/Fax: (312) 929-1970
www.truckandenginemanufacturers.org

June 21, 2024

**VIA EMAIL (HDDiesel.2024@DEQ.oregon.gov)**
Rachel Sakata (rachel.sakata@deq.state.or.us)
Eric Feeley (eric.feeley@deq.state.or.us)
State of Oregon
Department of Environmental Quality (DEQ)
700 NE Multnomah Street, Suite 600
Portland, Oregon 97232

  RE: **EMA Comments on Proposed Amendments to Prior Opt-In to CARB's Omnibus Low-NO$_x$ Regulations (Chapter 340, Division 261 of the Oregon Administrative Rules)**

Dear Rachel and Eric:

  The Truck and Engine Manufacturers Association (EMA) appreciates the opportunity to comment on the amendments that the Department of Environmental Quality (DEQ) is proposing to make to the DEQ's prior opt-in to California's Omnibus Low-NO$_x$ (Omnibus) regulations, as adopted on September 9, 2021. We also appreciate the careful consideration that the DEQ is giving to the multiple issues pertaining to how the DEQ should proceed with its plans to opt-in to California's amended mobile source standards, including, in this case, the amended Omnibus regulations.

  As we have discussed with you previously, there are a number of fundamental procedural issues that the DEQ should consider before it determines how to move forward with this proposed rulemaking – issues that arise directly under section 177 of the federal Clean Air Act (CAA). (42 U.S.C. §7507.) As explained below, those issues, among other things, likely will preclude the DEQ from enforcing any opt-in to CARB's amended Omnibus regulations until *after* the U.S Environmental Protection Agency (EPA) issues a final decision granting a preemption waiver for those amended regulations. CARB also has announced its intent to further amend the Omnibus regulations for 2027 and beyond so that they will be aligned with EPA's 2027 low-NO$_x$ regulations, adopted on December 20, 2022. As a result, and as a matter of efficiency and practicality, we encourage the DEQ to (i) announce as soon as possible that it will not enforce its prior opt-in to the Omnibus regulations until model year 2026 (or even 2027), at the earliest – *after* EPA grants CARB's request for a waiver, and (ii) wait for CARB to take action on its planned final steps in amending the Omnibus low-NOx regulations to align with EPA's and, thus, hold off on any additional Omnibus opt-in until California completes its planned aligning amendments in 2025.

  The operative terms of CAA section 177 are well known, and provide in pertinent part that a state may opt-in to California on-highway mobile source standards only if: (i) such standards are "identical to the California standards **for which a waiver has been granted for such model year**," and (ii) "**California and such state adopt such standards at least two years before**

**commencement of such model year**." (Emphasis added.) In this case, those conditions have not yet been met. Specifically, EPA has not granted *any* preemption waiver for the original Omnibus regulations, and no waiver proceedings have yet been initiated for the Omnibus regulations as amended by CARB on December 20, 2023. Thus, the first criterion for a valid opt-in has not been met. Accordingly, to provide certainty and clarity to the marketplace, the DEQ should announce now that it will not attempt to enforce the Omnibus regulations until *after* EPA issues the necessary preemption waivers, and until the DEQ has taken formal action to fully align with CARB's amended Omnibus regulations, so that they are "identical."

Just as important, given the second criterion for a valid DEQ opt-in to CARB's most recent Omnibus amendments (i.e., two years lead time), and in light of the fact that CARB is further amending its regulations for 2027 and beyond, it does not make sense for the DEQ to implement its opt-in to the Omnibus program until the 2027 model year, at the earliest. The initially amended Omnibus regulations (finalized as of December 20, 2023) include material changes to the legacy engine allowances, warranty reporting thresholds, and redefine in a significant way the determinants of California sales volumes and when vehicles are deemed to have been sold into California. Accordingly, the amended version of the Omnibus regulations that the DEQ is proposing to opt-in to is, as a matter of fact and law, a new regulation. Further proof of that can be found in the CARB Executive Order that approved the amended version of the Omnibus regulations at issue. That Order (E.O. R-23-006) confirms that "the Executive Officer shall, upon adoption, forward the amendments to U.S. EPA with a request for a waiver . . . pursuant to [CAA] section 209(b)." Clearly, CARB believes, and rightly so, that the amendments at issue are new regulatory standards for which it needs a preemption waiver.

That said, it now seems clear that EPA will be not able to act quickly enough on CARB's request for a waiver for its amended Omnibus regulations for two reasons. First, as noted, CARB has not yet even submitted a request for such a waiver, and EPA has eight other CARB preemption waiver requests currently pending. Second, EPA will not be able to truncate the preemption waiver process through a determination that the amended Omnibus regulations are "within the scope" of a prior preemption waiver, since no prior Omnibus waiver has ever been issued. Those facts likely would preclude any enforcement of the Omnibus regulations, as amended, until the 2027 model year, at the earliest, assuming EPA grants a preemption waiver for the amended Omnibus regulations prior to December 31, 2024 (which, as just explained, is highly unlikely).

In considering this issue, it is important to recognize that manufacturers of new trucks often sell their new products equipped with duly-certified prior model year engines. Accordingly, and because EPA has not granted a preemption waiver for any Omnibus standards, truck manufacturers may be taking orders for trucks that will not be equipped with Omnibus-compliant engines, which trucks may be intended for delivery into the various opt-in states, including Oregon, for the 2025 model year. Thus, in this case, if EPA issues a preemption waiver for the amended Omnibus regulations too close to the start of the 2025 MY, or sometime during the 2025 MY, OEMs will not have adequate time to conform their current product plans and sales agreements for the 2025 MY to the newly EPA-authorized Omnibus regulations, as amended. That could lead to significant market disruptions in Oregon.

To prevent that, and to allow OEMs to sell their duly-certified products on an orderly model-year basis, the DEQ should promptly clarify that it will not attempt to enforce the amended Omnibus regulations, until the start of the next full model year after EPA grants a preemption waiver for the amended Omnibus regulations. In practice, that means that the DEQ will need to announce soon that it will not attempt to enforce the amended Omnibus regulations in Oregon until the 2026 model year, at the earliest. By then, of course, the alignment of CARB's low-NOx regulations with EPA's will be only one model year away, which again calls into question the practicality and efficacy of a one model year stand-alone regulation in Oregon.

From our perspective, and in light of the foregoing, it makes the most sense for the DEQ to simply allow its prior Omnibus opt-in to lapse at the end of this month. At that point the prior opt-in would be invalid since it no longer would be identical to the set of Omnibus regulations now on the books in California, and since EPA has not yet granted any preemption waiver for any version of the Omnibus regulations. Subsequently, after CARB has completed its aligning amendments, the DEQ can then decide whether to align with CARB's 2027 Omnibus standards or simply do nothing, recognizing that those standards will by then be aligned with EPA's regulations.

Please note that, notwithstanding these issues and concerns, we have no objection to the DEQ opting-in to CARB's Omnibus program. However, in the interest of marketplace certainty, rule enforceability, and regulatory efficiency, we encourage the DEQ to skip any interim opt-in, and instead wait to opt-in to the Omnibus regulations after they have been amended in 2025 to align with EPA's low-NOx regulations starting in the 2027 model year. Indeed, EMA and its members would be happy to work with the DEQ to assure compliance with those aligned Omnibus rules in Oregon from and after 2027, even if a waiver is not ultimately granted to CARB.

Thank you again for the opportunity to comment on these important issues, and we would be happy to meet with you to discuss this matter and to determine the best path forward.

Very truly yours,

Timothy A. French