ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, STATE BAR NO. 344239
JONATHAN A. WIENER, State Bar No. 265006
M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0299
 Fax:  (510) 622-2270
 E-mail:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC, INTERNATIONAL MOTORS, LLC., PACCAR INC.**, and **VOLVO GROUP NORTH AMERICA LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF**, in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM**, in his official capacity as the Governor of California,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND THE TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND TO PERMIT A SUR-REPLY IF UNITED STATES FILES A REPLY**<br><br>Courtroom: 8, 13th Floor<br>Judge: Hon. Dena Coggins<br>Trial Date: None Set<br>Action Filed: August 11, 2025 |

## INTRODUCTION

Pursuant to Local Rule 233 and Section I-E of this Court's Standing Order in Civil Cases, Defendants respectfully request administrative relief: an extension of time to respond to Plaintiffs' preliminary injunction motion and the opportunity to file a sur-reply to any reply brief filed by Movant-Intervenor United States on this motion. Plaintiffs—manufacturers of vehicles or engines—challenge nine distinct actions by the California Air Resources Board (CARB) and California's Governor and have moved for a preliminary injunction on seven separate claims. Plaintiffs filed their 50-page complaint on August 11, 2025. The next day, Plaintiffs submitted a 35-page preliminary injunction motion, attaching 24 exhibits (including 5 substantive declarations). On its face, Plaintiffs' motion raises multiple complex issues. But it also implicates equally (or even more) complex issues raised in a separate case in the Northern District of California, where California and other States are challenging congressional resolutions purportedly invalidating Clean Air Act preemption waivers. Exh. 5 (N.D. Cal. Complaint). The number of issues Defendants will have to analyze and brief to respond adequately to Plaintiffs' motion is thus extraordinarily high—far higher than even Plaintiffs' lengthy motion alone suggests. Compounding the complexity, the federal government—defendant in California's Northern District of California case—has now moved to intervene here as a plaintiff (ECF 43) and seeks to participate in briefing Plaintiffs' motion. If that participation is permitted, it will further increase the array of arguments, and number of pages, to which Defendants must respond.

Good cause exists to extend the deadline for Defendants' opposition from August 27, 2025 to September 23, 2025; to allow two weeks for Defendants to file a 15-page sur-reply to any reply brief by the United States; and to extend the hearing date accordingly. Movant-Intervenor United States and Defendants agree on this schedule and page limits, conditioned on Defendants foregoing opposition to the United States' intervention and on the court permitting the United States to file a 5-page notice joining Plaintiffs' motion on August 27, 2025.[1] Exh. 7. The proposed order reflects this agreement.

---

[1] Should the Court deny the relief requested herein, this agreement will not be effectuated and Defendants reserve their right to oppose the United States' intervention.

1

Plaintiffs refuse to stipulate to this proposal or any schedule that would provide Defendants with sufficient time to effectively present their defense. Exh. 8. The extension requested will not prejudice Plaintiffs. Indeed, each of the four Plaintiffs has sent a letter to the Federal Trade Commission disavowing any intention to abide by the terms of the agreement that is the focus of their challenges here. Plaintiffs do not urgently need relief from that agreement to make business plans. Rather, they are already making those plans independent of the agreement.

## BACKGROUND

California has long faced severe air quality challenges, including for ozone (or smog), which increases incidences of asthma and other respiratory ailments, and for particulate matter which can lead to heart attacks and even premature deaths.[2] California is also experiencing drastic climate change impacts caused by emissions of greenhouse gases, including catastrophic wildfires, extreme droughts, and deadly heatwaves and floods. Cal Health & Saf. Code § 38501. Motor vehicle emissions contribute significantly to all of these challenges. *Id.* § 43000(a).

