# EXHIBIT 8

| | |
|---|---|
| **From:** | Elaine Meckenstock |
| **To:** | "Brass, Rachel S."; Jonathan Wiener; Benjamin Lempert; Cecilia Segal; David Meeker; Stander, Robert (ENRD; Adams, John (ENRD |
| **Cc:** | Wagner, Benjamin; Goodson, Veronica J.T.; Feldman, Will; joseph.ostoyich@cliffordchance.com; ROBIN.HULSHIZER@lw.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Daniel.Boland@troutman.com; Jeffrey.Goldman@troutman.com; eugene@illovskygates.com; Fletcher, Stacie B. |
| **Subject:** | RE: Plaintiffs' Position on Defendants' Proposed Motion for Administrative Relief on Extension of Time |
| **Date:** | Friday, August 15, 2025 6:09:00 PM |

Thank you, Rachel. We will gladly consider the draft letter Plaintiffs intend to provide on Monday. But we cannot hold off on filing our motion. As you know, the court provides 5 days for Plaintiffs to oppose a motion for administrative relief. Filing Monday instead of today would delay an order from the Court on our request by 3 days. With the clock ticking on our deadline to respond to Plaintiffs' lengthy and complex motion, Defendants cannot afford that delay. We need certainty about our deadline sooner than your request would provide. Moreover, the schedule you propose is too tight, given the nature of the briefing and issues here. So, at this time, we cannot agree to your request.

That said, and as noted, we will convey your forthcoming proposal to our clients, along with the draft letter (when provided), and are open to continuing to see whether an agreement can be reached that moots the motion we will file shortly.

Best,
Elaine

**From:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Sent:** Friday, August 15, 2025 3:41 PM
**To:** Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>; Jonathan Wiener <Jonathan.Wiener@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; David Meeker <David.Meeker@doj.ca.gov>; Stander, Robert (ENRD <Robert.Stander@usdoj.gov>; Adams, John (ENRD <John.Adams3@usdoj.gov>
**Cc:** Wagner, Benjamin <BWagner@gibsondunn.com>; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; Feldman, Will <WFeldman@gibsondunn.com>; joseph.ostoyich@cliffordchance.com; ROBIN.HULSHIZER@lw.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Daniel.Boland@troutman.com; Jeffrey.Goldman@troutman.com; eugene@illovskygates.com; Fletcher, Stacie B. <SFletcher@gibsondunn.com>
**Subject:** RE: Plaintiffs' Position on Defendants' Proposed Motion for Administrative Relief on Extension of Time

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Please use this version—I somehow failed to copy Stacie! (Bad Rachel.)

**Rachel S. Brass**

Partner

T: +1 415.393.8293 | M: +1 415.264.5998
RBrass@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Sent:** Friday, August 15, 2025 3:34 PM
**To:** Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>; Jonathan Wiener <Jonathan.Wiener@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; David Meeker <David.Meeker@doj.ca.gov>; Stander, Robert (ENRD <Robert.Stander@usdoj.gov>; Adams, John (ENRD <John.Adams3@usdoj.gov>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Wagner, Benjamin <BWagner@gibsondunn.com>; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; Feldman, Will <WFeldman@gibsondunn.com>; joseph.ostoyich@cliffordchance.com; ROBIN.HULSHIZER@lw.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Daniel.Boland@troutman.com; Jeffrey.Goldman@troutman.com; eugene@illovskygates.com
**Subject:** Plaintiffs' Position on Defendants' Proposed Motion for Administrative Relief on Extension of Time

Counsel—

Local Rule 233(a)(5) requires that a motion for administrative relief "include a statement setting forth the position of all parties affected by the motion." For your convenience, here is Plaintiffs' position regarding your proposed motion to extend the deadline for opposing Plaintiffs' Motion for Preliminary Injunction, which you can attach to your motion for administrative relief:

Plaintiffs intend to respond in writing to any filed motion for an extension of time to respond to Plaintiffs' motion for a preliminary injunction. Plaintiffs intend to oppose Defendants' motion for administrative relief because they will be irreparably harmed if the court's consideration of the merits of their motion for a preliminary injunction is delayed by Defendants' extension request. For the reasons provided in their Motion for Preliminary Injunction, Plaintiffs must start positioning themselves for model year 2026 compliance and certification within a matter of weeks, and they are already incurring ongoing costs to position themselves for certification for model year 2027. Dkt. No. 23, Ps' Prelim. Inj. Mot. 32–33 (collecting party declarations). Defendants' request for six weeks' time to oppose Plaintiffs' motion—and any attendant delay in Plaintiffs' ability to reply and this Court's ability to rule on the merits—will unduly prejudice Plaintiffs. Granting Defendants six week to oppose would create further irreparable harm as Plaintiffs incur, or continue incurring, irrecoverable costs associated with complying with California's unlawful emissions standards. Moving the hearing to November 7, as Defendants request, would put the hearing extremely close to the start of model year 2026, causing Plaintiffs irreparable harm due to the

extraordinary difficulties of certification planning, and business planning more broadly, on such a short timeline.

Plaintiffs are willing to agree to a briefing schedule that allows for a hearing on Judge Coggins' October 17 hearing date if Defendants issue an enforcement discretion letter for model year 2026 stating that Defendants will allow the sale of vehicles and engines covered by a valid EPA Certificate of Conformity in the state of California and will not require certification with California regulations as a condition precedent to initial retail sale or registration. For Defendants' convenience in considering this proposal, Plaintiffs will deliver to Defendants' counsel a draft of such a letter modeled on publicly available enforcement discretion letters on Monday, 8/18.  To reach this agreement, Plaintiffs ask that Defendants defer filing their scheduling motion to allow for additional consideration by all parties, with the goal of approaching the court jointly next week about the schedule.  For the avoidance of doubt, this offer is related to Defendants' scheduling proposal rather than settlement of the case, and Plaintiffs request that it be included in any filing with the Court as part of a page limit extension brief.

Thank you,
Rachel

**Rachel S. Brass**
Partner

T: +1 415.393.8293 | M: +1 415.264.5998
RBrass@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.