GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, State Bar No. 163581
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:	650.849.5395
Facsimile:	640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, State Bar No. 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:	415.393.8293
Facsimile:	415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
VERONICA J.T. GOODSON, State Bar No. 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:	202.955.8500
Facsimile:	202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>Defendants. | CASE NO. 2:25-cv-02255-DC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO OPPOSE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:	Hon. Dena Coggins<br>Action Filed:	August 11, 2025 |

Gibson, Dunn & Crutcher LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO OPPOSE
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

Defendants attempt to create an illusion of complexity to justify their request for an additional six weeks to address Plaintiffs' Motion for a Preliminary Injunction. But this unnecessary extension would compound and exacerbate Plaintiffs' ongoing injuries. The core dispute in this case—whether federal legislation that expressly preempts California's emissions standards prevents Defendants from enforcing those standards—is so familiar to Defendants that they sued to challenge the same federal legislation on the very day *in June* that it was enacted,[1] and again last week in two other cases filed in the D.C. and Ninth Circuits.[2] It is likewise disingenuous for Defendants to suggest they need weeks to "analyze" their response to arguments Plaintiffs first raised with Defendants months ago.

Regardless, Defendants' asserted need for additional time does not outweigh the irreparable harm Plaintiffs will suffer from delayed consideration of their Motion. Urgent relief is warranted because Defendants demand that Plaintiffs comply with California's preempted emissions standards now, and Defendants claim to have the power—absent immediate court intervention—to back up this position with imminent action against Plaintiffs. Meanwhile, the United States maintains such laws are illegal and has formally directed Plaintiffs to disregard them. Because Plaintiffs cannot plan for model year 2026 or make critical longer-term business decisions amidst such regulatory uncertainty, Plaintiffs will be irreparably harmed absent urgent injunctive relief.

To accommodate Defendants' desire for additional time while also addressing the irreparable harm to Plaintiffs, Plaintiffs have proposed that Defendants issue an enforcement discretion letter clarifying industry's obligations in the near term. Dkt. 50-9, R. Brass Email, Meckenstock Decl. Ex. 8 at 2. When meeting and conferring, Defendants have suggested a willingness to consider such an approach, but they have still moved for a capacious extension of time that perpetuates the harms that lead to this litigation in the first place. While Plaintiffs continue to work to see if an agreement on interim enforcement can be reached, Brass Decl. ¶ 6, in the meantime Defendants' request should be denied.

**ARGUMENT**

Defendants claim two bases for a response deadline far beyond the schedule contemplated by

---

[1] *California v. United States*, No. 4:25-cv-04966-HSG (N.D. Cal. filed June 12, 2025).

[2] *California v. United States*, No. 25-1174 (D.C. Cir. Aug. 11, 2025); *California v. United States*, No. 25-5071 (9th Cir. Aug. 11, 2025).

Gibson, Dunn & Crutcher LLP

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO OPPOSE
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

the Local Rules. Neither is persuasive. First, they claim Plaintiffs will not be prejudiced. Second, they claim they need more time to respond to Plaintiffs' Motion. The facts do not support either. And to the extent that Defendants truly need more time to respond, Plaintiffs have already offered alternative, shorter extensions that would provide relief without a delay that would be tantamount to a constructive denial of Plaintiffs' Motion for a Preliminary Injunction.

I.     **Defendants' Schedule Unduly Prejudices Plaintiffs**

Defendants seek to move the hearing date for Plaintiffs' Motion from **September 19** to **November 7**. *See* Dkt. 50, Mot. to Extend Time to Respond at 5. A seven-week delay will significantly prejudice Plaintiffs. The U.S. Department of Justice (DOJ) has ordered Plaintiffs to cease and desist any compliance with the Clean Truck Partnership and CARB's preempted standards; California maintains that compliance with those same authorities is required for lawful vehicle sales in the state. Plaintiffs are unable to plan for model year (MY) 2026—which starts on January 1, 2026 and requires significant lead-time to implement—without knowing *what* vehicles they can sell in California, and under what conditions they can sell them. *See* Dkt. 23, Pls.' Mot. at 33–34. Plaintiffs thus risk permanently losing sales and customer goodwill, and incurring unrecoverable California certification costs for MY26. *Id.*[3] Plaintiffs' need for urgent relief is even more pronounced considering that CARB's certification process can take 60 days or even longer. *See* Dkt. 23-15, Potter Decl. ¶ 11. Thus, under Defendants' proposal, Plaintiffs will have no certainty regarding their legal obligations during the very period when Plaintiffs must seek MY26 certifications to prepare for the upcoming model year.

