1  ADAM R.F. GUSTAFSON                   ERIC GRANT
   *Acting Assistant Attorney General*      *United States Attorney*
2
   ROBERT N. STANDER                    EDWARD A. OLSEN
3  *Deputy Assistant Attorney General*     *Assistant United States Attorney*

4  JOHN K. ADAMS                        501 I Street, Suite 10-100
   DAVID D. MITCHELL                    Sacramento, California 95814
   United States Department of Justice  (916) 554-2821
5  Environment & Natural Resources Div.
   P.O. Box 7611
6  Washington, D.C. 20044-7611
   (202) 353-5905
7  robert.stander@usdoj.gov
   john.adams3@usdoj.gov
8  david.mitchell@usdoj.gov

9                    *Counsel for Plaintiffs-Intervenors*

10

11          **IN THE UNITED STATES DISTRICT COURT**
          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
12

13  DAIMLER TRUCK NORTH AMERICA
    LLC, INTERNATIONAL MOTORS, LLC,      Civil Action No. 2:25-cv-02255-
14  PACCAR INC, and                                  DC-AC
    VOLVO GROUP NORTH AMERICA LLC,
15
                    Plaintiffs,
16
                    v.
17
    CALIFORNIA AIR RESOURCES              **PLAINTIFFS-INTERVENORS'**
18  BOARD; STEVEN S. CLIFF, in his official   **JOINDER IN PLAINTIFFS'**
    capacity as the Executive Officer of the  **MOTION FOR PRELIMINARY**
19  California Air Resources Board, and    **INJUNCTION**
    GAVIN NEWSOM, in his official capacity
20  as the Governor of California,

21                  Defendants,

22                  v.

23  THE UNITED STATES OF AMERICA, and
    UNITED STATES ENVIRONMENTAL
24  PROTECTION AGENCY,

25                  Plaintiffs-Intervenors.

26

27

28

**INTRODUCTION**

The United States and the United States Environmental Protection Agency (the "United States") join and incorporate the factual and legal background from the Truck Manufacturer Plaintiffs' motion for a preliminary injunction. ECF No. 23 at 3-13. ("Mot."). The United States also joins and incorporates section I.A of their argument, which explains why California's emissions regulations are preempted, and why the Clean Truck Partnership ("CTP") is an unlawful attempt to compel compliance with them. *Id.* at 14-18. California's attempt to enforce its preempted regulations inflicts irreparable harm on United States in two ways: (1) California is usurping exclusive federal authority to set uniform motor vehicle emissions standards; and (2) California is irreparably upsetting the United States' careful balance of environmental protection with economic growth. The equities also tip sharply against California. As such, the Court should grant the motion for a preliminary injunction.[1]

**ARGUMENT**

**I.    California's vehicle emissions regulations are preempted, and the Clean Truck Partnership is an unlawful attempt to enforce them.**

The core issues at stake are: (1) whether California's Advanced Clean Trucks, Advanced Clean Fleets, and Omnibus emissions regulations are preempted (they are); and (2) whether the CTP is an unlawful attempt to enforce those preempted emissions standards (it is). Plaintiffs fully briefed these issues. *See* Mot. 14-18. For the sake of

---

[1] Just before the United States submitted its joinder, California issued revised guidance for emissions certification of new vehicles sold in the state. *See* ECCD-2025-08 (Aug. 25, 2025), https://perma.cc/7KUY-CEUQ. This new guidance underscores the need for this Court to grant preliminary injunctive relief. The guidance purports to require ongoing certification of new vehicles by the state, in contravention of federal law. *See* 42 U.S.C. § 7543(a) ("No State shall require certification ...."). And although the guidance offers a veneer of greater regulatory flexibility, it concludes by warning that CARB is reserving its right to enforce the preempted regulations retroactively if it prevails in this litigation, and that CARB will "account for whether manufacturers have continued to request certification to the regulations." *Id.*

economy, the United States incorporates in full the points and authorities set forth in Plaintiffs' brief and will not repeat them. *Id*. In summary, and as equally true here:

