ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
JOHN K. ADAMS
DAVID D. MITCHELL
United States Department of Justice
Environment & Natural Resources Div.
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 353-5905
robert.stander@usdoj.gov
john.adams3@usdoj.gov
David.Mitchell@usdoj.gov

ERIC GRANT
United States Attorney
EDWARD A. OLSEN
*Assistant United States Attorney*
501 I Street, Suite 10-100
Sacramento, California 95814
(916) 554-2821

*Counsel for Intervenor-Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>Defendants,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Intervenor-Plaintiffs. | Civil Action No. 2:25-cv-02255-DC-AC<br><br>**INTERVENOR-PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE REGARDING TRANSFER**<br><br>Judge:   Hon. Dena Coggins<br>Action Filed:   August 11, 2025 |

# INTRODUCTION

The United States moved to intervene in this case on August 14, 2025, and the Court granted that motion on August 20. That same day, the Court directed the parties to show cause as to why this case should not be transferred to the Northern District of California, where California sued the United States and the U.S. EPA (collectively, the "United States"). *California, et al., v. United States of America, et al.*, No. 4:25-cv-04966 (N.D. Cal.) ("California Action"). The Court stated that "[i]t appears there may be significant overlap of claims and defenses raised in each case, which could result in inconsistent rulings if the actions do not proceed in the same court." ECF No. 55. The Court also noted a statement from the United States' motion to intervene about the risk of "conflicting judgments" from "[m]ultiple actions." *Id*.

Transfer is not warranted. First, this case is not related to the one in the Northern District because it involves different parties and different claims. Second, the Eastern District of California is the proper venue for this action because Defendants all reside in this district, and because a substantial part of the events giving rise to the claims occurred here. The same is not true of the Northern District. Third, transfer is unwarranted under 28 U.S.C. § 1404(a). Far from it, transferring this case risks effectively denying the United States' request for injunctive relief to remedy the irreparable harm it suffers from California's enforcement of preempted standards. Finally, the United States' statement about "[m]ultiple actions" in its intervention motion refers to an additional action the United States would have filed in the Eastern District of California—where venue is proper—had the Court denied its motion.

# ARGUMENT

**I.     This Case and the California Action are Unrelated.**

This case is unrelated to the California Action because the cases involve different parties and different claims. In the California Action, a group of 11 States sued the United States, the U.S. EPA, Lee Zeldin as the Administrator of the EPA,

1    and the President of the United States. The States challenge three joint resolutions of
2    Congress enacted under the Congressional Review Act. Those joint resolutions revoke
3    preemption waivers that EPA had issued under the Clean Air Act for three sets of
4    California's vehicle emissions standards. The States argue that the joint resolutions
5    are invalid on statutory and constitutional grounds.

6    This case, by contrast, centers on the Clean Truck Partnership, which is not at
7    issue in the California Action. Here, the Truck Manufacturers sued the California Air
8    Resources Board (CARB), its executive officer Steven Cliff, and governor Gavin
9    Newsom. None of those parties is a party in the California Action. The Truck
10   Manufacturers assert claims for preemption, violation of their First Amendment
11   speech rights, and state law claims for unlawful underground regulations. Each of
12   those claims focuses on the Clean Truck Partnership, which is a regulatory
13   enforcement mechanism in the guise of a contract. None of those claims is asserted in
14   the California Action, not by the United States, and certainly not by the Truck
15   Manufacturers, who are not even parties in that case.

16   It is true that one reason California's emissions regulations are preempted is
17   because of Congress's joint resolutions under the Congressional Review Act, and
18   California might challenge the validity of those joint resolutions as a partial defense
19   in this case. But that defense cannot dispose of all claims regarding the Clean Truck
20   Partnership, and even if it could, the existence of the same challenge to Congressional
21   action does not render cases related where they involve different parties and claims.

**II.   Venue is Proper in this District, Not in the Northern District of California.**

24   Regardless, as all parties agree, venue for this case is proper in this district,
25   and not in the Northern District. A civil action may be brought in any district
26   where: (1) "any defendant resides, if all defendants are residents of the State in which
27   the district is located"; (2) "a substantial part of the events or omissions giving rise to
28   the claim occurred"; or (3) "any defendant is subject to the court's personal

jurisdiction," but only if there is no district with proper venue under (1) or (2). 28 U.S.C. § 1391(b). Venue is proper in this district because all Defendants reside in this district, and a substantial part of the events giving rise to the claims occurred here.

Defendant Cliff, the executive officer of CARB, explained as much in a recent filing in a challenge to the Clean Truck Partnership filed in the Northern District of Illinois. In that lawsuit, an industry association challenged the Clean Truck Partnership as preempted under the Clean Air Act, and the United States moved to intervene. Soon afterward, Defendant Cliff moved to transfer the case to this district. *See Am. Free Enter. Chamber of Com. v. Engine Mfrs. Ass'n*, No. 3:24-cv-50504, ECF No. 126 (N.D. Ill. filed Dec. 16, 2024). There, Mr. Cliff argues that: (1) he carries out "official acts" and has his "primary office" in Sacramento; (2) the Clean Truck Partnership was negotiated in and is enforced in Sacramento; and (3) the Eastern District of California "is an appropriate venue" for preemption claims against him. *Id.* at 14. Those arguments equally apply to CARB, which promulgated its preempted regulations and seeks to enforce them from its primary office in Sacramento. The same analysis applies to Defendant Newsom as well for purposes of the claims here. This Court is thus a proper venue for this action under Section 1391(b).[1]

Mr. Cliff's arguments, by contrast, do not apply to the Northern District of California. No Defendant resides there, and the events giving rise to this suit did not occur there. Venue thus does not lie in the Northern District.

