Rob Bonta, State Bar No. 202668
Attorney General of California
Myung J. Park, State Bar No. 210866
Supervising Deputy Attorney General
Benjamin P. Lempert, State Bar No. 344239
David M. Meeker, State Bar No. 273814
Jonathan A. Wiener, State Bar No. 265006
M. Elaine Meckenstock, State Bar No. 268861
Deputy Attorney General
  1515 Clay Street, 20th Floor
  Oakland, CA 94612-0550
  Telephone: (510) 879-0299
  Fax: (510) 622-2270
  E-mail: Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>                     Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>                     Plaintiff-Intervenors,<br><br>    v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board**; and GAVIN NEWSOM,** in his official capacity as the Governor of California**,**<br><br>                     Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' OPPOSITION TO DAIMLER TRUCK NORTH AMERICA'S MOTION TO EXPEDITE THE HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

## INTRODUCTION

Plaintiffs, four manufacturers of heavy-duty vehicles and engines, jointly filed suit against the California Air Resources Board (CARB), CARB's Executive Officer, and the Governor of California alleging seven causes of action under federal and state law. Plaintiffs then moved for preliminary relief on all seven claims. The United States sought to intervene and to join the motion for a preliminary injunction. Given these circumstances, Defendants promptly conferred with Plaintiffs and the United States on a proposal to reasonably extend Defendants' deadline to oppose the motion, to allow Defendants to file a sur-reply to the United States' reply brief, and to extend the hearing date accordingly. The United States agreed to the proposal; Plaintiffs did not. Ultimately, this Court found good cause to extend the briefing schedule in part, calendaring the hearing on Plaintiffs' preliminary injunction motion for October 31, 2025.

Plaintiff Daimler Truck North America LLC (DTNA), filing alone, now urges the Court to reconsider its scheduling order and advance the hearing date to October 17. But the rationales DTNA offers—a strawman compliance deadline of October 31 and an August 25 advisory letter issued by CARB—do not constitute new facts warranting such relief. Moreover, granting DTNA's requested hearing date would prejudice Defendants, giving the Court just two days, before argument, to review Defendants' sur-reply to the United States' brief and limiting Defendants' oral argument preparation to those same two days. DTNA's motion for reconsideration, styled as a motion for administrative relief, should be denied.

## BACKGROUND

As described in Defendants' motion requesting an extension to the briefing schedule for Plaintiffs' preliminary injunction motion, California has been setting emission standards for new motor vehicles sold in the State for more than half a century. Defs.' Mot. Admin. Relief (ECF 50) at 2. California has thus long required vehicle and engine manufacturers to certify that their products meet the State's emission standards before those products can be sold within California. Cal. Health & Saf. Code § 43151(a) ("A person shall not offer for sale, introduce into commerce, import, deliver, purchase, rent, lease, acquire, or receive a new motor vehicle, new motor vehicle engine, or motor vehicle with a new motor vehicle engine for use, registration, or resale in this

1

Defs.' Opp'n to Daimler Truck North America's Mot. to Expedite PI Hearing (2:25-cv-02255-DC-AC)

1  state unless the motor vehicle engine or motor vehicle has been certified pursuant to this
2  chapter."). Since 1967, California has done so pursuant to a series of Clean Air Act preemption
3  waivers granted by the U.S. Environmental Protection Agency (EPA). *See* 42 U.S.C. § 7543(b).
4        Earlier this year, the federal government took the unprecedented and unlawful step of
5  targeting, with congressional resolutions of disapproval (Resolutions), three preemption waivers
6  EPA had granted to California. *See* Defs.' Mot. Admin. Relief, Exh. 5 (ECF 50-6) ¶¶ 63-113.
7  California and ten other States promptly challenged the Resolutions as unlawful. *Id.* ¶¶ 114-188.
8        In light of the uncertainty introduced by the Resolutions, CARB issued an advisory on May
9  23, 2025 ("May MAC"). Pls.' Mot. Prelim. Inj. ("PI Mot."), Exh. A (ECF 23-16). CARB noted
10 that it would continue to accept and process certifications for model year 2026 to "maintain
11 stability in the market" and for other reasons. *Id.* at 2. It also stated that "[a]dditional information
12 will be forthcoming regarding future model years." *Id.*
13       On August 25, 2025, CARB issued a superseding advisory. This advisory indicates that
14 CARB will, as previously indicated, continue to accept and process applications for certification
15 to the standards covered by the preemption waivers the Resolutions targeted. Pls.' Req. Judicial
16 Notice, Exh. 2 (ECF 58-2) at 2 ("August MAC"). CARB also clarified that it would process
17 certifications through two other pathways: (1) certification to emission standards that immediately
18 preceded those covered by the targeted waivers (and for which EPA has waived preemption), or
19 (2) demonstration that EPA has certified the vehicle or engine to federal emission standards as
20 currently codified. *Id.* Manufacturers utilizing these latter pathways may sell new vehicles in the
21 State "while litigation is pending." *Id.* at 3. CARB also reserved its right to enforce the
22 regulations covered by the targeted waivers in the event the Resolutions are ruled invalid. *Id.*

