GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:	650.849.5395
Facsimile:	640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:	415.393.8293
Facsimile:	415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C.  20036-4504
Telephone:	202.955.8500
Facsimile:	202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>Defendants,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Intervenor-Plaintiffs. | CASE NO. 2:25-cv-02255-DC<br><br>**PLAINTIFF DAIMLER TRUCK NORTH AMERICA'S MOTION FOR ADMINISTRATIVE RELIEF TO EXPEDITE THE HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Judge:	Hon. Dena Coggins<br>Action Filed:	August 11, 2025 |

Pursuant to Local Rule 233 and Judge Coggins' Standing Order § I.E, Plaintiff Daimler Truck North America LLC ("DTNA") moves for administrative relief to expedite the hearing date on Plaintiffs' Motion for Preliminary Injunction ("PI Motion," Dkt. 23) to **October 17, 2025.** An expedited hearing is warranted by good cause, including new unlawful and preempted action by Defendants Steven Cliff and the California Air Resources Board (together, "CARB") that compounds DTNA's irreparable injuries. The proposed date is available on the Court's civil motion calendar and would preserve the briefing time already allotted to the parties.

The PI Motion seeks, *inter alia*, to restrain Defendants from attempting to enforce preempted emissions standards or "requiring certification … for the sale of new heavy-duty vehicles and engines in California[.]" *See* Pls.' Proposed Order Granting PI Mot., Dkt. 23-2, at 1–2 (footnote omitted). Four days ago, however, on the Monday after this Court's scheduling order on the PI Motion, CARB issued a new "Regulatory Guidance" document stating its position that manufacturers must follow preempted emissions standards and obtain CARB certification for "model year 2025 and subsequent model years," and threatening that failing to comply with these preempted laws and certification requirements may incur retroactive enforcement if federal law changes later. Manufacturers Advisory Correspondence ECCD-2025-08 (Aug. 25, 2025), https://perma.cc/75HP-7T5R ("August 25 MAC").

CARB has thus stirred more silt into already muddied waters, exacerbating DTNA's injuries. The August 25 MAC extends to model year 2025 and purports to dictate how "vehicle and engine manufacturers may continue to offer, sell, and deliver new vehicles and engines in the state amid the ongoing legal uncertainty …."—namely, only if CARB has certified those vehicles and engines. *See* August 25 MAC at 2, 2 n.5. Model year 2025 is underway *now*; across California, those DTNA products are on dealer lots and continue to be ordered. Ex. A (Decl. of Daniel Potter) at ¶ 13. Yet as Intervenor-Plaintiffs explained, the MAC's requirement for "ongoing certification of new vehicles by the state" is "in contravention of federal law." Dkt. 57, Intervenor-Pls.' Joinder in Pls' Mot. Prelim. Inj., at 1 n.1. This is because under Section 209(a) of the Clean Air Act, "[n]o State shall require certification" without a preemption waiver from EPA—a waiver which California currently lacks. 42 U.S.C. § 7543(a); *see also* PI Motion, Dkt. 23, at 3-7. CARB thus further obfuscates the circumstances in which DTNA can "offer, sell, and deliver" vehicles in California *today*.

The August 25 MAC goes on to assert that unless a manufacturer's CARB certification conforms to the Clean Truck Partnership or the rules that are currently preempted due to federal legislative action, manufacturers risk retroactive enforcement. August 25 MAC at 3 ("CARB reserves its right to enforce the regulations covered by the waivers targeted by the congressional resolutions in the event a court of law holds those resolutions invalid"), *see also* August 25 MAC at 2 (explaining manufacturers who certify in accordance with the preempted regulations or the Clean Truck Partnership "will have confidence that they are in compliance with their obligations"). This assertion flips the principle of injunctive relief on its head: CARB's directive that manufacturers must comply with a legally uncertain regime during the pendency of litigation, or face the risk of significant penalties, is equivalent to the operation of an injunction *in CARB's favor*. And yet CARB has not sought preliminary relief that would enjoin the Congressional resolutions preempting its emissions standards, despite filing a lawsuit to challenge those very resolutions. The law does not permit CARB's attempt at self-help.

