# Exhibit C7

**VOLVO**

August 10, 2025

The Honorable Andrew N. Ferguson
Chairman
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

Re:          Volvo Group North America, LLC, FTC File No. 2510054

Dear Chairman Ferguson:

We understand that the Federal Trade Commission ("FTC" or the "Commission") has decided to close the above-captioned investigation into whether Volvo Group North America, LLC ("Volvo") violated Section 5 of the FTC Act, 15 U.S.C. § 45, by signing the Clean Truck Partnership (the "CTP") with the California Air Resources Board ("CARB"), as did several other heavy and medium duty truck manufacturers ("OEMs"). To address the FTC's concerns, Volvo is making the affirmations and commitments discussed below.

## I.     CTP Background and Procedural Posture

Volvo Group is committed to working with all stakeholders to find creative ways to continue reducing emissions while delivering the vehicles needed to keep our national and regional economies strong. We believe this future will require varied propulsion technologies and are therefore taking a three-pronged approach to decarbonization, which includes battery electric, hydrogen fuel cell and combustion engine vehicles running on renewable fuels.

On July 6, 2023, Volvo signed the CTP with CARB to gain sufficient lead times to develop certain technology to comply with California's Advanced Clean Trucks ("ACT") and Advanced Clean Fleets ("ACF") regulations, and to align California's Omnibus Low NOx ("Omnibus") regulation with federal standards. This relief allowed Volvo to continue delivering high-quality products to its dealers and customers. In exchange, CARB sought to require manufacturer compliance with California's ACT and Omnibus regulation, should California's waivers of authority be invalidated through litigation.

Other OEMs also negotiated and signed the CTP. Such negotiation and ultimate agreement to certain terms, in Volvo's view, is fully protected and expected conduct under the *Noerr-Pennington* and State Action doctrines. These well-established doctrines allow manufacturers, even competing manufacturers, to advocate, lobby and negotiate with governmental entities, with full immunity from U.S. competition laws. Volvo remains deeply committed to compliance with all such competition laws.

The Honorable Andrew Ferguson  
Federal Trade Commission

August 10, 2025  
Page 2

  The ACT, ACF and Omnibus regulations each require a Clean Air Act preemption waiver from the U.S. Environmental Protection Agency ("EPA") to be valid and enforceable. Those requisite waivers have been voided by the current administration (or never sought/withdrawn by CARB in the first instance). Specifically, on May 22, 2025, the U.S. Congress, using its powers under the Congressional Review Act ("CRA"), issued joint resolutions of disapproval of EPA's waivers of preemption for the ACT and Omnibus standards adopted by CARB. On June 12, 2025, the President of the United States signed these joint resolutions of disapproval into law, revoking the federal preemption waivers for ACT and Omnibus.

  The CTP — which implemented California's now-preempted regulations — became unenforceable when these joint resolutions were signed into law. Volvo will continue to make its own unilateral business decisions, including decisions related to the volume of trucks it will produce, the types of engines those trucks will contain, and the price of its trucks.

### II. Volvo's Affirmations and Commitments

  In connection with the closing of the Commission's investigation, Volvo affirms that (i) the CTP was rendered unenforceable by a Congressional joint resolution of disapproval signed by the President on June 12, 2025;[1] (ii) the President's signature of the joint resolution did not trigger any obligations on Volvo through the CTP; and (iii) Volvo has never had any right to enforce, has not attempted to enforce, and will not attempt to enforce the CTP against any other signatory[2] to it. For these reasons, it is Volvo's position that the CTP cannot be enforced against it by CARB or any other signatory. For similar reasons, Volvo affirms that it will independently make decisions about the type and quantity of vehicles it sells without regard to whether those decisions are compliant with any restrictive terms of the CTP.[3]

  In addition to its commitments regarding the CTP, Volvo also affirms and commits prospectively that:

- Volvo will not enter or attempt to enter into any agreement with a U.S. state regulator or U.S. state government that includes direct or indirect restrictions on the supply of any product(s) or the fixing of emission levels for any product(s) that are

---

[1] Briefings & Statements, The White House, Congressional Bills H.J. Res. 87, H.J. Res. 88, H.J. Res. 89. Signed into Law (June 12, 2025), https://www.whitehouse.gov/briefings-statements/2025/06/congressional-bills-h-j-res-87-h-j-res-88-h-j-res-89-signed-into-law/.

[2] For purposes of this letter, the word "signatory" refers to the other original equipment manufacturer signatories to the CTP.

[3] For the avoidance of doubt, nothing in this letter prohibits Volvo from voluntarily and unilaterally (1) applying for a California emissions certification (or honoring California emissions certifications issued prior to the CRA's effective date), including, but not limited to, allowing Volvo to secure Clean Idle Labels pursuant to the Omnibus Low NOx Rule, or (2) adhering to a final court order.

VOLVO

The Honorable Andrew Ferguson August 10, 2025
Federal Trade Commission Page 3

- enforceable by any party other than a U.S. state government or U.S. state regulator;[4] and

- Volvo will not enter or attempt to enter into any agreement with a U.S. state regulator or U.S. state government relating to restrictions on supply or fixing emission levels, by which Volvo commits to being bound even if the state actor or similarly situated regulator lacks authority to directly impose or enforce the applicable restrictions.

\* \* \*

Within 60 days, Volvo will file with the Secretary of the FTC, with a copy to the Bureau of Competition's Compliance Division, a report describing in reasonable detail how Volvo has complied with its commitments. Volvo will annually affirm compliance with the commitments for seven years thereafter.

If Volvo receives written notice from the Commission that the Commission believes Volvo has acted inconsistent with its commitments, Volvo will, within 60 days, respond to the Commission either by explaining how Volvo has addressed any such concerns or by explaining why Volvo believes that it has acted in a manner consistent with its affirmations and commitments.

Furthermore, if the FTC believes that Volvo has acted inconsistent with its commitments, the FTC may, after providing at least 30 days' prior written notice, and subject to claims of any legally recognized privilege, require Volvo to (1) permit access to electronic and paper documents related to compliance with the above commitments, and (2) in the presence of Volvo's legal counsel, permit FTC staff to interview appropriate persons with knowledge about Volvo's compliance with these commitments regarding such compliance.

Sincerely,

*[signature: Dawn Fenton]*

Dawn Fenton

Vice President, Gov Rel & Public Affairs
Volvo Group North America, LLC

---

[4] For avoidance of doubt, Volvo may enter into enforceable contracts with a government entity for the supply of trucks.