1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  MYUNG J. PARK, State Bar No. 210866
   Supervising Deputy Attorney General
3  BENJAMIN P. LEMPERT, State Bar No. 344239
   DAVID M. MEEKER, State Bar No. 273814
4  JONATHAN A. WIENER, State Bar No. 265006
   M. ELAINE MECKENSTOCK, State Bar No. 268861
5  Deputy Attorneys General
     1515 Clay Street, 20th Floor
6    P.O. Box 70550
     Oakland, CA  94612-0550
7    Telephone:  (510) 879-0299
     Fax:  (510) 622-2270
8    E-mail:  Elaine.Meckenstock@doj.ca.gov
   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC, INTERNATIONAL MOTORS, LLC., PACCAR INC., and VOLVO GROUP NORTH AMERICA LLC**, <br><br> Plaintiffs, <br><br> **THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,** <br><br> Plaintiff-Intervenors <br><br> v. <br><br> **CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF**, in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM**, in his official capacity as the Governor of California, <br><br> Defendants. | 2:25-cv-02255-DC-AC <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRELIMINARY INJUNCTION MOTION EVIDENCE** <br><br> Date: October 31, 2025 <br> Time: 1:30 PM <br> Courtroom: 8, 13th Floor <br> Judge: Hon. Dena Coggins <br> Trial Date: Not Set <br> Action Filed: August 11, 2025 |

Defendants submit the following objections to evidence submitted by Plaintiffs in support of their motion for preliminary injunction.

I. **GENERAL OBJECTIONS TO DECLARATIONS AND EXHIBITS**

District courts have discretion whether to accept otherwise inadmissible evidence for purposes of deciding a preliminary injunction motion. *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988). More broadly, district courts commonly strike "portions of declarations, as well as entire declarations where these contained improper argument that should have been included in a memorandum of points and authorities, rather than a declaration." *Fuchs v. State Farm Gen. Ins. Co.*, No. CV 16-01844-BRO-GJS, 2017 WL 4679272, at *2 (C.D. Cal. Mar. 6, 2017); *see also Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016) ("Legal arguments should be presented in a party's moving . . . briefing, not in its supporting declarations.").

Here, Plaintiffs' Motion for Preliminary Injunction (ECF 23), as well as Plaintiff Daimler Truck North America's Motion for Administrative Relief to Expedite Hearing (ECF 70), rely on declarations purporting to assert facts, but that in fact present lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. *See* Fed. R. Evid. 701. Plaintiffs' declarations also include improper lay opinion, argument, and legal conclusions regarding the provisions of the Clean Truck Partnership. Accordingly, Defendants request that the Court exercise its discretion and sustain the objections set forth below, rather than consider the referenced material from Plaintiffs' declarations. *See Marcos*, 862 F.2d at 1363.

Defendants also object to the Declaration of Daniel Potter in support of Plaintiff Daimler Truck North America's Motion for Administrative Relief to Expedite Hearing (ECF 70-1) because it was not filed with Plaintiffs' preliminary injunction motion, and for the specific reasons set forth below.

## II. SPECIFIC OBJECTIONS TO DECLARATION OF JED R. MANDEL (ECF 23-4)

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) |
|---|---|
| ¶ 7 – "Under the CTP, CARB also committed to consulting with the heavy and medium duty engine and trucking industry before adopting future changes to the regulations covered by that agreement. However, CARB recently amended the ACT regulations without engaging with the industry in the manner contemplated by CTP"<br><br>¶ 9 – "CARB has enforced those speech-limiting provisions."<br><br>¶ 10 – "The speech-neutrality mandates of CTP impacted many public EMA comments."<br><br>¶ 11 – "In each of the following instances, EMA was required by the CTP's terms to take a neutral position in response to any prospective Section 177 states' proposals to consider adopting the Omnibus and ACT regulations…" | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the impact and meaning of the provisions of the Clean Truck Partnership. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). |

## III. SPECIFIC OBJECTIONS TO DECLARATION OF DANIEL POTTER (ECF 23-15)

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) |
|---|---|
| ¶ 6 – "I am not a lawyer, but as outlined in DTNA's complaint and the motion for a preliminary injunction associated with this declaration, I understand that the Defendants in this matter expect DTNA to seek CARB certification for its model year 2026 vehicles notwithstanding that the underlying CARB regulations are preempted by the Clean Air Act."<br><br>¶ 8 – "…and DTNA is at imminent risk of incurring more expenses in the next several weeks if DTNA is required to submit certification applications to CARB for model year 2026 related to the preempted regulations at issue in this case."<br><br>¶ 14 – "And if DTNA disregards CARB's preempted certification rules…" | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). |

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) |
|---|---|
| ¶ 16 – "Defendant CARB has also silenced DTNA's speech by enforcing the speech- and petitioning-limiting provisions of the Clean Truck Partnership against a trade association of which DTNA is a member, the Engine Manufacturers Association ('EMA')…"<br><br>¶ 17 – "Absent the speech-limiting provisions in the Clean Truck Partnership, DTNA would have vocally opposed these regulations nationwide." | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding purported actions by CARB as they related to the provisions of the Clean Truck Partnership. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). |

