# EXHIBIT

# C

**INTERNATIONAL**

***VIA EMAIL***
staff@oal.ca.gov
cotb@arb.ca.gov

Reference: **International Motors, LLC's Comments to "Emergency Amendment and Adoption of Vehicle Emissions Regulations": OAL File Number: 2025-0922-01E**

Steven S. Cliff, Ph.D.
Executive Officer
California Air Resources Board
1001 I Street
Sacramento, CA 95814

Dear Mr. Cliff,

International Motors, LLC ("International") submits this letter in response to the solicitation by the California Air Resources Board ("CARB") for comments on its Emergency Amendment and Adoption of Vehicle Emissions Regulations (the "Proposed Action"). International is a leading manufacturer of commercial trucks and school buses in the United States, where we participate primarily in the Class 6 through 8 vehicle markets.  International does not support CARB's Proposed Action because, among other reasons, there is no "emergency" risk to the health, safety, and general welfare that is addressed by the emergency regulations and, thus, no basis to avoid required rulemaking procedures under California law.[1]

California's Administrative Procedure Act ("APA") defines an emergency as "a situation that calls for immediate action to avoid serious harm to the public peace, health, safety, or general welfare."  Cal. Gov't Code § 11342.545.  Of critical importance here, a finding of emergency will be deemed inadequate if it is "based only upon expediency, convenience, best interest, general public need, or speculation."  *Id.* § 11346.1(b)(2).  The APA provides that California's Office of Administrative Law ("OAL") shall disapprove a proposed emergency regulation "if it determines that the situation addressed by the regulations is not an emergency" or if OAL determines the action fails to meet required APA standards such as necessity, clarity, consistency, and nonduplication.  *Id.* § 11349.6(b).

---

[1] International also joins in the comments filed by the Truck & Engine Manufacturers Association, which we incorporate by reference herein rather than repeat here.  For the reasons outlined in those comments, International also disagrees with the Proposed Action.

The Proposed Action falls short of APA requirements because there is no crisis that calls for immediate action to avoid serious harm to the public peace, health, safety, or general welfare. CARB claims the emergency rule is necessary "to clarify that protective emission standards for vehicles and engines remain operative, while ensuring manufacturers can sell vehicles and engines into California[.]" Notice of Proposed Action, *Emergency Amendment & Adoption of Vehicle Emissions Regulations*, at 6 (Sept. 15, 2025) (the "Notice"). CARB raises the specter of heavy-duty on-highway ("HDOH") vehicles and engines being sold into the State with uncontrolled emissions or of no vehicles being sold at all. Neither rationale for jettisoning normal rulemaking procedures is supported.

As CARB admits, laws passed by Congress and signed by the President revoked the waivers for CARB's most recent HDOH emissions standards (the "Revoked HDOH Standards"). *See* Notice at 2-3. As such, CARB is not authorized to enforce the Revoked HDOH Standards. *See id.* CARB also admits that the Revoked HDOH Standards "***displaced***" its earlier-adopted rules. *See id*. (emphasis added). CARB's Executive Officer makes clear that the Revoked HDOH Standards "***supplanted*** the Board's earlier regulations (which were applicable to all future model years *until they were supplanted*)…." CARB Executive Order R-25-002 at 4 (Sept. 15, 2025) (emphasis added). "Supplanted" means to supersede or replace.[2] As a result, those earlier, older standards also no longer apply.[3]

Nevertheless, although CARB's Revoked HDOH Standards (and thus certification program) are now preempted, vehicles cannot be sold in the State of California without a valid certificate of conformity from the United States Environmental Protection Agency ("EPA") – just like in the other 49 states governed by the Clean Air Act. *See* 42 U.S.C. § 7522(a)(1) (precluding sale of new motor vehicles and engines "unless such vehicle or engine is covered by a certificate of conformity"). And, as CARB acknowledges, the current HDOH federal standards are stricter than the old standards CARB now proposes to reanimate on an emergency basis. *See* Notice at 8; *see also* EMA Comments at 6.

Accordingly, there is no basis for emergency rulemaking. Because all new HDOH vehicles and engines need an EPA certification, and because EPA HDOH standards are more stringent than the old CARB standards, there are right now and going forward, more ***protective*** federal emissions standards that "remain operative" in California. Notice at 2. CARB provides

---

[2] *See* https://www.merriam-webster.com/dictionary/supplant.

[3] CARB made this clear by sunsetting the prior old standards. *See* EMA Comments at 4.

no basis why a new EPA-certified, HDOH vehicle or engine cannot legally be sold in the state.[4] Indeed, CARB need not issue an "emergency rule" to allow vehicles to be sold into California, it simply needs to comply with the Clean Air Act. As such, the Proposed Action is not needed to "maintain a stable vehicle market" in California either. Notice at 2.

The Proposed Action is not about health or safety; it is about CARB trying to preserve its certification program. But this is exactly the sort of "good practices" argument that the APA rejects. CARB acknowledges that its Proposed Action is being taken to affect the outcome of a court case. Specifically, in its Notice, CARB states that the Proposed Action is in response to an argument made by certain HDOH truck manufacturers that CARB's old standards were not automatically revived when Congress and the President revoked the current waivers. *See* Notice at 2. CARB "disagrees" (*id.*) but, nevertheless, attempts to resurrect older, less stringent HDOH standards through emergency rulemaking.[5] However, CARB's proposed emergency re-introduction of old HDOH emission standards that are less stringent than federal standards, along with agency threats of retroactive enforcement, only serves to introduce additional uncertainty and instability into California's HDOH market.

Very truly yours,

/s/ International Motors, LLC

---

[4] CARB also ignores that its reanimation of admittedly displaced standards will require a Clean Air Act preemption waiver. *See* EMA Comments at 5.

[5] The fact that this "emergency" is nothing more than a pretext is evidenced by the fact that CARB is proposing emergency rules that the agency does not actually want manufacturers to follow—warning that regulated parties "assume the risk if they choose to certify only to the antecedent provisions" and not the preempted regulations. Notice at 6.