GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:     650.849.5395
Facsimile:     640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8293
Facsimile:     415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:     202.955.8500
Facsimile:     202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>Defendants,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Plaintiffs-Intervenors. | Case No. 2:25-cv-02255-DC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PRELIMINARY INJUNCTION EVIDENCE**<br><br>Judge:            Hon. Dena Coggins<br>Action Filed:  August 11, 2025 |

## I. RESPONSE TO DEFENDANTS' GENERAL OBJECTIONS.

Defendants do not offer any explanation or argument in support of their boilerplate objections to the testimony of six separate declarants. Rather, Defendants rely on the same exact objection, and the same inapposite legal authority in support of their summary objections to each of the declarations. Courts routinely overrule objections, like Defendants' here, where the objections "are boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded." *United States ex rel. Cal. Dep't of Fish & Wildlife v. HVI Cat Canyon, Inc.*, 213 F. Supp. 3d 1249, 1257 (C.D. Cal. 2016); *see also Am. Semiconductor, Inc. v. California Assignments LLC*, No. 12-CV-06138-LHK, 2013 WL 5937968, at *8 (N.D. Cal. Oct. 30, 2013) ("When faced with similarly boilerplate objections without supporting explanations, courts have held that it would 'not address boilerplate evidentiary objections that the parties themselves deem unworthy of development.'" (quoting *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1081 (N.D. Cal. 2012))). This Court should do so here.[1]

Even if the Court were inclined to consider Defendants' boilerplate objections, they reflect a fundamental misunderstanding of the Federal Rules of Evidence and fail on their merits. As an initial matter, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context," and the court may give some weight even to inadmissible evidence. *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). Further, Defendants' summary contention that the declarants offer improper lay opinion ignores settled law that lay witnesses can properly testify "'to opinions based on a combination of their personal observations regarding the incident in question and their specialized knowledge obtained through their vocation.'" *Starr Indem. & Liab. Co. v. Jt2, Inc.*, No. 1:17-cv-00213-JLT-BAM, 2023 WL 7167753, at *3 (E.D. Cal. Oct. 31, 2023) (quoting *Los Angeles Times Commc'ns, LLC v. Dep't of Army*, 442 F. Supp. 2d 880, 887 (C.D. Cal. 2006)); *see also* Fed. R. Evid. 701 advisory committee note on 2000 amendments ("Adv. Committee Note") (confirming that employees with personal knowledge may properly testify based on "the particularized knowledge that the witness has by virtue of his or her position in the business"). As described in greater detail in

---

[1] Plaintiffs reserve the right to call these witnesses for live testimony in the event the Court sustains any of Defendants' objections.

response to Defendants' "specific" objections, to the extent any declarant actually offers opinion as opposed to fact testimony, those opinions are based on the declarants' personal knowledge from working for their respective Original Equipment Manufacturer ("OEM"), in particular as it relates to the subject matter of this lawsuit—California's vehicle emissions regulations and the Clean Truck Partnership. *See, e.g.*, Decl. of Michael Noonan, Dkt. 23-20 at ¶ 2 (describing employment history at International Motors, LLC, including current position as the Vice President – Regulatory, Certification, and Compliance, which includes responsibilities for "certification and compliance of International's powertrain and vehicle applications including both the testing and application process with the Environmental Protection Agency ('EPA') and the California Air Resources Board ('CARB')"); Decl. of Andrea Brown, Dkt. 23-23 at ¶¶ 1–2 (describing personal knowledge of facts in declaration, and employment history working for Volvo Trucks and Mack Trucks for 20 years, including as Director of Product Management – Propulsion/VGNA Regulatory).

