# EXHIBIT 1

Louis A. Gonzalez, State Bar No. 157373
Brendan J. Bagley, State Bar No. 202563
weintraub tobin chediak coleman grodin
law corporation
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
(916) 558-6000 - Main
(916) 446-1611 - Facsimile

Attorneys for Defendants California
Association of Professional Firefighters,
California Association of Professional Firefighters
Long Term Disability Plan, and California
Administration Insurance Services, Inc.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARBOZA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, a California corporation, CALIFORNIA ASSOCIATION OF PROFESSIONAL FIREFIGHTERS LONG-TERM DISABILITY PLAN; and CALIFORNIA ADMINISTRATION INSURANCE SERVICES, INC., a California corporation,<br><br>Defendants. | Case No. 2:08-cv-00519-KJM-EFB<br><br>**DECLARATION OF BRAND COOPER IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:  January 15, 2016<br>Time:  10:00 a.m.<br>Courtroom:  3, Hon. Kimberly J. Mueller |

I, BRAND COOPER, hereby declare as follows:

1.      I am an attorney duly licensed to practice law before all courts in the State of California.  I am a partner in the law firm of Cooper & Bruning, LLP located in Pasadena,

---

California.  I have been retained as an expert by defendants California Association of Professional Firefighters("CAPF"), California Association of Professional Firefighters Long Term Disability Plan, and California Administration Insurance Services, Inc.("CAISI") (hereinafter collectively referred to as "Defendants") in connection with the fees sought by attorneys Geoffrey White, Cassie Springer Ayeni, and Michelle Roberts (hereinafter "Plaintiff's counsel") representing plaintiff David Barboza (hereinafter "Plaintiff").  I have been requested to opine pursuant to a lodestar analysis on the prevailing market rate for attorneys handling employment/ERISA-related litigation in the Sacramento area during the period in question.  I make this declaration as an expert witness, based upon my knowledge, skill, experience, training and education and those matters that may reasonably be relied upon by an expert in forming an opinion.  If called upon as a witness, I could and would competently testify thereto.

## I.   My Experience and Qualifications

2.     I have been a practicing attorney in California for more than 40 years. I have also actively practiced in the area of legal fee review and analysis for more than 30 years having handled fee dispute litigation for clients as well as having testified as an expert on fee dispute matters on more than 100 occasions in both state and federal courts as well as in arbitration proceedings.  My CV and the firm's List of Expert Testimony are attached hereto as Exhibits "A" and "B" respectively.

3.     For approximately the first 10 years of my professional career, I worked almost entirely in the litigation field, with most of my cases involving tort, contract and business litigation. Since approximately 1985, I have devoted substantially all of my time to insurance coverage/bad faith and intellectual property litigation and attorney fee disputes.  I have tried numerous jury and court trials over the course of my career. I have represented hundreds of clients in fee disputes including a wide variety of corporate clients, governmental entities and

2

insurance companies throughout the United States in reviewing legal billing statements for their reasonableness.

4.     Some of the matters I have worked on include the fee dispute in the Dow Corning litigation relating to 40,000 breast implant lawsuits, including about a dozen class action suits.  Dow Corning was asking the insurers to pay for approximately $200,000,000 dollars in fees and costs it had incurred in defending itself.  In addition, I worked on the San Juan, Puerto Rico fire litigation involving millions of dollars of fees sought by the defense attorneys from the insurer of the hotel as well as the Health Net class action in New Jersey involving over $50 million in legal fees.  I have also reviewed and provided my opinion on hundreds of cases involving fees in seven and eight figure amounts and have testified at trial or by declaration as an expert in over 100 occasions regarding the prevailing market lodestar rates and the reasonableness and necessity of billings and their allocation. The cases which I reviewed have involved almost every kind of litigation and almost every size of law firm. In the course of this work, I have become familiar with the billing practices and fees and rates charged by law firms around the country for all kinds of litigation.

5.     Private companies have hired me to develop and implement litigation management programs and I have been hired specially to monitor cost effectiveness in litigation on behalf of corporate clients.  Additionally, I have been retained by corporations and individuals to locate and retain outside counsel on select cases, and negotiate and draft fee agreements for specialized situations. I have lectured extensively on the subject of litigation cost control, including the presentation of full day seminars in the United States and Great Britain.

## II.     <u>Introduction and Summary of Opinion</u>

6.     This matter involved a claim by Plaintiff Barboza for long-term disability benefits under ERISA.  Plaintiff Barboza was a firefighter for the City of Tracy, who after being injured

on the job, was thereafter promoted to a job primarily involving desk work.  Subsequently, the City of Tracy eliminated his position.  This resulted in him entering into a "Layoff Agreement" with the City of Tracy.  Subsequently, Plaintiff filed a claim for disability benefits which were eventually determined to be due by defendants but on a reduced basis by an amount equal to one-year of his pay based upon an interpretation of certain Plan provisions.  Thereafter, Plaintiff filed this lawsuit for his disability benefits and a determination that the Plan did not require offsets under California Labor Code Section 4850.

7.      Plaintiff and Plaintiff's counsel are requesting lodestar rates between $600 to $650 per hour: Geoffrey White ($650); Cassie Springer Ayeni ($625); and Michelle Roberts ($600). It is my opinion the rates sought greatly exceed the prevailing market rates for this type of  work performed before the United States District Court, Eastern District of California, Sacramento division. Based upon my survey of Sacramento attorneys who perform similar work and fee awards issued by the judges in the Eastern District, it is my opinion that the average prevailing market rates should not exceed $425 per hour for attorney White as lead plaintiff's counsel, $325 per hour for attorney Ayeni to handle the appellate briefing before the Ninth Circuit, and $275 per hour for attorney Roberts who worked with attorney White to prepare plaintiff's summary judgment motion.

III.     **Analysis of the Hourly Rates Sought By Plaintiff's Counsel**

A.      **Lodestar Test**

8.      The traditional American rule of law is that litigants are to bear their own attorneys' fees in connection with a litigated matter.  However, there are a number of exceptions to this general rule including a number of "fee-shifting statutes," such as under ERISA, in particular, 29 U.S.C. §1132(g)(1) which provides that the court, in its discretion, may award reasonable attorney's fees and costs to a claimant who has achieved some degree of success on

4

1    the merits.  Plaintiff and Plaintiff's counsel seek attorneys' fees thereunder.

2        9.    The primary method for establishing the amount of "reasonable" attorney's fees is

3    the lodestar method.   Lodestar fees are determined by multiplying the number of hours

4    reasonably expended on the litigation multiplied by the reasonable hourly rate prevailing in the

5    relevant community for similar work.  [Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 (9th

6    Cir. 2007).]  In applying the lodestar, the court must calculate fees according to the prevailing

7    market rates in the relevant legal community [Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542,

8    551 (2010);  Blum v. Stenson, 465 U.S. 886, 895]  This means that determining the prevailing

9    market rates in applying the lodestar method, the trial court shall use the rates of attorneys

10   practicing in the forum district, in this case, the Eastern District of California – Sacramento

11   [Gates v. Deukmejian, 987 F. 2d 1392, 1405 (9th Cir. 1992); Davis v. Mason County, 927 F. 2d

12   1473, 1488 (9th Cir.) Cert. Denied 116 L.Ed 2d 227 (1991)]

13       **B.**    **Determination of Unadorned Lodestar Prevailing Market**

14               **Rate**

15       10.    Prevailing market rates are established by reference to the fees that private

16   attorneys of comparable ability to that of prevailing counsel charge their paying clients for legal

17   work of similar complexity. [Davis v. City of San Francisco, 976 F. 2d 1536, 1545 (9th Cir.

18   1992); Welch v. Met. Life Ins. Co., 480 F. 3d 942, 946 (9th Cir. 2007)] By multiplying this rate

19   by the number of hours expended on the litigation, the fee award will "roughly approximate the

20   fee that the prevailing attorney would have received if he or she had been representing a paying

21   client who was billed by the hour in a comparable case."  [Perdue v. Kenny A. ex rel. Winn, 559

22   U.S. 542, 551 (2010)]  In addition, "contingency cannot be used to justify a fee enhancement or

23   an inflated hourly rate" above the prevailing market rate for paying clients.  [Welch v. Metro.

24   Life Ins. Co., supra p. 947 (citations omitted)]

DECLARATION OF BRAND COOPER IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES

11. The reasonable rate is not what attorneys proclaim their rates are in a vacuum or what they would like them to be but rather *the rate which is adequate to attract competent counsel* but not to produce a windfall to attorneys. [Blum v. Stenson, supra, p. 1546]  In striking that balance, the Ninth Circuit in Moreno v. City of Sacramento, 534 F.3d 1106 (2008) went onto to explain:  "The way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less."  [Moreno, id.]  While it is certainly the prerogative of any client to hire an expensive law firm based on the client's perceived potential exposure, when such a litigant seeks to cause another party to pay his legal fees, an objective reasonableness standard prevails which contemplates that reasonable attorneys' fees *should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question.* [Real v. Continental Group, Inc., 653 F. Supp. 736, 738 (N.D. Cal. 1987); Coulter v. State of Tennessee, 805 F. 2d 146, 149 (6th Cir. 1986)]  The Real court, quoting the Coulter court, explained as follows:

> [Reasonable hourly rates] are different from the prices charged to well-to-do clients by the most noted lawyers in a region.  Under these [fee-shifting] statutes, a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receives $85 an hour should be compensated at the lower rate.

[Real, *supra*, 653 F. Supp. at 738]

12. Defendants are therefore only obligated to pay the rate charged by reasonably competent counsel (not counsel of unusual skill or experience).  Plaintiff's attorney Geoffrey White claims to have unusual skill and experience but this claim is not determinative of the lodestar rate to be awarded. [Yahoo, Inc. v. Net Games, Inc., (2004) 329 F. Supp. 1179, 1183-1185].  Under the lodestar analysis, even if a party chooses to employ counsel of unusual skill and experience, the Court is nevertheless constrained to award only the rate necessary to secure

6

1  reasonably competent counsel. The average market rate in the local legal community to perform

2  similar services as a whole is a better approximation of the hourly rate that would be charged by

3  reasonably competent counsel than the actual billing rate charged by a single attorney. (Plaintiff

4  has previously recognized this principle in his opposition to Defendants' prior motion for

5  attorneys' fees – Ct. Dckt. No. 125, p.11, ll. 6-9 of Plaintiff's Memorandum in Opposition to

6

7  Defendants' Motion for Attorneys' Fees.)

8               **C.**      **Fee Applicant Has the Burden of Proof to Establish that the Rates**

9                           **Requested are the Prevailing Market Rates in the Sacramento Area**

10             13.     The fee applicant has the burden of proof to establish the reasonable lodestar

11  hourly rate, that is, the rate prevailing in the relevant community which is the forum in which the

12  district court sits. [Camacho v. Bridgeport Financial, Inc., 523 F. 3d 973, 979 (9th Cir. 2008);

13

14  Schofield v. Metro. Life Ins. Co., 2009 U.S. Dist. LEXIS 36312 at *9 (E.D. Cal. April 17, 2009)]

15  It is the burden of the fee applicant to produce satisfactory evidence – in addition to the

16  attorney's own affidavits – that the requested rates are in line with those prevailing in the

17  community for similar services by lawyers of reasonably comparable skilled, experienced and

18  reputation. [Blum v. Stenson, 465 U.S. 886, 995, n.11; Dang v. Cross, 422 F. 3d 800, 814 (9th

19  Cir. 2005)]  Typically, satisfactory evidence of the prevailing market rates is established by

20  affidavits of the plaintiff's attorneys (and other attorneys) which set forth the prevailing market

21

22  rates in the community as well as rate determinations in other cases.  [United Steelworkers of

23  America v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990); Camacho, 523 F. 3d at 979.]

24             14.     Some courts have expressed concerns that the acceptance of supporting

25  declarations from attorneys who primarily work on contingency matters, such as plaintiff civil

26  rights and plaintiff ERISA litigation, has in fact led directly to attorney fees windfalls.  As Judge

27  Guilford recently noted:

28

DECLARATION OF BRAND COOPER IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES

1

2

3

4

5

6

7

8

9

> Attorneys represent to courts that their rate is high, get someone else (generally an attorney in their field who may also seek a similar rate in the future) to endorse that rate, and hope the court will grant something near it.  Since they don't actually have to charge the rate to anyone, it doesn't matter if the rate is so high that no one would pay it.  And then, once a court awards a high rate, the attorney (and the attorney in the field who endorsed the rate) can use that as justification for requesting an even higher rate in the next case.  See Kochenderfer v. Reliance Standard Life Ins. Co., 06-CV-620 JLS (NLS), 2010 WL 192867 (S.D. Cal. Apr. 21, 2010) (describing declarations supporting the attorney fee motions as "self-serving and self-perpetuating").

10

11

12

13

(R.S., et al. v. City of Long Beach, et al., United States District Court, Central District of California, SACV11-536AG (January 31, 2014) attached hereto as Exhibit "C" for the court's convenience.]

