ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
DAVID M. MEEKER, STATE BAR NO. 273814
JONATHAN A. WIENER, State Bar No. 265006
M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 879-0299
  Fax:  (510) 622-2270
  E-mail:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM,** in his official capacity as the Governor of California**,**<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE UNITED STATES' COMPLAINT IN INTERVENTION (ECF 56)**<br><br>Date:       November 21, 2025<br>Time:      1:30 PM<br>Courtroom: 8, 13th Floor<br>Judge:    Hon. Dena Coggins<br>Trial Date: Not Set<br>Action Filed: August 11, 2025 |

i

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

YOU ARE HEREBY GIVEN NOTICE that on November 21, 2025, at 1:30 p.m., or as soon thereafter as this matter may be heard, the California Air Resources Board, Steven S. Cliff, in his official capacity as Executive Officer of the California Air Resources Board, and Gavin Newsom, in his official capacity as the Governor of the State of California, will and hereby do respectfully move to dismiss all the United States' claims against the Governor and the United States' claim challenging the 2036 sales requirement in the California Air Resources Board's Advanced Clean Fleets regulation against all Defendants.

This Motion to Dismiss is brought under Federal Rule of Civil Procedure 12(b)(1). Defendants' Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the United States' Complaint in Intervention and the documents incorporated by reference therein, and other such written and oral argument as may be presented to the Court.

Counsel for Defendants and Plaintiff-Intervenors have exhausted meet and confer efforts. On Wednesday, October 8, 2025, counsel for Defendants and Plaintiff-Intervenors met and conferred via videoconference. The parties were not able to resolve the disputed issues presented in this motion through meet and confer.

Dated: October 10, 2025                    Respectfully submitted,

                                           ROB BONTA
                                           Attorney General of California
                                           MYUNG J. PARK
                                           Supervising Deputy Attorney General


                                           /s/ M. Elaine Meckenstock
                                           M. ELAINE MECKENSTOCK
                                           Deputy Attorney General
                                           *Attorneys for Defendants*

ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
DAVID M. MEEKER, State Bar No. 273814
JONATHAN A. WIENER, State Bar No. 265006
M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA 94612-0550
  Telephone: (510) 879-0299
  Fax: (510) 622-2270
  E-mail: Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board**;** and **GAVIN NEWSOM,** in his official capacity as the Governor of California**,**<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE UNITED STATES' COMPLAINT IN INTERVENTION (ECF 56)**<br><br>Date:              November 21, 2025<br>Time:             1:30 PM<br>Courtroom:    8, 13th Floor<br>Judge:           Hon. Dena Coggins<br>Trial Date:     Not Set<br>Action Filed:  August 11, 2025 |

1

**TABLE OF CONTENTS**

2

**Page**

3    INTRODUCTION ................................................................................................... 1

4    BACKGROUND ................................................................................................... 1

5        A.    A Brief History of State and Federal Regulation of Motor Vehicle
     Emissions ................................................................................................... 1

6        B.    The Challenged CARB Regulations ........................................................ 2

         C.    The Clean Truck Partnership ................................................................... 3

7        D.    Procedural History ................................................................................... 4

8    STANDARD OF REVIEW ................................................................................... 4

9    ARGUMENT ......................................................................................................... 5

     I.     All Claims Against The Governor Should Be Dismissed for Lack of Standing ................ 6

10       A.    The Governor Does Not Enforce the Regulations Challenged in the First
     Claim  6

11       B.    The Governor Is Not a Signatory to the CTP Challenged in the Second
12   Claim, Nor Does He Enforce its Terms ................................................... 8

13       II.   The United States' Preemption Challenge to the Advanced Clean Fleets
     Regulation Should Be Dismissed, as to All Defendants, for Lack of
14   Jurisdiction ............................................................................................... 9

15   CONCLUSION ..................................................................................................... 11

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

<u>Page</u>

3

CASES

4

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
729 F.3d 937 (9th Cir. 2013) ................................................................... 6

5

6

*Buscemi v. Bell*
964 F.3d 252 (4th Cir. 2020) ................................................................... 9

7

*Chandler v. State Farm Mut. Auto. Ins. Co.*
598 F.3d 1115 (9th Cir. 2010) ................................................................. 4

8

9

*Env't Conservation Org. v. City of Dallas*
529 F.3d 519 (5th Cir. 2008) ................................................................. 10

