1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  MYUNG J. PARK, State Bar No. 210866
   Supervising Deputy Attorney General
3  BENJAMIN P. LEMPERT, State Bar No. 344239
   DAVID M. MEEKER, STATE BAR NO. 273814
4  JONATHAN A. WIENER, State Bar No. 265006
   M. ELAINE MECKENSTOCK, State Bar No. 268861
5  Deputy Attorney General
     1515 Clay Street, 20th Floor
6    P.O. Box 70550
     Oakland, CA  94612-0550
7    Telephone:  (510) 879-0299
     Fax:  (510) 622-2270
8    E-mail:  Elaine.Meckenstock@doj.ca.gov
   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM,** in his official capacity as the Governor of California**,**<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DAIMLER TRUCK NORTH AMERICA ET AL.'S COMPLAINT (ECF 1)**<br><br>Date:          November 21, 2025<br>Time:          1:30 PM<br>Courtroom:  8, 13th Floor<br>Judge:         Hon. Dena Coggins<br>Trial Date:   Not Set<br>Action Filed: August 11, 2025 |

1

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request the Court take judicial notice of the following facts and documents:

1. The existence and contents of a Stipulation and Order to Hold Case in Abeyance Pending Outcome of Rulemaking entered in *Nebraska v. Cliff*, 2:24-cv-01364 (E.D. Cal. entered May 5, 2025). A true and correct copy of the Stipulation and Order is attached hereto as **Exhibit A**, which was downloaded from the public docket on October 8, 2025.

2. The existence and contents of Manufacturers Advisory Correspondence ECCD-2025-08 (August MAC) issued by the California Air Resources Board (CARB) on August 25, 2025. A true and correct copy of the August MAC is attached hereto as **Exhibit B**. Exhibit B is publicly available at, and, on October 8, 2025, was downloaded from https://ww2.arb.ca.gov/sites/default/files/2025-08/MAC%20ECCD-2025-08.pdf.

3. The existence and contents of a notice of emergency rulemaking issued by CARB on September 15, 2025. A true and correct copy of the notice is attached hereto as **Exhibit C**. Exhibit C is publicly available at, and, on October 8, 2025, was downloaded from https://ww2.arb.ca.gov/sites/default/files/barcu/regact/2025/emergencyvehemissions/notice.pdf.

4. The existence and contents of a notice of public hearing to consider permanent adoption of emergency regulations issued by CARB on September 23, 2025. A true and correct copy of the notice is attached hereto as **Exhibit D**. Exhibit D is publicly available at, and, on October 8, 2025, was downloaded from https://ww2.arb.ca.gov/sites/default/files/barcu/regact/2025/orhdlcfs/notice.pdf.

5. The existence and contents of a letter from Daimler Truck North America, LLC (DTNA) to the Chairman of the Federal Trade Commission, a true and correct copy of which is attached hereto as **Exhibit E**. Exhibit E is publicly available at, and, on October 8, 2025, was downloaded from: https://www.ftc.gov/system/files/ftc_gov/pdf/Daimler-Truck-Letter-of-Commitment-081025.pdf. Specifically, the letter states "DTNA affirms that it will independently make decisions about the type and quantity of vehicles it sells without regard to whether those decisions are complaint with any restrictive terms of the CTP [Clean Truck Partnership]."

6. The existence and contents of a letter from International Motors, LLC to the Chairman of the Federal Trade Commission, a true and correct copy of which is attached hereto as **Exhibit F**. Exhibit F is publicly available at, and, on October 8, 2025, was downloaded from: https://www.ftc.gov/system/files/ftc_gov/pdf/International-Motors-Executed_International_Letter_of_Commitment-081025.pdf. Specifically, the letter states "International affirms that it will independently make decisions about the type and quantity of vehicles it sells without regard to whether those decisions are compliant with any restrictive terms of the CTP."

7. The existence and contents of a letter from PACCAR Inc. to the Chairman of the Federal Trade Commission, a true and correct copy of which is attached hereto as **Exhibit G**. Exhibit G is publicly available at, and, on October 8, 2025, was downloaded from: https://www.ftc.gov/system/files/ftc_gov/pdf/PACCAR-Letter-of-Commitment-081025.pdf. Specifically, the letter states "PACCAR affirms that it will independently make decisions about the type and quantity of vehicles it sells without regard to whether those decisions are compliant with any restrictive terms of the CTP."

