# Exhibit F

August 10, 2025

The Honorable Andrew N. Ferguson
Chairman
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

Re:    International Motors, LLC, FTC File No. 2510054

Dear Chairman Ferguson:

We understand that the Federal Trade Commission ("FTC" or the "Commission") has decided to close the above-captioned investigation into whether International Motors, LLC ("International") violated Section 5 of the FTC Act, 15 U.S.C. § 45, by signing the Clean Truck Partnership (the "CTP") with the California Air Resources Board ("CARB"), as did several other heavy and medium duty truck manufacturers ("OEMs"). To address the FTC's concerns, International is making the affirmations and commitments discussed below.

## I.    CTP Background and Procedural Posture

California's Advanced Clean Trucks ("ACT") and Advanced Clean Fleets ("ACF") regulations sought to require OEMs to sell and promote certain percentages of zero-emission vehicles ("ZEVs"). California's Omnibus Low NOx ("Omnibus") regulation sought to impose stringent emissions and other standards on OEMs that are inconsistent with those imposed by federal regulations. The ACT, ACF, and Omnibus regulations each require a Clean Air Act preemption waiver from the U.S. Environmental Protection Agency ("EPA") to be valid and enforceable, and those requisite waivers have been voided by Congress and the President (or never sought by CARB in the first instance). As a result, each of California's regulations are federally preempted and unenforceable.

On July 6, 2023, International signed the CTP with CARB to help address the inconsistency between federal and California standards. Through the CTP, International anticipated that CARB would harmonize its Omnibus regulations with federal standards, and CARB sought to require manufacturer compliance with California's ACT and Omnibus regulations (and, to the extent applicable to manufacturers in 2036 model year, ACF regulations) should California's waivers of authority be invalidated through litigation.

On January 13, 2025, CARB withdrew its request for an EPA waiver of preemption for CARB's ACF standards. Thus, ACF is preempted by federal law and unenforceable.

On May 22, 2025, the United States Congress issued joint resolutions of disapproval under the Congressional Review Act ("CRA") of the U.S. EPA's waivers of preemption for the ACT and Omnibus regulations. On June 12, 2025, the President of the United States signed these joint resolutions of disapproval into law, finalizing the revocation of the federal waivers for ACT and Omnibus. Accordingly, the ACT and Omnibus also became preempted by federal law and unenforceable.

The Honorable Andrew Ferguson                                    August 10, 2025
Federal Trade Commission                                                  Page 2

Through the CTP, International was able to obtain benefits for its dealers and customers resulting from the negotiated alignment of state and federal emissions requirements, guarantees of lead time for future CARB regulations, and a greater ability to sell legacy engines, allowing it to bring products to market that otherwise would not have been available under California's then-current regulations. The CTP, unlike the regulations, had no negative impact on product availability, price, or the markets for International's engines or trucks at any time. International also believed that it had obtained from CARB a commitment to address issues that would require regulatory amendments, to the benefit of International's customers.

International denies that it violated any laws and views the negotiation and signing of the CTP to be fully protected conduct under the *Noerr-Pennington* and State Action doctrines. However, states may not enforce laws or regulations that Congress has specifically preempted. The CTP may not be used by CARB to implement regulations that were invalidated by the CRA resolutions on June 12, 2025, or to enforce regulations for which California never sought a waiver from EPA.

International has made and continues to make its own unilateral business decisions, including regarding the volume of trucks it will produce, the types of engines those trucks will contain, and the price of its trucks. It has always been, and will always be, dedicated to the best interests of its customers, and is proud to feature the S13 powertrain, which offers a fuel economy-leading powertrain option capable of low NOx.

## II.    International's Affirmations and Commitments

In connection with the closing of the Commission's investigation, International affirms that (i) the CTP was rendered unenforceable by a Congressional joint resolution of disapproval signed by the President on June 12, 2025;[1] (ii) the President's signature of the joint resolution did not trigger any obligations on International through the CTP; and (iii) International has never had any right to enforce, has not attempted to enforce, and will not attempt to enforce the CTP against any other signatory[2] to it. For these and other reasons, it is International's position that the CTP cannot be enforced against it by CARB or any other signatory. For similar reasons, International affirms that it will independently make decisions about the type and quantity of vehicles it sells without regard to whether those decisions are compliant with any restrictive terms of the CTP.[3]

---

[1] Briefings & Statements, The White House, Congressional Bills H.J. Res. 87, H.J. Res. 88, H.J. Res. 89. Signed into Law (June 12, 2025), https://www.whitehouse.gov/briefings-statements/2025/06/congressional-bills-h-j-res-87-h-j-res-88-h-j-res-89-signed-into-law/.

[2] For purposes of this letter, the word "signatory" refers to the other original equipment manufacturer signatories to the CTP.

[3] For the avoidance of doubt, nothing in this letter prohibits International from voluntarily and unilaterally (1) applying for a California emissions certification (or honoring California emissions certifications issued prior to the CRA's effective date), including, but not limited to, allowing International to secure Clean Idle Labels pursuant to the Omnibus Low NOx Rule, or (2) adhering to a final court order.

The Honorable Andrew Ferguson                                          August 10, 2025
Federal Trade Commission                                                        Page 3

In addition to its commitments regarding the CTP, International also affirms and commits prospectively that:

- International will not enter or attempt to enter into any agreement with a U.S. state regulator or U.S. state government that includes direct or indirect restrictions on the supply of any product(s) or the fixing of emission levels for any product(s) that are enforceable by any party other than a U.S. state government or U.S. state regulator[4]; and

- International will not enter or attempt to enter into any agreement with a U.S. state regulator or U.S. state government relating to restrictions on supply or fixing emission levels by which International commits to being bound even if the U.S. state regulator or U.S. state government lacks authority to directly impose or enforce the applicable restrictions.

\*        \*        \*

Within 60 days, International will file with the Secretary of the FTC, with a copy to the Bureau of Competition's Compliance Division, a report describing in reasonable detail how International has complied with its commitments. International will annually affirm compliance with the commitments for seven years thereafter.

If International receives written notice from the Commission that the Commission believes International has acted inconsistent with its commitments, International will, within 60 days, respond to the Commission either by explaining how International has addressed any such concerns or by explaining why International believes that it has acted in a manner consistent with its affirmations and commitments.

Furthermore, if the FTC believes that International has acted inconsistent with its commitments, the FTC may, after providing at least 30 days' prior written notice, and subject to claims of any legally recognized privilege, require International to (1) permit access to electronic and paper documents related to compliance with the above commitments, and (2) in the presence of International's legal counsel, permit FTC staff to interview appropriate persons with knowledge about International's compliance with these commitments regarding such compliance.

---

[4] This provision will not restrict contracts with a government entity for the supply of trucks.

The Honorable Andrew Ferguson                                      August 10, 2025
Federal Trade Commission                                                    Page 4

Sincerely,

Michael Noonan
International Motors, LLC (f/k/a Navistar, Inc.)
Vice President – Regulatory, Certification, and
Compliance