1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Myung J. Park, State Bar No. 210866
   Supervising Deputy Attorney General
3  Benjamin P. Lempert, State Bar No. 344239
   David M. Meeker, State Bar No. 273814
4  Jonathan A. Wiener, State Bar No. 265006
   M. Elaine Meckenstock, State Bar No. 268861
5  Deputy Attorney General
    1515 Clay Street, 20th Floor
6   P.O. Box 70550
    Oakland, CA  94612-0550
7   Telephone:  (510) 879-0299
    Fax:  (510) 622-2270
8   E-mail:  Elaine.Meckenstock@doj.ca.gov
   *Attorneys for Defendants*
9
                    IN THE UNITED STATES DISTRICT COURT
10
                    FOR THE EASTERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM,** in his official capacity as the Governor of California**,**<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' SUR-REPLY TO THE UNITED STATES' REPLY ON ITS MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:           October 31, 2025<br>Time:           1:30 PM<br>Courtroom:  8, 13th Floor<br>Judge:          Hon. Dena Coggins<br>Trial Date:    Not Set<br>Action Filed: August 11, 2025 |

1

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request the Court take judicial notice of the following facts and documents:

1. Fact 1: The fact that manufacturers received CARB approval—in the form of an Executive Order—to sell model year 2025 medium- and heavy-duty engines in California that meet two different standards—the "legacy" standard (which mirrors the "pre-Omnibus" emission standard) and the more stringent Omnibus standard for model years 2024-2026. This fact can be ascertained from CARB's lists of Executive Orders for these engines, which are publicly available on a government website at https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fww2.arb.ca.gov%2Fsites%2Fdefault%2Ffiles%2Fclassic%2Fmsprog%2Fnvepb%2Fexecutive_orders%2FEO%2520Summaries%2FCIHD_EO_Summary.xlsx&wdOrigin=BROWSELINK. On the tab of that spreadsheet titled "ONHD Engine Families," for model year 2024 to 2026, engine families certified to the "legacy" emission standard can be identified by entries in Column AB (titled "NOx-Std") of "0.050" and in Column R (titled "HD Idling Compliance) of "30g." Engine families certified to the Omnibus standard can be identified by engine families with entries in Column AB of "0.050" and Column R (titled "HD Idling Compliance) of "10g." The tabs show that manufacturers received Executive Order certifications for engines under both standards for model year 2025.

2. Fact 2: The fact that, in December 2022, the U.S. Environmental Protection Agency (EPA) announced new, more stringent emission standards for heavy-duty vehicles which take effect beginning with model year 2027. A true and correct PDF copy of a webpage from the EPA's website announcing these standards is attached hereto as **Exhibit 1**. Exhibit 1 is publicly available at, and, on October 14, 2025, was downloaded from https://www.epa.gov/newsreleases/final-epa-standards-heavy-duty-vehicles-slash-dangerous-pollution-and-take-key-step.

3. The existence and contents of a webpage from the California Air Resources Board's website regarding a summary of credits under the Advanced Clean Trucks regulation. A true and correct PDF copy of the webpage is attached hereto as **Exhibit 2**. Exhibit 2 is publicly available

at, and, on October 14, 2025, was downloaded from https://ww2.arb.ca.gov/advanced-clean-trucks-credit-summary-through-2024-model-year.

4. The existence and contents of a template Fireplace Partnership Agreement from EPA's website. A true and correct copy of the template agreement is attached hereto as **Exhibit 3**. Exhibit 3 is publicly available at, and, on October 13, 2025, was downloaded from https://www.epa.gov/sites/default/files/2015-09/documents/fireplace_partnership_agreement.pdf.

5. The existence and contents of an EPA webpage regarding EPA's Voluntary Fireplace Program. A true and correct PDF copy of the webpage is attached hereto as **Exhibit 4**. Exhibit 4 is publicly available at, and, on October 13, 2025, was downloaded from https://ww2.arb.ca.gov/sites/default/files/2025-08/MAC ECCD-2025-08.pdfhttps://www.epa.gov/burnwise/voluntary-fireplace-program.

6. The existence and contents of an EPA webpage regarding EPA's GreenChill Program. A true and correct PDF copy of the webpage is attached hereto as **Exhibit 5**. Exhibit 5 is publicly available at, and, on October 13, 2025, was downloaded from https://www.epa.gov/greenchill/about-store-certification.

7. Fact 3: The fact that EPA routinely enters into settlement agreements in which the agency agrees to take a particular action in a regulatory matter by a specified deadline. This fact can be readily ascertained from an EPA webpage: https://www.epa.gov/ogc/proposed-consent-decrees-and-draft-settlement-agreements. That webpage contains summaries of EPA's settlement agreements, including, for example, one in which EPA agreed that, by September 15, 2025, it would "sign a notice of final rulemaking determining whether San Joaquin Valley attained, or failed to attain, the 1997 ozone NAAQS by the applicable attainment date." *See* Summary of *Committee for a Better Arvin v. EPA*, (N.D. Cal., Case No. 3:25-cv-03326-MMC).

8. The existence and contents of EPA's proposed settlement agreement in *Mojave Desert Air Quality Mgmt. Dist. v. EPA* (Ninth Circuit Case Nos. 25-659, 25-1684). A true and correct PDF copy of this proposed agreement is attached hereto as **Exhibit 6**. Exhibit 6 is described on the EPA website referenced in the preceding paragraph. It is also publicly available

at, and on October 14, 2025, was downloaded from https://www.regulations.gov/document/EPA-HQ-OGC-2024-0251-0002.

      9.      The existence and contents of a Federal Trade Commission press release dated August 12, 2025, entitled "FTC Resolves Antitrust Concerns Arising from Clean Truck Partnership." A true and correct copy of the press release is attached hereto as **Exhibit 7**. Exhibit 7 is publicly available at, and, on October 13, 2025, was downloaded from https://www.ftc.gov/news-events/news/press-releases/2025/08/ftc-resolves-antitrust-concerns-arising-clean-truck-partnership.

      The facts and exhibits in Paragraphs 1-9 are the proper subject of judicial notice because the facts and documents are publicly available on government websites and the facts for which they are relied upon here can be accurately and readily determined from these sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (stating that it was appropriate to take judicial notice of information "made publicly available by government entities" on their websites where "neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein"); *Martinez v. Mead Johnson & Co.*, No. 5:22-cv-00213-JWH-SHK, 2022 WL 15053334, at *4 (C.D. Cal. Oct. 22, 2022) (finding that FDA guidance was judicially noticeable because it was "publicly available and it was disseminated by a government agency"); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG, 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) ("Information on government agency websites has often been treated as properly subject to judicial notice.").

Dated: October 14, 2025

Respectfully submitted,

Rob Bonta
Attorney General of California
Myung J. Park
Supervising Deputy Attorney General

*/s/ M. Elaine Meckenstock*
M. Elaine Meckenstock
Deputy Attorney General
*Attorneys for Defendants*