# Exhibit 6

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOJAVE DESERT AIR QUALITY MANAGEMENT DISTRICT, | )<br>)<br>)<br>) |
| Petitioner, | )<br>) |
| v. | )   Case Nos. 25-659, 25-1684<br>) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN | )<br>)<br>) |
| Respondents. | )<br>)<br>) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into by Mojave Desert Air Quality Management District (the "District") and the United States Environmental Protection Agency ("EPA") and Administrator Lee Zeldin (collectively, the "Parties").

WHEREAS, EPA promulgated a final rule on June 30, 2023, entitled "Approval, Limited Approval and Limited Disapproval of California Air Plan Revisions; Mojave Desert Air Quality Management District; Stationary Source Permits" 88 Fed. Reg. 42258-01 ("2023 Final Rule"). In pertinent part, EPA's 2023 Final Rule addressed District Rules 1301, 1302, 1303, 1304, and 1305, as adopted by the District on March 22, 2021 and submitted by the California Air Resources Board ("CARB") to EPA as revisions to the State Implementation Plan ("SIP") on July 23, 2021;

WHEREAS, on July 10, 2023, the District filed a petition for review in the Ninth Circuit (Case No. 23- 1411) seeking review of EPA's 2023 Final Rule, specifically, EPA's

disapproval of District Rules 1301 through 1305.

WHEREAS, the Parties, through mediation supervised by the Ninth Circuit Court of Appeals mediation program, agreed to revisions to District Rules 1301 through 1305 to resolve the deficiencies EPA identified in the 2023 Final Rule, with the exception of the deficiencies underlying EPA's disapproval of Rule 1304(C)(2)(d);

WHEREAS, on March 25, 2024, the District adopted revisions to District Rules 1301 through 1305 consistent with the agreed-upon revisions, which the CARB submitted to EPA as revisions to the SIP on August 7, 2024 ("August 2024 Revised Rules");

WHEREAS, the Parties continued to litigate EPA's limited disapproval of Rule 1304(C)(2)(d) in the Ninth Circuit in Case No. 23-1411.

WHEREAS, on September 5, 2024, the Ninth Circuit granted the District's Petition for Review, finding that EPA's limited disapproval of Rule 1304(C)(2)(d) was arbitrary and capricious, and remanded the 2023 Final Rule to EPA "for further proceedings before the agency on an open record consistent with this decision;"

WHEREAS, on December 30, 2024, at 89 Fed. Reg. 106332, EPA promulgated a Final Rule entitled, "Federal Implementation Plan for Nonattainment New Source Review Program, Mojave Desert Air Quality Management District, California," ("2024 Final Rule");

WHEREAS, EPA's 2024 Final Rule finalized two actions: (i) a new EPA final action to affirm EPA's disapproval of Rule 1304(C)(2)(d) in response to the Ninth Circuit's remand of the 2023 Final Rule; and (ii) a Federal Implementation Plan (the "FIP") to address the deficiencies identified in EPA's 2023 Final Rule;

WHEREAS, on January 31, 2025, the District filed a petition for review in the Ninth

Circuit (Case No. 25- 659) challenging the 2024 Final Rule as being arbitrary and capricious and issued not in accordance with law;

WHEREAS, on March 13, 2025, the District filed a petition for review in the Ninth Circuit (Case No. 25-1684) challenging EPA's alleged exercise of claimed authority under section 179(a)–(b) of the Clean Air Act, 42 U.S.C. § 7509(a)–(b), and 40 C.F.R. § 52.31, to impose sanctions on the District (the "Sanctions"), arguing that imposition of sanctions was arbitrary and capricious and issued not in accordance with law;

WHEREAS, the Parties have agreed to a settlement to resolve the District's challenges to the 2023 Final Rule, the 2024 Final Rule, and the Sanctions through new EPA rulemakings, and thereby avoid protracted and costly litigation and preserve judicial resources, without any admission or adjudication of fact or law;

WHEREAS, the District and CARB have submitted to EPA letters dated June 12, 2025, and June 17, 2025, stating the District's commitment to revise Rule 1304(C)(2)(d) to add subsection (iv) as reflected below:

> (d)  In the case of a Modified Major Facility, the HAE for a specific Emission Unit(s) may be equal to the Potential to Emit for that Emission Unit(s), the particular Emissions Unit have been previously offset in a documented prior permitting action so long as:
>
>   (i)   The PTE for the specific Emissions Unit is specified in a Federally Enforceable Emissions Limitation; and
>
>   (ii)  The resulting Emissions Change from a calculation using this provision is a decrease in emissions from the Emissions Unit(s) and
>
>   (iii) Any excess SERs generated from a calculation using this provision are not eligible for banking pursuant to the provision of District Regulation XIV.
>
>   (iv)  Rule 1304(C)(2)(d) shall be rescinded and no longer in effect as of twenty-four (24) months after the effective date of the United States Environmental Protection Agency's final action approving Rule 1304(C)(2)(d), as amended [DATE], into the State Implementation

Plan under 42 U.S.C. § 7410(k)(3).

("Revised Rule 1304(C)(2)(d)").

WHEREAS, EPA has signed and submitted to the Office of the Federal Register a Notice of Proposed Rulemaking proposing to conditionally approve the August 2024 Revised Rules based on the commitments described in the preceding paragraph.

NOW, THEREFORE, the District and EPA, intending to be bound by this Agreement, hereby agree as follows:

1. No later than five business days after this Settlement Agreement is final pursuant to Paragraph 7 of this Agreement, the District and EPA shall file a joint notice with the Court in Case Nos. 25-659 and 25-1684 informing the Court of this Agreement and requesting that these cases be placed in administrative closure during the EPA rulemakings described in Paragraphs 2–4 of this Agreement.

