ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
ROBERT N. STANDER
Deputy Assistant Attorney General
JOHN K. ADAMS
DAVID D. MITCHELL
United States Department of Justice
Environment & Natural Resources Div.
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 353-5905
robert.stander@usdoj.gov
john.adams3@usdoj.gov
david.mitchell@usdoj.gov

ERIC GRANT
United States Attorney
EDWARD A. OLSEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
(916) 554-2821

*Counsel for Intervenor-Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC; INTERNATIONAL MOTORS, LLC; PACCAR INC; and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Intervenors-Plaintiffs,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE NOTICE OF CASE FILED IN CALIFORNIA SUPERIOR COURT (Dkt. 85)** |

On October 27, 2025, just days before oral argument on Plaintiffs' motion for preliminary injunction, Defendants moved for leave to notify this Court of a case just filed by the California Air Resources Board in the Superior Court of California, County of Alameda, against Manufacturer Plaintiffs. *See Defendants' Mot.*, Dkt. 85 (noticing *CARB v. Daimler Truck North America LLC*) ("State Action"). Defendants assert that they seek to apprise the Court of the State Action "out of candor and to provide the Court and all parties with full information in advance of the hearing" on October 31. *Id.* at 2. The United States agrees that the Court should consider the State Action in deciding Plaintiffs' motion for preliminary injunction. Defendants are wrong, however, that the State Action is "relevant" only to the extent that "it is consistent with Defendants' position that CARB can hold the manufacturers to their [Clean Truck Partnership] commitments through state law contract remedies, not regulatory penalties." *Defendants' [Proposed] Notice*, Dkt. 85-1 at 3.

To begin with, although CARB represented to this Court that it is "not currently enforcing" the "preempted regulations" at issue here, *Defendants' Sur-Reply,* Dkt. 80 at 2, it just sued Manufacturer Plaintiffs to require them to comply with those preempted regulations, *see* Ex. A, Dkt. 85-1 at 7 ¶ f ("CARB prays for specific performance, by way of an injunction compelling [Manufacturer Plaintiffs] to satisfy" the "commitments they made" in the Clean Truck Partnership.).[1] The State Action thus further proves that Defendants are unlawfully attempting to enforce CARB's preempted regulations through the Clean Truck Partnership. A preliminary injunction is required to stop the irreparable harm the United States suffers "when States attempt to usurp exclusive federal authority and enforce preempted laws." *United States' Joinder*, Dkt. 57 at 3 (collecting cases).

Indeed, Defendants' primary response to the United States' assertion of irreparable harm was to argue that "no such enforcement is occurring here." *Defendants' Opposition*, Dkt. 73 at 18; *see also id.* at 1 (asserting "no need for an injunction *now*, particularly since any challenge to

---

[1] CARB's request for specific performance encompasses all the regulations that the United States alleges are preempted. *Compare* Ex. 1, Dkt. 85-1 at 7 ¶ d (requesting specific performance to comply with paragraph 2 of the Clean Truck Partnership, which encompasses "CARB regulations set forth in Appendices A and B"), *with United States' Complaint in Intervention for Declaratory and Injunctive Relief*, Dkt. 56 ¶ 70 (describing appendices); *id.* at 25–26 ¶¶ A–B (requesting relief for Advanced Clean Trucks, Advanced Clean Fleets, and Omnibus' Low NOx rules).

possible future enforcement would be both speculative and unripe"); *Defendants' Sur-Reply*, Dkt. 80 at 2 ("Plaintiffs are not experiencing 'per se' irreparable injuries from the enforcement of preempted regulations because no such enforcement is occurring."). Defendants' latest litigation efforts at an end-run around Congress's repeal of the waivers so that CARB may enforce the Clean Truck Partnership and its preempted emissions standards merely exacerbate the ongoing irreparable harm to the United States. *See United States' Reply*, Dkt. 74 at 16–18 (explaining that Defendants irreparably injure the United States despite their claim that they are "not currently" enforcing emissions standards). Accordingly, Defendants err in suggesting that the State Action is "relevant" only in support of their argument that the Clean Truck Partnership is a contract. *Defendants' [Proposed] Notice*, Dkt. 85-1 at 3.

