Rob Bonta, State Bar No. 202668
Attorney General of California
Myung J. Park, State Bar No. 210866
Supervising Deputy Attorney General
Benjamin P. Lempert, State Bar No. 344239
David M. Meeker, State Bar No. 273814
Cecilia D. Segal, State Bar No. 310935
Jonathan A. Wiener, State Bar No. 265006
M. Elaine Meckenstock, State Bar No. 268861
Deputy Attorney General
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 879-0299
  Fax:  (510) 622-2270
  E-mail:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board**;** and **GAVIN NEWSOM,** in his official capacity as the Governor of California**,**<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' NOTICE OF RELATED CASE**<br><br>Courtroom:  10, 13th Floor<br>Judge:  Hon. Dena Coggins<br>Trial Date:  None Set<br>Action Filed:  August 11, 2025 |

Pursuant to Civil Local Rule 123, Defendants California Air Resources Board (CARB), Steven S. Cliff, and Gavin Newsom file this notice to inform the Court of a case recently transferred to this District: *American Free Enterprise Chamber of Commerce v. Engine Manufacturers Association*, No. 2:25-cv-03255-SCR (E.D. Cal. transferred Nov. 10, 2025) (hereinafter *AmFree*). Defendants respectfully submit that the two cases are related and that coordination of the cases before a single Judge "is likely to effect a savings of judicial effort and other economies." L.R. 123(b).

## A.    SUMMARY OF THIS ACTION

Plaintiffs Daimler Truck North America, LLC; International Motors, LLC; PACCAR, Inc.; and Volvo Group North America LLC (collectively, "OEM Plaintiffs") filed this suit on August 11, 2025. ECF No. 1. Their complaint alleges that a 2023 agreement between OEM Plaintiffs and other heavy-duty truck manufacturers and CARB, known as the Clean Truck Partnership (CTP), certain CARB regulations, and other executive and agency actions are preempted under Section 209 of the Clean Air Act. *Id.* at ¶¶ 71-94. Their complaint also alleges certain violations of the First Amendment, California Constitution Article I, Section 3, and the California Administrative Procedure Act. *Id.* at ¶¶ 95-137. The OEM Plaintiffs moved for a preliminary injunction on all their claims the day after filing suit. ECF No. 23.

The United States and U.S. Environmental Protection Agency (collectively, "United States") filed a motion to intervene as plaintiffs, ECF No. 43, which the Court granted on August 20, 2025, ECF No. 54. The United States' Complaint in Intervention raises only preemption claims against the CTP and a subset of the CARB regulations challenged by the OEM Plaintiffs. ECF No. 56 at ¶¶ 98-114. The United States subsequently joined the OEM Plaintiffs' preliminary injunction motion as to those narrower claims and issues. ECF No. 57.

The Court heard argument on the preliminary injunction motion on October 31, 2025, and issued its decision that same day. ECF Nos. 93, 94. The Court granted Plaintiffs' motion in part, based on their claim that the Clean Truck Partnership is preempted, and otherwise denied the motion. ECF No. 94 at 34.

1    Defendants have also moved to dismiss one or more Defendants and one or more claims

2    from each of the two complaints in this case. ECF Nos. 77, 78. Briefing on those motions will be

3    complete on November 18, 2025. ECF No. 90.

4    **B.    SUMMARY OF *AMFREE***

5    AmFree filed suit on December 16, 2024 in the U.S. District Court for the Northern District

6    of Illinois, alleging that the CTP is itself a preempted emission standard or else a preempted

7    attempt to enforce certain emission standards under Section 209 of the Clean Air Act. *AmFree*,

8    No. 3:24-cv-50504 (N.D. Ill.), ECF No. 1 at ¶¶ 140-57. AmFree named as defendants the

9    manufacturers and trade association who signed the agreement—including the OEM Plaintiffs in

10   *Daimler*—and Steven S. Cliff, in his official capacity as Executive Officer of CARB. AmFree

11   later amended the complaint to add allegations about the congressional resolutions targeting three

12   preemption waivers granted to California for recent updates to its emissions program, *see*

13   *AmFree*, ECF No. 104-6, and to remove the private-party defendants from the action following an

14   undisclosed out-of-court settlement with them, *see AmFree*, ECF No. 142-1.

15   On August 14, 2025, Defendant Cliff moved to dismiss AmFree's suit for lack of personal

16   jurisdiction and lack of proper venue or, in the alternative, to transfer the action to this District.

