GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:     650.849.5395
Facsimile:     640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8293
Facsimile:     415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:     202.955.8500
Facsimile:     202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Plaintiffs-Intervenors.<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>Defendants. | Case No. 2:25-cv-02255-DC-AC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Judge:              Hon. Dena Coggins<br>Action Filed:   August 11, 2025<br><br>Date:               February 20, 2026<br>Time:               1:30 p.m.<br>Courtroom:    10 |

Gibson, Dunn &
Crutcher LLP

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:** PLEASE TAKE NOTICE that on February 20, 2026, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 10 of the above-titled Court, Plaintiffs Daimler Truck North America LLC, International Motors, LLC, PACCAR Inc, and Volvo Group North America LLC (together, the "Plaintiff OEMs") will and do move the Court for an order granting leave to file Plaintiff OEMs' First Amended Complaint. This motion is made pursuant to Federal Rule of Procedure 15(a)(2) and Local Rule 220, on the grounds that the proposed amendment will streamline the pleadings, eliminate certain claims and a defendant, and update the factual allegations to reflect events occurring after the filing of the original complaint. A copy of Plaintiff OEMs' proposed First Amended Complaint is attached as **Exhibit 1**, a redlined comparison of the original and proposed amended complaint is attached as **Exhibit 2**, and a proposed order is submitted for the Court's convenience.

On January 14, 2026, the parties met and conferred to discuss the Plaintiff OEMs' and the United States' plans to amend their complaints, including the Plaintiff OEMs' plan to file a proposed First Amended Complaint on Friday January 16, 2026. Until Defendants are able to review the proposed First Amended Complaint, Defendants oppose amendment and defer any position on the question of streamlining Rule 12 motions, if any, at this time.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such oral argument as may be heard by the Court.

DATED:  January 16, 2026                     Respectfully submitted,

                                             GIBSON, DUNN & CRUTCHER LLP

                                             By: _____
                                             BENJAMIN WAGNER
                                             RACHEL S. BRASS
                                             STACIE B. FLETCHER
                                             MIGUEL A. ESTRADA
                                             JACOB T. SPENCER
                                             VERONICA J.T. GOODSON
                                             *Attorneys for Plaintiff Daimler Truck North America LLC* (additional counsel on signature pages)

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 220, Daimler Truck North America LLC, International Motors, LLC, PACCAR Inc, and Volvo Group North America LLC (together, the "Plaintiff OEMs") by and through their undersigned counsel respectfully move this Court for leave to file their First Amended Complaint. A copy of the Plaintiff OEMs' proposed First Amended Complaint is attached as Exhibit 1, a redlined comparison of the original and amended complaint is attached as Exhibit 2, and a proposed order is also attached for the Court's convenience.

The Plaintiff OEMs filed their complaint in this action on August 11, 2025. Dkt. 1. The next day, August 12, 2025, the Plaintiff OEMs filed their motion for preliminary injunction seeking to enjoin Defendants from enforcing or attempting to enforce CARB's preempted regulations, the Clean Truck Partnership, and certain CARB advisory correspondence and executive orders. Dkt. 23. Also on August 11, 2025, the Court entered an initial case management order, which in relevant part provided that the parties should address in their Rule 26(f) discovery plan any "***contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses***." Dkt. 12 at 2 (emphasis added).

With this proposed amendment, Plaintiff OEMs do not seek to add any causes of action; rather, the proposed amendment will eliminate causes of action to simplify the case and bring the pleadings up to date by adding factual allegations on events that occurred after the complaint was filed. As already briefed in Plaintiff OEMs' motion for preliminary injunction, Defendants undertook a series of additional actions after the complaint was filed, continuing their efforts to adopt, enforce, or attempt to enforce preempted California emissions standards and certification requirements without necessary waivers from EPA, including: (1) the August MAC, (2) the September emergency rulemaking, and (3) the breach-of-contract lawsuit filed in Alameda Superior Court. These issues were all briefed in Plaintiff OEMs' reply in support of their motion for preliminary injunction. In (unsuccessfully) opposing Plaintiff OEMs' preliminary injunction motion, Defendants asserted that those additional actions would not properly be before the Court until the Plaintiff OEMs amended their complaint. *See, e.g.*, Dkt. 80 at 1-2; Dkt. 100 at 43:19-24. In addition, Defendants moved to dismiss Counts II–VII of the