California has been setting emission standards for new motor vehicles sold in the State for more than half a century. *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095, 1109 (D.C. Cir. 1979) (describing history). Since 1967, when Congress generally preempted States from setting such standards, California has done so pursuant to waivers of preemption that EPA must grant, subject to certain limited conditions. *Id.* at 1109-1110; 42 U.S.C. § 7543(b)(1). Other States have chosen to adopt some or all of California's standards as their own, pursuant to congressional authorization. 42 U.S.C. § 7507. Thus, since 1967, "motor vehicles must be either 'federal cars' designed to meet the EPA's standards or 'California cars' designed to meet California's standards." *Engine Mfrs. Ass'n v. EPA*, 88 F.3d 1075, 1080 (D.C. Cir. 1996).

The June 2023 Clean Truck Partnership (CTP) agreement—a focal point of Plaintiffs' Complaint—grew out of manufacturer concerns about several California emission regulations governing medium- and heavy-duty vehicles/engines to be sold in the State. In that agreement, CARB committed, *inter alia*, to consider amending the relevant regulations in ways the

---

[2] CARB, *2022 State Strategy for the State Implementation Plan* (Sept. 22, 2022) at 2, available at 2022 State SIP Strategy, last visited August 15, 2025.

2

Defendants' Mot. for Admin. Relief to Extend Time to Respond to Prelim. Injunction Mot.  (2:25-cv-02255-DC-AC)

manufacturers desired, while the manufacturers agreed, *inter alia*, to produce and sell lower- and zero-emitting vehicles and engines in California. ECF 1-2 (CTP).

Earlier this year, the federal government took the unprecedented and unlawful step of targeting, with congressional resolutions of disapproval, three preemption waivers EPA had granted to California. *See* Exh. 5 ¶¶ 63-113. California and other States sued the United States on June 12, 2025, the day the President signed the resolutions. Exh. 5. California and the other plaintiff States in that case seek, *inter alia*, to have the resolutions declared unconstitutional for violation of separation of powers and federalism principles. *Id.* at ¶¶ 153-178.

In light of the uncertainty the resolutions introduced into California's half-century-old program, CARB issued an advisory on May 23, 2025. ECF 23-16. In it, CARB noted that certification of model year 2026 vehicles to be sold in California was "well underway" and that CARB would continue to accept and process certifications for that model year to "maintain stability in the market" and for other reasons. *Id.* at 2. It also stated that "[a]dditional information will be forthcoming regarding future model years." *Id.* About a month later, California's Governor issued an Executive Order to advance California's objective of reducing vehicle emissions to protect public health and meet state and federal law. ECF 23-17. Among other things, the Executive Order directs certain state-funded programs (*e.g.*, state vehicle procurement) to prioritize lower- and zero-emitting vehicles and the manufacturers who produce them. *Id.* at 3.

## BASES FOR RELIEF REQUESTED

### I. DEFENDANTS NEED MORE TIME TO RESPOND TO PLAINTIFFS' MOTION

Plaintiffs' 35-page motion raises all seven counts in their Complaint, challenging a wide array of actions—regulatory, contractual, and financial—by CARB and the Governor. Among other things Plaintiffs present seemingly novel preemption challenges to non-regulatory actions and First Amendment challenges to terms of an agreement they signed two years ago. These myriad and complex legal issues require more time for response. To defend against Plaintiffs' preemption challenges, in particular, Defendants will likely have to invoke the constitutional and other flaws in the unprecedented congressional resolutions that purported to invalidate three preemption waivers, as identified in Defendants' complaint filed in the Northern District of

3

California. Exh. 5. These include Defendants' claims that the federal government violated separation of powers and federalism principles and that waivers are not "rules" within the meaning of the Administrative Procedure Act or Congressional Review Act. *Id.* at ¶¶ 115-188. Moreover, neither Plaintiffs' Complaint nor their preliminary injunction motion references their letters to the Federal Trade Commission disavowing any intention to abide by the CTP. Defendants must thus address the implications of those letters for Plaintiffs' claims and assertions of harm, in a vacuum, without any position from Plaintiffs to which Defendants could respond.