Motions to extend deadlines should be denied in circumstances like these, where granting such relief would unnecessarily delay proceedings and prejudice the nonmovant. *See, e.g.*, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Moreover, by making irreparable harms all but certain, Defendants' schedule is comparable to an effective denial of Plaintiffs' Motion. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

Defendants' two counterarguments fail to persuade. First, Defendants argue that Plaintiffs' letters "disavow[ing] their CTP obligations" somehow obviate their "claims and assertions of harm."

---

[3] S*ee also* Dkt. 23-15, Potter Decl. ¶¶ 12–14; Dkt. 23-20, Noonan Decl. ¶¶ 10–12; Dkt. 23-22, Hergart Decl. ¶¶ 8, 12–13; Dkt. 23-23, Brown Decl. ¶¶ 13–15, 18–19.

2

Gibson, Dunn & Crutcher LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO OPPOSE
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

Dkt. 50, 4–5. But that position ignores that Defendants continue (wrongfully) to claim they are free to enforce and *will* enforce their preempted emissions standards and the Clean Truck Partnership. *See* CARB Manufacturers Advisory Correspondence, May 23, 2025 ("May 23, 2025 MAC"); Cal. Executive Order N-27-25. Such enforcement actions would irreparably harm Plaintiffs, the crux of the urgency here. And Plaintiffs' commitment letters resolve only claims *by the United States* that the Clean Truck Partnership violated federal law, not Plaintiffs' claims against Defendants.

Second, it is not correct to suggest that Plaintiffs were dilatory in bringing this action and their Motion. *See* Dkt. 50, 7. Quite the opposite. Plaintiffs sought guidance from Defendants for months, first in writing, then during a conference between counsel; Defendants, by contrast, never engaged substantively with either outreach, despite suggesting that they would. *See* Dkt. 23-1, Brass Decl. ISO Mot. Prelim. Inj. ¶¶ 4–7. Plaintiffs then filed their Complaint and Motion for Preliminary Injunction within a week of receiving the DOJ's cease-and-desist letters. *See* Dkt. 1, Compl. Ex. B at 1 (DOJ letter dated Aug. 7, 2025). Plaintiffs acted with dispatch, and Defendants alone are responsible for the "urgency" that purportedly necessitates their deadline extension. Any accusation of delay by Plaintiffs flips the facts on their head. For all these reasons, Plaintiffs would be unduly prejudiced if the Court grants Defendants' unreasonable motion and briefing schedule.

## II. Defendants Do Not Have Good Cause To Seek More Time

Defendants have not established good cause for an extension here, much less one that triples the amount of time available under the local rules. When Congress passed the Congressional Review Act resolutions, *see* H.R.J. Res. 87, 88, 89, 119th Cong. (2025), CARB quickly acted, announcing the May 23, 2025 MAC the next day. Governor Newsom similarly acted swiftly, issuing Executive Order N-27-25 on the same day that the Congressional Review Act resolutions were signed into law.[4] When Plaintiffs in turn sought guidance in writing, and in discussion with Defendants' counsel here, Dkt. 23-1, Brass Decl. ISO Mot. Prelim. Inj. ¶¶ 4–7, Defendants did nothing but say (as they do again now) that they needed more time, *id.* at ¶ 7. And yet, California found time to file a seven-count lawsuit in the Northern District of California challenging the same federal legislation that is at the heart of this

---

[4] Pub. L. No. 119-15, 139 Stat. 65 (Advanced Clean Trucks); Pub. L. No. 119-17, 139 Stat. 67 (Omnibus Low NOx).

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO OPPOSE
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

case, filed the very day that legislation was enacted, *see supra* note 1, and last week filed two additional suits on the same topic, *see supra* note 2.

### III. A Shorter Extension Is More Than Sufficient

Absent urgent relief, Plaintiffs will face irreparable and growing injury. All the same, they have already offered, and continue to offer, briefing extensions that would *not* delay this Court's consideration of Plaintiffs' Motion in an unduly prejudicial way. *See* Dkt. 50-9, 3–4; *see also* Dkt. 22-1, Brass Decl. ISO Mot. Admin. Relief ¶¶ 5, 11. First, Plaintiffs offered Defendants three full weeks (and a day) for their brief in opposition, with a deadline of **September 3**. Dkt. 22-1, Brass Decl. ISO Mot. Admin. Relief ¶ 11. Under this proposal, Plaintiffs forego a day from their reply brief schedule, while ensuring briefing closes on **September 12**. This provides Defendants with more than 50% more time to brief their opposition than the Local Rules allow, *see* L.R. 230(c), and does so at *Plaintiffs'* expense.[5]

Alternatively, Plaintiffs proposed moving the hearing date by four weeks to **October 17** in exchange for an "enforcement discretion letter for [M]odel [Y]ear 2026 stating that Defendants will allow the sale of vehicles and engines covered by a valid EPA Certificate of Conformity in the [S]tate of California and will not require certification with California regulations as a condition precedent to initial retail sale or registration."[6] Dkt. 50-9, 3–4. Defendants have issued such enforcement discretion letters historically to address industry's legal obligations where Defendants lack a waiver of preemption for mobile source rules. *See, e.g.*, CARB, Zero-Emission Forklift Regulation Implementation Update (May 29, 2025).[7] If Defendants want more time, they can do so again here. Both of Plaintiffs' offers are more than sufficient for a well-resourced legal team like Defendants, who hold the power to partially relieve the urgency in this matter. To the extent that Defendants have shown good cause for a deadline extension, this Court should enter one of Plaintiffs' counterproposals.