*First*, the heavy-duty truck emissions regulations are preempted. *See* Mot. 14–16. The Clean Air Act expressly preempts States from setting emissions standards or requiring compliance certification for new motor vehicles. 42 U.S.C. § 7543(a). EPA is authorized to grant California a preemption waiver. *Id*. § 7543(b)(1)(B). But without a waiver, California may not "adopt or attempt to enforce" any vehicle emissions standard or require certification for new motor vehicles. *Id*. § 7543(a); *see* U.S. Compl. (ECF No. 56) ¶¶ 17-26. California never obtained a preemption waiver for its Advanced Clean Fleets rule, and it is therefore unlawful. U.S. Compl. ¶ 43. And California lacks preemption waivers for Advanced Clean Trucks and Omnibus because Congress revoked them by statute under the Congressional Review Act. Pub. L. No. 119-15, 139 Stat. 65 (June 12, 2025); Pub. L. No. 119-17, 139 Stat. 67 (June 12, 2025); *see* U.S. Compl. ¶¶ 27-29, 82-86.

*Second*, the CTP is a regulatory order that California is using unlawfully to "attempt to enforce" the preempted truck-emissions rules. 42 U.S.C. § 7543(a); Mot. 16–18; U.S. Compl. ¶¶ 67-73. Although California stylized the CTP as an "agreement," California cannot use it to enforce preempted vehicle emissions standards, as Congress explicitly prohibited any "attempt to enforce" standards. 42 U.S.C. § 7543(a); *see Carmona v. Carmona,* 603 F.3d 1041, 1062 (9th Cir. 2010) (recognizing that state action "with the explicit purpose of avoiding" a federal statute "must be preempted").

## II.    The United States will be irreparably harmed without an injunction.

For two reasons, the United States suffers irreparable harm so long as California enforces preempted regulations or compels certification. *See supra* n.1.

*First*, when a law is "expressly preempted," as here, "a finding with regard to likelihood of success fulfills the remaining preliminary injunction requirements." *United States v. Texas,* 719 F. Supp. 3d 640, 695 (W.D. Tex. 2024). Courts thus

1   recognize a "per se irreparable harm" to the United States when States attempt to
2   usurp exclusive federal authority and enforce preempted laws. *Id*. (collecting cases);
3   *see also United States v. Arizona*, 641 F.3d 339, 366 (9th Cir. 2011), *rev'd on other*
4   *grounds by* 567 U.S. 387 (2012) (finding irreparable harm to the United States if
5   Arizona enforced its preempted laws in contravention of the Supremacy Clause).

6       ***Second***, the United States has parens patriae interests in safeguarding
7   Americans by "careful[ly] balanc[ing]" environmental protection and "economic
8   growth." *City of New York v. Chevron Corp.*, 993 F.3d 81, 93 (2d Cir. 2021). Congress
9   undertook this "careful balance" when it enacted joint resolutions revoking
10  California's preemption waivers in favor of uniform national emissions standards. *See*
11  *supra* I. The President also considered this balance upon signing the joint resolutions
12  into law, stating that the federal government "should establish vehicle emissions
13  standards given the inherently interstate nature of air quality; a patchwork of State
14  vehicle regulations on this subject is unworkable." Statement by the President, The
15  White House (June 12, 2025) ("Presidential Signing Statement"), https://perma.cc
16  /D8EJ-6Q2V. He also stated that our Constitution "does not allow one State special
17  status to create standards that limit consumer choice and impose an electric vehicle
18  mandate upon the entire Nation." *Id*.