**III. Transfer is Unwarranted under Section 1404(a) and Risks Effectively Denying the United States' Request for Injunctive Relief.**

In certain circumstances, courts retain discretion to transfer cases to another district. "For the convenience of parties and witnesses, in the interest of justice, a

---

[1] Although Mr. Cliff argues that the Eastern District of California is the proper venue, this does not deprive the United States of its ability to prosecute its case in other venues. *See Am. Free Enter. Chamber of Com. v. Engine Mfrs. Ass'n*, No. 3:24-cv-50504, ECF No. 121-1 ¶ 9-11 (alleging venue and personal jurisdiction).

1  district court may transfer a civil action to any other district or division where it might
2  have been brought or to any district or division to which all parties have consented."
3  28 U.S.C. § 1404(a). Transfer is not permitted here because: (1) the Northern District
4  is not a district in which the claims could have been brought, as explained above; and
5  (2) no party has consented to transfer.

6  Further, transfer would not serve the interests of justice and convenience of the
7  parties and witnesses. No party requested a transfer to the Northern District. To the
8  contrary, Mr. Cliff has affirmatively sought transfer of another case challenging the
9  Clean Truck Partnership to the Eastern District of California on grounds that this
10 district is the correct forum. This also is the Plaintiffs' chosen forum, and a "plaintiff's
11 choice of forum should rarely be disturbed," *Bos. Telecomm's Grp., Inc. v. Wood*, 588
12 F.3d 1201, 1207 (9th Cir. 2009). Finally, and most importantly, transfer would risk
13 both undue delay and an effective denial of the United States' request for injunctive
14 relief. As the United States explained in its joinder to the Truck Manufactures' motion
15 for a preliminary injunction, it is suffering irreparable harm from Defendants'
16 enforcement of their unlawful vehicle emissions standards.  *See* ECF No. 57 at 3–4.
17 Any delay in granting a preliminary injunction causes additional irreparable harm to
18 the United States. And, considering this irreparable harm, additional delay could
19 constitute an appealable order that "effectively denie[s]" injunctive relief. *Mt. Graham*
20 *Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992); *see also In re Fort Worth*
21 *Chamber of Com.*, 100 F.4th 528, 535–36 (5th Cir. 2024) (concluding that an effective
22 denial of a motion for a preliminary injunction is appealable).

23 **IV.  The United States Correctly Identified the Relevant Risk of Inconsistent Judgments in its Intervention Motion.**
24

25 Finally, the United States correctly pointed to the risk of inconsistent
26 judgments in its intervention motion because denial of the motion would have caused
27 the United States to file a duplicative suit in this court, where venue is proper. An
28 element of whether intervention should be granted under Civil Rule 24(a) is

timeliness, and in assessing that factor, courts consider "the prejudice to other parties." ECF No. 44 at 7 (citing *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016)). The United States argued that no other party would be prejudiced by its timely motion to intervene. *Id.* "Just the opposite," it wrote, "the United States would be prejudiced if its motion [was] denied" because, among other reasons, it then would have to file another action against Defendants to vindicate its sovereign interests. *Id.* And having to file another action would prejudice the United States because "[m]ultiple actions would risk conflicting judgments." *Id.*; *see also Equal Emp. Opportunity Comm'n v. Georgia-Pac. Corrugated LLC*, No. 07-03944, 2008 WL 11388687, at *3 (N.D. Cal. Apr. 9, 2008) (noting a purpose of Rule 24 is "to prevent the multiplicity of suits where common questions of law or fact are involved"). Because this district is the proper venue for reasons explained above, the United States intended "multiple actions" to refer to another action it would have filed in this district—not in the Northern District of California where the United States is a defendant in an unrelated case.

## CONCLUSION

For these reasons, the case should remain in the Eastern District of California, and the Court should issue an injunction without delay.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

Dated: August 29, 2025      /s/ David Mitchell
ROBERT N. STANDER
*Deputy Assistant Attorney General*

ERIC GRANT                                JOHN K. ADAMS
*United States Attorney*                  DAVID D. MITCHELL
EDWARD A. OLSEN                           United States Department of Justice
Assistant United States Attorney          Environment & Natural Resources Div.
501 I Street, Suite 10-100                P.O. Box 7611
Sacramento, California 95814              Washington, D.C. 20044-7611
(916) 554-2821                            (202) 353-5905

Intervenor-Plaintiffs' Response to Order to Show Cause re: Transfer
Case No. 2:25-cv-02255-DC-AC                                                5

1 | robert.stander@usdoj.gov
2 | john.adams3@usdoj.gov
3 | david.mitchell@usdoj.gov

*Counsel for Intervenor-Plaintiffs*