## ARGUMENT

### I. NO NEW FACTS OR CIRCUMSTANCES SUPPORT RECONSIDERATION

25       To warrant reconsideration of a ruling on "any motion," the moving party must allege
26 "what new or different facts or circumstances are claimed to exist which did not exist or were not
27 shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or
28 circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3)-(4); *accord*

2

Defs.' Opp'n to Daimler Truck North America's Mot. to Expedite PI Hearing (2:25-cv-02255-DC-AC)

*Deleon v. Elite Self Storage Mgmt., LLC*, No. 2:15-cv-02087, 2016 WL 3411588, at *1 (E.D. Cal. June 22, 2016) ("Because the instant Motion seeks relief that has already been denied, it is construed as a motion for reconsideration."). Absent such a showing, reconsideration is confined to "highly unusual circumstances"; mere "disagreement with the Court's ruling" will not suffice. *Verduzco v. Con Agra Foods Packaged Foods, LLC*, No. 1:18-cv-01681, 2023 WL 7286814, at *1-2 (E.D. Cal. Aug. 25, 2023). DTNA fails to satisfy this standard.

    DTNA alleges, for the first time, that relief is needed by October 31 to avoid harms from having to certify vehicles with CARB. Mot. 4:8. But DTNA has never previously mentioned this supposedly hard deadline—not in Plaintiffs' preliminary injunction motion, not in their opposition to Defendants' motion requesting a modified schedule for that motion (and a hearing on November 7), and not in any meet-and-confer (including communications preceding this litigation). DTNA offers no reason for this omission, and reconsideration should be denied on that ground alone. Local Rule 230(j)(4).[1] DTNA also fails to offer any "new or different facts" concerning the certification schedule that could support reconsideration of the Court's scheduling order. *Id.* at 230(j)(3). To the contrary, DTNA relies on an earlier-filed declaration to assert that "Model year 2026 commences on January 1, and CARB's process for reviewing certification applications takes 60 days or even longer." Mot. 2:27-3:1. Plaintiffs pointed to this same declaration when they opposed Defendants' motion to extend the preliminary injunction motion schedule, although without any reference to an October 31 deadline. *See* Pls.' Opp'n to Defs.' Mot. to Extend Deadline (ECF 52) at 2, 4 ("Extension Opp'n"). In other words, the operative facts have not changed and were before the Court when it declined to set an earlier hearing date. *See also* Mot. 4:10 ("DTNA has already submitted evidence…"). Reconsideration is not warranted based on those previously provided facts. *See United States v. Real Property Located at 17 Coon Creek Rd.*, No. 2:09-cv-1937, 2012 WL 12948482, at *1 (E.D. Cal. Mar. 15, 2012) (reconsideration denied where arguments were "raised earlier or could have been raised earlier").

    DTNA also claims the August MAC supports reconsideration and expedition. Mot. 1:10-17,

---

[1] For the same reasons, there is no basis to treat the lack of an order by October 31 as "the same as outright denial" of Plaintiffs' preliminary injunction motion. Mot. 4:19.

3

Defs.' Opp'n to Daimler Truck North America's Mot. to Expedite PI Hearing (2:25-cv-02255-DC-AC)

2:13-14, 3:21-24. But that MAC changes nothing about certification timing, as DTNA concedes: rather, it "*maintains CARB's position* that manufacturers must receive CARB certification before introducing model year 2026 vehicles into California." Mot. 2:26-27 (emphasis added).