The August 25 MAC underscores that DTNA suffers irreparable harm *today* and urgently needs relief. The United States, a Plaintiff-Intervenor here, directed DTNA to "immediately cease and desist [] compliance with both the Clean Truck Partnership and its preempted state vehicle emission regulations." Dkt. 1-3, Compl. Ex. B at 3. But the August 25 MAC asserts that compliance with the preempted regulations or the Clean Truck Partnership is the only way to avoid exposure to retroactively applied fines should the law later change. *See* August 25 MAC at 2, 3. If DTNA complies with the preempted regulations or the Clean Truck Partnership, it faces federal scrutiny for contradicting the United States' express directive. But to do otherwise opens DTNA to potential retroactive enforcement with a fine of up to $48,788 per truck sale that allegedly violated state law. *See* Cal. Health & Safety Code § 43154(a)(1). Accordingly, DTNA suffers irreparable harm to goodwill and customer prospects because it cannot *currently* offer heavy-duty vehicles and engines to customers and dealers with certainty as to the applicable legal requirements. Ex. A ¶ 13–14.

And if the PI Motion is not decided by October 31, 2025, DTNA will suffer additional harms. The August 25 MAC maintains CARB's position that manufacturers must receive CARB certification before introducing model year 2026 vehicles into California. Model year 2026 commences on January 1, and CARB's process for reviewing certification applications takes 60 days or even longer. *See*

Dkt. 23-15, Potter Decl. ISO PI Mot. ¶ 11. The final business day at least 60 days before January 1, 2026, is October 31, 2025. Ordinarily, DTNA would have already submitted CARB certification applications to ensure timely certificates for a new model year. *Id.* ¶ 15. Without a ruling on the PI Motion by October 31, 2025, the uncertainty will become intolerable. For example, later relief may come too late for DTNA to avoid seeking CARB certification notwithstanding the United States' cease-and-desist letter and the unconstitutionality of CARB's actions, necessitating the payment of significant unrecoverable certification fees.

In light of these factors, advancing the hearing by two weeks to October 17, 2025 is necessary to ensure a timely ruling and is otherwise reasonable. Pursuant to Judge Coggins' Standing Order § I.C, DTNA's counsel conferred with Defendants' counsel on August 28, 2025 about this request, and Defendants stated that they reserve their position on the motion and may file a response. The United States supports the motion to expedite, and the other OEM Plaintiffs consent to the motion.

## ARGUMENT

To obtain administrative relief altering a hearing date, a moving party must demonstrate good cause and compliance with procedural requirements. L.R. 233. The Court has broad discretion to manage its docket and scheduling, especially to prevent irreparable harm and to balance the equities for a pending injunction. Here, all factors favor advancing the PI Motion hearing to October 17, 2025.

### I.    A Timely Ruling is Necessary to Prevent Further Irreparable Harm to DTNA.

A preliminary injunction's purpose is to prevent irreparable injury before a final judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Here, DTNA's injuries will be exacerbated if the hearing is not expedited for two reasons. First, the August 25 MAC threatens that unless a vehicle or engine has a CARB certification conforming to standards that are preempted *now*, the manufacturer risks retroactive enforcement under a *later* version of the law—and applies that threat to model year 2025. *See* August 25 MAC at 3. Uncertainty whether DTNA will be subject to enforcement of an unconstitutional law is a cognizable injury, and it damages DTNA's ability to serve customers today. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (pre-enforcement suit proper where plaintiff alleges a "credible threat of enforcement"); Ex. A ¶¶ 13–14, 16.

Second, Defendants' directives to comply with emissions standards and certification

requirements notwithstanding federal preemption (and the United States' instructions to the contrary) give DTNA no realistic option but to submit certification applications as close to 60 days before the start of the model year as possible, unless Defendants are restrained from their unlawful activities. Ex. A, ¶ 15. According to CARB itself, certification regularly requires *at least* 60 days to process. *See* CARB, *On-Road Heavy-Duty and Off-Road Compression Ignition Certification Programs: Certification Steps Overview*, https://perma.cc/UUT3-HWG5. In practice, it often takes longer. Dkt. 23-15, Potter Decl. ISO PI Mot., ¶ 11. As a result, the threshold beyond which obtaining CARB certification becomes impractical is 60 days before the model year starts—here, October 31, 2025, the date of the currently scheduled hearing.