IV.   **SPECIFIC OBJECTIONS TO DECLARATION OF MICHAEL NOONAN (ECF 23-20)**

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) |
|---|---|
| ¶ 5 – "… even though since June 12, 2025, those underlying CARB emission regulations no longer have a valid waiver of preemption under the Clean Air Act. …and, from our perspective, have been reviewing our applications as if there were a valid waiver of preemption under the Clean Air Act."<br><br>¶ 9 – "By continuing to proceed with California certification requirements that should no longer apply because of federal preemption…."<br><br>¶ 11 – "For example, California's Advanced Clean Trucks Regulation, which no longer has a preemption waiver…."<br><br>¶ 12 – "CARB is insisting that all OEMs certify all models they intend to sell into California pursuant to CARB's own regulations, notwithstanding that those regulations lack a preemption waiver." | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). |
| ¶ 14 – "Such threats have chilled International's exercise of its speech and petitioning rights."<br><br>¶ 15 – "Defendant CARB has also silenced International's speech by enforcing the speech- and-petitioning-limiting provisions of the Clean Truck Partnership against a trade association of which International is a member, the Engine Manufacturers Association ('EMA')." | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the impact of the provisions of the Clean Truck Partnership. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). |

## V. SPECIFIC OBJECTIONS TO DECLARATION OF CARL HERGART (ECF 23-22)

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) |
|---|---|
| ¶ 8 – "… and the Congressional Review Act ('CRA') action which invalidates the EPA waivers." | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). |

## VI. SPECIFIC OBJECTIONS TO DECLARATION OF ANDREA BROWN (ECF 23-23)

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) |
|---|---|
| ¶ 8 – "On June 12, 2025, the President of the United States signed legislation preempting CARB's MHDV emissions regulations under the Clean Air Act, and invalidating EPA's prior waiver determinations for certain CARB MHDV emissions regulations (collectively, the 'Preempted Emissions Regulations')."<br><br>¶ 9 – "Notwithstanding the recent legislation preempting CARB's MHDV emissions regulations, CARB and the Governor of California have stated that CARB intends to continue to enforce the Preempted Emissions Regulations."<br><br>¶ 17 – "First, the DOJ has demanded that Volvo cease and desist compliance with the Clean Truck Partnership and California's Preempted Emissions Regulations."<br><br>¶ 18 – "Second, CARB's attempts to enforce the Preempted Emissions Regulations create a significant risk of harm to Volvo…. will be subject to CARB's Preempted Emissions Regulations"<br><br>¶ 20 – "If Volvo must decide between two incompatible regulatory schemes, there would be a risk of randomly undermining the competitive nature of the market."<br><br>¶ 21 – "…if CARB determines that Volvo's MHDV and engine sales in California do not comply with CARB's Preempted Emissions Regulations…" | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016).<br><br>In paragraph 17, the declarant also purports to summarize the contents of a letter. But a declarant's characterizations and recitations of documents are not evidence. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3882448, at *8 (N.D. Cal. June 23, 2015) (sustaining objection to "counsel's interpretation of what those documents mean"). |

VII. **SPECIFIC OBJECTIONS TO DECLARATION OF POTTER IN SUPPORT OF MOTION TO EXPEDITE (ECF 70-1)**

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) |
|---|---|
| ¶ 7 – "As outlined in the Complaint in this case, the Clean Air Act prohibits the California Air Resources Board ('CARB') from requiring that new vehicles or engines have a certification issued by CARB prior to sale, unless the U.S. EPA has granted CARB a preemption waiver for its emissions standards applicable to those types of vehicles or engines. Compl., Dkt. 1, ¶ 33. It is my understanding that CARB currently does not have a waiver for its emissions standards that apply to model year 2025 and subsequent heavy-duty trucks. Compl., Dkt. 1, ¶ 72-77." <br><br> ¶ 9 – "First, CARB encourages manufacturers to obtain certification under regulations that have been preempted by Congressional disapprovals…." <br><br> ¶ 15 – "…if CARB's regulations had not been preempted by intervening federal action…" <br><br> ¶ 16 – "CARB's August 25 MAC exacerbates rather than resolves the uncertainty for model years 2025 and 2026. By insisting on illegal certification pathways and threatening retroactive enforcement in direct defiance of federal law and directives, CARB is making it impossible for DTNA to give customers confidence about truck sales and registrations in California. This ongoing uncertainty harms DTNA's ability to serve customers *today*, let alone in the next model year." | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). |
| ¶¶ 10-13, in their entirety. | The declarant purports to summarize the contents of multiple documents. But a declarant's characterizations and recitations of documents are not evidence. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3882448, at *8 (N.D. Cal. June 23, 2015) (sustaining objection to "counsel's interpretation of what those documents mean"). |

| | |
|---|---|
| Dated:  September 16, 2025 | Respectfully submitted, |
| | ROB BONTA<br>Attorney General of California<br>MYUNG J. PARK<br>Supervising Deputy Attorney General |
| | */s/ M. Elaine Meckenstock*<br>M. ELAINE MECKENSTOCK<br>Deputy Attorney General<br>*Attorneys for Defendants Steven S. Cliff and Rob Bonta, in their official capacities* |