Likewise, Defendants' reliance on *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016) and *Fuchs v. State Farm Gen. Ins. Co.*, No. CV 16-01844-BRO-GJS, 2017 WL 4679272, at *2 (C.D. Cal. Mar. 6, 2017) to argue that Plaintiffs' declarants offered improper argument or legal conclusions is completely inapt. The court in *Barboza* only briefly addressed the declaration at issue there—ruling on the objections to the declaration in a footnote. The declaration at issue in *Barboza*, however, bears no resemblance to those submitted by Plaintiffs here as it was a declaration by an attorney replete with citations to and interpretation of case law and provided explicit legal argument about burdens of proof in response to opposing declarations. *See, e.g.*, *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB (E.D. Cal.), Dkt. 180-4, Declaration of Brand Cooper in Opposition to Motion for Attorneys' Fees at ¶¶ 8–15, 17–24 (attached hereto as **Exhibit 1**). Similarly, the declaration at issue in *Fuchs* presents legal conclusions that certain representations were willfully false and fraudulent, and that the defendant breached a duty to investigate. *See Fuchs*, 2017 WL 4679272, at *3. By contrast, Plaintiffs' declarations here are devoid of any citations to case law, legal analysis, or legal conclusions, and instead merely recount observed facts. *See, e.g.*, Decl. of Andrea Brown, Dkt. 23-23 at ¶¶ 8–9, 17–18, 20–21 (explaining facts concerning the President's enactment of legislation preempting CARB's MHDV emissions regulations,

CARB and the Governor's response that they intend to enforce those preempted regulations, the DOJ's cease-and-desist letter to Volvo, and the effects on Volvo resulting from the enforcement of those preempted regulations); Decl. of Jed R. Mandel, Dkt. 23-4 at ¶¶ 7, 9–11 (explaining CARB's commitments under the Clean Truck Partnership, CARB's enforcement of speech-limiting provisions, and the impact of speech-neutrality mandates). Defendants' objections appear to be based on language such as "preempted" or "imminent risk," but these are not legal conclusions, and merely restating events in non-inflammatory manner does not equate to argument. *See RG Abrams Ins. V. Law Off. of C.R. Abrams*, 342 F.R.D. 461, 485 (C.D. Cal. 2022) (overruling objection that declaration contained argument rather than factual matter where the declaration "simply state[d] the events alleged to have transpired and [were] not inflammatory in any way").

## II. RESPONSE TO PLAINTIFFS' SPECIFIC OBJECTIONS TO DECLARATION OF JED R. MANDEL (DKT. 23-4).

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| ¶ 7 – "Under the CTP, CARB also committed to consulting with the heavy and medium duty engine and trucking industry before adopting future changes to the regulations covered by that agreement. However, CARB recently amended the ACT regulations without engaging with the industry in the manner contemplated by CTP" ¶ 9 – "CARB has enforced those speech-limiting provisions." ¶ 10 – "The speech-neutrality mandates of CTP impacted many public EMA comments." ¶ 11 – "In each of the following instances, EMA was required by the CTP's terms to take a neutral position in response to any prospective Section 177 states' proposals to consider adopting the Omnibus and ACT regulations..." | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the impact and meaning of the provisions of the Clean Truck Partnership. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). | ¶ 7 – This statement describes Mr. Mandel's understanding of the CTP's requirements and CARB's subsequent actions "rationally based on [his] perception" as the President of EMA and his role in the negotiation and execution of the CTP. It is "not based on scientific, technical, or other specialized knowledge" but on "the particularized knowledge that [he] has by virtue of his … position." Fed. R. Evid. 701; Adv. Committee Note. ¶ 9 – This statement recounts communications Mr. Mandel personally received from CARB's Deputy Executive Officer and Mr. Mandel's understanding of the CTP's requirements and is "rationally based on [his] perception" as EMA's representative. Fed. R. Evid. 701. ¶ 10 – This statement describes Mr. Mandel's understanding of the requirements of the CTP and the resulting effect on EMA's advocacy and is "rationally based on [his] perception" as the President of EMA and his |

| | | |
|---|---|---|
| | | oversight of EMA advocacy and compliance.  Fed. R. Evid. 701.<br><br>¶ 11 – This statement describes Mr. Mandel's understanding of the CTP's requirements and EMA's advocacy in specific instances, "rationally based on [his] perception" as the President of EMA and his role overseeing EMA's advocacy and compliance.  It is "not based on scientific, technical, or other specialized knowledge" but on "the particularized knowledge that [he] has by virtue of his … position."  Fed. R. Evid. 701; Adv. Committee Note. |