14

15

16

17

18

19

20

    15.    Similarly, United States District Court Magistrate Hollows of the Eastern District of California, in making his findings and recommendations regarding an attorney fee application pursuant to the fee shifting provisions of 42 USC §1988, succinctly commented on the critical necessity of actually looking to what the market is paying in determining a reasonable rate.  This exercise seems to have been overlooked by many Courts in more recent opinions. He stated the following:

21

22

23

24

25

26

27

28

> In this case, as in most cases reviewed by the undersigned, there is no hard, objective evidence concerning what a "*paying client" would actually disburse to his lawyer in comparable litigation.* See also Welch v. Met. Life Ins. Co., 480 F. 3d 942, 946 (9th Cir. 2007) emphasizing "paying clients." Rather, calculation of the rate in this case, and in general, appears to have been, for the most part, an exercise in hypothesizing what a paying client might pay (if ever there were one to be found), and getting one's litigation allies to chime in – "that's what my rate is too." Then, an hourly rate becomes "established," when courts actually award that hourly rate. The potential for unwarranted inflation of the then established "reasonable hourly rate" is great because the increase methodology is also not based on hard, economic data,

---

but on the same attorney suppositions, extrapolations and alliances which set the rate in the first place – enough to make a first year economics student blush with embarrassment. Taylor v. Chiang, 2009 U.S. Dist. LEXIS 13470

### D. Plaintiff Has Failed to Meet His Burden of Proof that the Requested Rates are the Lodestar Rates for the Sacramento Area

16. To support the rates of Plaintiff's counsel herein, plaintiff has submitted the declarations of his attorneys Geoffrey White and Michelle Roberts as well as four additional declarations from attorneys Joseph Creitz, Ronald Dean, Rebecca Grey, and Glenn Kantor. I have reviewed all of their declarations and exhibits thereto and, in my opinion, those declarations do not provide any evidence to support the prevailing market rate for the relevant community – the Eastern District of California.

### Declaration of Geoffrey V. White

17. The declaration of Plaintiff's counsel Geoffrey White submitted to support his requested rate of $650 per hour in this matter fails to provide any satisfactory evidence to establish the requested rate is the prevailing market rate in Sacramento that should be awarded. His declaration presents no evidence that he has previously performed work in the Eastern District of California and therefore no evidence that any client has paid him for work performed in the Eastern District of California. He cites no case where he has performed ERISA litigation in the Eastern District of California. The only matter wherein he cites the Court awarding him lodestar fees was Herman v. Wagoner in the Central District of California.

18. Attorney White claims that this Court should apply San Francisco rates due to the dearth of experienced ERISA litigators in Sacramento. He does point to Sacramento attorney James Nelson whom he has known for more than 10 years, but fails to state attorney Nelson's hourly rate or any case in the Eastern District of California where attorney Nelson has been awarded a lodestar rate of $650 or any rate whatsoever. Plaintiff and attorney White have

9

also failed to cite any case in the Eastern District of California where the court has awarded $650 per hour, or any rate close thereto, for similar services performed. In fact, as cited herein below, the court awards in the Eastern District of California for arguably more complex matters involving class action litigation have not reached $500 per hour, let alone $650 per hour.

### Declaration of Michelle L. Roberts

19.    The declaration of Plaintiff's counsel Michelle Roberts submitted to support the requested rates in this matter fails to provide any satisfactory evidence to establish that the requested rates are the prevailing market rates in Sacramento that should be awarded. Her declaration acknowledges that their cases are handled on a contingency because no client can afford their "current hourly rates." Furthermore, her declaration presents no evidence that attorneys Roberts or Ayeni have previously performed work in the Eastern District of California and therefore no evidence that any client has paid them for work performed in the Eastern District of California.

20.    The only evidence regarding lodestar rates awarded to attorneys Roberts and Ayeni was the 2013 Northern District of California case of Barnes where the court awarded them rates of $400 and $450 respectively. The Roberts declaration also attaches other attorney declarations but those declarations only demonstrate evidence of prevailing market rates for ERISA litigation in San Francisco and Los Angeles, not Sacramento.  In my experience, attorney market rates in those venues in San Francisco and Los Angeles are generally significantly higher than Sacramento, an understanding that I believe is widely held and undisputed. In summary, Roberts' declaration provides no evidence regarding lodestar rates in Sacramento

### Declaration of Joseph Creitz

21.    In support of the requested rates of Plaintiff's counsel, Plaintiff submits the

10

declaration of San Francisco attorney Joseph Creitz who was admitted to the California State Bar in 1993. He has been a solo practitioner between 2005 to 2013 focusing on ERISA matters. He states that in 2008 he was awarded a rate of $475 in a matter pending in the United States District Court, Central District of California. Attorney Creitz submits no evidence that he has ever been awarded fees in a case venued in the Sacramento area or that he has represented any clients in litigation in the Sacramento area. He only references cases venued in the Northern District of California, the Central District of California, or Arizona.

22.    In 2014, he founded the San Francisco law firm Creitz & Serebin which continues to specialize in ERISA litigation. Attorney Creitz claims that their partner rate is $700 for hourly paying clients "in all jurisdictions where we currently have clients." He does not state that they have any clients in the Sacramento area. Apparently, in order to account for this deficiency, he avers that the "market" for ERISA plaintiff's attorneys is a "nationwide-market." The nationwide-market concept was most recently challenged by this court in Schofield v. Metro. Life Ins. Co., 2009 U.S. Dist. LEXIS 36312 (U.S.D.C. ED. CA)] by Judge Burrell.  In that case, as in this case, the supporting declarations were by attorneys practicing in the Northern and Central Districts of California none of whom practiced in the Eastern District of California. One of those declarations was by Los Angeles area attorney Glenn Kantor (who submitted a declaration in support of the requested rates in this case). Judge Burrell ruled that the supporting attorney declarations did not provide sufficient evidence regarding prevailing market rates in the Eastern District of California since the declarations only provided rates charged in the Central and Northern Districts of California.

23.    If this court is inclined to consider other legal communities (San Francisco and Los Angeles) to determine the prevailing market rate in the Sacramento area, then the court should consider other Eastern District of California venues such as Fresno.  See for example,

11

Bd of Trs. Of IBEW Local Union No. 100 Pension Trust Fund v. Porges, 2013 U.S. Dist. LEXIS 176382 wherein Magistrate Oberto in 2013 awarded an ERISA attorney with 39 years' experience an hourly rate of $285 based on a number of other ERISA cases in the Fresno area awarding ERISA attorneys between $150 to $300 per hour (at*19).

### Declaration of Ronald Dean

24.    As in the case of attorney Creitz's declaration, the declaration of Los Angeles attorney Ronald Dean similarly provides no evidence of the prevailing market rates of attorneys practicing ERISA related litigation in the Eastern District of California. While he states that his current hourly rate is $750 per hour as of July 2015, and $700 per hour for the five years before that, nowhere does he state that those rates were charged for litigation in the Eastern District. In short, his declaration provides no evidence to support the prevailing market lodestar rates in this forum.

25.    The cases attorney Dean cites where he was awarded fees and an his hourly rate ranging between $300 to $700 per hour were all venued in the Central or Northern District of California with the exception of one case in the Southern District of California and one in the State of Washington. Once again, no evidence has been provided regarding lodestar rates awarded in the Eastern District of California.

### Declaration of Rebecca Grey

26.    San Francisco attorney Rebecca Grey has submitted a declaration in support of Plaintiff's counsel requested rates and, as in the case of the other supporting declarations, has failed to provide any evidence of the prevailing market rates for this type of litigation in this forum. In paragraph 6 of her declaration, she cites several ERISA cases on which she has worked, all of which were venued in the Northern District of California. With respect to her rate, she cites only one case wherein she was awarded a lodestar rate which was $650 per

12

hour in 2014 in a Northern District of California case.

## Declaration of Glenn Kantor

27. Similar to the other supporting declarations, Los Angeles area attorney Glenn Kantor submits a declaration that provides no evidence of prevailing market rates in the Eastern District of California. He declares he has been awarded fees at rates ranging from $550 per hour in 2009 to $650 per hour in 2015. However, all of those cases were venued in either the Central or Northern Districts of California.

### D.   Reasonable Prevailing Rates in the Sacramento Area Legal Community

28.   In order to determine the reasonable prevailing market rates for this type of litigation during the time period involved in the Sacramento legal community, I and my partner, Robert Bruning, have conducted a telephonic survey by contacting a number of attorneys and law firms in and around the Sacramento area who handle employment law matters which frequently involve ERISA claims or ERISA-related issues. These attorneys represent clients and handle employment matters in the Sacramento area including cases venued in the United States District Court for the Eastern District of California. They provided their rates charged to paying clients in cases similar to this matter.  Our office spoke with attorneys at the following law firms:   (1) Kazanjian, Palmer, Wohl & Hodson; (2) Rediger, McHugh & Owensby; (3) Kennaday, Leavitt & Daponde; (4) Jackson Lewis; (5) Boutin Jones; and (6) Weintraub Tobin Chediak Coleman Grodin. I chose this group of firms as they include large, mid-range and smaller firms. I did not include in my survey the largest or most expensive of law firms, nor did I include the law firms that perform litigation exclusively for insurance companies at lower insurance rates.  We determined from these sources that the hourly rates charged by lawyers in the Sacramento area legal community to their paying clients for similar type litigation during the period in question are as follows:

(1)    Palmer Kazanjian Wohl & Hodson– We spoke with attorney Larry Kazanjian, a named shareholder in in this seven-attorney Sacramento law firm. He has focused his practice on labor and employment law litigation for 39 years. He and the firm litigate disability matters involving ERISA issues. His rate is currently $495 per hour. His partner, Chris Wohl, a 1994 admittee, has a current hourly rate of $350 to $375; associate rates range from $225 to $285 per hour. Attorney George Cicotte is of counsel with the firm; he has been practicing for more than 18 years and previously worked at Littler Mendelson and Covington and Burling. Attorney Cicotte's practice emphasizes ERISA/employee benefits litigation. His current hourly rate ranges from $350 to $375.

(2)    Rediger, McHugh & Owensby, LLP – We spoke to partner Jeffery Owensby who practices exclusively in labor and employment law and who has been litigating employment law matters for 33 years in Sacramento. His entire firm of approximately eight lawyers is located in Sacramento, focuses on employment law matters, and routinely handles disability matters involving ERISA related issues. Partner rates for 2015 ranged between $325 to $375 per hour. Associates are billed out at $225 to $270 per hour.

(3)    Kennaday, Leavitt & Daponde – We spoke with Kelli Kennaday who has 24 years of experience in labor and employment law litigation. She has handled disability claims and ERISA related litigation. She founded Kennaday, Leavitt & Daponde in 2014; the firm has 10 attorneys focusing on the practice areas of employment and healthcare law. Before founding her own firm, she was a partner at the Wilke, Fleury firm, which is one of the oldest and most reputable law firms in Sacramento. At Wilke Fleury, she chaired the Labor and Employment Law Practice. She indicated that the firm also handles ERISA related litigation for which partner rates range between $340 to $405 per hour.

1        (4)    Jackson Lewis – We spoke with attorney James Jones, a partner in the Sacramento

2  office. Jackson Lewis is a nationwide employment-boutique law firm with over 800 attorneys,

3  including an employee-benefits practice group. He is a 22-year lawyer and shareholder of the firm

4  who specializes in employment litigation (including disability related matters). He stated that the

5  firm's shareholder hourly rates for 2015 range from $430 to $535 per hour. His current hourly

6  rate is $430 per hour.

7

8        (5)    Boutin Jones – We spoke with attorney Bruce Timm who is a 17-year lawyer

9  specializing in employment litigation. He routinely litigates disability discrimination cases under

10  FEHA. There are three lawyers in the Boutin Jones firm whose practice focuses on employment

11  law matters. The Boutin Jones firm employs approximately 50 lawyers. He currently bills his

12  time out at $365 per hour and associates are billed out at between $250 to $325 per hour.

13

14        (6)    Weintraub Tobin – We spoke with partner Brendan Begley in Weintraub Tobin's

15  Sacramento office. He is a 16-year attorney who has handled numerous types of ERISA litigation,

16  including multiple cases involving claims for long-term disability benefits. Weintraub Tobin is a

17  full service law firm with five offices and over 70 attorneys. Attorney Begley was the attorney

18  who primarily handled this matter with some supervision by partner Louis Gonzalez, Jr. Attorney

19  Begley's regular hourly rate between 2010 and 2015 rate was between $300 and $350, and

20  attorney Gonzalez's regular hourly rate during that timeframe ranged from $340 to $410.

21  Attorney Chris Chediak, whose involvement in this case was minimal, but whose ERISA

22  background and experience is substantial, charged regular hourly rates between 2010 and 2015

23  that ranged from $435 to $475.

24

25  ///

26  ///

27

28

DECLARATION OF BRAND COOPER IN OPPOSITION TO MOTION FOR ATTORNEYS' FEES

1    E.      **Opinion As To Prevailing Market Rates for Employment/ERISA**

2            **Litigation in the Sacramento Area**

3        29.    Based upon our firm's survey of rates of experienced labor and

4   employment/ERISA attorneys practicing in the Sacramento area, as well as court decisions in

5
    the forum awarding lodestar rates in employment/ERISA litigation, in my opinion the rates
6
7   sought by attorneys White, Roberts and Springer in their representation of Plaintiff are well

8   above the average prevailing market rates for similarly experienced employment/ERISA

9   attorneys who competently handle this type of litigation. From my survey of Sacramento

10  practitioners, my review of rates awarded in the Eastern District of California for this type of

11
    litigation, as well as my general knowledge of rates that are actually paid in the Sacramento
12
13  legal market, the rates sought by Plaintiff's counsel are excessive and well above the rates

14  necessary to have attracted competent representation of Plaintiff's claim.