10

11

*In re Gilead Scis. Sec. Litig.*
536 F.3d 1049 (9th Cir. 2008) ................................................................. 7

12

13

*Lujan v. Defs. of Wildlife*
504 U.S. 555 (1992) ................................................................................. 5

14

*Motor & Equip. Mfrs. Ass'n, Inc. v. EPA (MEMA I)*
627 F.2d 1095 (D.C. Cir. 1979) .............................................................. 2

15

16

*Murthy v. Missouri*
603 U.S. 43 (2024) ............................................................................... 5, 6

17

18

*Nat'l Audubon Soc'y, Inc. v. Davis*
307 F.3d 835 (9th Cir. 2002) ................................................................... 6

19

*Nat'l Parks & Conservations Ass'n v. BLM*
606 F.3d 1058 (9th Cir. 2009) ................................................................. 8

20

21

*Platinum Sports Ltd. v. Snyder*
715 F.3d 615 (6th Cir. 2013) ................................................................. 10

22

23

*Reddy v. Foster*
845 F.3d 493 (1st Cir. 2017) ................................................................... 9

24

*Safe Air for Everyone v. Meyer*
373 F.3d 1035 (9th Cir. 2004) ............................................................. 4, 5

25

*Simon v. Eastern Kentucky Welfare Rights Org.*
426 U.S. 26 (1976) ................................................................................. 5

26

27

*Spokeo, Inc. v. Robins*
578 U.S. 330 (2016) ................................................................................. 5

28

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Stavrianoudakis v. U.S. Fish & Wildlife Serv.*
    108 F.4th 1128 (9th Cir. 2024)..............................................................5, 10

4

5

*Steckman v. Hart Brewing, Inc.*
    143 F.3d 1293 (9th Cir. 1998)......................................................................7

6

*Stockton v. Brown*
    No. 24-3777, 2025 WL 2656631 (9th Cir. Sept. 17, 2025) ......................10

7

8

*TransUnion v. Ramirez*
    594 U.S. 413 (2021)......................................................................................5

9

10

*United States v. City of Arcata*
    629 F.3d 986 (9th Cir. 2010)........................................................................5

11

*United States v. Illinois*
    No. 25-CV-1285, 2025 WL 2098688 (N.D. Ill. July 25, 2025)...........5, 6, 8, 9

12

13

*Warth v. Seldin*
    422 U.S. 490 (1975)...................................................................................10

14

*WildEarth Guardians v. Mont. Snowmobile Ass'n*
    790 F.3d 920 (9th Cir. 2015)........................................................................8

15

16

**STATUTES**

17

42 U.S.C.
    § 7543(a) ......................................................................................................1

18

    § 7543(b) ......................................................................................................9

19

    § 7543(b)(1) .................................................................................................2

20

Pub. L. No. 89-272, § 202, 79 Stat. 992 (1965)................................................2

21

Pub. L. No. 90-148, § 208(a), (b), 81 Stat. 485, 501 (1967).............................2

22

Cal. Health & Saf. Code
    § 43000(a) ....................................................................................................2

23

    § 43013(a) ....................................................................................................2

24

    § 43017.........................................................................................................2

    § 43154.........................................................................................................7

25

    § 43154(b) ....................................................................................................7

26

**RULES**

27

Federal Rule of Civil Procedure 12(b)(1) ..................................................1, 4

28

iii

## TABLE OF AUTHORITIES
**(continued)**

**Page**

**REGULATIONS**

Cal. Code Regs., Title 13
  § 1900(b)(6) ................................................................................................................. 3
  § 1900(b)(13) ............................................................................................................... 3
  § 1956.8(a)(2)(C) .......................................................................................................... 3
  § 1956.8(a)(2)(D) .......................................................................................................... 3
  § 1963(c) ...................................................................................................................... 3
  § 1963 *et seq.* .............................................................................................................. 2
  § 1963.1(b) .................................................................................................................... 3
  § 2016 ........................................................................................................................... 3
  § 2016(c) ..................................................................................................................... 10
  § 2016(e) ..................................................................................................................... 10

**FEDERAL REGISTER**

88 Fed. Reg. 20,688 (Apr. 6, 2023) .................................................................................. 3

90 Fed. Reg. 644 (Jan. 6, 2025) ....................................................................................... 3