8. The existence and contents of a letter from Volvo Group North America, LLC to the Chairman of the Federal Trade Commission, a true and correct copy of which is attached hereto as **Exhibit H**. Exhibit H is publicly available at, and, on October 8, 2025, was downloaded from: https://www.ftc.gov/system/files/ftc_gov/pdf/Volvo-Letter-of-Commitment-081025_1.pdf. Specifically, the letter states "Volvo affirms that it will independently make decisions about the type and quantity of vehicles it sells without regard to whether those decisions are compliant with any restrictive terms of the CTP."

9. The existence and contents of a press release by the Engine Manufacturers Association (EMA) dated July 6, 2023, a true and correct copy of which is attached hereto as **Exhibit I**, and is publicly available at: https://www.truckandenginemanufacturers.org/file.asp?A=Y&F=Clean%2BTruck%2BPartnership%2Brelease+%281%29%2Epdf&N=Clean%2BTruck%2BPartnership%2Brelease+%281%29%2Epdf&C=documents. Specifically, the press release states that the Clean Truck Partnership

(CTP) "reaffirms EMA's and its members' longstanding commitment to reducing emissions and to a zero-emissions commercial vehicle future." The press release also states that the CTP "demonstrates how EMA and CARB can work together to achieve shared clean air goals" and that the parties to the CTP "have aligned on a single [] standard, secured needed lead time and stability for manufacturers, and agreed on regulatory changes that will ensure continued availability of commercial vehicles." EMA states in the press release that it expected that it would "continu[e] to work constructively with CARB on future regulatory" efforts. The press release also includes statements from Cummins "([w]e appreciate CARB's commitment to providing flexibilities as we transition to zero emissions, and for their efforts to align with EPA's 2027 standards"); PACCAR ("[t]his agreement provides regulatory certainty and supports a balanced transition to zero emissions by ensuring continued supply of product into California and opt-in states"); and Volvo ("[t]hrough cooperative efforts such as this, the Volvo Group believes we can achieve the quickest and least disruptive transition to a commercial zero-emission vehicle future").

      10.    The existence and contents of a May 22, 2024 email from EMA to representatives of state environmental regulatory agencies in Oregon, Washington, Massachusetts, New Jersey, and New York with the subject line "Omnibus and ACT Implementation Issues," which the Plaintiffs filed as Exhibit H to the Declaration of Jed Mendel in Support of Plaintiffs' Motion for a Preliminary Injunction. The exhibit is available on the docket at ECF 23-12. Specifically, the email states:

> As you may know, EMA (and its [Original Equipment Manufacturer] members) and CARB entered into the Clean Trucks Partnership (CTP) Agreement last June, which established a consensual path forward toward cleaner conventionally-fueled trucks, and increasing percentages of [zero-emission vehicle] trucks.

Exhibits A through H are the proper subject of judicial notice because the documents are publicly available on government websites and the facts for which they are relied upon here can be accurately and readily determined from these sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (stating that it was "appropriate to take judicial notice" of information "made publicly available

by government entities" on their websites where "neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein"); *Martinez v. Mead Johnson & Co.*, No. 5:22-cv-00213-JWH-SHK, 2022 WL 15053334, at *4 (C.D. Cal. Oct. 22, 2022) (finding that FDA guidance was judicially noticeable because it was "publicly available and it was disseminated by a government agency"); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG (POR), 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) ("Information on government agency websites has often been treated as properly subject to judicial notice.").

The existence and contents of Exhibit I, as well as a May 22, 2024 email from EMA to representatives of state environmental regulatory agencies (filed at ECF 23-12), are also the proper subject of judicial notice because the fact that EMA and the identified Plaintiffs made the statements quoted in Paragraphs 9 and 10 above can be accurately and readily determined from these sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Courts in the Ninth Circuit routinely take judicial notice of press releases."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (Courts "may take judicial notice of court filings and other matters of public record").

Dated:  October 10, 2025                             Respectfully submitted,

                                                     ROB BONTA
                                                     Attorney General of California
                                                     MYUNG J. PARK
                                                     Supervising Deputy Attorney General


                                                     */s/ M. Elaine Meckenstock*
                                                     M. ELAINE MECKENSTOCK
                                                     Deputy Attorney General
                                                     *Attorneys for Defendants*