2. If EPA finalizes conditional approval of the August 2024 Revised Rules, the District will adopt Revised Rule 1304(C)(2)(d) and transmit it to CARB in time for CARB to adopt and submit Revised Rule 1304(C)(2)(d) to EPA within 12 months of the effective date of a final conditional approval by EPA of the August 2024 Revised Rules.

3. CARB's submission to EPA of Revised Rule 1304(C)(2)(d) as part of a complete SIP submission meeting the requirements of Clean Air Act section 110(k)(1) and 40 C.F.R. Part 51, App. V will obligate EPA to comply with the statutory deadlines for action in Clean Air Act sections 110(k)(1) and (2).

4. If EPA finalizes full approval of Revised Rule 1304(C)(2)(d), EPA will provide for termination of the FIP concurrent with the effective date of EPA's Final Rule approving

Revised Rule 1304(C)(2)(d).

5. If EPA finalizes conditional approval of the August 2024 Revised Rules, finalizes full approval of Revised Rule 1304(C)(2)(d), and no petition for review of either final action has been filed within sixty days of their respective publication in the *Federal Register*, the District shall promptly file an appropriate pleading for the dismissal with prejudice of Case Nos. 25-659 and 25-1684 in accordance with Rule 42(b) of the Federal Rules of Appellate Procedure, with each party to bear its own costs and attorney fees. If a petition for review of a Final Rule conditionally approving the August 2024 Revised Rules or of a Final Rule fully approving Revised Rule 1304(C)(2)(d) is filed within sixty days of publication in the *Federal Register*, other than by the District, then the District may choose to delay requesting the dismissal with prejudice of Case Nos. 25-659 and 25-1684 until after the petition(s) for review of the final rule(s) is/are resolved.

6. The parties agree that the District shall not request that the Court reopen Case Nos. 25-659 and 25-1684 from administrative closure unless:

    a) EPA signs a final rule disapproving Revised Rule 1304(C)(2)(d), in whole or in part;

    b) EPA fails to conditionally approve the August 2024 Revised Rules, fully approve Revised Rule 1304(C)(2)(d), or take any other action described in Paragraphs 3 and 4 within the timeframes specified therein; or

    c) this Settlement Agreement fails to become final under Paragraph 7.

The District's sole remedy under this Settlement Agreement shall be the right to ask the Court to reopen proceedings in Case Nos. 23-659 and 25-1684. If proceedings are reopened, this

Settlement Agreement does not prevent the District from exercising all the rights of a litigant, including filing a motion to stay in either or both cases. EPA also retains all the rights of a litigant, including the ability to oppose any stay motion.

7.  The Parties agree and acknowledge that before this Settlement Agreement is final, EPA must provide notice in the *Federal Register* and an opportunity for public comment pursuant to section 113(g) of the Clean Air Act, 42 U.S.C. § 7413(g). After this Agreement has undergone an opportunity for notice and comment, the EPA Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold consent to the Agreement, in accordance with section 113(g) of the Clean Air Act. This Agreement shall become final on the date that EPA provides written notice of such finality to the District, via electronic mail, as follows:

> Brad Poiriez
> Executive Director
> Mojave Desert Air Quality Management District
> bradp@mdaqmd.ca.gov
>
> R Raymond Rothman
> Partner
> Morgan, Lewis & Bockius LLP
> Rick.rothman@morganlewis.com

8.  Nothing in the terms of this Settlement Agreement shall be construed to limit or modify the discretion and authority accorded EPA and the District by the Clean Air Act or by general principles of administrative law. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the United States, including EPA, obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or other provision of law. Furthermore, nothing in the terms of this Agreement shall be construed to limit EPA's authority to alter, amend, or revise any final rule EPA may issue pursuant to Paragraph 2 to

conditionally approve the August 2024 Revised Rules and/or Paragraph 4 to approve Revised Rule 1304(C)(2)(d), or to promulgate any superseding regulations, guidance, policy, or other agency document.

9. Nothing in this Settlement Agreement shall be construed to make any other person or entity not executing this Agreement a third-party beneficiary to this Agreement.

10. The Parties may modify this Agreement by a written agreement executed by counsel for the Parties.

11. Each party shall bear its own costs and fees in this litigation, including attorney fees and costs associated with monitoring, overseeing, or implementing this Settlement Agreement, and including participation in any administrative proceedings contemplated by this Agreement.

12. This Settlement Agreement constitutes the complete and entire agreement among the Parties. All prior conversations, meetings, discussions, drafts, and writings of any kind are specifically superseded by this Settlement Agreement. Such prior conversations, meetings, discussions, drafts, and writings may not be used by the Parties to vary or contest the terms of this Agreement or as evidence of the Parties' intent in entering into this Agreement.

13. The undersigned representatives of each party certify that they are fully authorized by the party that they represent to bind that respective party to the terms of this Settlement Agreement.

14. This Agreement shall take effect when it has been signed by the representatives of the Parties, after final approval pursuant to Paragraph 7.

FOR THE DISTRICT:

_____
R Raymond Rothman
Joseph Bias
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Rick.rothman@morganlewis.com
jbias@morganlewis.com

*Counsel for Petitioner Mojave Desert Air Quality Management District*

FOR EPA:

_____
Alex Hardee
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
T: (202) 514-2398
alex.hardee@usdoj.gov
*Counsel for Respondent U.S. Environmental Protection Agency and Lee Zeldin*

Dated: _____