Defendants' argument that filing a "case alleg[ing] breach of contract under state law" transforms the Clean Truck Partnership into a "contract" fails. *Id.* The artfully plead State Action that purports to allege breach of contract is yet another "attempt to enforce" the Clean Truck Partnership and its preempted standards. 42 U.S.C. § 7543(a); *see City of Ozark v. Union Pac. R.R. Co.,* 843 F.3d 1167, 1172 (8th Cir. 2016) (noting that federal preemption "does not depend upon the source of a state law claim"). The request for specific performance makes plain that CARB is "attempt[ing] to enforce" preempted emission standards. *See* Ex. 1, Dkt. 85-1 at 7 ¶ f. The damages CARB seeks in the State Action are another means by which it seeks compliance with preempted emission standards. *Id*. at 8 ¶ j (requesting "damages in an amount to be determined at trial"); *see Kurns v. R.R. Friction Prods. Corp.,* 565 U.S. 625, 637 (2012) ("[R]egulation can be . . . effectively exerted through an award of damages,' and 'the obligation to pay compensation can be, indeed is designed to be, a potent method of governing conduct and controlling policy.'"); *City of New York v. Chevron Corp.*, 993 F.3d 81, 92–93 (2d Cir. 2021) (explaining that damages sought in a lawsuit by a public authority are an effective form of regulation); *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572 & n.17 (1996) ("State power may be exercised as much by a jury's application of a state rule of law in a civil lawsuit as by a statute.").

Nor does the filing of the State Action detract from the United States' assertion that the Clean Truck Partnership is a preempted regulatory enforcement device. *See United States' Reply*,

Dkt. 74 at 15–16. In *Olympic Pipeline v. City of Seattle*, the Ninth Circuit considered whether a public authority could "enforce specific provisions of two contracts it [had] with" a pipeline company "to provide safety oversight . . . , despite the apparent federal preemption." 437 F.3d 872, 874 (9th Cir. 2006). The court held that federal law (Pipeline Safety Act) preempted the city's contractual "standards" because, among other reasons, the city had entered the contract "as a regulator" in its "sovereign capacity." *Id*. at 879–82. In support, the court pointed to evidence that the city had "acted pursuant to its general duty to protect the public health and safety—a duty grounded in [its] regulatory, police power." *Id*. at 881. Here, just like the city in *Olympic Pipeline*, CARB entered the Clean Truck Partnership in its regulatory capacity. *See, e.g.*, *Clean Truck Partnership*, Dkt. 85-1 at 11 (announcing the Clean Truck Partnership to "preserv[e] and protect[] the environment"); *accord United States' Reply*, Dkt. 74 at 15–16 (explaining that CARB exercised its "regulatory authority" to form the Clean Truck Partnership) (citing *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 569 U.S. 641, 649 (2013)). CARB going on the offensive with contract claims does nothing to undermine the United States' arguments here.

Finally, because the State Action is an "attempt to enforce" the Clean Truck Partnership and its preempted emission standards, this Court should enjoin CARB from pursuing the State Action. Doing so would fall squarely within the United States' requested relief. *See United States' Joinder*, Dkt. 57 at 4; *see also United States' Complaint in Intervention*, Dkt. 56 at 26 ¶ B (requesting that the Court "enjoin Defendants from taking actions to implement or enforce" Advanced Clean Trucks, Advanced Clean Fleets, and Omnibus rules). The fact that CARB strategically waited until the eleventh hour to spring its lawsuit is no barrier to enjoin CARB from pursuing it now, because there is a "sufficient nexus" between CARB's latest ploy to enforce preempted regulations and the allegations in the United States' complaint. *Armstrong v. Newsom,* 58 F.4th 1283, 1292–93 (9th Cir. 2023) (rejecting "contention that the district court did not have authority to issue" its injunctive orders "address[ing] misconduct" raised "after [the] complaint was filed" because there was "a 'sufficient nexus' between the new allegations and the complaint"); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted

in the underlying complaint"). And the United States is not subject to the Anti-Injunction Act—allowing this Court to "stay proceedings in a State court," if CARB declines to drop the State Action. *SEC v. Wencke*, 622 F.2d 1363, 1368 (9th Cir. 1980) (Kennedy, J.) (The Anti-Injunction Act, 28 U.S.C. § 2283, "does not apply to injunctions issued at the request of the United States.") (citing *Leiter Minerals, Inc. v. United States*, 352 U.S. 220 (1957)).

Dated: October 29, 2025                    Respectfully submitted,

                                                                          ADAM R.F. GUSTAFSON
                                                                          *Acting Assistant Attorney General*

                                                                          */s/ John K. Adams*
                                                                          ROBERT N. STANDER
                                                                          *Deputy Assistant Attorney General*

| | |
|---|---|
| ERIC GRANT | JOHN K. ADAMS |
| *United States Attorney* | DAVID D. MITCHELL |
| EDWARD A. OLSEN | United States Department of Justice |
| Assistant United States Attorney | Environment & Natural Resources Div. |
| 501 I Street, Suite 10-100 | P.O. Box 7611 |
| Sacramento, California 95814 | Washington, D.C. 20044-7611 |
| (916) 554-2821 | (202) 353-5905 |
| | robert.stander@usdoj.gov |
| | john.adams3@usdoj.gov |
| | david.mitchell@usdoj.gov |