17   *AmFree*, ECF No. 126 at 1. The United States and EPA (collectively, the "United States") also

18   moved to intervene as plaintiffs. *AmFree*, ECF No. 121. As in *Daimler*, the United States'

19   proposed Complaint in Intervention alleges that the CTP and certain CARB regulations are

20   preempted. *AmFree*, ECF No. 121-1 at ¶¶ 98-114. Defendant Cliff opposed intervention, arguing

21   that the motion failed, as a threshold matter, given that the court lacked personal jurisdiction and

22   venue. *AmFree*, ECF No. 132 at 4-6. Defendant Cliff also argued that intervention should be

23   denied because the United States could protect its claimed interests in other pending litigation,

24   including as a plaintiff-intervenor raising identical claims in *Daimler*. *Id.* at 6-9.

25   On November 7, 2025, the District Court for the Northern District of Illinois concluded

26   that, "although it has personal jurisdiction and venue would be proper in this Court, in the

27   exercise of the Court's discretion, the convenience of parties and the interests of justice counsel

28   transfer to the Eastern District of California." *AmFree*, ECF No. 145 at 1-2. The United States'

2

motion to intervene remains pending. However, the United States' complaint in *Daimler* and its

proposed complaint in *AmFree* are almost identical, *compare, e.g.*, *Daimler*, ECF No. 56 at ¶¶ 98-

114, *with AmFree*, ECF No. 121-1 at ¶¶ 98-114, and "[a] plaintiff generally has no right to

maintain two separate actions involving the same subject matter at the same time in the same

court and against the same defendants," *Johnson v. Cates*, No. 1:23-cv-00361-GSA-PC, 2024 WL

2834383, at *1 (E.D. Cal. June 4, 2024).

**C.    RELATIONSHIP BETWEEN THE TWO CASES AND GROUNDS FOR COORDINATION**

      *Daimler* and *AmFree* share a common defendant—Steven S. Cliff—and a common claim—

that the CTP is preempted by the Clean Air Act. But the cases also involve distinct parties: the

OEM Plaintiffs in *Daimler* are no longer defendants in *AmFree*, and the United States is presently

a plaintiff in *Daimler* only.[1] And the cases involve distinct claims: for example, the OEM

Plaintiffs in *Daimler* raise an additional six causes of action that were not raised in *AmFree*,

involving additional actions beyond the CTP and additional legal theories beyond Clean Air Act

preemption.

      Given the overlap, however, *Daimler* and *AmFree* are "related" and "their assignment to

the same Judge … is likely to effect a substantial savings of judicial effort." L.R. 123(a)(1)-(3);

*see also United States v. State Water Res. Control Bd.*, No. 2:19-cv-0547-LJO-EPG, 2019 WL

1746046, at *1 (E.D. Cal. Apr. 18, 2019) (assignment of the actions to the same judge "will

promote convenience, efficiency and economy for the Court and parties, and will help to avoid

inconsistent judgments and potentially conflicting remedies"); *United States v. Saeteurn*, No.

2:18-cv-00212-TLN, 2019 WL 1018655, at *3 (E.D. Cal. Mar. 4, 2019) ("It would be an

unnecessary and unwise expenditure of resources in this overburdened judicial district for two

different judges to familiarize themselves with one common set of facts …."). Coordination of the

two cases is therefore appropriate. Defendants do not intend to move for consolidation. *See Sho v.

Current or Acting Field Office Dir.*, No. 2:21-cv-00654-TLN-AC, 2022 WL 1025693, at *1 (E.D.

---

[1] *Daimler* also involves additional defendants not named in *AmFree*: CARB and Governor Newsom. Defendants have moved to dismiss Governor Newsom from the United States' complaint, ECF No. 77 at 6-9, and have moved to dismiss both the Governor and CARB from the OEM Plaintiffs' complaint, ECF No. 78 at 7-10.

Cal. Mar. 9, 2022) (relating cases under Local Rule 123 assigns both actions to the same judge but does not consolidate them absent motion or stipulation).

Dated:  November 14, 2025                    Respectfully submitted,

                                            ROB BONTA
                                            Attorney General of California
                                            MYUNG J. PARK
                                            Supervising Deputy Attorney General

                                            */s/ Cecilia D. Segal*
                                            CECILIA D. SEGAL
                                            Deputy Attorney General
                                            *Attorneys for Defendants*

4