Plaintiff OEMs' claims (but not Count I). Plaintiff OEMs' opposition "acknowledge[d] that sovereign immunity prevents this Court from adjudicating their state law claims (Counts V, VI, and VII) and respectfully asked the Court to dismiss those claims without prejudice to re-file in another forum." Dkt. 84 at 2, fn. 1. Plaintiff OEMs "sought a stipulated resolution of this issue, but were unsuccessful." Dkt. 84 at 2, fn. 1. Additionally, Plaintiff OEMs' opposition to Defendants' motion to dismiss addressed the August MAC and the September emergency rulemaking. Dkt. 84 at 14, 17.

The Plaintiff OEMs' proposed First Amended Complaint would simplify and clarify the issues before this Court. It eliminates all causes of action under California state law and the First Amendment, and removes CARB as a defendant, thus avoiding questions about sovereign immunity. And the proposed First Amended Complaint brings the pleadings up to date by adding allegations about Defendants' continuing attempts to enforce preempted standards and certification requirements after the Plaintiff OEMs filed their original complaint—thus confirming that all of those actions are properly before the Court and within the scope of the Plaintiff OEMs' request for judicial relief.

In short, granting the Plaintiff OEMs' motion to file their proposed First Amended Complaint would preserve judicial and party resources by removing many of the disputed issues in this case. It would also ensure that this case proceeds on the same timeline as the related *AmFree* action currently pending before this Court. *American Free Enterprise Chamber of Commerce v. Cliff, et al.*, No. 2:25-cv-03255-DC-AC (E.D. Cal.) ("*AmFree*"). And it would not prejudice Defendants in any way; although it would moot their pending motion to dismiss, it would at the same time eliminate some of the claims on which they had sought dismissal.

On January 14, 2026, the parties met and conferred to discuss the Plaintiff OEMs' and the United States' plans to amend their complaints, including the Plaintiff OEMs' plan to file a proposed First Amended Complaint on Friday January 16, 2026. In that meet and confer, Plaintiff OEMs also proposed ways to streamline any briefing on both the motion for leave to amend, and on any Rule 12 challenges to the Amended Complaint, in order to alleviate burden on both Defendants and the Court. Until Defendants are able to review the proposed First Amended Complaint, Defendants oppose amendment and defer any position on the question of streamlining Rule 12 motions, if any, at this time.

//

# ARGUMENT

Under Federal Rule of Civil Procedure 15(a)(2), "…a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires," and "[t]his policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Defendants must overcome "the presumption under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052. Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts must draw all inferences "in favor of granting the motion" for leave to amend. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Under this liberal standard and presumption in favor of amendment, Plaintiff OEMs should be granted leave to amend the complaint.

## I. Plaintiff OEMs Should Be Granted Leave to Amend Under Rule 15(a)(2).

Plaintiff OEMs should be granted leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2). The proposed First Amended Complaint seeks to streamline the causes of action remaining in this case by dropping Counts IV, V, VI, and VII—leaving only Counts I, II, and III—and to simplify the issues before the Court by removing CARB as a Defendant and thus eliminate questions about sovereign immunity. The proposed First Amended Complaint also clarifies Defendants' actions at issue by including factual allegations showing Defendants' attempts—subsequent to the Plaintiff OEMs' complaint, but briefed and argued as part of the preliminary injunction and motion to dismiss—to enforce the preempted regulations.