      Defendants need six weeks to prepare the response necessary to aid the Court's understanding of these complex issues and to effectively protect the State's substantial interests. This request is in line with schedules in other complex cases, including those involving *fewer* claims and government actions. *E.g.*, Exh. 6 (PI motion schedule involving First Amendment challenges to two statutes, *Chamber of Commerce v. Randolph*, No. 2:24-cv-00801 (C.D. Cal.)).

      Similarly, Defendants need a sur-reply should Movant-Intervenor United States be permitted to join Plaintiffs' preliminary injunction motion by filing a reply brief. Defendants would otherwise have no opportunity to respond to the United States' arguments—which will presumably be different from those of Plaintiffs, given the federal government's desire to file its own brief. As noted, California is suing the United States in another case with respect to issues likely to be presented here; Defendants' interests in a full opportunity to litigate those issues— including by responding to the federal government—should not be compromised by the United States' discretionary decision to intervene here. A sur-reply responding to the United States' brief is merited.

## II. PLAINTIFFS WILL NOT BE PREJUDICED BY THE REQUESTED EXTENSION

      This short extension will not prejudice Plaintiffs. They primarily assert they cannot make urgent business decisions because they do not have certainty as to their obligations under the CTP. *E.g.*, ECF 1 (Compl.) ¶¶ 9(a), 10; ECF 23 (PI Mot.) at 17, 19-20. The CTP was also the focus of Plaintiffs' complaints to CARB in the lead up to the filing of this case. Mot. 12-13; *see also* ECF 23-2 at 3 (referencing only CTP and ACT); ECF 23-1 ¶ 6 (raising preemption concerns only about the CTP, the MAC, and the Executive Order). But, the day before they filed their

4

Defendants' Mot. for Admin. Relief to Extend Time to Respond to Prelim. Injunction Mot. (2:25-cv-02255-DC-AC)

Complaint, each of these four Plaintiffs expressly disavowed their CTP obligations in letters to the Federal Trade Commission. In those letters, Plaintiffs affirmatively declared that they can make, and are making, business plans "*without regard to whether those decisions are compliant with any restrictive terms of the CTP*." Exh. 1 at 2-3 (Daimler) (emphasis added); *see also* Exh. 2 at 2 (Int'l Motors), Exh. 3 at 2-3 (Paccar), Exh. 4 at 2 (Volvo). Plaintiffs need no urgent relief from this Court to plan around the CTP; they are already doing so.

In any event, Plaintiffs are not entitled to force Defendants to rush to present arguments (and marshal evidence) applying multiple complex legal doctrines to highly unusual and complicated facts. Plaintiffs are large companies with sophisticated counsel. They could have declined to sign the CTP two years ago or brought claims against it—or any other years-old actions they challenge—anytime since. Instead, they have apparently used that time—including the two months since the congressional resolutions were signed—to prepare their complaint and preliminary injunction motion; and now seek to speed Defendants' response. Plaintiffs' claim that they need an injunction by mid-August only underscores the point. Potter Decl. ¶ 8 (ECF 23-15) ("DTNA must begin submitting certification materials to CARB by mid-August"). If that is true, Plaintiffs should not have waited until mid-August to bring this suit and file this motion. Plaintiffs' choice to do so should not prejudice Defendants.

## CONCLUSION

Defendants respectfully request the Court extend their deadline to respond to Plaintiffs' preliminary injunction motion to September 23, 2025; set the reply brief deadline as October 14, 2025; allow Defendants to file a sur-reply by October 28, 2025 to any reply brief filed by the United States; and reset the hearing for November 7, 2025.

5

Defendants' Mot. for Admin. Relief to Extend Time to Respond to Prelim. Injunction Mot.  (2:25-cv-02255-DC-AC)

| | | |
|---|---|---|
| Dated: August 15, 2025 | | Respectfully submitted, |

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General


*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
Deputy Attorney General
*Attorneys for Defendants Vehicular*

SF2025402025
Defendants' Mot. for Admin. Relief to Extend Time to Respond to Prelim. Injunction Mot.docx

6

Defendants' Mot. for Admin. Relief to Extend Time to Respond to Prelim. Injunction Mot. (2:25-cv-02255-DC-AC)