---

[5] Defendants seek leave to file a sur-reply to the United States' forthcoming reply brief in support of Plaintiffs' Motion. Neither a reply brief by the United States nor the requested sur-reply justifies an extension: it can be no surprise that the United States intervened in this case, nor does that intervention create any unforeseen complexity, because California *itself* sued the United States on June 12, 2025 on the very issues triggering the United States' intervention in this case. *See supra* note 1.

[6] For the Court's convenience, an October 3 hearing date would require travel during Yom Kippur, a religious holiday that counsel observes, and which starts at sundown on October 1.

[7] https://perma.cc/43DP-RVMR (last visited Aug. 17, 2025).

4

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO OPPOSE
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

| | |
|---|---|
| Dated: August 18, 2025 | Respectfully submitted, |

*[signature: Benjamin Wagner]*

BENJAMIN WAGNER, State Bar No. 163581
**GIBSON, DUNN & CRUTCHER LLP**
BENJAMIN WAGNER, State Bar No. 163581
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:     650.849.5395
Facsimile:      640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8293
Facsimile:      415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL ESTRADA, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:     202.955.8500
Facsimile:      202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*

| | |
|---|---|
| /s/ Robin M. Hulshizer<br>(as authorized Aug. 18, 2025)<br>ROBIN M. HULSHIZER, SBN 158486<br><br>**LATHAM & WATKINS LLP**<br>ROBIN M. HULSHIZER, SBN 158486<br>ARTHUR FOERSTER, *pro hac vice*<br>KEVIN M. JAKOPCHEK, *pro hac vice*<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: 312.876.7700<br>Facsimile: 312.993.9767<br>Robin.hulshizer@lw.com<br>Arthur.foerster@lw.com<br>Kevin.jakopchek@lw.com<br><br>BELINDA S. LEE, SBN 199635<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538 | /s/ Joseph A. Ostoyich<br>(as authorized Aug. 18, 2025)<br>JOSEPH A. OSTOYICH, *pro hac vice*<br><br>**CLIFFORD CHANCE LLP**<br>JOSEPH A. OSTOYICH, *pro hac vice*<br>WILLIAM LAVERY, *pro hac vice*<br>STEVE NICKELSBURG, *pro hac vice*<br>DANIELLE MORELLO, *pro hac vice*<br>DOROTHEA R. ALLOCCA, *pro hac vice*<br>2001 K Street NW<br>Washington, DC 20006-1001<br>Telephone: 202.253.9077<br>joseph.ostoyich@cliffordchance.com<br>william.lavery@cliffordchance.com<br>steve.nickelsburg@cliffordchance.com<br>danielle.morello@cliffordchance.com<br>dodi.allocca@cliffordchance.com |

5

Gibson, Dunn & Crutcher LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO OPPOSE
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC

Telephone: 415.391.0600
Facsimile: 415.395.8095
Belinda.lee@lw.com

*Attorneys for Plaintiff International Motors, LLC*

/s/ Jeffrey M. Goldman
(as authorized Aug. 18, 2025)
JEFFREY M. GOLDMAN, SBN 233840
**TROUTMAN PEPPER LOCKE LLP**

JEFFREY M. GOLDMAN, SBN 233840
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:    213.928.9800
Facsimile:    213.928.9850
jeffrey.goldman@troutman.com

T. SCOTT MILLS, SBN 313554
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2305
Telephone:    404.885.3000
Facsimile:    404.885.3900
scott.mills@troutman.com

JEREMY HEEP, *pro hac vice*
DANIEL J. BOLAND, *pro hac vice*
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone:    215.981.4000
Facsimile:    215.981.4750
jeremy.heep@troutman.com
daniel.boland@troutman.com

*Attorneys for Plaintiff Volvo Group North America, LLC*

**ILLOVSKY GATES & CALIA LLP**
EUGENE ILLOVSKY, SBN 117892
KEVIN CALIA, SBN 227406
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Telephone:  415.500.6643
Eugene@illovskygates.com
Kevin@illovskygates.com

*Attorneys for Plaintiff PACCAR Inc*

Gibson, Dunn & Crutcher LLP

6

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE TO OPPOSE
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
CASE NO. 2:25-CV-02255-DC