19      Notwithstanding the United States' careful approach to environmental
20  protection and economic growth, California inflicts irrevocable costs on the American
21  economy by compelling compliance with its preempted standards. For example, by
22  enforcing its preempted standards, California creates regulatory uncertainty in a vital
23  sector of our national economy: heavy-duty trucks. *See, e.g.*, Brown Decl., ECF No. 23-
24  23 ¶ 19 (explaining how the "lack of regulatory clarity harms Volvo[]"); Hergart Decl.,
25  ECF No. 23-22 ¶ 12 ("The current regulatory uncertainty leaves us in limbo on critical
26  business decisions."); Noonan Decl., ECF No. 23-20 ¶ 9 (explaining how "CARB is
27  harming International" due to regulatory uncertainty). As another example,
28  California is attempting to use its regulations to create an artificial market for electric

1    vehicles, which are not in demand. *See, e.g.*, Hergart Decl., ECF No. 23-22 ¶ 8

2    ("Customer demand for battery electric trucks is very low."). Yet one more example,

3    California is harming consumer choice by demanding compliance with its emissions

4    standards. *See, e.g.*, Brown Decl., ECF No. 23-23 ¶ 13 (explaining that Volvo cannot

5    "deliver to customers the products they need and want").

6    These effects inflict irreparable harm upon the United States by impairing its

7    ability to promote economic growth while also protecting our environment. And by

8    demanding compliance with its preempted standards, California is creating an

9    "unworkable" patchwork "of State vehicle regulations" that impedes the United

10    States' ability to promote uniform standards. *See* Presidential Signing Statement.

11    **III.    The equities and public interest favor an injunction where California**
12    **has no interest in maintaining and enforcing preempted regulations.**

13    The United States joins and incorporates Plaintiffs' motion explaining why the

14    balance of equities tips in Plaintiffs' favor, and why granting an injunction is in the

15    public interest. *See* Mot. 34-35. In summary, the equities and public interest factors

16    merge when the United States is a party. *Roman v. Wolf*, 977 F.3d 935, 940–41 (9th

17    Cir. 2020). And "it is clear that it would not be equitable or in the public's interest to

18    allow the state ... to violate the requirements of federal law." *Arizona*, 641 F.3d at 366.

19    "Enforcement of an unconstitutional law is always contrary to the public interest."

20    *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013); *accord Schrader v. Dist. Att'y of*

21    *York Cnty.*, 74 F.4th 120, 128 (3d Cir. 2023). That is because California has no

22    cognizable interest in maintaining and enforcing its preempted regulations; it "cannot

23    suffer harm from an injunction that merely ends an unlawful practice." *Rodriguez v.*

24    *Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013). Thus, California stands empty in equity.

25    The public interest and all equities favor an injunction here.

26    **CONCLUSION**

27    For these reasons and those in the Truck Manufacturer's motion memorandum,

28    the motion for a preliminary injunction should be granted.

Joinder in Motion for Preliminary Injunction (ECF No. 23)
Case No. 2:25-cv-02255-DC-AC                                                                    4

1

2                                          Respectfully submitted,

3                                          ADAM R.F. GUSTAFSON
                                           *Acting Assistant Attorney General*

4     Dated: August 27, 2025                 */s/ David Mitchell*
                                           ROBERT N. STANDER
5                                          *Deputy Assistant Attorney General*

6      ERIC GRANT                          JOHN K. ADAMS
7      *United States Attorney*            DAVID D. MITCHELL
       EDWARD A. OLSEN                     United States Department of Justice
8      Assistant United States Attorney    Environment & Natural Resources Div.
       501 I Street, Suite 10-100          P.O. Box 7611
9      Sacramento, California 95814        Washington, D.C. 20044-7611
       (916) 554-2821                      (202) 353-5905
10                                         robert.stander@usdoj.gov
11                                         john.adams3@usdoj.gov
                                           david.mitchell@usdoj.gov
12

13

14                                         *Counsel for Plaintiffs-Intervenors*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joinder in Motion for Preliminary Injunction (ECF No. 23)
Case No. 2:25-cv-02255-DC-AC                                            5