In fact, the new MAC expands the pathways for California certification, providing DTNA and other manufacturers with more options to sell their vehicles and engines in the State. Among these pathways is the option to demonstrate that the vehicle or engine has been certified to current federal emission standards. Notably, that option is similar to the one Plaintiffs proposed in the draft "enforcement discretion letter" they asked CARB to issue. Extension Opp'n 4:13-15. Another pathway is certification to the California emission standards that preceded the ones Plaintiffs allege are currently preempted by the Resolutions. August MAC at 2. DTNA does not claim those standards are preempted, meaning this option ameliorates DTNA's alleged concerns about complying with purportedly preempted standards. *See* Mot. 2:18-20.[2] DTNA nonetheless objects to the August MAC because CARB has reserved its right to enforce the standards DTNA claims are preempted if a court concludes otherwise. Mot. 2:1-7. But this objection is not a reason for an earlier hearing because any alleged harm from future enforcement is speculative (as it depends on both litigation outcomes and future choices by CARB) and could be litigated in the future when and if such harm occurs. Regardless, DTNA does not assert that this is a new position for CARB.[3] Thus, DTNA's motion provides no new facts or circumstances that could serve as a basis for reconsidering the preliminary injunction motion schedule. DTNA may be dissatisfied with that schedule, but "disagreement with the Court's order" is an insufficient ground for seeking reconsideration. *Verduzco*, 2023 WL 7286814, at *2.

---

[2] DTNA's declaration appears to object to this pathway on state law, rather than federal preemption, grounds. Potter Decl. (ECF 64-1) ¶ 10. That objection is not contained in the operative complaint; and, in any event, that state law claim would not be justiciable here under *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

[3] DTNA likewise cannot establish that certification requirements for California sales of model year 2025 vehicles is a new fact. Mot. 3:23-24. California's certification requirement has not changed, Cal. Health & Saf. Code § 43151(a), and DTNA points to no statement indicating CARB would decline to implement that requirement for model year 2025. Moreover, certification for that model year has already occurred, which is presumably why Plaintiffs alleged harms for later model years in their preliminary injunction filings. *E.g.*, PI Mot. 27:26-28:4.

4

Defs.' Opp'n to Daimler Truck North America's Mot. to Expedite PI Hearing (2:25-cv-02255-DC-AC)

## II. FAIRNESS AND JUDICIAL ECONOMY DO NOT SUPPORT DTNA'S REQUEST

Lacking new facts that might justify reconsideration, DTNA invokes notions of "fairness and judicial economy." Mot. 4:23-5:20. At bottom, DTNA appears to argue that, because it noticed a September 19 hearing date, it is entitled not just to the relief sought in its preliminary injunction motion but to relief from *any and all* California certification obligations by October 31. But if that were DTNA's goal—and if it were DTNA's position that the Resolutions signed on June 12 required that result—it could have sought that relief months earlier. As noted, DTNA and other manufacturers have been certifying vehicles and engines with CARB for decades and are thus well aware of the timelines and costs involved. DTNA purports to explain its delay by claiming it first attempted to confer with CARB. Mot. 4:26-5:2. But those attempts—which focused primarily on manufacturers' desire to be relieved of commitments they made in the 2023 Clean Truck Partnership agreement—fell far short of demands that CARB forego certification altogether. *E.g.*, PI Mot., Exh. B (ECF 23-6) at 2. Indeed, even Plaintiffs' preliminary injunction motion seeks only to "prohibit[] Defendants from implementing or enforcing" certain regulations, the May 2025 MAC, the Clean Truck Partnership, and Executive Order N-27-25. PI Mot. ii:6-9. It does not obviously seek (much less justify) the blanket prohibition against any and all CARB certification that DTNA now claims to need by October 31.[4] In any event, DTNA does not allege it had any reason to believe that California might end its half-century old certification program. To the contrary, as Plaintiffs themselves allege, the May MAC made clear CARB's intent to continue certifying vehicles for sale in California, as state law requires it to do. Against this backdrop, if the newly asserted October 31 deadline holds such significance for DTNA, it should have filed this lawsuit sooner. Its choice not to do so is no basis for depriving this Court and Defendants of two weeks to prepare for the preliminary injunction hearing.

## CONCLUSION

For the foregoing reasons, DTNA's motion should be denied.

---

[4] The inclusion of such a prohibition in Plaintiffs' proposed order does not cure the motion or establish that Plaintiffs are entitled to that relief. PI Mot., Proposed Order (ECF 23-25) at 2.

5

| | | |
|---|---|---|
| 1 | Dated: September 3, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | MYUNG J. PARK<br>Supervising Deputy Attorney General |

/s/ M. Elaine Meckenstock
M. ELAINE MECKENSTOCK
Deputy Attorney General
*Attorneys for Defendants*

6

Defs.' Opp'n to Daimler Truck North America's Mot. to Expedite PI Hearing (2:25-cv-02255-DC-AC)