DTNA has already submitted evidence that CARB certification entails millions of dollars in unrecoverable costs and expenditures, including certification fees that DTNA will incur if and when it submits CARB certification applications. *See* Dkt. 23-15, Potter Decl. ISO PI Mot. at ¶ 10 (estimating at least $1.2 million in additional expenses if DTNA must certify under the preempted regulations). Courts recognize unrecoverable compliance costs as irreparable harm. *See, e.g.*, *Cal. Pharm. Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009); *Chamber of Commerce v. Bonta*, 62 F.4th 473, 489 (9th Cir. 2023). Given the length of the certification process, without a ruling *on or before* October 31, 2025, DTNA will be forced into "the choice to comply or 'bet the farm.'" *Peace Ranch LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024) (citations omitted). Courts recognize that when delay prevents relief from being meaningful, the effect is the same as outright denial. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367 (2025). Thus, if the Court does not rule on the PI Motion by October 31, 2025, the lack of a ruling may constitute effective denial and compel DTNA to seek emergency appellate relief. *See In re Fort Worth Chamber of Commerce*, 100 F.4th 528 (5th Cir. 2024).

**II.     Considerations of Fairness and Judicial Economy Support Expedited Hearing.**

Beyond irreparable harm, fairness and efficiency support expediting the hearing date. DTNA has litigated expeditiously and sought reasonable accommodations, while Defendants have pursued delay without offering any mitigation of harms. DTNA has acted diligently to resolve this crisis. As soon as CARB indicated in May 2025 that it would enforce the new standards despite federal disapproval, industry representatives, including DTNA's counsel, met with CARB officials to explain that

manufacturers were "between a rock and a hard place" in light of California's stance. PI Mot. at 13. DTNA followed up in writing but received no substantive response. *Id*. Once the U.S. Department of Justice issued its August 7, 2025 cease-and-desist letters, DTNA, along with the other OEM Plaintiffs, filed this lawsuit two business days later. OEM Plaintiffs then acted with dispatch to file the PI Motion the next day, noticing the hearing for September 19, 2025—the earliest date that nonetheless provided the 35 days' notice required by Local Rule 230(c).

DTNA and the OEM Plaintiffs have endeavored to expedite proceedings while accommodating Defendants' requests. For example, during an August 15, 2025 meet and confer with Defendants, OEM Plaintiffs offered two alternative briefing schedules for the PI Motion, including that if Defendants would provide interim assurance that they would not enforce the preempted regulations, OEM Plaintiffs would agree to a four-week extension of the hearing with concomitant extensions of the briefing schedule, providing Defendants 39 days to oppose the Motion and permitting a sur-reply. *Id.* ¶ 5. Rather than agree to mitigate OEM Plaintiffs' harms, Defendants issued a new MAC that compounds them.

The relief DTNA seeks here—moving the hearing to October 17, 2025—preserves the full briefing schedule set by the Court in its August 20, 2025 order. *See* Dkt. 54. Defendants will have 35 days to oppose the PI Motion (more than twice the time provided by the rules) and may file a sur-reply to address any new arguments from Intervenor-Plaintiffs. *Id.* DTNA acknowledges that expediting the hearing to October 17 gives the Court less time with the PI Motion fully briefed before the hearing, but it allows ample time to make a considered ruling that provides meaningful relief.

## CONCLUSION

DTNA faces imminent irreparable harm from Defendants' continued insistence on compliance with preempted standards. For the reasons set forth above, DTNA respectfully requests that the Court reset the hearing on Plaintiffs' Motion for Preliminary Injunction to **October 17, 2025**.

Dated: August 29, 2025    **GIBSON, DUNN & CRUTCHER LLP**

Respectfully submitted,

/s/ Benjamin Wagner
BENJAMIN WAGNER, State Bar No. 163581

310 University Avenue
Palo Alto, CA  94301-1744
Telephone:     650.849.5395
Facsimile:     640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8293
Facsimile:     415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL ESTRADA, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:     202.955.8500
Facsimile:     202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*