### III. RESPONSE TO SPECIFIC OBJECTIONS TO DECLARATION OF DANIEL POTTER (DKT. 23-15).

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| ¶ 6 – "I am not a lawyer, but as outlined in DTNA's complaint and the motion for a preliminary injunction associated with this declaration, I understand that the Defendants in this matter expect DTNA to seek CARB certification for its model year 2026 vehicles notwithstanding that the underlying CARB regulations are preempted by the Clean Air Act."<br><br>¶ 8 – "…and DTNA is at imminent risk of incurring more expenses in the next several weeks if DTNA is required to submit certification applications to CARB for model year 2026 related to the preempted regulations at issue in this case."<br><br>¶ 14 – "And if DTNA disregards CARB's preempted certification rules…" | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations.  Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). | ¶ 6 – This statement does not purport to offer a legal opinion.  Rather, it describes Mr. Potter's understanding of CARB's position as to DTNA's compliance obligations "rationally based on [his] perception" as a DTNA employee responsible for regulatory compliance, and is "not based on scientific, technical, or other specialized knowledge" but on "the particularized knowledge that [he] has by virtue of his … position in the business."  Fed. R. Evid. 701; Adv. Committee Note.<br><br>¶ 8 – This statement does not purport to offer a legal opinion.  Rather, it describes Mr. Potter's understanding of DTNA's compliance obligations "rationally based on [his] perception" as a DTNA employee responsible for regulatory compliance, and is "not based on scientific, technical, or other specialized knowledge" but on "the particularized knowledge that [he] has by virtue of his … position in the business."  Fed. R. Evid. 701; Adv. Committee Note.  Further, the statement that "DTNA is at |

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| | | imminent risk of incurring more expenses" is a factual observation grounded in Mr. Potter's knowledge of DTNA's certification process, associated costs, and business impact.<br><br>¶ 14 – This statement does not purport to offer a legal opinion. Rather, it describes Mr. Potter's understanding of the regulatory landscape "rationally based on [his] perception" as a DTNA employee responsible for regulatory compliance, and is "not based on scientific, technical, or other specialized knowledge" but on "the particularized knowledge that [he] has by virtue of his … position in the business." Fed. R. Evid. 701; Adv. Committee Note. |

IV. **RESPONSE TO SPECIFIC OBJECTIONS TO DECLARATION OF MICHAEL NOONAN (DKT. 23-20).**

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| ¶ 5 – "... even though since June 12, 2025, those underlying CARB emission regulations no longer have a valid waiver of preemption under the Clean Air Act.<br><br>...and, from our perspective, have been reviewing our applications as if there were a valid waiver of preemption under the Clean Air Act."<br>¶ 9 – "By continuing to proceed with California certification requirements that should no longer apply because of federal preemption...."<br><br>¶ 11 – "For example, California's Advanced Clean Trucks Regulation, which no longer has a preemption waiver...." | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). | ¶¶ 5, 9, 11, 12 – These statements do not purport to offer improper opinion, argument or legal conclusions. Rather, they describe Mr. Noonan's understanding of the regulatory landscape "rationally based on [his] perception" as an International employee responsible for regulatory compliance, and are "not based on scientific, technical, or other specialized knowledge" but on "the particularized knowledge that [he] has by virtue of his … position in the business." Fed. R. Evid. 701; Adv. Committee Note. Moreover, Mr. Noonan does not offer any argument or any legal conclusions regarding the validity of the law or its implications beyond what is apparent from the text of the law itself. *See*, *e.g.*, Pub. L. No. 119-15 (declaring California's |