15       30.    Plaintiff seeks attorney's fees for work performed by attorney Geoffrey White, a

16  1975 State Bar admittee, attorney Michelle Roberts, a 2005 State Bar admittee, and attorney

17  Cassie Springer Ayeni, a 2002 State Bar admittee.

18                          **Attorney Geoffrey White**
19
         31.    Attorney White claims the prevailing market rate for an attorney with his
20
21  extensive ERISA experience is between $550 to $750 per hour and that he should be awarded

22  $650 per hour which is his own current hourly rate. Our survey of partner level attorneys

23  handling similar type litigation in the Sacramento area ranges from $325 to $495 per hour with

24  an average prevailing market rate of approximately $375 per hour. In my opinion, employment

25  litigation cases involving FEHA claims are generally as complex as the ERISA issues involved

26  herein and typically are more high stakes litigation because a FEHA claimant, as opposed to an

27
    ERISA plaintiff, can seek emotional distress and punitive damages. While this matter appears to
28

have had some complexity, in my opinion this matter could competently have been handled by Sacramento attorneys with the experience level of attorney Cicotte from the Kazanjian firm who has 18 years of experience and whose rate is $375 per hour or by primary defense counsel in this matter Brendan Begley whose rates are between $300 and $350 per hour.

32.    Furthermore, recent Eastern District of California decisions involving employment related litigation have clearly found that prevailing market rates for the Eastern District of California are in the $400 an hour range. In <u>Monterrubio v. Best Buy</u>, 2013 U.S. Dist. LEXIS 166021 plaintiff brought (in the USDC in Sacramento) a class action lawsuit claiming that Best Buy had failed to reimburse Best Buy supervisors for the use of their own personal vehicles for business. In 2013, Judge England approved a preliminary class action settlement. In approving a percentage of the fund award of attorneys' fees, Judge England performed a lodestar cross-check to determine the fees were reasonable. In doing so, he observed that many cases in the Eastern District observe that the prevailing market rates in the Eastern District of California are "in the $400/hour range" and that a reasonable rate for associates is $150 an hour.

33.    Similarly, in <u>Ross v. Bar None Enterprises, Inc.</u>, 2015 U.S. Dist. LEXIS 29327, where plaintiff pursued a class action wage and hour lawsuit, this Court, in approving the class action settlement found that an average hourly rate of $450 was "not extraordinarily high" for class action wage and hour litigation. In making this finding, this Court acknowledged Judge England's reference in the <u>Monterrubio</u> matter that the prevailing hourly rates in the Eastern District of California are in the $400 an hour range. Lastly, in 2014, in <u>Trulsson v. County of San Joaquin</u>, 2014 U.S. Dist. LEXIS 152821, an employment discrimination case under FEHA, this Court awarded Plaintiff's counsel Jill Telfer, a 25 year attorney, a $450 an hour lodestar rate. Based on all of the above, in my opinion, this Court should award attorney White a

17

1    lodestar rate of no more than $425 per hour.

2                              **Attorney Michelle Roberts**

3          34.     Plaintiff Barboza is requesting that attorney Roberts be awarded a lodestar rate

4    of $600 per hour. In this case, the time expended by attorney Roberts involved her preparing

5    (with the assistance of attorney White), Plaintiff's pleadings in connection with Plaintiff's

6    Motion for Summary Judgment. In my opinion, the work she performed consisted of associate

7    level tasks. The Ninth Circuit Court has found that district court judges, in performing their

8    lodestar analysis, may properly use the simplicity of a given task as justification for a reduction

9    in the rate for the hours spent performing that task.  [Moreno v. City of Sacramento, 534 F. 3d

10   1106 (9th Cir. 2008)]  It is therefore my opinion that this Court should award a lodestar rate of

11   no more than $275 to attorney Roberts for her work in this matter.

12

13                            **Attorney Cassie Springer Ayeni**

14         35.     Plaintiff Barboza is requesting that attorney Ayeni be awarded a lodestar rate of

15   $625 per hour. Plaintiff has submitted no satisfactory evidence to support this rate. Attorney

16   Ayeni's services performed in this case involved her taking the primary lead in preparing the

17   appellate briefs at the Ninth Circuit. Attorney Ayeni is not listed as a certified appellate law

18   specialist with the California State Bar. Defense counsel Brendan Begley, who performed the

19   appellate briefing for the Defendants, not only has substantial experience handling ERISA

20   litigation, but is a certified appellate law specialist. Attorney Begley's hourly rate to perform the

21   same services as attorney Ayeni ranged between $300 to $350 per hour. In my opinion, the

22   reasonable prevailing market rate that this Court should award attorney Ayeni is no more than

23   $325 per hour.

24         36.     Thus, in my opinion, based on our survey of the average reasonable prevailing

25   market rates in Sacramento for this type of litigation, the recent Eastern District of California

26

27

28

                                            18

court decisions regarding reasonable prevailing lodestar rates for attorneys, my review of the pleadings and work performed in this matter and my general knowledge of market rates, the highest rates for Plaintiff's counsel that should be awarded by this Court are as follows:

(1)     Geoffrey White - $425 per hour;

(2)     Michelle Roberts - $275 per hour; and

(3)     Cassie Springer Ayeni - $325 per hour.

**V.    Conclusion**

37.     In summary, the rates claimed by plaintiff's counsel greatly exceed the prevailing market rates paid by clients to attorneys in the Sacramento area to handle similar litigation. In my opinion, the Court should award a lodestar rate of no more than $425 to attorney White, $275 per hour to attorney Roberts, and $325 per hour to attorney Ayeni.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge and if called upon as a witness, I could and would testify to the foregoing.

Executed this 31st day of December 2015, at Pasadena, California.

By:     _____

        BRAND COOPER

19

EXHIBIT A

## CURRICULUM VITAE

**Brand Cooper**, born in Los Angeles, California, on October 8, 1949; admitted to the bar, 1975, California, United States District Court, Southern District and Central District of California, and United States District Court of Appeals, Ninth Circuit. *Education:* University of Southern California (B.S., 1971); Loyola University (J.D., *magna cum laude*, 1975). Member, Loyola University Law Review, (1974-1975). (*Author:* "Civil Conspiracy & Interference with Contractual Relations." 8 Loyola Law Review 312 (quoted with approval by the California Supreme Court in *Applied Equipment v. Litton Saudi Arabia* (1994) 7 Cal. 4th 503 [28 Cal. Rptr. 475])).

Mr. Cooper has spent most of his career handling insurance coverage, bad faith and fee dispute litigation and providing advice to clients in these areas. As part of his insurance coverage practice, Mr. Cooper has developed specialized and extensive experience (and has a reputation for work) in the area of professional fee review and analysis.

His practice in the area of litigation management and cost containment includes a variety of disciplines. He has, over the last (20) years, developed litigation guidelines for law firms to adhere to in the representation of their clients. Mr. Cooper and other members of the firm have lectured extensively throughout the United States on litigation and legal fee costs containment, including seminars in almost every major city in the United States. His law firm represents clients in fee dispute matters and litigates, arbitrates and mediates such disputes. The firm assists its clients in contemporaneous and retrospective reviews of legal billings to insure that the legal billings are reasonable, appropriate and necessary and comply with billing guidelines and reasonableness standards. In addition, the firm has analyzed hundreds of litigated matters in connection with the billings to determine which billings relate to discrete issues in the litigation (including *Buss v. Superior Court* allocations).

In addition to the foregoing, Mr. Cooper has testified as an expert on legal malpractice and fee dispute matters in excess of 50 cases in State and Federal Courts in San Francisco, Los Angeles and Orange, and in arbitrations. The firm has represented a wide variety of corporate clients, governmental entities (including the City of Los Angeles, Resolution Trust Corporation and several U.S. Bankruptcy Courts), and insurance companies in almost every major city in the United States.

The legal bills reviewed have involved transactional work and litigation of every type (*e.g.*, lender liability, products liability, directors and officers liability, environmental liability, mass disasters, tax controversies and securities law). A significant amount of this work is performed by Mr. Cooper's firm for law firms seeking opinions on the reasonable value of legal services, the reasonableness of billings and assistance in insurance litigation regarding the scope of an insurance company's duty to defend. Oftentimes the firm is requested by parties to litigation to provide opinions by way of declaration, deposition and/or trial testimony on the reasonableness of attorney fee claims under fee-shifting statutes and under contract provisions and/or amount which a party is obligated to pay based on contractual, statutory or insurance policy provisions.

He has also handled numerous intellectual property matters including Trademark, Copyright, Trade Secrets and Right of Publicity matters. This work includes the landmark decision of <u>Comedy III v. Saderup</u>, (2001) 25 Cal. 4th 387, [106 Cal.Rptr. 2d 126], involving the right of publicity.

In addition to the foregoing, Mr. Cooper has represented individuals and entities in the electrical utility industry including the California Power Exchange in a contract matter and a former officer of the California Power Exchange in litigation concerning the California Power crisis of 2000 and 2001 and responsibilities of FERC regulated entities to enforce tariff-mandated creditworthiness standards for purchasers of electricity. Currently he is representing municipalities in litigation involving the responsibilities of municipalities and other entities to comply with FERC tariff provisions and the ability of public utility purchasers of electricity to sue municipal sellers of electricity on common law theories for alleged overcharges for electricity.

# EXHIBIT B

# COOPER & BRUNING LLP

442 South Marengo Avenue
Pasadena, CA 91101
Tel No. (626) 585-8500
Fax No. (626) 585-8535
E-mail: bc@cooperlaw.com
rmb@cooperlaw.com

## *Actions Where Expert Testimony Given*

| CASE NAME | DESCRIPTION |
|---|---|
| **ABM INDUSTRIES V. BOJORQUEZ** | San Francisco Superior Court, Case No. CGC-10-495994 (2012). Retained by Littler Mendelson, P.C. to testify by declaration regarding the reasonableness of the legal billings of a FEHA matter by the Equal Rights Advocates and the Talamantes Villegas Carrera, LLP firm. |
| **ACOSTA V. CITY OF COSTA MESA** | U.S. District Court, Central District (2013) Retained by Woodruff, Spradlin & Smart APC to testify by declaration regarding the prevailing market rates for the handling of a civil rights matter in the Southern California area. |
| **ADAMS V. MHC COLONY PARK LIMITED PARTNERSHIP** | County of Stanislaus Superior Court Case no. 611455 (2011) Retained by Robie & Matthai to testify by declaration regarding the reasonableness of the billings of the lawyers (Robie & Matthai and Endeman, Lincoln, Turek & Heater) in mobilepark litigation in Ceres California. |
| **ALFARO V. NOMAD** | Santa Barbara Superior Court Case No. 1264917 (2009) Retained by Fotouhi, Epps, Hillger & Gilroy PC to testify by declaration regarding the reasonableness of the legal billings of the Endeman law firm in a mobilehome park litigation. |

1

| CASE NAME | DESCRIPTION |
|---|---|
| *AMUSEMENT INDUSTRY, INC. V. MICHAEL ANTIN* | LA Superior Court Case # C253468 (2004) Testified for the law firm of Aviv Tuchman by declaration on reasonableness of fees claimed under contract provisions and under CCP § 2033 in commercial litigation. |
| *ARCINIEGA V. D.R. HORTON, INC.* | American Arbitration Association arbitration # 72 1600032110 (2012)  Retained by Ogletree, Deakins, Nash, Smoak & Stewart, P.C. to testify regarding the rates of the Mc Caffrey law firm in the prosecution of FEHA employment litigation. Testified by Declaration. |
| *BARBER V. HUMAN CONTRACT, LLC ET. AL.* | United States District Court (Central District California) Case no. CV09-00964 VBF; Testified by declaration regarding the reasonableness of billings of Harris & Rouble in FLSA matter (2010) |
| *BARTEL & EVANS* | Retained by Bartel & Evans to review billings and give opinions regarding the reasonableness of the fees and costs of Bartel & Evans re: Village Retail Center, et al., a commercial litigation involving nuisance and appropriation of water rights; testified by deposition (2013) |
| *BECK ADV. GOLDSTEIN* | LASC Court, Case No. SC085201 Testified by declaration regarding the reasonableness of billings of McDermott, Will & Emery and Hanger Steinberg Shapiro & Ash in this matter (2013) |
| *BEHESHTI  V. BARTLEY* | Alameda Superior Court (Hayward) (2010) Testified at trial before Judge Evelio Grillo on behalf of the Rimon Law Group on the quantum meruit value of services rendered by law offices of Daniel Robert Bartley in employment/defamation litigation. |

| CASE NAME | DESCRIPTION |
|---|---|
| **BENDER V. COUNTY OF LOS ANGELES** | LASC Court, Case No. BC440862 |
| | Retained by the Lawrence Beach Allen & Choi and the County of Los Angeles to testify by declaration regarding the reasonableness of billings of Goldberg & Gage and Benedon & Serlin in a ERISA matter (2013) |
| ***BEYLICK DRILLING INC. V. MARYLAND CASUALTY CO.*** | Orange County Superior Court Case #754463. |
| | Retained by Demler, Armstrong & Rowland, Long Beach to testify regarding the issue of bad faith in connection with the conduct of Callahan & Blaine. |
| ***BLACKBURN V. FEDERAL INSURANCE CO.*** | US District Court for the Southern District of CA Case # 05-CV0075-WQH (CAB) |
| | Retained by Seltzer Caplan McMahon Vitek to testify regarding reasonableness of fees, Brandt fees and entitlement to legal fees based on causation principles in insurance and commercial litigation. |
| | Testified by Report and Deposition (2006). |
| ***BROCK V. WESTWOOD ONE*** | Los Angeles Superior Court Case Retained by Mark L. Block of Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP. Testified on behalf of Christiansen Miller in deposition (2004) regarding reasonableness of attorney billings. |
| ***BRYAN CAVE V. FIRST STATE INSURANCE CO.*** | Los Angeles Superior Court Case No. BS000249- Arbitrator: Judge Julius Title (1997) Retained by Robert Black of Clausen & Campbell Testified at arbitration as to reasonableness of billings of Bryan, Cave, McPheeters & Roberts. |
| ***BUCIO V. CARS 4 LESS, HSBC*** | Sacramento Superior Court No. 05AS01484 |
| | Retained by Kirkpatrick & Lockhart, Nichols Graham (2006) to testify by declaration regarding the reasonableness of the legal billings of Louis Liberty in Rees-Levering ASFA act. |