**INTRODUCTION**

Plaintiff Intervenors the United States and the U.S. Environmental Protection Agency (collectively the "United States") have filed suit against three State defendants—Governor Gavin Newsom, the California Air Resources Board (CARB), and CARB's Executive Officer Steven Cliff—alleging that three CARB regulations and a voluntary agreement between CARB and private parties (including Plaintiffs here) are preempted under Section 209(a) of the Clean Air Act, 42 U.S.C. § 7543(a). The United States asks the Court to declare CARB's regulations and the agreement—the Clean Truck Partnership (CTP)—preempted and to enjoin all Defendants from implementing or enforcing them. This Court should dismiss (1) all the United States' claims against the Governor and (2) the United States' claim challenging the 2036 sales requirement in CARB's Advanced Clean Fleets regulation against all Defendants under Federal Rule of Civil Procedure 12(b)(1) for lack of standing or ripeness. The United States cannot meet its burden to show that its alleged injuries stemming from the challenged regulations and the CTP are fairly traceable to the Governor's conduct, or that its alleged injuries could be redressed by its requested relief against the Governor, because the Governor has no role in enforcing or implementing the regulations or the agreement. Similarly, the United States cannot establish injury-in-fact, redressability, or ripeness for its preemption challenge to the 2036 sales requirement *that will first apply nine years from now* because CARB has already stipulated in a signed court order in another case that it will not enforce that requirement unless and until it receives a preemption waiver from EPA.

**BACKGROUND**

**A.    A Brief History of State and Federal Regulation of Motor Vehicle Emissions**

California has long faced severe air quality challenges, including ozone (or smog) pollution, which increases incidences of respiratory ailments; and particulate matter pollution, which can lead to heart attacks and premature deaths.[1] Motor vehicles are substantial sources of this

---

[1] *See* CARB, *2022 State Strategy for the State Implementation Plan* 1-2 (2022), https://ww2.arb.ca.gov/sites/default/files/2022-08/2022_State_SIP_Strategy.pdf; CARB, *Revised*
(continued…)

1

1  pollution.  Cal. Health & Saf. Code § 43000(a).  Accordingly, California has been setting

2  emission standards for new motor vehicles since the 1950s.  *Motor & Equip. Mfrs. Ass'n, Inc. v.*

3  *EPA* (*MEMA I*), 627 F.2d 1095, 1109 (D.C. Cir. 1979).

4        Congress began requiring federal vehicle emission standards in 1965 but did not initially

5  preempt the States.  Pub. L. No. 89-272, § 202, 79 Stat. 992 (1965).  Two years later,

6  manufacturers "raised the spectre of an anarchic patchwork of federal and state regulatory

7  programs."  *MEMA I*, 627 F.2d at 1109.  Acting on this concern, Congress generally preempted

8  States from setting emission standards for new motor vehicles but required EPA to waive that

9  preemption for California, upon request, absent limited conditions.  Pub. L. No. 90-148, § 208(a),

10  (b), 81 Stat. 485, 501 (1967).  Congress did so in recognition of "the benefits for the Nation to be

11  derived from permitting California to continue its experiments in the field of emissions control …

12  and the benefits for the people of California to be derived from letting that State improve on 'its

13  already excellent program.'"  *MEMA I*, 627 F.2d at 1109-10 (quoting S. Rep. No. 90-403, at 33

14  (1967)).  Thus, following "notice and opportunity for public hearing," EPA "shall … waive"

15  Clean Air Act preemption for California unless the record evidence supports one of the three

16  limited findings that permit denial.  42 U.S.C. § 7543(b)(1).  Since the enactment of this waiver

17  provision in 1967, EPA has granted more than seventy-five preemption waivers to California as

18  the State has expanded and strengthened its program.[2]

19        **B.    The Challenged CARB Regulations**

20        CARB is the California agency tasked with designing, promulgating, and enforcing the

21  State's motor vehicle pollution control program.  *E.g.*, Cal. Health & Saf. Code § 43013(a) ("The

22  state board shall adopt and implement motor vehicle emission standards….");  *id.* § 43017 ("The

23  state board may enjoin any violation of any provision of this part, or of any order, rule, or

24  regulation of the state board….").  CARB adopted the first regulation challenged here—the

25  Advanced Clean Trucks (ACT) rule—in 2021.  *See* Cal. Code Regs., tit. 13, § 1963 *et seq.*  Like

26  *Proposed 2016 State Strategy for the State Implementation Plan* 15-16 (2017),
   https://ww2.arb.ca.gov/sites/default/files/classic/planning/sip/2016sip/rev2016statesip.pdf.