Plaintiff OEMs' proposed amendment will still allow this case to proceed along the same timeline as *AmFree*. Because this case is related to *AmFree* and covers many of the same issues, it would be most efficient for the Court and the parties to brief summary judgment on these issues in parallel, as this likely "will promote substantial efficiency and economy for the court." *AmFree*, ECF No. 160. In *AmFree*, the parties agreed to a briefing schedule for AmFree's motion for judgment on the pleadings or in the alternative for summary judgment, with a hearing to be held on May 29, 2026. *AmFree*, ECF

No. 164. Once this Court rules on this motion for leave to file an amended complaint, the parties will meet and confer on a briefing schedule. Plaintiff OEMs have proposed that such meet and confer occur within three business days of any Rule 15(a)(2) order; Defendants have countered with a seven-day window to meet and confer. The parties continue to meet and confer. Plaintiff OEMs intend to propose a schedule and hearing date that aligns with the proposed schedule in *AmFree*, including cross motions on the dispositive legal issues consistent with the proposed approach in the *AmFree* case and a hearing on or before the May 29, 2026, *AmFree* hearing date. *See AmFree*, ECF No. 164. Granting leave to Plaintiff OEMs to amend the complaint now, as opposed to later, will allow for parallel briefing for the convenience of the Court and the parties.

This amendment does not add any new legal claims to the case and seeks to simplify the claims at issue. Plaintiff OEMs' proposed First Amended Complaint drops four of the seven claims, including the First Amendment claim and the state law claims, and no longer names CARB as a defendant.[1] In opposition to the Defendants' motion to dismiss asserting sovereign immunity, the Plaintiff OEMs seek dismissal of these claims without prejudice. Dkt. 84 at 2, fn. 1 (citing *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice . . . ."); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (explaining that dismissals for lack of jurisdiction "should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court") (internal citations omitted)); *see also Hells Canyon Preservation Council v. U.S. Forest Service,* 403 F.3d 683, 687–88 (9th Cir. 2005) ("It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment."). Elimination of Counts V–VII and CARB as a defendant moots Defendants' assertion of sovereign immunity against those claims (and that defendant) in their motion to dismiss

---

[1] Plaintiff OEMs continue to maintain their claims against the Executive Officer of CARB, Steven S. Cliff, in his official capacity. Pursuant to *Ex parte Young*, 209 U.S. 123 (1908), claims brought against the Executive Officer in his official capacity reach the actions of CARB. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Therefore, the removal of CARB as a defendant does not affect the relief sought by Plaintiff OEMs, nor does it change the effect of the preliminary injunctive relief granted by this Court.

the original complaint. These proposed amendments streamline the case and bring it up to date, which is the paradigmatic reason amendment is liberally granted.

Although Defendants indicated that they would oppose amendment until they could review the proposed First Amended Complaint, they will not be prejudiced by amendment in any way. To the contrary, the proposed First Amended Complaint effectively grants Defendants some of the relief sought in their pending motion to dismiss by removing claims and a Defendant as to which they had sought dismissal. Moreover, Defendants themselves repeatedly argued that their ongoing attempts to enforce their preempted standards—taken after filing of the original complaint—would not properly be before the Court until Plaintiff OEMs amended their complaint. Dkt. 103 at 13. The proposed First Amended Complaint confirms that all of Defendants' relevant actions are properly before the Court, putting that argument to bed. And since Defendants themselves have argued that amendment is necessary, there is no just reason to wait. Plaintiff OEMs have merely added additional factual allegations to keep pace with Defendants' own actions since the original complaint was filed, *see* Ex. 1, Proposed First Amended Complaint at ¶ 10, and have acted promptly and in good faith. Discovery has not commenced and no scheduling order in this case has been issued. Even if the amended complaint "would essentially moot Defendants' pending Motion to Dismiss," such an outcome "simply does not constitute undue prejudice." *Bencomo v. Cnty. of Sacramento*, No. 2:23-CV-00440-DAD-JDP, 2024 WL 382381, at *3 (E.D. Cal. Jan. 31, 2024) (quoting *Cuevas v. City of Campbell*, No. 5:12-cv-03087-EJD, 2012 WL 5077153, at *1 (N.D. Cal. Oct. 18, 2012) (internal quotation marks omitted). Under *Foman*, therefore, leave to amend the complaint should be granted.