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| ¶ 12 – "CARB is insisting that all OEMs certify all models they intend to sell into California pursuant to CARB's own regulations, notwithstanding that those regulations lack a preemption waiver." | | waivers of preemption "shall have no force or effect"). <br><br> Further, his testimony about how CARB has been reviewing International's applications or his identification of what regulations CARB has been insisting compliance with are "rationally based on [his] perception" as an International employee responsible for regulatory compliance.  Fed. R. Evid. 701; *see also* Adv. Committee Note.  Mr. Noonan's testimony simply states factual matters in a non-inflammatory manner based on his personal knowledge and experience working for International for many years. |
| ¶ 14 – "Such threats have chilled International's exercise of its speech and petitioning rights." <br><br> ¶ 15 – "Defendant CARB has also silenced International's speech by enforcing the speech- and-petitioning-limiting provisions of the Clean Truck Partnership against a trade association of which International is a member, the Engine Manufacturers Association ('EMA')." | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the impact of the provisions of the Clean Truck Partnership.  Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv- 0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). | ¶¶ 14, 15 –  These statements do not purport to offer improper opinion, argument or legal conclusions. Rather, they describe Mr. Noonan's understanding of International's actions "rationally based on [his] perception" as an International employee responsible for regulatory compliance, and is "not based on scientific, technical, or other specialized knowledge" but on "the particularized knowledge that [he] has by virtue of his … position in the business."  Fed. R. Evid. 701; Adv. Committee Note.  Mr. Noonan's testimony simply states factual matters in a non-inflammatory manner based on his personal knowledge and experience working for International for many years. Federal Rule 701 preserves lay witnesses' ability to testify based on the "knowledge that the witness has by virtue of his or her position in the business."  Fed. R. Evid. 701 Adv. Committee Note.  Observing the impacts on International from CARB actions does not require any "scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701(c). |

Gibson, Dunn & Crutcher LLP

6

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PRELIM. INJ. EVIDENCE
CASE NO. 2:25-CV-02255-DC

## V. RESPONSE TO SPECIFIC OBJECTIONS TO DECLARATION OF CARL HEGART (DKT. 23-22).

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| ¶ 8 – "... and the Congressional Review Act ('CRA') action | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). | ¶ 8 – This statement is a neutral recitation of what the CRA says on its face and the effect that it has had on PACCAR, as a factual matter, which is relevant to Dr. Hergart's testimony. *RG Abrams Ins. v. Law Off. of C.R. Abrams*, 342 F.R.D. 461, 485 (C.D. Cal. 2022). Dr. Hergart is an engineer and does not offer an opinion on the law or the legal implications beyond what is apparent from the text of the law itself and the Executive Branch's interpretation of the law. *See*, *e.g.*, Pub. L. No. 119-15 (declaring EPA's waiver of preemption "shall have no force or effect"); U.S. Dep't of Just., Env't & Nat. Res. Div., Cease & Desist Letter (Aug. 7, 2025), Compl. Ex. B, Dkt. 1-3 ("Federal law thus prohibits CARB from adopting or attempting to enforce those regulations."). |

## VI. RESPONSE TO SPECIFIC OBJECTIONS TO DECLARATION OF ANDREA BROWN (DKT. 23-23).

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| ¶ 8 – "On June 12, 2025, the President of the United States signed legislation preempting CARB's MHDV emissions regulations under the Clean Air Act, and invalidating EPA's prior waiver determinations for certain CARB MHDV emissions regulations (collectively, the 'Preempted Emissions Regulations')."<br><br>¶ 9 – "Notwithstanding the recent legislation preempting CARB's MHDV emissions regulations, CARB and the Governor of California have | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016).<br><br>In paragraph 17, the declarant also purports to summarize the contents of a letter. But a declarant's | ¶ 8 – This is a factual, non-inflammatory factual recitation of the President's actions—specifically signing federal law that is relevant to Ms. Brown's testimony. *RG Abrams Ins. V. Law Off. of C.R. Abrams*, 342 F.R.D. 461, 485 (C.D. Cal. 2022). Ms. Brown does not offer any argument or any legal conclusions regarding the validity of that law or its implications beyond what is apparent from the text of the law itself. *See*, *e.g.*, Pub. L. No. 119-15 (declaring EPA's waiver of preemption "shall have no force or effect"). |