| CASE NAME | DESCRIPTION |
|---|---|
| *CALPORTLAND COMPANY V. TRUCK INSURANCE EXCHANGE* | Los Angeles Superior Court, Case No. BC455145 |
| | Retained by OneBeacon Insurance Company on the reasonableness of the fees of Pillsbury Winthrop Shaw Pittman in connection with the Cement Dust lawsuits and to provide expert testimony (2012) |
| *CHAN V. PACKARD* | Santa Clara County Superior Court No. 1-09-CV-150251 |
| | Retained by Law offices of James Rummonds to testify in deposition and trial (2013) regarding the reasonableness and necessity of the billings of David Packard in a neighbor/border tree dispute on claims of trespass and civil code damages. |
| *CITY OF WESTMINSTER ADV. FLORES* | U.S. District Court, Central District of California CASE NO. SACV 11-00278 DOC (RNBx) |
| | Retained by Liebert Cassidy Whitmore to testify on the reasonableness of rates in an FEHA statutory fee claim (2014). |
| *COLE V. NATIONAL UNION* | Retained by Colin McCarthy from the Robinson Wood firm to determine the reasonable and necessary Brandt fees of the Dickstein, Shapiro firm in coverage and bad faith litigation against National Union. Testified by deposition on reasonableness of charges. (2010) |
| *CSAA V. GREAT AMERICAN* | San Francisco Superior Court Case No. 897063 Retained by Popelka, Allard, Jim Jones to testify as to reasonableness of billings of Morrison & Foerster. Testified at deposition only. (1999) |
| *CYRIL & CROWLEY V. HOMESTEAD INSURANCE CO.* | Marin County Superior Court (1990) Retained by Charlston Revich & Williams (Howard Wollitz) to testify at San Francisco arbitration on reasonableness of billings of Cyril & Crowley. |

| CASE NAME | DESCRIPTION |
|---|---|
| ***Dantel v. Northwestern Pacific Indemnity*** | U.S. District Court, Eastern District Case No. F-01-6261 AWFDLB (2004)<br>Testified on behalf of Gordon & Rees (Michael Lucey) and Northwestern Pacific Indemnity before arbitrator James Thaxton in Fresno as to the proper allocation of billings between a complaint and cross-complaint in an underlying trade secrets, Unfair Business Practices act matter. |
| ***DAYMARK REALTY ADVISORS ADV. WOODSIDE*** | AAA arbitration.<br>Retained by Daymark Realty Advisors Inc. to determine the reasonableness of the services rendered by Sisam & Associates involving a commercial real estate management dispute. |
| ***DENTIST INSURANCE COMPANY v. JEROME BERG*** | San Francisco Superior Court Case No. 896839 – Judge Reagan Retained by Fisher & Hurst- Mark Rorem & William Caspari. Testified at jury trial on the reasonableness and integrity of billings of Jerome Berg in malpractice litigation. (approx. 1994) |
| ***IN THE MATTER OF DANIEL DONAHUE REVOCABLE TRUST V. DONAHUE*** | Orange County Superior Court case no. A225267<br>Retained by Bridgford and Gleason for beneficiaries of trust to testify regarding the reasonableness and necessity of billings of Russell Allen and Sacks, Glazier in the representation of the trustees Terry Donahue and Northern Trust in underlying probate litigation between beneficiaries and trustees and testified as to the lack of litigation management performed by the  trustees. Testified at trial (2011) |
| ***DRC V. SIERRA VISTA*** | U.S. District Court, Central District Case No. CV09-3664<br>Retained by Manatt, Phelps & Phillips, LLP in (2010) to provide a declaration on the reasonableness of legal fees of Disability Rights of California under fee shifting statute. |
| ***EAGEN V. CARS 4 LESS, HSBC*** | Sacramento Superior Court no. 05AS03061<br>Retained by Kirkpatrick & Lockhart, Nichols Graham (2006) to testify by declaration regarding the reasonableness of the legal billings of Louis Liberty in Rees-Levering ASFA act.. |

| CASE NAME | DESCRIPTION |
|---|---|
| ECC CAPITAL V. MANATT PHELPS | American Arbitration Association matter ECC v. Bear Stearns et. al. Testified in a legal malpractice action on behalf of Latham & Watkins and Manatt Phelps on the reasonableness of fees of Spolin, Silverman & Cohen and Foster Pepper. Testified at deposition (2012) and at trial (2013). |
| ELMORE V. HYCRETE, INC | Alameda County Superior Court Case No. RG 11572935<br><br>Retained by Gordon & Rees to testify by declaration (2012) regarding the reasonableness of the legal billings of Donahoo & Associates submitted in connection with a prevailing wage lawsuit. |
| ENVIROTECH INDUSTRIES V. UNITED CAPITOL INSURANCE CO. | United States District Court, Central District of California, Case No. CV-95-1108JMI(GHKx) Retained by Arter & Hadden (Jacqueline Valenzuela, Esq.).Testified by declaration. |
| ERNEST BROWN & CO. V. MARINA CITY CONTRACTORS | Orange County Superior Court- Judge Polson Retained by C. Kerry Fields to testify as to billings of Ernest Brown & Co. in construction litigation. Testified at deposition. |
| ESTATE OF MARILYN HAMBELTON | Los Angeles Probate matter<br><br>Retained by William M. Paparian to review billings of Law Offices of William R. Van Order.  Testified by declaration on reasonableness of charges (2009) |
| ETHRIDGE V. ZIADEH ENTERPRISES DBA CENTRAL VALLEY MOTORS, LOBEL FINANCIAL CORP. | Superior Court of the State of California Case No. CV025059<br>Testified by declaration 2006<br>Retained by Lobel Financial Corp. to testify re: reasonableness of billings of Louis Liberty under ASFA act. |
| FIGUEROA V. COUNTY OF LOS ANGELES | U.S. District Court, Case No. CV11-06228 DMG; Retained by County of Los Angeles to testify by declaration on the reasonableness of statutory legal fees claimed by Casselman law offices, Schoftman, Ogbogu and Wallace & Garcia in an excessive force 42 U. S.C §1983 matter (2013) |

| CASE NAME | DESCRIPTION |
|---|---|
| *FINEGOLD V. DODGE* | LASC Southeast District, Case No. VC061663 (2013) |
| | Retained by Manning, Leaver, Bruder & Berberich to testify by declaration regarding the prevailing market rate for handling commercial automobile dealership litigation matter. |
| *FITZGERALD REES & SHARKEY V. DONALD STERLING* | San Diego Superior Court |
| | Retained by Arter & Hadden to testify on reasonableness of billings of Fitzgerald, Rees & Sharkey in defense of commercial litigation. Testified at deposition. (approx 1998) |
| *GAIL F. EDUCATIONAL RIGHTS HOLDER ON BEHALF OF G.F. STUDENT V. CONTRA COSTA COUNTY* | U.S. Northern District-San Francisco Case No.: C 14-0245 MEJ |
| | Retained by Fagen Friedman & Fulfrost LLP to provide expert testimony based on our experience and analysis (2014) |
| *GATEWAY RANCH LLC FORMERLY KNOWN AS LAS LOMAS V. AKIN, GUMP, STRAUSS HAUER & FELD, LLP* | Los Angeles Superior Court Case # 441132 (2012) |
| | Retained by McKarem & Associates to testify regarding the reasonableness of the billings of Akin Gump in the representation of a land company seeking to require an environmental impact report under the CEQA act in connection with the approval of a development project on the outskirts of the City of Los Angeles. Testified at deposition. |
| *GLEDHILL CHEVROLET V. INDUSTRIAL INDEMNITY* | Arbitrator: Judge Eagleson |
| | Retained by Haight, Brown & Bonesteel, Bob Kaufman. Testified at arbitration as to reasonableness billings and covered vs. non covered billings of Baker & Hostetler and obligation of the insurer. (approx 2001) |
| *GOLDLINE INTERNATIONAL V. CONTINENTAL CASUALTY COMPANY* | USDC Case No.: CV-08658-CAS-AJW |
| | Retained by Sedgwick LLP to review the reasonableness of the billing |

7

| CASE NAME | DESCRIPTION |
|---|---|
| *GOLDSTEIN V. BECK* | Los Angeles Superior Court – West District Case No. SC085201<br><br>Retained by Michael Steiniger, Esq. to testify regarding the billings of McDermott, Will & Emer. Testified by declaration on reasonableness of charges in appellate matter relating to adjacent property owners/trespass/subsidence issues(2010) |
| *GRISWOLD ENTERPRISES V. ROYAL INSURANCE CO.* | Los Angeles Superior Court Case No. BS016907 - Arbitrator: Judge Howard Thielen.<br>Retained by Musick, Peeler & Garrett to review reasonableness and covered vs. non covered billings of Shaub, Regan & Williams litigation. Testified at arbitration. |
| *GUTIERREZ V. THE MEADOWS OF NAPA VALLEY* | Napa County Superior Court Case No. 26-49809.<br><br>Retained by Gordon & Rees to testify regarding the reasonableness and necessity of charges of Plaintiff's counsel in connection with employment discrimination and violation of California Labor Code Sections (2011). |
| *GROSS V. CAPITOL ONE BANK* | San Francisco Superior Court No. CGC-04-433300. Retained by Morrison & Foerster (2007) to testify regarding the reasonableness of attorneys fees in a class action motion for attorneys' fees in a class action credit card arising under the Truth in Lending Act (15 USC § 1601) . Testified by Declaration |
| *GWINNETT COUNTY SCHOOL DISTRICT V. A.A., B.A., ETC.* | United States District Court, Northern District of Georgia-Atlanta Division, Case No. 1:09-CV-0445-TWT<br><br>Retained by Gwinnett County School District on an IDEA action.  Testified by declaration on the reasonableness of charges. (2010) |
| *HARTFORD ACCIDENT & INDEMNITY V. COMMERCE AND INDUSTRY* | San Francisco Arbitrator: Thomas Kongsgaard Retained by Kenny, Burd to testify as to reasonableness and covered vs. non covered billings of Fisher & Hurst. Testified at arbitration. (approx 1995) |

| CASE NAME | DESCRIPTION |
|---|---|
| *HARTFORD V. PEIC* | Render my opinion as to the reasonableness of fees and costs on numerous law firms paid by Hartford to defend state and federal soil contamination litigation in Las Vegas, Nevada. (2014) |
| *HAVLICEK V. BERJIS* | Los Angeles Superior Court Case BC 123 655 Retained by Crusader/Truck Insurance Testified at arbitration before Judge (Ret.) Choate. |
| *HERNANDEZ V. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA* | Alameda Superior Court Case No. RG-06-272564. Retained by The Regents of the University of California (Gordon & Rees- Michael Laurenson) on reasonableness of rates of Siegel & Yee in an FEHA statutory fee claim (2011). |
| *HEYEN V. SAFEWAY INC.* | Los Angeles Superior Court Case Nos. BC277481 and BC278726. Retained by Littler & Mendelsohn to provide testimony regarding the reasonableness and necessity of the billings submitted by the law firms of Ian Herzog, Daniel Fine & Israel and Stephen Glick in the prosecution of employment overtime claims against Safeway (2012). |
| *HILLVIEW GLEN V. UNITED NATIONAL* | Orange County Superior Court 02CC00238 (2005). Testified by report in arbitration of allocation of fees from complaint versus cross-complaint on behalf of United National and Sinnott, Dito Moura & Puebla in construction litigation. |
| *HUGHES AIRCRAFT COMPANY V. LIBERTY MUTUAL* | Los Angeles Superior Court Case No. BC 213646 Retained by Black, Compean & Hall, Liberty Mutual to testify as to the allocation of fees between covered and uncovered claims and reasonableness of fees of Kirkland & Ellis in commercial litigation arising out of a breach of commercial lease. Testified by declaration. (approx. 2000) |

| CASE NAME | DESCRIPTION |
|---|---|
| *IGUACU, INC. V. ANTONIO CABRERA MANO FILHO* | United States District Court Case No. C 09-0380 RS<br>Retained by K&L Gates LLP to testify by declaration regarding the reasonableness of billings of Sheppard Mullin Richter & Hampton, Sideman & Bancroft LLP, Fitzgerald Abbott & Beardsley LLP, and Campos, Fialho, Canabrava, Borja, Andrade, Salles Advogados (2013) |
| *IMCERA V. LIBERTY MUTUAL INSURANCE CO.* | Los Angeles Superior Court- Judge Macklin Fleming. Retained by Grace, Skycopec to testify as to reasonableness and covered vs. non covered billings of Pillsbury, Madison & Sutro in environmental litigation. Testified at jury trial. (approx. 1999). |
| *IN RE MARLENE PENROD* | United States Bankruptcy Court for the Northern District of California (SF Div.) Case No. 07-30252<br><br>Retained by creditor and counsel to provide testimony regarding the reasonableness of rates of bankruptcy counsel (2011) |
| *JACKSON, LEXINGTON V. MCLEAN & SCHACK* | Los Angeles Superior Court- Judge Victor Chavez. Retained by David Clark of Chase, Rotchford to testify regarding reasonableness of insurance company's conduct in insurance brokerage malpractice action. Testified in Jury trial. (approx. 1996) |
| *JORDAN V. CITY OF LONG BEACH* | Los Angeles Superior Court, Central District Case No. BC450055<br>Retained by the City of Long Beach to testify by declaration regarding the reasonableness of billings of Jeffrey Rager in a statutory FEHA claim under (2014) |
| *J.R. MARKETING LLC V. HARTFORD INSURANCE COMPANY, ET AL* | Superior Court of California, County of San Francisco Case Number: CGC-06-449220<br>Cause of Action: Subrogation/Insurance<br><br>Testified by declaration on reasonableness of billings of Squire Sanders in commercial litigation between competing companies. (2010) |