27  [2] *See* EPA, *Vehicle Emissions California Waivers and Authorizations*,
   https://www.epa.gov/state-and-local-transportation/vehicle-emissions-california-waivers-and-

28  authorizations, last visited October 5, 2025.

2

1    CARB's longstanding zero-emission-vehicle requirements for passenger cars and light trucks,

2    ACT requires increasing sales of zero-emission vehicles—but in the medium- and heavy-duty

3    sector—beginning with model year 2024.[3]  Cal. Code Regs., tit. 13, § 1963.1(b).  EPA waived

4    preemption for ACT in 2023.  88 Fed. Reg. 20,688 (Apr. 6, 2023).  As part of a different

5    regulation also challenged by the United States in this action (the Advanced Clean Fleets

6    regulation), CARB adopted a requirement that all medium- and heavy-duty vehicles sold in

7    California in model year 2036 be zero emission.  Cal. Code Regs., tit. 13, § 2016.[4]  EPA has not

8    yet waived preemption for this requirement, and CARB has stipulated—in a court order in

9    another case—that it will not enforce this requirement until it has such a waiver.  U.S. Complaint

10   in Intervention ("Compl.") ¶¶ 45-46, ECF 56.  At the same time, CARB has required new

11   vehicles with combustion engines sold in the State to reduce emission levels.  Relevant here,

12   CARB tightened its oxide of nitrogen (NOx) standards for medium- and heavy-duty vehicles and

13   engines in the final regulation challenged by the United States: the Omnibus regulation.  Cal.

14   Code Regs., tit. 13, § 1956.8(a)(2)(C), (a)(2)(D).  EPA once again waived preemption.  90 Fed.

15   Reg. 644 (Jan. 6, 2025).[5]

16        **C.    The Clean Truck Partnership**

17        In 2023, several manufacturers of medium- or heavy-duty engines and vehicles (including

18   the private party Plaintiffs in this case) and their trade association (the Engine Manufacturers

19   Association (EMA)) signed the CTP with CARB.  All parties sought to reduce or resolve

20   uncertainties they faced through this voluntary agreement.  CARB agreed to provide

21   manufacturers four years of lead time in future heavy-duty vehicle regulations.  CTP at 1, ECF 1-

22   2. CARB also agreed to commence consideration of certain amendments to its existing

23

24        [3] As currently defined, a zero-emission vehicle is one that produces zero exhaust
     emissions of any pollutant—e.g., a battery-electric vehicle.  Cal. Code Regs., tit. 13, § 1963(c).
25   Vehicles are classified as medium- or heavy-duty based primarily on their weight.  Cal. Code
     Regs., tit. 13, § 1900(b)(6), (b)(13).
26        [4] The Advanced Clean Fleets regulation contains several other components that are not at
     issue here.
27        [5] This waiver, and the one permitting enforcement of the ACT regulation, were later
     "disapproved" by congressional resolutions that California contends are unconstitutional.  *See*
28   Defendants' Opp. to Plaintiffs' PI Mot. 20-32, ECF 73.  Those contentions are not presented in
     this motion.

                                            3

regulations by specified dates.  *Id.* at App. B.  EMA and the manufacturers promised not to bring legal challenges to the Omnibus, ACT, or Advanced Clean Fleets regulations, and to refrain from supporting challenges brought by others.  *Id.* at App. D, ¶ A.  The manufacturers also agreed to sell clean vehicles in California consistent with the Omnibus and ACT regulations, and with the 2036 requirement in Advanced Clean Fleets, regardless of CARB's authority to enforce those regulations.  *Id.* at App. D, ¶ B.

California's Governor did not sign the CTP, *id.* at 4-6; and, indeed, the agreement does not reference the Governor at all, *see id.* at 1-6.