## CONCLUSION

For the reasons discussed above, the Plaintiff OEMs respectfully request that this Court grant leave to amend the complaint.

Dated: January 16, 2026

Respectfully submitted on behalf of all undersigned parties,

By: *[signature: Benjamin Wagner]*

BENJAMIN WAGNER, SBN 163581

**GIBSON, DUNN & CRUTCHER LLP**

|   |   |
|---|---|
|   | BENJAMIN WAGNER, SBN 163581<br>310 University Avenue<br>Palo Alto, CA 94301-1744<br>Telephone:     650.849.5395<br>Facsimile:     640.849.5095<br>BWagner@gibsondunn.com<br><br>RACHEL S. BRASS, SBN 219301<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone:     415.393.8293<br>Facsimile:     415.393.8306<br>RBrass@gibsondunn.com<br><br>STACIE B. FLETCHER, *pro hac vice*<br>MIGUEL A. ESTRADA, *pro hac vice*<br>JACOB T. SPENCER, *pro hac vice*<br>VERONICA J.T. GOODSON, SBN 314367<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504<br>Telephone:     202.955.8500<br>Facsimile:     202.467.0539<br>SFletcher@gibsondunn.com<br>MEstrada@gibsondunn.com<br>JSpencer@gibsondunn.com<br>VGoodson@gibsondunn.com<br><br>*Attorneys for Plaintiff Daimler Truck North America LLC* |
| **LATHAM & WATKINS LLP**<br>ROBIN M. HULSHIZER, SBN 158486<br>ARTHUR FOERSTER, *pro hac vice*<br>KEVIN M. JAKOPCHEK, *pro hac vice*<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: 312.876.7700<br>Facsimile: 312.993.9767<br>Robin.hulshizer@lw.com<br>Arthur.foerster@lw.com<br>Kevin.jakopchek@lw.com<br><br>BELINDA S. LEE, SBN 199635<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br>Belinda.lee@lw.com<br><br>*Attorneys for Plaintiff International Motors, LLC*<br><br>**TROUTMAN PEPPER LOCKE LLP**<br>JEFFREY M. GOLDMAN, SBN 233840<br>350 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone:     213.928.9800<br>Facsimile:     213.928.9850 | **CLIFFORD CHANCE LLP**<br>JOSEPH A. OSTOYICH, *pro hac vice*<br>WILLIAM LAVERY, *pro hac vice*<br>STEVE NICKELSBURG, *pro hac vice*<br>DANIELLE MORELLO, *pro hac vice*<br>DOROTHEA R. ALLOCCA, *pro hac vice*<br>2001 K Street NW<br>Washington, DC 20006-1001<br>Telephone: 202.253.9077<br>joseph.ostoyich@cliffordchance.com<br>william.lavery@cliffordchance.com<br>steve.nickelsburg@cliffordchance.com<br>danielle.morello@cliffordchance.com<br>dodi.allocca@cliffordchance.com<br><br>**ILLOVSKY GATES & CALIA LLP**<br>EUGENE ILLOVSKY, SBN 117892<br>KEVIN CALIA, SBN 227406<br>1611 Telegraph Avenue, Suite 806<br>Oakland, CA 94612<br>Telephone:  415.500.6643<br>Eugene@illovskygates.com<br>Kevin@illovskygates.com<br><br>*Attorneys for Plaintiff PACCAR Inc* |

Gibson, Dunn & Crutcher LLP

6

PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 2:25-CV-02255-DC

jeffrey.goldman@troutman.com

T. SCOTT MILLS, SBN 313554
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2305
Telephone:    404.885.3000
Facsimile:    404.885.3900
scott.mills@troutman.com

JEREMY HEEP, *pro hac vice*
DANIEL J. BOLAND, *pro hac vice*
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone:    215.981.4000
Facsimile:    215.981.4750
daniel.heep@troutman.com
daniel.boland@troutman.com

*Attorneys for Plaintiff Volvo Group North America, LLC*