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| stated that CARB intends to continue to enforce the Preempted Emissions Regulations."<br><br>¶ 17 – "First, the DOJ has demanded that Volvo cease and desist compliance with the Clean Truck Partnership and California's Preempted Emissions Regulations."<br><br>¶ 18 – "Second, CARB's attempts to enforce the Preempted Emissions Regulations create a significant risk of harm to Volvo.... will be subject to CARB's Preempted Emissions Regulations"<br><br>¶ 20 – "If Volvo must decide between two incompatible regulatory schemes, there would be a risk of randomly undermining the competitive nature of the market."<br><br>¶ 21 – "...if CARB determines that Volvo's MHDV and engine sales in California do not comply with CARB's Preempted Emissions Regulations..." | characterizations and recitations of documents are not evidence. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3882448, at *8 (N.D. Cal. June 23, 2015) (sustaining objection to "counsel's interpretation of what those documents mean"). | ¶ 9 – This is a factual, non-inflammatory description of a federal law that is relevant to Ms. Brown's testimony and CARB's and Governor Newsom's actions in response to that federal law. *RG Abrams Ins. v. Law Off. of C.R. Abrams*, 342 F.R.D. 461, 485 (C.D. Cal. 2022). Ms. Brown does not offer any argument or any legal conclusions regarding the validity of that law or implications of it beyond what is apparent from the text of the law itself. *See*, *e.g.*, Pub. L. No. 119-15 (declaring EPA's waiver of preemption "shall have no force or effect").<br><br>¶ 17 – Ms. Brown's testimony that DOJ has demanded Volvo cease and desist compliance with the CTP and Defendants' regulations does not require any "interpretation of what" the federal government's cease and desist letter means. To the contrary, Ms. Brown's testimony simply states a factual matter in a non-inflammatory manner.<br><br>¶ 18 – Ms. Brown's observation that Volvo faces a significant risk of harm as a result of Defendants' attempts to enforce regulations with which the federal government ordered Volvo to cease and desist is based on Ms. Brown's personal knowledge and experience working for Volvo for 20 years. Brown Decl. ¶ 2. Federal Rule 701 preserves lay witnesses' ability to testify based on the "knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701 Adv. Committee Note. Observing the risk to Volvo if Defendants attempt to enforce their regulations does not require any "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). To the extent Defendants' objection is based on the defined |

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| | | term "Preempted Emissions Regulations," that objection fails for the same reasons as Defendants' objections to Paragraphs 8 and 9.<br><br>¶ 20 – Ms. Brown's observation that forcing Volvo to choose between contradictory regulatory regimes risks harming competition among OEMs is based on her personal knowledge and experience working for Volvo for 20 years. Brown Decl. ¶ 2. Federal Rule 701 preserves lay witnesses' ability to testify based on the "knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701 Adv. Committee Note. Observing the likely impacts on competitive sales of MHDVs does not require any "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).<br><br>¶ 21 – Ms. Brown's observation regarding the implications for Volvo if Defendants find that Volvo's actions are non-compliant with CARB's regulations, is based on her personal knowledge and experience working for Volvo for 20 years. Brown Decl. ¶ 2. Federal Rule 701 preserves lay witnesses' ability to testify based on the "knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701 Adv. Committee Note. Observing the likely impacts on Volvo if CARB enforces its regulations does not require any "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). |