10

| CASE NAME | DESCRIPTION |
|---|---|
| *KECK, MAHIN & CATE V. SUN WEST INSULATION* | Los Angeles County Superior Court Case No. SC012991. Retained by Andrade & Hargan, Newport Beach, to testify as to reasonableness of billings of Keck, Mahin & Cate in construction litigation.<br>Testified at deposition. (approx. 2004) |
| *KIMBALL SMALL V. GREAT AMERICAN* | San Jose Superior Court Case No. 701016 Retained by Lynch, Loofborow to testify as to reasonableness and covered vs. non covered billings of Gibson, Dunn & Crutcher on environmental liability matter. Testified at deposition. (approx. 1997) |
| *LACY V. SAN FRANCISCO ZOOLOGICAL SOCIETY* | San Francisco Superior Court Case No. CGC-12-522507<br><br>Retained by Gordon & Rees to testify regarding the rates of Adam Nye Becht LLP in the prosecution of FEHA employment litigation. Testified by Declaration. |
| *LAS VIRGENES UNIFIED SCHOOL DISTRICT ADV. H. BERRY* | United States Court of Appeals Ninth Circuit; Testified by Declaration regarding reasonableness of billings of Newman, Aaronson & Vanaman in IDEA matter. (2010) |
| *LAS VIRGENES UNIFIED SCHOOL DISTRICT ADV. H. BERRY* | United States District Court Case No. CV 04-8572 FMC (SSx)<br><br>Retained by The Weatherly Law Firm & Fagan Friedman & Fulfrost to defend Las Virgenes Unified School District and testify by declaration regarding the reasonableness of fees of Newman, Aaronson & Vanaman under IDEA (2010) |
| *IN RE KITEC FITTING LITIGATION* | Nevada District Court, Clerk County Case No. A493302<br><br>Retained by Thagard, Reiss & Brown, LLP. to testify regarding the reasonableness of attorneys fees in products liability matter.    Testified by declaration (2009) |

| CASE NAME | DESCRIPTION |
|---|---|
| *KAMAREI V. MAZAHERI* | Los Angeles Superior Court Case No. BC 422345 |
| | Retained by client and the Martin & McCormick law firm to testify by deposition and in a jury trial (2012) regarding the reasonableness of the billings of Ali Kamarei in a group of cases constructive eviction, interference with quiet enjoyment, fraud, interference with prospective business advantage, abuse of process, defamation, contempt hearings etc. |
| *KRAMER V. MUSICK, PEELER & GARRETT* | Beverly Hills Bar Association Case No 2245-11 |
| | Retained by Law offices of Aviv Tuchman to testify in Mandatory Fee arbitration (2012) regarding the reasonableness of the legal billings of Musick, Peeler & Garrett in their representation of client who was allegedly defrauded in real estate investment transactions in Panama. |
| *LANGE V. HOME DEPOT USA INC.* | Retained by Ogletree, Deakins, Nash, Smoak & Stewart to testify in Riverside Superior Court RIC 512610 on the reasonableness of the charges claimed by Bononi Law Group in an FEHA statutory fee claim. Testified by Declaration (2010) |
| *LENSCRAFTERS, INC., ET AL. V. LIBERTY MUTUAL FIRE INS. CO., ET AL.* | United States District Court Case No. CV 04-01001-SBA. Retained by Ross, Dixon & Bell, LLP to testify regarding the ability to allocate defense costs in a an underlying unfair competition, CLRA, Business and Professions Code § 17200 et seq., matter in dispute between Executive Risk Specialty Insurance Company and Liberty Mutual Fire Insurance Co. Testify by declaration and deposition – (2005). |
| *LEONARD, DICKER & SCHREIBER V. TITAN DMD,LLC* | Los Angeles Superior Court Case no. BC 426827 |
| | Retained by Client to testify regarding legal malpractice and overbilling by law firm in an alter ego/construction contract dispute matter. Testified by deposition (2011) |

12

| CASE NAME | DESCRIPTION |
|---|---|
| *LOBEL FINANCIAL GROUP V. LARA* | JCCP No. 4563; Sacramento Superior Court Case No. 34-2008-00015643-CL-BC-GDS Retained by Severson & Werson to testify by declaration regarding the reasonableness of billings of Kemnitzer, Barron & Krieg, LLP and the Trueblood Law Firm in a statutory fee claim under the ASFA (Rees-Levering) act. (2010) |
| *LONDON V. MIEC* | Oakland Superior Court. Retained by Tyler Draa of Hinshaw, Winkler, Draa, Marsh & Still to testify at jury trial re reasonableness of billings of Cox, Buchanan & Padmore in a medical malpractice matter and obligation of the insurer MIEC. (approx. 1995) |
| *LONGS DRUG STORES CALIFORNIA, INC. V. FEDERAL INSURANCE COMPANY* | U.S.D.C. Northern District C03 01746 JSW (2005). Testified by declaration regarding reasonableness of billings of Felice, Brown, Eassa & McLeod firm and obligation to defend on behalf of Federal Insurance Company and Newton Remmel. |
| *MARSHALL V. ANNA NICOLE SMITH* | U.S. Bankruptcy Central District LA96-12510-SB Retained by Sedgwick, Detert, Moran & Arnold. (Alan Frieslaben). Testified at an arbitration before Judge Eric Younger on allocation of fees of Kinsella, Boesch & Fujikawa between claims of bankruptcy and in defense of a slander action in the litigation between Pierce Marshall and Anna Nicole Smith. (approx 2003) |
| *MATSON V. DEAN* | Los Angeles Superior Court Case no. BC410845. Retained by William Gwire on behalf of the client to testify regarding the unconscionability of the contingent fee agreement and the quantum meruit value of the services provided by Ronald Dean in handling a disability claim under ERISA. Testified at trial  (Judge Stern) (2011) |
| *JEREMY MAURER V. THE CITY OF LONG BEACH* | Los Angeles Superior Court, Case No. BS140562 Retained by City of Long Beach to testify by declaration as to the reasonableness and necessity of the billings of the Davis Wright & Tremaine (2014) |

13

| CASE NAME | DESCRIPTION |
|---|---|
| **MCCALL V. SAFETY CONSULTANT SERVICES, INC., ET AL.** | Los Angeles Superior Court Case No. VC046814 Retained by Kern & Gonzalez to review reasonableness of billings of Philip J. Ganz, Jr. in an Unruh Act action under California Civil Code, § 51 et. seq.<br><br>Testified by declaration on reasonableness of charges (2008) |
| **MCLARAND V. HARTFORD** | Orange County Superior Court, Case No. 30-2011-00463182 (2013)<br><br>Retained by Bridgford & Gleason to evaluate the reasonableness and necessity of the billings of Bridgford & Gleason and perform a Brandt fee allocation in an insurance dispute matter. |
| **MILLENNIUM LABORATORIES V. DARWIN SELECT INSURANCE** | Retained by Hangley Aronchick Segal Pudlin & Schiller on behalf of Darwin Select Service to testify by at trial in a bad faith coverage action in US Federal District Court case (San Diego) arising out of legal billings tendered in several unfair competition, Lanham Act and deceptive practices actions in Boston, Florida and Texas. Testimony is regarding the reasonableness and necessity of the billings of Skadden Arps, Seyfarth & Shaw and Hogan Lovells law firms and allocation of billings to complaints and counterclaims. (2014) |
| **MILLER, STARR V. INDUSTRIAL UNDERWRITERS** | Expert for Jim Price of Industrial Indemnity Reviewed reasonableness and covered vs. non covered billings of Miller, Starr in real estate litigation. Testified at arbitration in San Francisco (JAMS). (approx. 1993) |
| **MONTALVO V. COUNTY OF LOS ANGELES** | LASC Case No. TC023708 (2013)<br><br>Retained by Harold G. Becks & Associates on behalf of the County of Los Angeles to testify by declaration as to the reasonableness and necessity of the billings of the Law Offices of Taylor & Ring LLP (2013) |

14

| CASE NAME | DESCRIPTION |
|---|---|
| *NAJERA V. COUNTY OF LOS ANGELES* | United States District Court, Central District, Case No. *CV-12-03167 DMG (MRWx) (2013)* |
| | Retained by Collins Collins Muir & Stewart LLP on behalf of the County of Los Angeles to testify by declaration as to the reasonableness and necessity of the billings of the Law Offices of Sonia Mercado & Associates, Law Offices of Mark Pachowicz, and R. Samuel Paz |
| *NEHME V. WELLPOINT, INC.* | Los Angeles Superior Court Case No. BC396316 |
| | Retained by Scott C. Glovsky to testify regarding reasonableness of fees in a Brandt fee matter. Testified by declaration (2010) |
| *NEVADA POWER V. LAS VEGAS BUILDING MATERIALS* | Federal District Court, Nevada- Case No. CV-S-87-477 HDM Retained by Bishop, Barry, Howe, Haney & Ryder to testify on the reasonableness of billings of Paul, Hastings, Janofsky & Walker in litigation over construction of power plant. Testified by declaration. (approx. 1993). |
| *NICKEL, RACHEL V. ARB, INC.* | Orange County Superior Court, Case No. 30-20120553946  (2013) |
| | Retained by Jackson Lewis LLP to testify by declaration as to the reasonableness of the billings of the Schlehr Law Firm in a labor and employment matter. |
| *NICKELSON V. TRW, INC.* | USDC (Central District) Case No. CV 96-3193 RSWL.  Retained by Munger, Tolles & Olson on behalf of TRW to testify regarding reasonableness of fees. Testified at arbitration before Justice (Ret.) John Trotter. |
| *NQCI V. BRYAN CAVE LAW FIRM* | Retained by Dickstein Shapiro, Esq. to testify regarding the billings of Bryan Cave Law Firm. Testified before a three arbitration panel as to the reasonableness of charges (2011) |
| *PARDEE CONSTRUCTION COMPANY V. UNIGARD* | U.S. District Court - Case No. 99-CV 1925 (NLS) Retained by Kern & Wooley on behalf of Unigard Amco, Highland & Liberty Mutual to testify at deposition and trial on the reasonableness of the billings of Sparber, Ferguson in construction litigation. (approx. 1998) |

15

| CASE NAME | DESCRIPTION |
|---|---|
| *PAUL M. CLARK V. DECRATREND CORP.* | Los Angeles County Superior Court Case No. BC 096412 (Judge Cappai)<br>Retained by Langberg, Cohn & Druz<br>Testified by declaration. |
| *PEPSI V. ONE BEACON ET. AL* | United States District Court (Central District) Case No. CV-10-2696 SVW (Hon. Stephen Wilson). Retained by Wolkin & Curran and Aiwasian & Associates  to testify regarding the reasonableness of the prior audits regarding and attorney fees of Latham & Watkins in the defense of toxic tort/environmental litigation (Avila v. Whitman et al) against Pepsico et al. Rebuttal comments on the methodology of Pepsico's experts. Testified by reports (2010) |
| *PERL V. CLARK* | Los Angeles Superior Court No. SC 113962<br><br>Retained by Miller LLP to testify at deposition and trial (2012) on the reasonableness and causal relationship of legal billings submitted to rectify alleged legal malpractice action involving irrevocable trust amendments and failure to provide proper trust administration advice. |
| *PHARMACIA & UPJOHNV V. GREAT LAKES CHEMICAL CORP.* | Retained by Clausen & Miller (Chicago, Illinois). Testified in deposition before trial in case venued in Kalamazoo, Michigan on the obligation of Great Lakes Chemical to pay for portions of the billings of Jenner & Block in connection with products liability litigation. (approx. 1998) |
| *PINTO-WALSH ADV. BURKE WILLIAMS SORENSON* | JAMS Arbitration, San Jose Division<br><br>Retained by Bradshaw & Associates, P.C. to testify by declaration as to the reasonableness of billings regarding the law firm of Burke, Williams & Sorenson LLP and Ropers, Majeski, Kohn & Bentley PC and the ethical issues raised by the mediator's settlement proposal (2013) |
| *PMA CAPITAL V. GOLDEN STATE DEVELOPERS* | Retained by Wolkin & Curran in San Francisco to testify at trial regarding the reasonableness of billings of the law firm of John Marc Dobrin in construction litigation over housing developments in Bay area (2013) |