**D.    Procedural History**

The private party Plaintiffs filed suit on August 11, 2025.  ECF 1.  They submitted a preliminary injunction motion on all claims the next day, along with a motion to file an overlength brief.  ECF 22, 23.  The Court permitted the filing on August 13.  ECF 36.  The United States moved to intervene.  ECF 43.  This Court granted that motion and set a briefing and hearing schedule for the preliminary injunction, after considering the parties' competing schedule proposals.  ECF 54.  The United States filed its Complaint in Intervention for Declaratory and Injunctive Relief on August 22, ECF 56, and joined the private party Plaintiffs' preliminary injunction motion in part, only as to the preemption challenges to the CTP and the ACT, Advanced Clean Fleets, and Omnibus regulations, on August 27, ECF 57.  The parties stipulated to extend the time to respond to the private party Plaintiffs' Complaint and the United States' Complaint in Intervention, ECF 60, and the Court entered an order extending Defendants' time to respond to October 10, 2025, ECF 65.  Defendants do not seek to present oral testimony, unless the United States offers such testimony, and anticipate that 30 minutes will be required for any hearing on this Motion.

**STANDARD OF REVIEW**

"The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing and that claims be ripe for adjudication."  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010) (cleaned up).  "The party asserting federal subject matter jurisdiction bears the burden of proving

4

1   its existence." *Id.* at 1122. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe*

2   *Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the

3   challenger asserts that the allegations contained in a complaint are insufficient on their face to

4   invoke federal jurisdiction." *Id.*

5                                                    **ARGUMENT**

6          Article III "standing is an essential and unchanging part of the case-or-controversy

7   requirement," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), requiring plaintiffs to prove

8   they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of

9   the defendant, and (3) that is likely to be redressed by a favorable judicial decision," *Spokeo, Inc.*

10  *v. Robins*, 578 U.S. 330, 338 (2016). "[S]tanding is not dispensed in gross." *TransUnion v.*

11  *Ramirez*, 594 U.S. 413, 431 (2021). Instead, "'plaintiffs must demonstrate standing for each

12  claim that they press' against each defendant, 'and for each form of relief that they seek.'"

13  *Murthy v. Missouri*, 603 U.S. 43, 61 (2024) (quoting *TransUnion LLC*, 594 U.S. at 431). "[A]

14  federal court [can] act only to redress injury that fairly can be traced to the challenged action of

15  the defendant, and not injury that results from the independent action of some [other] party."

16  *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). "Article III also

17  requires that a plaintiff's claim be ripe for adjudication." *Stavrianoudakis v. U.S. Fish & Wildlife*

18  *Serv.*, 108 F.4th 1128, 1138 (9th Cir. 2024). "Constitutional ripeness overlaps with the injury-in-

19  fact element of Article III standing, and therefore the inquiry is largely the same: whether the

20  issues presented are definite and concrete, not hypothetical or abstract." *Id.* at 1139 (cleaned up).

21         Article III requirements apply with no less force when the United States is the plaintiff. *See*

22  *United States v. City of Arcata*, 629 F.3d 986, 989 (9th Cir. 2010) (United States established

23  injury in fact for standing); *United States v. Illinois*, No. 25-CV-1285, 2025 WL 2098688, at *4

24  (N.D. Ill. July 25, 2025) ("Before evaluating the legal sufficiency of the United States's claims,

25  the court considers standing as to each Defendant."). At the pleading stage, the United States

26  "must allege facts that demonstrate each element of standing" for each claim against each

27  defendant. *Illinois*, 2025 WL 2098688, at *4; *see also Spokeo*, 578 U.S. at 338. The United

28  States has failed to allege (and cannot allege) sufficient facts to establish standing for any of its

                                                         5

1    claims against the Governor or to establish standing or ripeness for its challenge to the 2036 sales

2    requirement in Advanced Clean Fleets.  The Court should dismiss these claims.

3    **I.    ALL CLAIMS AGAINST THE GOVERNOR SHOULD BE DISMISSED FOR LACK OF STANDING**

4

5            The United States has failed to meet its burden to show that any alleged injuries tied to its

6    preemption claims are fairly traceable to Governor Newsom's conduct or could be redressed by

7    its requested relief against the Governor.  Although the United States sues the Governor in his

8    "official capacity," Compl. ¶ 16, and an "official-capacity suit" is treated as a suit against the

9    entity, "when an individual is named, a complaint must still allege injuries traceable to that

10   individual defendant."  *Illinois*, 2025 WL 2098688, at *6; *see also Murthy*, 603 U.S. at 61

11   ("plaintiffs must demonstrate standing for each claim that they press *against each defendant*")

12   (emphasis added) (cleaned up)).