## VII. RESPONSE TO SPECIFIC OBJECTIONS TO DECLARATION OF POTTER IN SUPPORT OF MOTION TO EXPEDITE (DKT. 70-1).

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| ¶ 7 – "As outlined in the Complaint in this case, the Clean Air Act prohibits the California Air Resources Board ('CARB') from requiring that new vehicles or engines have a certification issued by CARB prior to sale, unless the U.S. EPA has granted CARB a preemption waiver for its emissions standards applicable to those types of vehicles or engines. Compl., Dkt. 1, 33. It is my understanding that CARB currently does not have a waiver for its emissions standards that apply to model year 2025 and subsequent heavy-duty trucks. Compl., Dkt. 1, ¶ 72–77."<br><br>¶ 9 – "First, CARB encourages manufacturers to obtain certification under regulations that have been preempted by Congressional disapprovals...."<br><br>¶ 15 – "...if CARB's regulations had not been preempted by intervening federal action..."<br><br>¶ 16 – "CARB's August 25 MAC exacerbates rather than resolves the uncertainty for model years 2025 and 2026. By insisting on illegal certification pathways and threatening retroactive enforcement in direct defiance of federal law and directives, CARB is making it impossible for DTNA to give customers confidence about truck sales and registrations in California. This ongoing uncertainty harms DTNA's ability to serve customers today, let alone in the next model year." | The declarant attempts to offer improper lay opinion, argument, and legal conclusions regarding the legal status of CARB's regulations. Fed. R. Evid. 701; *Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016). | ¶¶ 7, 9, 15, 16 – Mr. Potter's references to the Clean Air Act and preemption are not legal arguments, but explanations of his understanding of DTNA's obligations in light of CARB's directives. And his testimony about CARB's insistence on certification and the resulting uncertainty and harm to DTNA is "rationally based on [his] perception" as a DTNA employee responsible for regulatory compliance. Fed. R. Evid. 701; *see also* Adv. Committee Note.<br><br>Further, the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings, and the Court may consider even inadmissible evidence. *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). Mr. Potter's declaration (Dkt 70-1) was submitted in support of an administrative motion. |

| PLAINTIFFS' EVIDENCE | DEFENDANTS' OBJECTION(S) | RESPONSE |
|---|---|---|
| ¶¶ 10–13, in their entirety. | The declarant purports to summarize the contents of multiple documents. But a declarant's characterizations and recitations of documents are not evidence. See *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3882448, at *8 (N.D. Cal. June 23, 2015) (sustaining objection to "counsel's interpretation of what those documents mean"). | ¶¶ 10–13 – Defendants' objection that Mr. Potter "summarizes" documents misstates his testimony. In the case Defendants cite, the court sustained such an objection as to a small portion of an attorney's declaration in a breach of employment contract and indemnification case where the attorney stated that a relevant termination letter "made no mention of why [the plaintiff] was terminating [the defendant]," finding that (i) "the document speaks for itself" and further interpretation is irrelevant; and (ii) that "counsel's opinionated description of what the letter means is improper." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078, 2015 WL 3882448, at *8 (N.D. Cal. June 23, 2015). Mr. Potter's testimony is not a lawyer's conclusory summary of a document. Rather, it describes how CARB's guidance was communicated to DTNA, how DTNA understands that guidance in practice, and how it affects DTNA's business operations and decisions. *See, e.g., New York v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 426–27 (S.D.N.Y. 2000) (permitting testimony about a statute's effect of decreasing an agency's regulatory authority where the declarant "was in a position to perceive the impact" of the statute and "was stating his understanding of a change in [the agency]'s regulatory responsibilities from his perspective as Division director").<br><br>Further, the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings, and the Court may consider even inadmissible evidence. *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). Mr. Potter's declaration (Dkt 70-1) was submitted in support of an administrative motion. |