| CASE NAME | DESCRIPTION |
|---|---|
| ***POMEROY v. SCOTTSDALE INSURANCE COMPANY*** | Orange County Superior Court. Retained by Conkle & Olesten to testify as to reasonableness of conduct of Scottsdale and its counsel Joseph Ryan in connection with decision to refuse to defend. Testified to jury. Jury verdict over $4,000,000 against Scottsdale. (approx. 1996) |
| ***PRUDENTIAL INSURANCE CO. V. INNERSPACE*** | Los Angeles Superior Court - Torrance- Judge Thomas. Retained by Chapman & Glucksman to review billings of Gibson, Dunn & Crutcher In commercial lease litigation. Testified by declaration on reasonableness of charges. (approx. 1996) |
| ***QUINN EMANUEL URQUHART V. MARIETTA HOLDING CORPORATION, ET AL.*** | Los Angeles Superior Court Case No. BC420238 <br><br> Retained by Baute & Tidus to review billings of Quinn Emanuel Urquhart in commercial litigation. Testified by declaration on reasonableness of charges (2009) |
| ***RAPORE V. DONALD BEACH*** | Los Angeles County Superior Court Case No. SC 022261. Retained by Rapore & Lowe. Testified by declaration. |
| ***RATHJE V. SOUTHERN CALIFORNIA EDISON AND TIME WARNER*** | Ventura Superior Court Case No. 56-2009-00360200-CU-EL-VTA <br><br> (2013) Retained by Southern California Edison to testify by declaration regarding the reasonableness of legal fees of California Attorney General and Sullivan & Takeda in a fire suppression and inverse condemnation matter. |
| ***REED V. GENESIS CORPORATION*** | San Luis Obispo Superior Court Case No. CV 110175. Retained in (2013)by Beach, Whitman, Cowdrey to testify regarding the reasonableness of legal fees of law offices of James Murphy and Todd Porter in a Welfare and Institutions Code §15657 action for negligence of caregiver/wrongful death action in San Luis Obispo Superior Court. |

| CASE NAME | DESCRIPTION |
|---|---|
| *REY V. MADERA* | Madera Superior Court Case No. MCV043467 |
| | Retained by Atkinson, Andelson, Loya, Ruud & Romo and Mennemeier, Glassman & Stroud to testify regarding the reasonableness of fees of Gibson Dunn & Crutcher in a California Voting Right's Act of 2001 matter. Testified by declaration on reasonableness of fees sought (2010). |
| *ROSALES V. COUNTY OF LOS ANGELES* | *U.S. District Court Case No.: 11-cv-09423R (2012)* |
| | Retained by Liebert Cassidy & Whitmore to evaluate the reasonableness and necessity of the billings of the Law Offices of David J. Gallo, the Richmond & Richmond Law Offices and the Alexander Papaefthimiou Law Offices in a labor and employment matter. |
| *ROSENBAUM V. AUTOMOTIVE FUNDING GROUP* | Orange Superior Court Case No. 30-2009-00126291 (2013) |
| | Retained by Foell & Elder to testify by declaration on the reasonableness and necessity of the billings from Webb & Bordson in automobile financing matter. |
| *ROVI CORPORATION, ET AL. ADV. LOHIKA SYSTEMS* | Santa Clara Superior Court Case No. 1-11-CV-206293 (2013) |
| | Retained by Littler Mendelson PC to testify by declaration on the reasonableness and necessity of the billings of Littler Mendelson in an employment litigation applying Ukranian law in San Mateo Superior Court. |
| *SALAZAR V. INTERLAND, INC.* | U.S.D.C. Central CV-04-2498-JFW (2005) Testified by declaration for defendant and Wargo and French and Sonnenschein, Nath & Rosenthal on reasonableness of fees claimed as sanctions and upon remand under Federal statute 28 U.S.C. §1447(c) for removal and remand. |
| *SEARS, HAPEMAN & PACIFIC RIVIERA PROPERTIES, INC. V. HURLBUT, ET AL.* | Orange County Bar Association, OCBA Case No. OC-09-5056 |
| | Retained by the Law Offices of Vaughn Hapeman to review and prepare declaration on the reasonableness of the billings in a partnership dissolution matter. (2010) |

| CASE NAME | DESCRIPTION |
|---|---|
| _SALBERG V. STARCEVICH_ | Santa Clara County Superior Court Case No. 1-06-CV-059501. Testified by deposition (2007) as to the quantum meruit amount of legal fees that should be awarded to attorneys, Starcevich, Messetti and Tobin for their prosecution of several clergy abuse cases against the Roman Catholic Church. Retainer by Murphy, Pearson, Bradley & Feeney and Hinshaw & Culbertson in San Francisco. |
| _SCHLOSSER V. WOLLERSHEIM_ | Los Angeles Superior Court No. C 332 027. Judge Hess (2005). Testified at jury trial as to reasonableness of attorney's fees claimed on a quantum meruit basis for work performed over a 12 year period of time prosecuting the landmark Wollersheim v. Church of Scientology case. Retained by William Gwire, San Francisco. |
| _SIERRA VIEW LOCAL HEALTH CARE DISTRICT V. SIERRA VIEW MEDICAL PLAZA ASSOCIATES, LP., ET AL._ | Superior Court of the State of California, County of Kern–Metropolitan Division: Case No. S-1500-CV-247349-LPE (2006)<br><br>Retained by Noriega & Bradshaw, LLP on behalf of defendant to review and prepare Declaration in Support of Sierra View Medical Plaza Associate's Motion for Award of Litigation Expenses in an eminent domain matter. |
| _SOFAMOR DANEK V. ROYAL INSURANCE COMPANY_ | Retained by Royal Insurance Company and AIU. Testified in US District Federal Court in Memphis, TN on the billings of Pepper, Hamilton & Sheetz in MDL pedicle screw product liability litigation. (approx. 2002) |
| _SONIC AUTOMOTIVE ADV. CARSON CJ, LLC_ | American Arbitration Association Case No. 72-125-Y-00324-10 (2012)<br><br>Retained by Manning Leaver Bruder & Berberich firm to testify by declaration as to the reasonableness and necessity of the billings of Ferruzzo & Ferruzzo, and the Halstom Klein & Ward LLP firms in an automobile dealership dispute. |
| _SOUTHWEST MARINE V. CIGA_ | Los Angeles Superior Court Case No. 920323 Retained by Clausen & Campbell to review billings of Heller, Ehrman in insurance litigation. Testified at deposition only. |

| CASE NAME | DESCRIPTION |
|---|---|
| *SPANKY'S PORTABLE SERVICES, INC. V. DOUGLAS BRIMMER, ET AL.* | Superior Court of the State of California, County of San Diego, North County Division: Case No. GIN 047629 (2006). Testified by declaration on reasonableness of billings of Latham & Watkins in misappropriation of trade secrets matter and entitlement to legal fees under Civil Code for requests for admissions. |
| *STAGNARO V. HOME DEPOT U.S.A. INC.* | United States District Court Central Dist. Cal Case No. CV11-3359RSWL. Retained by Ogletree Deakins to testify regarding the reasonableness of the charges of the Fink & Steinberg firm in an FEHA discrimination claim in Federal Court (2012). |
| *STALLWORTH V. CITY OF LOS ANGELES* | Los Angeles Superior Court Case No. BC 341480. Testified by declaration on reasonableness of billings in connection with civil rights action under 28 USC § 1983. (2009) |
| *STERMAN V. COLYVAS* | San Francisco Superior Court, Case No. CGC-10-506577

Retained by Bradshaw & Associates, P.C. to testify by declaration as to the reasonableness of the billings of Collette Erickson Farmer & O'Neill LLP in a breach of contract, fiduciary duty. |
| *STROOK, STROOK & LAVAN V. NATIONAL CLAIMS MANAGEMENT* | Los Angeles Superior Court Case No. BC 203034 Retained by Strook, Strook & Lavan to testify at deposition and trial as to reasonableness of billings of Strook, Strook & Lavan in commercial litigation. |
| *MARGARET TAYLOR V. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA* | Alameda County Superior Court, Case No. RG13672142

Retained by Gordon & Rees to testify by declaration the reasonableness of the fees of Siegel & Yee on a FEHA employment matter. (2014) |
| *THANE INTERNATIONAL INC. V. HARTFORD FIRE INSURANCE CO.* | Retained by Mendes & Mount to testify in U.S.D.C. (Eastern District) Case No. EDCV-06-01309 on billings of Akin Gump. Testified in deposition (2008) on reasonableness of billings and allocability of billings in underlying trade secrets and licensing litigation. |

| CASE NAME | DESCRIPTION |
|---|---|
| *THANE INTERNATIONAL INC. V. HARTFORD FIRE INSURANCE CO.* | Retained by Mendes & Mount to testify in U.S.D.C (Eastern District) Case No. ED CV 06-01244 on reasonableness and allocability of billings of Slovak, Baron & Empey in trade secrets and licensing litigation. Testified at trial (2008) Riverside Federal Court Judge Virginia Phillips. |
| *THE HOUSING GROUP V. GREAT AMERICAN* | Arbitration by Judge Sumner of J.A.M.S. Reviewed billings of Raitt & Dobrin Testified at arbitration on the reasonableness of billings in construction litigation and obligation of insurer. (approx. 1994) |
| *THIERMAN, COOK V. DELCON* | Retained by Bernard & Wood, Oakland, California, to testify as to billings of Thierman, Cook on National Labor Relations Board matter. Testified at jury trial in San Francisco Superior Court. (approx. 1990) |
| *TRAVELERS INDEMNITY CO. V. LIBERTY MUTUAL INSURANCE CO.* | U.S. District Court - Northern District (Oakland) C94-03177CW. Testified at trial on a construction defect matter on reasonableness of legal fees of Morganstein & Jubelirer. Retained by Ropers, Majeski, Kohn & Bentley. (approx. 2000) |
| *TRITON ENERGY LTD. V. GENERALI RE SPHERE/ DRAKE INS. CO.* | 191st Judicial Court of Dallas County, Texas - DV99-7043 Retained by Harrison, Bettis & Staff of Houston, Texas to testify on reasonableness of billings of Reardon & McKenzie in commercial litigation. Testified at deposition. (approx. 1997) |
| *UNION ELECTRIC CO. V. AMER. AUTO INS. CO., ET AL.* | Retained by Chubb, Fireman's Fund and Royal Insurance. Testified by deposition on reasonableness of charges of counsel in Edwardsville, Illinois – Hepler Broom LLC in asbestosis litigation (2010) |

| CASE NAME | DESCRIPTION |
|-----------|-------------|
| *UNITEDHEALTH GROUP V. COLUMBIA CASUALTY, FIREMAN'S FUND INSURANCE COMPANY* | U.S. District Court (Minnesota) action Case No. 05-cv-01289-PGS-SER<br><br>Retained by Trautman Sanders (2010) to testify at deposition and trial regarding the reasonableness of attorneys fees charged by Weil, Gotshal & Manges in the defense of UnitedHealth Group in fraud class action litigation arising from reimbursement payments made to doctors and health care providers under health care plans. (approximately 28 million in fees) |
| *UNITED PACIFIC V. ROHR INDUSTRIES* | Los Angeles Superior Court<br>Retained by Long & Levitt to testify at arbitration on the reasonableness of billings by McCutchen, Doyle, Brown & Enersen. (approx. 1994) |
| *UNOCAL V. LEXINGTON* | U.S. District Court Central District of California Case No. 05-1857 JFW<br><br>Retained by Severson & Werson (2006) to testify at deposition and at trial regarding the $35 million in legal fees and costs submitted by three law firms (O' Melveny & Myers, Howrie and Simon and Munger, Tolles & Olson) on behalf of Unocal in connection with the litigation arising out of the Unocal pipeline in Myanmar. |
| *VANNGUYEN V. DRIVE OFF FINANCIAL INC.* | Sacramento Superior Court No. 07AS03908. Retained by Foell & Elder, Orange County (2008) to testify by declaration as to reasonableness of plaintiff's motion for fees in class action matter under ASFA act. Testified by Declaration. |
| *VITTERBI V. NORTHERN TRUST CORPORATION* | JAMS Arbitration No. 1240019444; Court of Appeals, Ret. Judge Edward Wallin<br><br>Retained by Frank E. Rogozienski, Inc. Testified at arbitration on the reasonableness of billings of Jeffer, Mangels, Butler & Marmaro, LLP and Neal, Gerber & Eisenberg LLP in connection with commercial arbitration of securities claims. (2010) |
| *WATSON V. CITY OF LOS ANGELES* | Los Angeles County Superior Court Case No. BC 085132. Retained by City of Los Angeles to testify regarding civil rights action under 28 USC § 1983.Testified by declaration (approx. 1999). |

| CASE NAME | DESCRIPTION |
|---|---|
| *WEHNER AND PERLMAN V. TRUCK INSURANCE EXCHANGE* | Los Angeles Superior Court Case No. BC003065 - Arbitrator: Judge Eagleson. Retained by Waldman & Graham. Testified at arbitration on the reasonableness of billings of Wehner & Perlman in connection with underlying class action litigation (approx. 1996). |
| *WEINGARTEN V. PARADIGM INDUSTRIES, INC. ET AL.* | Los Angeles JAMS Case No. 1220041382 |
| | Retained by Carroll, Burdick & McDonough. Testified at arbitration on the reasonableness of billings of Spillane Weingarten in connection with defense of jointventure/interference and unlawful business practices action (2010) |
| *WIDDER V. STATE FARM* | Sacramento Superior Court Case No. *34-2011-00113417 (2013)* |
| | Retained by Littler Mendelson P.C. to testify by declaration as to the reasonableness of the billings of Perez Law Offices in a labor and employment matters. |
| *WILDER V. COUNTY OF LOS ANGELES* | Los Angeles Superior Court, Case No.: BC451868 (2013) |
| | Retained by Harold G. Becks & Associates/County of Los Angeles to testify by declaration as to the reasonableness and necessity of the billings of the Law Offices of Leo James Terrell in a civil rights matter. |
| *WILKINSON V. COUNTY OF LOS ANGELES* | U.S. District Court , Central District of California, Case No. Civ. No. CV08-00238RGK(FFMx) (2013) |
| | Retained by Liebert Cassidy Whitmore on behalf of the County of Los Angeles to testify by declaration the reasonableness and necessity of the billings of the Law Offices of Green & Shinee in a labor and employment matter. |
| *YUEN V. SNELL & WILMER* | LASC Case No. BC463626 (2013) |
| | Retained by Makarem & Associates to testify regarding the fees of Snell & Wilmer LLP claimed due and owing from its client. |