13           In *United States v. Illinois*, the court ruled that the United States lacked standing to sue the

14   Illinois Governor because the United States "fail[ed] to allege that Governor Pritzker play[ed] any

15   role in enforcing" the state statute at issue, which meant the United States failed to establish that

16   any injuries caused by the statute were "traceable to him."  2025 WL 2098688, at *6.  "Governor

17   Pritzker ha[d] no enforcement power" with respect to the challenged statute and local ordinances,

18   such that "the relief sought—an injunction prohibiting him from enforcing [said laws]—would

19   have [had] no practical effect and could not redress the injuries alleged."  *Id.*  So too here.

20       **A.    The Governor Does Not Enforce the Regulations Challenged in the First Claim**

21

22           CARB officials, not the Governor, implement and enforce CARB regulations.  *Supra* 2:20-

23   24; *cf. Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (affirming dismissal

24   of California Governor because he lacks "the requisite enforcement connection" to challenged

25   law); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir.

26   2013) (same).[6]  The United States concedes as much when it alleges "*CARB* continues to threaten

27           [6] In *National Audubon Society* and *Association des Eleveurs*, the Governor was dismissed
28   because claims against him did not fit within the *Ex parte Young* exception to sovereign

                                                                                          (continued…)

                                                    6

1    substantial regulatory fines against any manufacturer who sells vehicles in California without a

2    CARB certificate."  Compl. ¶ 92 (emphasis added); *see also id.* ¶¶ 88-91 (alleging other actions

3    by CARB).  Indeed, the United States references California Health & Safety Code § 43154 as the

4    means of enforcement for CARB standards, *id.* ¶ 91, and that provision states that "[a]ny action to

5    recover a penalty under this section [concerning vehicle emission regulations] shall be brought …

6    by the Attorney General *on behalf of the state board* [CARB]" or by district or county attorneys,

7    Cal. Health & Saf. Code § 43154(b).  That enforcement provision provides *no* role for the

8    Governor.  *See id.*

9           The United States attempts to establish a regulatory enforcement role for the Governor by

10   alleging he "has directed CARB to continue enforcing preempted CARB regulations."  Compl.

11   ¶ 16; *see also id.* ¶ 10 (alleging Governor "is charged with enforcing state law"), ¶ 93 (alleging

12   Governor "ordered CARB to keep enforcing" the challenged regulations).  This allegation is

13   entirely conclusory, and the Court need not, and should not, accept it as true, *In re Gilead Scis.*

14   *Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)—particularly since the Complaint never connects

15   any action by the Governor to the enforcement of CARB's regulations.  Indeed, the Governor's

16   Executive Order N-27-25—the sole action of the Governor referred to by the United States, *see*

17   Compl. ¶¶ 93-97 (citing to the Executive Order available at https://perma.cc/5UV5-DSPE)—

18   contradicts the Complaint's conclusory allegation.  Certainly, the Executive Order directs CARB

19   to take several steps, including developing and proposing *new* regulations, Executive Order at 2

20   ¶ 2, and maintaining lists of manufacturers who may receive preferential treatment under state-

21   funded incentive programs, *id.* at 3 ¶ 3.  But the Executive Order nowhere mentions enforcement

22   of any of CARB's regulations nor directs CARB to do anything at all with respect to *its existing*

23   *regulations*.  *See id.*  The Complaint thus fails to allege that the Governor plays any role in the

24   enforcement of CARB's regulations.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96

25   (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are

26   contradicted by documents referred to in the complaint.").

27   immunity.  While that immunity and its exception are not relevant where the United States is the
     plaintiff, these cases nonetheless reflect the Ninth Circuit's recognition that California officials
28   *other than the Governor* are generally the ones who *enforce* state laws.

1    Because California's Health & Safety Code provides no role for the Governor in the

2    enforcement of CARB regulations, and the United States has not alleged otherwise, the United

3    States has not established, and cannot establish, that its alleged injuries from enforcement of these

4    regulations are traceable to the Governor.  And, for the same reasons, any injunction against the

5    Governor would have no practical effect on that enforcement and would not redress the United

6    States' alleged injuries.  The Governor should be dismissed from the United States' "First Claim

7    for Relief"—which challenges CARB's regulations—for lack of subject matter jurisdiction.  *See*

8    *Illinois*, 2025 WL 2098688, at *6; *see also Nat'l Parks & Conservations Ass'n v. BLM*, 606 F.3d

9    1058, 1074-75 (9th Cir. 2009) (upholding dismissal of claims against the National Park Service

10   for lack of standing where another agency was "responsible for approving" the challenged project

11   and thus "a favorable decision would not redress the [alleged] injury").