| | |
|---|---|
| Dated: September 30, 2025 | Respectfully submitted, |
| | *[signature: Benjamin Wagner]* |
| | _____ |
| | BENJAMIN WAGNER, State Bar No. 163581 |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | BENJAMIN WAGNER, State Bar No. 163581 |
| | 310 University Avenue |
| | Palo Alto, CA 94301-1744 |
| | Telephone: 650.849.5395 |
| | Facsimile: 640.849.5095 |
| | BWagner@gibsondunn.com |
| | RACHEL S. BRASS, State Bar No. 219301 |
| | One Embarcadero Center, Suite 2600 |
| | San Francisco, CA 94111-3715 |
| | Telephone: 415.393.8293 |
| | Facsimile: 415.393.8306 |
| | RBrass@gibsondunn.com |
| | STACIE B. FLETCHER, *pro hac vice* |
| | MIGUEL ESTRADA, *pro hac vice* |
| | VERONICA J.T. GOODSON, State Bar No. 314367 |
| | 1700 M Street, N.W. |
| | Washington, D.C. 20036-4504 |
| | Telephone: 202.955.8500 |
| | Facsimile: 202.467.0539 |
| | SFletcher@gibsondunn.com |
| | MEstrada@gibsondunn.com |
| | VGoodson@gibsondunn.com |
| | *Attorneys for Plaintiff Daimler Truck North America LLC* |
| /s/ Robin M. Hulshizer | /s/ Joseph A. Ostoyich |
| (as authorized Sept. 30, 2025) | (as authorized Sept. 30, 2025) |
| ROBIN M. HULSHIZER, SBN 158486 | JOSEPH A. OSTOYICH, *pro hac vice* |
| **LATHAM & WATKINS LLP** | **CLIFFORD CHANCE LLP** |
| ROBIN M. HULSHIZER, SBN 158486 | JOSEPH A. OSTOYICH, *pro hac vice* |
| ARTHUR FOERSTER, *pro hac vice* | WILLIAM LAVERY, *pro hac vice* |
| KEVIN M. JAKOPCHEK, *pro hac vice* | STEVE NICKELSBURG, *pro hac vice* |
| 330 North Wabash Avenue, Suite 2800 | DANIELLE MORELLO, *pro hac vice* |
| Chicago, IL 60611 | DOROTHEA R. ALLOCCA, *pro hac vice* |
| Telephone: 312.876.7700 | 2001 K Street NW |
| Facsimile: 312.993.9767 | Washington, DC 20006-1001 |
| Robin.hulshizer@lw.com | Telephone: 202.253.9077 |
| Arthur.foerster@lw.com | joseph.ostoyich@cliffordchance.com |
| Kevin.jakopchek@lw.com | william.lavery@cliffordchance.com |
| BELINDA S. LEE, SBN 199635 | steve.nickelsburg@cliffordchance.com |
| 505 Montgomery Street, Suite 2000 | danielle.morello@cliffordchance.com |
| | dodi.allocca@cliffordchance.com |

| | |
|---|---|
| San Francisco, CA 94111-6538<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br>Belinda.lee@lw.com<br><br>*Attorneys for Plaintiff International Motors, LLC*<br><br><br>/s/ Jeffrey M. Goldman<br><u>(as authorized Sept. 30, 2025)</u><br>JEFFREY M. GOLDMAN, SBN 233840<br><br>**TROUTMAN PEPPER LOCKE LLP**<br>JEFFREY M. GOLDMAN, SBN 233840<br>350 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone:   213.928.9800<br>Facsimile:     213.928.9850<br>jeffrey.goldman@troutman.com<br><br>T. SCOTT MILLS, SBN 313554<br>600 Peachtree Street, N.E., Suite 3000<br>Atlanta, Georgia 30308-2305<br>Telephone:   404.885.3000<br>Facsimile:     404.885.3900<br>scott.mills@troutman.com<br><br>JEREMY HEEP, *pro hac vice*<br>DANIEL J. BOLAND, *pro hac vice*<br>3000 Two Logan Square<br>Eighteenth & Arch Streets<br>Philadelphia, PA 19103<br>Telephone:   215.981.4000<br>Facsimile:     215.981.4750<br>daniel.heep@troutman.com<br>daniel.boland@troutman.com<br><br>*Attorneys for Plaintiff Volvo Group North America, LLC* | **ILLOVSKY GATES & CALIA LLP**<br>EUGENE ILLOVSKY, SBN 117892<br>KEVIN CALIA, SBN 227406<br>1611 Telegraph Avenue, Suite 806<br>Oakland, CA 94612<br>Telephone:  415.500.6643<br>Eugene@illovskygates.com<br>Kevin@illovskygates.com<br><br>*Attorneys for Plaintiff PACCAR Inc* |

13

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PRELIM. INJ. EVIDENCE
CASE NO. 2:25-CV-02255-DC