23

| CASE NAME | DESCRIPTION |
|---|---|
| ***ZERBY V. CITY OF LONG BEACH*** | U.S. District Court Case No. CV11-00536 AG-RNBx. Retained (2013) by the City of Long Beach to testify by declaration the reasonableness and necessity of the billings of the Dale K. Galipo Law Offices and the Claypool Law Firm, Mardirossian & Associates and the Beck Law Firm in a civil rights/police misconduct matter. |

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
|---|---|---|---|
| Title | R.S., et al. v. CITY OF LONG BEACH, et al. | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|

**Proceedings:**   **[IN CHAMBERS] ORDER CONCERNING MOTIONS FOR ATTORNEY FEES AND APPLICATIONS FOR COSTS**

These consolidated cases arise from the fatal shooting of Douglas Zerby by Long Beach Police Department officers in December 2010. Douglas Zerby's mother, Pamela Amici ("Amici"); father, Mark Zerby ("Zerby"); and son, R.S. ("R.S."), through his guardian ad litem Stephanie Sentell (collectively, "Plaintiffs"), sued the City of Long Beach and others (together, "Defendants"), alleging that the shooting violated Douglas Zerby's civil rights. The jury found for Plaintiffs and awarded a total of $6.5 million in damages.

Plaintiffs now bring two motions for attorney fees under 28 U.S.C. Section 1988. Counsel for R.S. and Amici request $952,942.50 ("R.S. & Amici Fee Motion," Dkt. No. 194), and counsel for Zerby request $1,295,670 ("Zerby Fee Motion," Dkt. No. 196), though Defendants calculate the request at $1,325,000 (Bruning Decl. in Support of Opposition to Zerby Fee Motion, Dkt. No. 210, at fn. 1). Plaintiffs also bring applications to tax costs. ("R.S. & Amici Cost Application," Dkt. No. 1945; "Zerby Cost Application," Dkt. No. 204.) As described in this Order, the Court GRANTS in part each fee motion, GRANTS the R.S. & Amici Cost Application, and GRANTS in part the Zerby Cost Application.

## BACKGROUND

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
|---|---|---|---|

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |
|---|---|

Douglas Zerby was shot and killed without warning by two police officers who mistook the water hose nozzle he was handling for a gun. After the shooting, officers discovered the object was not a gun, but rather a pistol-grip water hose nozzle, not attached to a hose.

R.S., Amici, and Zerby sued. R.S. and Amici hired one law firm, and Zerby hired another. Each of those law firms associated with another law firm. The over 2 years of litigation that followed included various discovery disputes, a motion for summary judgment, and a jury trial. Plaintiffs won. The jury awarded damages of $1 million to Amici, $2 million to Zerby, and $3.5 million to R.S.

## PRELIMINARY MATTERS

Before handling the substance of this Motion, the Court must address "Plaintiff Mark Zerby's Objections and Motion to Strike All or Portions of the Declaration of Robert Bruning in Support of Defendants' Opposition to Motion for Attorneys' Fees (Doc #210)." ("Objections," Dkt. No. 216.) Zerby objects that Bruning's opinions are legal conclusions, are inadmissible under Federal Rules of Evidence 402 and 403, lack foundation, and are derived from a computer software program that doesn't meet the *Daubert* standard.

Zerby's main objection appears to be that Bruning is not qualified as an expert under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Rule 702 provides that a witness qualified as an expert by knowledge, skill, experience, training, or education may offer opinion testimony if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The burden of establishing the admissibility of expert testimony falls on the party seeking its admission. *See DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1146-47 (N.D. Cal. 2003) (citing *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)).

Zerby argues that Bruning does not have the knowledge, skill, experience, training, or education necessary to be qualified as an expert in this case because Bruning does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
|---|---|---|---|

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |
|---|---|

have experience litigating police misconduct, excessive force, or wrongful death cases. (Objection at 2-3, 5.) But even if that is true, Bruning is still qualified as an expert here. Bruning has been an attorney for decades in California and litigated many kinds of cases. (Bruning Decl. 1 ¶ 3.) For twenty years, he has represented hundreds of clients in fee review and analysis and provided expert opinion in these areas. (*Id.*) The Court isn't persuaded that more specifically tailored experience is required to opine on the issues here.

In fact, Bruning opines very little based on his experience. Instead, he opines based on the knowledge he obtained through legal research concerning fee awards granted by central district judges, and his scrutiny of the declarations supporting the fee motions. Bruning has enough knowledge, skill, experience, training, or education to opine based on these sources under Rule 702. To the extent Bruning offers opinions on matters where a civil rights attorney would be more knowledgeable, that goes to weight, not admissibility here. Thus objections to Bruning's qualifications as an expert are OVERRULED.

To the extent Zerby objects that Bruning's opinions lack foundation because they rely on inapplicable caselaw, those objections are better taken up as argument. The Court considers the arguments made in Plaintiffs' replies concerning whether cases Defendants cite from non civil rights contingency contexts, including *Kochenderfer* and *Welch*, apply. (*See, e.g.*, Zerby Reply at 10; R.S. & Amici Reply, Dkt. No. 214, at 7.)

As to the computer software program, Bruning's opinions do not appear to be based on that program. The computer program may have helped Bruning target specific billing entries, but his opinions in this area appear to be based on the attorneys' time entries, not on the computer program's output. This objection is OVERRULED.

Any remaining objections are OVERRULED and the motion to strike is DENIED.

## LEGAL STANDARD

Plaintiffs seek attorney fees under 42 U.S.C. Section 1988. That statute provides that in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
|---|---|---|---|

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |
|---|---|

cases brought under 42 U.S.C. Section 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

Courts follow a two-step analysis to determine what fee award is reasonable under Section 1988. First, courts calculate a starting point—the "lodestar"—by multiplying the hours reasonably spent on the case by a reasonable hourly rate. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, courts decide whether to award more or less than the lodestar based on what are called the *Kerr* factors. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *Fischer*, 214 F.3d at 1119.

Determining a reasonable hourly rate and reasonable hours spent can involve considerable number crunching. Indeed, sometimes "[t]he net result of fee-setting jurisprudence . . . is that the district courts must engage in an equitable inquiry of varying methodology while making a pretense of mathematical precision." *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F.3d 182, 189 (2d Cir. 2007) (O'Connor, J., sitting by designation, joining the opinion) (citation omitted).

But "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011). Thus "trial courts need not, and indeed should not, become green-eyeshade accountants." *Id.* Rather, they "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

## ANALYSIS

There is no dispute that Plaintiffs were the prevailing party in this case. The only issue is how much their attorneys should receive in fees. Thus the Court first discusses the lodestar calculation and then considers the additional *Kerr* factors.

## 1. LODESTAR

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
|---|---|---|---|

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |
|---|---|

The parties dispute both the reasonable hourly rate of Plaintiffs' attorneys and the reasonable hours spent. But before discussing either, it is helpful to remember why attorney fees are awarded under Section 1988 in the first place.

"The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley*, 461 U.S. at 429 (internal quotation marks omitted). As this Court has previously found, civil rights attorneys serve a vitally important public interest. By "present[ing] cases of people harmed by excessive governmental power," they help the judicial branch protect the fundamental balances of power struck by the United States Constitution. *McCown v. City of Fontana*, 711 F. Supp. 2d 1067, 1071 (C.D. Cal. 2010) *aff'd*, 464 F. App'x 577 (9th Cir. 2011).

Thus attorney fees under this Section serve, among other functions, to (1) incentivize attorneys to file potentially valid claims against the government, thus ensuring those who violate civil rights do not go unpunished; (2) give access to justice to those who may otherwise not get it for lack of resources; and (3) reward attorneys who take the risks associated with filing cases where they may not get paid. But Courts "must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases, and avoiding a windfall to counsel." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (internal citations omitted).

It seems that the incentive in these types of cases leads directly to windfalls. Attorneys represent to courts that their rate is high, get someone else (generally an attorney in their field who may also seek a similar rate in the future) to endorse that rate, and hope the court will grant something near it. Since they don't actually have to charge the rate to anyone, it doesn't matter if the rate is so high that no one would pay it. And then, once a court awards a high rate, the attorney (and the attorney in the field who endorsed the rate) can use that as justification for requesting an even higher rate in the next case. *See Kochenderfer v. Reliance Standard Life Ins. Co.*, 06-CV-620 JLS (NLS), 2010 WL 1912867 (S.D. Cal. Apr. 21, 2010) (describing declarations supporting the attorney fee motions as "self-serving and self-perpetuating").

Take attorney Beck, for example. Around September 2011, Beck told the Court that his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
|---|---|---|---|

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |
|---|---|

hourly rate was $400. This Court found that Beck had not sufficiently justified the $400 rate, and found that a $275 hourly rate was appropriate. Now, barely more than 3 years later, and for some time that directly overlaps with the time involved in the September 2011 case, Beck's claimed hourly rate has nearly *doubled* to $750. What explains this rise? Beck is more experienced now, but not much more so, especially at the start of this case. And Beck was the second attorney in both cases, so that doesn't help. It shouldn't take $350 more dollars an hour, or $475 more than this Court previously found reasonable, to attract qualified counsel to this kind of case only three years later.

The Court must strive to be true to the original purposes of Section 1988 fees while it conducts the lodestar analysis.

### 1.1 Reasonable Hourly Rate

"The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). In other contingency contexts, the Ninth Circuit has said that reasonable hourly rates may be "established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (ERISA) (citing *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992) *opinion vacated in part on other grounds on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993) (employment discrimination).

The Court finds that Plaintiffs have not carried their burden to justify many claimed hourly rates here for reasons including the following: (1) the evidence concerning the average rate of Los Angeles attorneys is not very helpful; (2) the declarations supporting the claimed rates are also not very helpful; and (3) some claimed rates do not reflect prevailing rates for the type of work attorneys actually performed on this case.

### 1.1.1 *Plaintiffs' Evidence Concerning Average Los Angeles Rates*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
| Title | R.S., et al. v. CITY OF LONG BEACH, et al. | | |

Plaintiffs' counsel point to surveys and news reports that say the average hourly rate of an attorney in the Los Angeles area is $800. (*See, e.g.*, Galipo Decl., Dkt. No. 194-1, Exhibit B.) This, they say, justifies an award in that range for their lead attorneys.

But this information, even if true, is not very helpful to a Court charged with "compensat[ing] counsel at the prevailing rate in the community *for similar work*; no more, no less." *Moreno*, 534 F.3d at 1111 (emphasis added). The rates in the cited materials include enormous, worldwide law firms with very wealthy clients, that litigate complex issues with hundreds of millions at stake. These firms generally don't do civil rights cases. And they certainly don't generally do contingency cases, where though there is great risk, there may also be great reward. Thus the rates charged by these firms don't necessarily reflect the prevailing rate in the community for similar work under *Moreno*. *See DuBose v. Cnty. of Los Angeles*, CV 09-7832 CAS AJW, 2012 WL 2135293, at *3n.8 (C.D. Cal. June 11, 2012) (noting that courts should not necessarily apply the same rates to attorneys seeking fees for civil rights claims as attorneys seeking fees for other claims).

Similarly, Fattahi justifies his claimed billing rate of $425 per hour in part by telling the Court that he billed $365 per hour when he worked at Quinn Emmanuel. (Decl. Of John Fattahi, Dkt. No. 194-4, ¶ 4.) But Quinn Emmanuel and Plaintiffs' attorneys' firms do not do similar work. Fattahi's billing rate at Quinn Emmanuel does not reflect the prevailing rate in Los Angeles for civil rights work.

Thus this information is not very helpful in determining reasonable rates.

### 1.1.2  *Declarations Supporting the Claimed Rates*

"Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). But declarations from other attorneys "do not conclusively establish the prevailing market

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
| --- | --- | --- | --- |

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |
| --- | --- |

rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

The declarations from attorneys supporting the rates requested do not conclusively establish the appropriate rates here because, as stated, they are "self-serving and self-perpetuating." *Kochenderfer*, 2010 WL 1912867. They come from people who state they know the attorney, say wonderful things about the attorney, and then say the attorney is worth what the attorney is asking for. (*See, e.g.*, Decl. Of Paul L. Hoffman, Dkt. Nos. 194-6; Decl. Of Danilo Becerra, Dkt. No. 194-9; Decl. Of John Burton, Dkt. No. 194-10 (all supporting Galipo's application).) These declarations help the Court somewhat, but they are not the most helpful evidence before it.