12
13   **B.    The Governor Is Not a Signatory to the CTP Challenged in the Second
          Claim, Nor Does He Enforce its Terms**

14   Likewise, the Governor is not a party to the CTP and does not enforce the terms of the

15   agreement.  *See* CTP at 4-6.  The United States does not allege otherwise and, indeed, fails to

16   identify any authority for the proposition that the Governor, in his official capacity, may

17   "implement or enforce" an agreement to which he is not a party.  As with CARB's regulations,

18   the Governor is thus not causing the United States any injury it alleges from the CTP, and no

19   relief against the Governor would redress any such injury.  The United States lacks standing to

20   bring its CTP challenge against the Governor and this claim, too, should be dismissed.

21   The United States cannot avoid this result by alleging that "Governor Newsom issued an

22   Executive Order threatening vehicle manufacturers with detrimental regulatory treatment for

23   failure to follow the Clean Truck Partnership."  Compl. ¶ 16.  For one thing, the United States

24   does not allege *the Executive Order*—i.e., the action the Governor took—is preempted.[7]  Compl.

25
26   [7] Perhaps this is because any challenge to the Executive Order would be unripe and, in any
     event, would have to be stated against CARB or other implementing agencies.  The Executive
27   Order merely directs state agencies to take further actions, without prescribing the time or manner
     of performance.  *Id.* ¶¶ 93, 95.  If and when such actions occur, and if the United States believes it
28   is adversely affected, then and only then would the United States have a concrete, ripe claim.
     *WildEarth Guardians v. Mont. Snowmobile Ass'n*, 790 F.3d 920, 933 (9th Cir. 2015).

8

1  at 22 (alleging "Preemption of the ACT, ACF, and Omnibus Rules"); *id.* at 24 (alleging

2  "Preemption of the Clean Truck Partnership").  Nor does the United States request any relief

3  against the Executive Order.  *Id.* at 25-26 ("Prayer for Relief").  For another, the United States

4  itself argues that the CTP is enforced, not through the Governor's Executive Order, but by

5  CARB—for example, "by requiring certification of vehicles."  U.S. Reply on PI Mot. 15:13-14,

6  ECF 74; *see also id.* at 15:22-23 (similar).  The United States also embraced the reply brief of the

7  private Plaintiffs on their preliminary injunction motion, *id.* at 15:6, which asserts (incorrectly)

8  that "penalties for [CTP] violations necessarily arise under [CARB] *regulatory provisions*," ECF

9  75 at 10:11-12 (emphasis added).  Regardless of whether the CTP can be enforced through

10  contract remedies (as Defendants argued, ECF 73 at 13 n.9) or through penalties imposed by

11  CARB (as private Plaintiffs assert), one thing is clear: *the Governor* does not enforce the CTP.

12  The Executive Order thus provides no reason to keep the Governor in this suit for the "Second

13  Claim for Relief."

14      In sum, the United States' requested relief against the Governor—an injunction prohibiting

15  him from implementing or enforcing CARB's regulations or the CTP—"would have no practical

16  effect and could not redress" the United States' alleged injuries because the Governor has "no

17  enforcement power" over CARB's regulations or the CTP.  *Illinois*, 2025 WL 2098688, at *6.

18  The Governor should be dismissed from this suit.

19  **II.   THE UNITED STATES' PREEMPTION CHALLENGE TO THE ADVANCED CLEAN
         FLEETS REGULATION SHOULD BE DISMISSED, AS TO ALL DEFENDANTS, FOR LACK
20       OF JURISDICTION**

21      The United States also seeks to enjoin enforcement of the model year 2036 sales

22  requirement adopted as part of the Advanced Clean Fleets regulation.  Compl. at 25-26 (Prayer

23  for Relief, ¶ B).  The United States asserts that requirement has no waiver under Section 209(b)

24  of the Clean Air Act, 42 U.S.C. § 7543(b), and is therefore preempted.  *See id.* ¶¶ 106-07.  But the

25  United States cannot meet its burden to demonstrate a concrete, particularized injury from the

26  2036 sales requirement because CARB has already stipulated—in a signed court order in another