And they are even less helpful when they come from co-counsel in the same case. (*See, e.g.*, Decl. of Dale K. Galipo, Dkt. No. 202 (supporting Beck's application); Decl. of Thomas E. Beck., Dkt. No. 194-8 (supporting Galipo's application); Decl. of Robert M. Bruning in Support of Defendants' Opposition to Zerby Fee Motion ("Bruning Decl 1," Dkt. No. 210) ¶ 17; Decl. of Robert M. Bruning in Support of Defendants' Opposition to R.S. & Amici Fee Motion ("Bruning Decl. 2," Dkt. No. 211) ¶ 19.)

### 1.1.3   *Actual Work Performed*

In deciding reasonable hourly rates, the Court also considers the type of work attorneys actually performed in this case. For example, although Dizon is an attorney, much of the work she did on this case could have been performed by a paralegal. She spent a lot of time "centraliz[ing] communications and coordinat[ing] all plaintiffs' counsel," (Dizon Decl., Dkt. No. 199-1 ¶ 11) and organizing trial documents (*id.* ¶ 17).

Plaintiffs argue Dizon's rate should not be reduced, citing *Moreno*. They argue that having Dizon, an attorney, do this work "saved time because her involvement allowed her direct knowledge of all of the facts relating to the case and did not require Mr. Mardirossian or Mr. Beck to spend significant time to supervise, review, re-write or re-do her work." (Zerby Reply, Dkt. No. 215, at 4.) But the reasoning in *Moreno* is not directly on point here. The *Moreno* court reasoned that having the senior attorney do document review was not a basis for decreasing fees because it saved both a junior associate's time

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | | Date | January 31, 2014 |
|---|---|---|---|---|

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |
|---|---|

reviewing documents and also a partner's time supervising. *Moreno*, 534 F.3d at 1115.

But document review is very different from centralizing communications and organizing trial documents. Time may be saved by having a senior partner do document review. But there is no time saved by an experienced attorney coordinating schedules or organizing documents. Indeed, it seems like Zerby came around to this position in the end. *See* Zerby Reply at 8 (stating that Zerby "does not object to a reduction of [Dizon's] requested hourly rate for" the hours spent on tasks that could have been delegated to a paralegal).

Thus in setting Dizon's hourly rate, the Court considers factors including the degree of legal work she did, the Court's observations during trial, and the Court's overall sense of the case.

### 1.1.4 *Summary and Conclusion*

The Court finds that Plaintiffs' counsel have not sufficiently justified many claimed hourly rates, and that the hourly rates in the following chart are reasonable. These conclusions are based on the previous discussion, the declarations submitted supporting and opposing each hourly rate, the skill counsel showed in prosecuting this case, the fact that the fee was contingent, windfall considerations, the evidence both parties submitted of the hourly rates awarded by other courts in similar cases, the evidence counsel submitted of rates they have been awarded in previous cases, and other considerations.

| Attorney | Claimed Hourly Rate | Reasonable Hourly Rate |
|---|---|---|
| Dale Galipo | $800 | $800 |
| Kaveh Navab | $300 | $275 |
| Adrienne Quarry | $350 | $300 |
| John C. Fattahi | $425 | $350 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |

| Brian Claypool | $500 | $300 |
|---|---|---|
| Garo Mardirossian | $800 (though written as $850 in some places) | $550 |
| Thomas Beck | $750 | $300 |
| Rowena Dizon | $450 | $275 |

### 1.2 Reasonable Hours Spent

The Court next considers the number of hours spent on this case. To calculate how many hours to compensate, courts consider whether, in light of the circumstances, the time could reasonably have been billed to a private client. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). But "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1111.

The Court finds the number of hours spent on this litigation should be reduced for hours spent on (1) duplicated efforts; (2) media contact; and for (3) vague entries, among other things.

#### 1.2.1 *Duplication*

Many attorneys worked on this case. The Court recognizes each plaintiff's right to retain counsel, but does find that some work was duplicated by these two sets of attorneys. For example, they filed "frequently overlapping" yet separate oppositions to Defendants' motion for summary judgment (Dkt. Nos. 61, 62), which the Court ordered them to consolidate (Dkt. No. 70).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
|---|---|---|---|

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. | | |

Hours spent attending depositions, hearings, and trial should also be decreased under the circumstances here. For example, Claypool billed almost 130 hours just for attending trial in this case. (Claypool Time Entries, Dkt. No. 194-5; *see* Bruning Decl. 2 ¶ 55.) But he didn't examine any witnesses or otherwise speak at trial. He also billed for attending depositions, mediations, and hearings, where he did not participate. (*See id.*) The Court is mindful that at times it is necessary and prudent to take more than one attorney to these events. But awarding full fees for each person who attends is not always appropriate. Even Claypool seems to think that the important role he played in this case was the "investigation . . . in terms of locating witnesses and analyzing crucial evidence," not on later matters like motions or trial. (Decl. Of Brian Claypool, Dkt. No. 194-4, ¶ 11; *see also* Claypool Time Entries, Dkt. No. 194-5, between December 2010 and April 2012.) The Court finds that it is appropriate here to decrease the hours Claypool billed for attending matters related to this case. This says nothing of the questionable accuracy of Claypool's entries. (*See* Bruning Decl. 2 ¶ 44).

The Court similarly considers the hours billed for other attorneys who attended trial matters but did not participate substantially, understanding also that those attorneys may have had more to offer than direct participation in trial. (*See, e.g.*, Bruning Decl. 1 ¶ 45 (concerning Beck); Zerby Reply at 7 (stating that Beck sat at counsel table because of his experience with section 1983 jury trials).)

Along these lines, hours should be reduced for the extra communication required by the number of attorneys staffing this case. (*See* Bruning Decl. 1 ¶ 49.) Dizon alone billed 176 hours related to centralizing communication. (Dizon Decl. ¶ 11 and related time entries.) And on top of Dizon's centralization efforts, all of the attorneys on this case billed many hours communicating with the other attorneys. The Court finds that under the circumstances here, it is not appropriate to award fees for all of the communication hours billed.

The Court finds that a general 10% haircut under *Moreno* is warranted here. *See Moreno*, 534 F.3d at 1112. That haircut addresses the Court's general duplication concerns described here. The Court also finds that a modest additional decrease in hours for attorneys including Dizon, Beck, and Claypool for the reasons described is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
| Title | R.S., et al. v. CITY OF LONG BEACH, et al. | | |

### 1.2.2   Media Contact

This case was heavily publicized. But media contact is an activity "that attorneys generally do at their own expense." *Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995). The Court decreases reasonable hours spent accordingly. (*See* Claypool's Time Entries, Dkt. No. 194-5, at 12/15/10; 12/23/10; Mardirossian's Time Entries, Dkt. No. 197-1, at 3/14/11; 8/4/11; 11/3/11; 11/4/11; 1/15/12.)

Relatedly, hours spent related to the preparation of a YouTube video concerning this case are not appropriate under the circumstances here. (*See* Mardirossian's Time Entries at 1/15/12; 1/16/12; 6/22/12; 12/21/12; 1/5/12.) This video created problems during the case, and is the type of self promotion fit for performing at the attorney's own expense.

### 1.2.3   Vague Entries

When time entries are vague, it is difficult and sometimes impossible to tell whether the time was reasonably spent. The Court decreases hours spent accordingly. (*See* Bruning Decl. 1 ¶ 55; Exh. O, Dkt. No. 210-15 (citing entries of "legal research"); Bruning Decl. 2 ¶ 53; Exh. N, Dkt. No. 211-14 (citing entries including "review initial documents").)

### 1.2.4   Summary and Conclusion

Based on reasons including those just described, the Court finds that Plaintiffs' counsel have not sufficiently justified the claimed hours spent. The Court finds that the hours spent in the following chart are reasonable.

| Attorney | Claimed Hours Spent | Appropriate Deductions | Reasonable Hours Spent |
|---|---|---|---|
| Dale Galipo | 748.4 | 75 | 673.4 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-536 AG (RNBx)                Date   January 31, 2014

Title   R.S., et al. v. CITY OF LONG BEACH, et al.

| | | | |
|---|---|---|---|
| Kaveh Navab | 136.65 | 25 | 111.65 |
| Adrienne Quarry | 92.4 | 13 | 79.4 |
| John C. Fattahi | 3.5 | 0.7 | 2.5 |
| Brian Claypool | 558.8 | 175 | 383.8 |
| Garo Mardirossian | 591.45 | 115 | 476.45 |
| Thomas Beck | 301.05 | 55 | 246.05 |
| Rowena Dizon | 1326.05 | 260 | 1066.05 |

Thus, the lodestar calculation is as follows:

| Attorney | Reasonable Hourly Rate | Reasonable Hours | Total |
|---|---|---|---|
| Dale Galipo | $800 | 673.4 | $538,720 |
| Kaveh Navab | $275 | 111.65 | $30,703.75 |
| Adrienne Quarry | $300 | 79.4 | $23,820 |
| John C. Fattahi | $350 | 2.5 | $875 |
| Brian Claypool | $300 | 383.8 | $105,545 |
| Garo Mardirossian | $550 | 476.45 | $262,048 |
| Thomas Beck | $300 | 246.05 | $73,815 |
| Rowena Dizon | $275 | 1066.05 | $293,164 |
| **Total Lodestar** | | | **$1,338,285** |

But, of course, the lodestar is only the first step in the attorney fee determination. The Court now turns to the additional factors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |

## 2.    DEPARTURE FROM THE LODESTAR

As stated, the Court must consider the *Kerr* factors in deciding whether to depart from the lodestar. The *Kerr* factors not already included in the lodestar calculation are: (1) time limitations imposed by the client or the circumstances, (2) the amount involved and the results obtained, (3) the experience, reputation, and ability of the attorneys, (4) the "undesirability" of the case, (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases. *Kerr*, 526 F.2d 67 (listing the twelve factors); *see also Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (finding that five of the factors have been subsumed in the lodestar calculation); *see also Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (stating that a sixth factor is irrelevant in evaluating attorney's fees).

Concerning factor (2), courts assess whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. The Ninth Circuit has held that "attorney's fees awarded under 42 U.S.C. § 1988 must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims, and the result does not confer a meaningful public benefit." *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2008).

In light of this, the Court wrote the following in its April 18, 2013 Order:

> Considering the factors to award fees under 28 U.S.C. § 1988, the Court wonders whether a principal theory presented by the Plaintiffs is that the officers, after an inadvertent gunshot, lied about being fearful of Douglas Zerby possessing a gun, as perhaps reflected in the following statement from closing argument:
>
> > [Y]ou've got to think for yourselves, for a moment, could this be as the Plaintiffs had suggested that this [was] an inadvertent shot, a contagious fired [shot] that killed an innocent man? And then the officers sort of said, we'd better figure out what happened here. . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
|----------|------------------------|------|------------------|

| Title | R.S., et al. v. CITY OF LONG BEACH, et al. |
|-------|---------------------------------------------|

> We can't say this was accidental or inadvertent. That looked like a
> gun, didn't it fellas? I think it is. I thought it was a gun. As a matter
> of fact, he was pointing that gun, wasn't he? Yeah, yeah, he was
> pointing. . . . So is it likely, is it possible, that these officers realized
> their mistake, their dire mistake, and got back there and thought
> about how to best justify their actions?

Rough Trial Transcript of April 2, 2013.

(Order Re Post-Trial Motions, Dkt. No. 164, at 1-2.)

Counsel did not address this in their papers, so confusion remains. If this really reflected
the public benefit Plaintiffs sought to advance, they didn't succeed. The Court finds it
appropriate to not award fees for the 16 hours Mardirossian billed for "[t]rial prep for
closing," and for the roughly 2 hours of closing argument itself. Thus the Court decreases
the fees awarded to Mardirossian by 18 hours at $550 per hour, or $9,900.

The Court finds that none of the other *Kerr* factors warrant departure from the lodestar
here. Further, the Court is confident, under all the circumstances that the Court became
very familiar with over the course of this case and through trial, that Plaintiffs' counsel's
final compensation for the work done on this case will incentivize plaintiffs attorneys to
take Section 1983 cases in the future.

**3.    COSTS**

Now to costs. R.S. and Amici request $8,803.51 in costs. (R.S. & Amici Cost
Application.) Defendants do not object. The costs requested appear to be reasonable.
The Court GRANTS R.S. and Amici's Cost Application.

Zerby requests $131,198.14 in costs. (Zerby Cost Application.) Defendants object to 3
entries: $5,625 for an animation, $82,000 for creating a scale model diorama, and $18,000
for digital trial technicians. (Defendants' Objection to Zerby Cost Application, Dkt. No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-536 AG (RNBx) | Date | January 31, 2014 |
|---|---|---|---|
| Title | R.S., et al. v. CITY OF LONG BEACH, et al. | | |

209.)

As the Court stated at the hearing, while some demonstratives in this trial were flashy, at times they did not seem to be employed to their full effectiveness. The Court thus finds that awarding $4,000 for the animation is appropriate. As to the model, counsel for Defendants said at the hearing that he did not object to the Court awarding costs for the scale model. The Court awards the full costs for the model.

Thus the Court GRANTS in part Zerby's request for costs in the amount of $129,573.14.

**DISPOSITION**

The Court GRANTS in part R.S. and Amici's Fee Motion and Zerby's Fee Motion, and awards $1,328,385. The Court GRANTS in full R.S. and Amici's Cost Application, which requests $8,803.51 in costs. The Court GRANTS in part Zerby's Fee Request, and awards $129,573.14 in costs.

|  |  | : | 0 |
|---|---|---|---|
| Initials of Preparer | lmb |  |  |