27  case—that it will not enforce this regulatory requirement unless and until it has a preemption

28  waiver from EPA.  *Id.* ¶¶ 45-46 (describing this "Order"); *see Buscemi v. Bell*, 964 F.3d 252, 260

9

1  (4th Cir. 2020) (no standing where state agency "has stipulated that it … will not" engage in

2  challenged conduct); *Reddy v. Foster*, 845 F.3d 493, 501-02 (1st Cir. 2017) ("plaintiffs lack

3  standing, at this time" where "the government has affirmatively disavowed prosecution" unless or

4  until specified conditions occur); *cf. Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 529

5  (5th Cir. 2008) (claims for injunctive relief moot because plaintiff could not "show a realistic

6  prospect that any of the violations alleged in its citizen suit [would] continue notwithstanding the

7  consent decree").

8          The possibility of enforcement during the pendency of this litigation is thus entirely

9  speculative—all the more so because this requirement does not become enforceable for at least

10  *nine years*.  Cal. Code Regs., tit. 13, § 2016(c) (establishing requirement "[b]eginning with the

11  2036 model year"); *id.* § 2016(e) (requiring submission of compliance reports "no later than 90

12  calendar days following the end of each model year").  In the meantime, "the mere existence of

13  [the regulation], which may or may not ever be applied to [anyone], is not sufficient to create a

14  case or controversy within the meaning of Article III."  *Stavrianoudakis*, 108 F.4th at 1142

15  (cleaned up) (quoting *Cal. Tow Truck Ass'n v. City & Cnty. of San Francisco*, 693 F.3d 847, 866

16  (9th Cir. 2012)).  Thus, the United States lacks standing and this claim is not constitutionally ripe.

17  *Stockton v. Brown*, No. 24-3777, 2025 WL 2656631, at *10 (9th Cir. Sept. 17, 2025) ("Whether

18  framed as an issue of standing or ripeness, an injury must involve an invasion of a legally

19  protected interest that is (a) concrete and particularized, *and (b) actual or imminent, not*

20  *conjectural or hypothetical*." (emphasis added) (cleaned up)).[8]

21          In any event, in light of CARB's stipulation, the possibility of *preempted* enforcement—the

22  asserted cause of the United States' alleged injury—is nil.  The United States must allege facts

23  sufficient to establish that it "would benefit in a tangible way from the court's intervention."

24  *Warth v. Seldin*, 422 U.S. 490, 508 (1975).  It cannot do so because CARB is already subject to a

25  court order barring enforcement absent a preemption waiver.  *Platinum Sports Ltd. v. Snyder*, 715

26  F.3d 615, 616-17 (6th Cir. 2013) ("stipulated final judgment" entered in earlier case and enjoining

27          [8] This claim is also prudentially unripe because the United States has not alleged—and
cannot allege—that the 2036 sales requirement "requires an immediate and significant change in
28  [*anyone's*] conduct of their affairs."  *Brown*, 2025 WL 2656631 at *16 (cleaned up).

1   enforcement of challenged laws made clear "the federal courts have no authority to resolve this
2   'dispute'").  The only question then "is which Article III defect to invoke"—standing or ripeness.
3   *Id.* at 616.

4        In sum, the United States cannot satisfy the injury-in-fact, redressability, or ripeness
5   requirements for its preemption challenge to the Advanced Clean Fleets regulation and the Court
6   should dismiss this claim against all Defendants for lack of subject matter jurisdiction.

7                                        **CONCLUSION**

8        All the United States' claims against the Governor and the United States' preemption claim
9   against all Defendants challenging the Advanced Clean Fleets regulation should be dismissed for
10  lack of standing or ripeness under Federal Rule of Civil Procedure 12(b)(1).

11

12  Dated:  October 10, 2025                    Respectfully submitted,

13                                              ROB BONTA
                                                Attorney General of California
14                                              MYUNG J. PARK
                                                Supervising Deputy Attorney General
15

16

17                                              */s/ M. Elaine Meckenstock*
                                                M. ELAINE MECKENSTOCK
18                                              Deputy Attorney General
                                                *Attorneys for Defendants*
19

20

21

22

23

24

25

26

27

28

Defendants' Mem. ISO Mot. to Dismiss the United States' Complaint in Intervention (2:25-cv-02255-DC-AC)