Rob Bonta, State Bar No. 202668
Attorney General of California
Myung J. Park, State Bar No. 210866
Supervising Deputy Attorney General
Benjamin P. Lempert, State Bar No. 344239
M. Elaine Meckenstock, State Bar No. 268861
Cecilia D. Segal, State Bar No. 310935
Jonathan A. Wiener, State Bar No. 265006
David M. Meeker, State Bar No. 273814
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6130
  E-mail: David.Meeker@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board**;** and **GAVIN NEWSOM,** in his official capacity as the Governor of California**,**<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO VACATE AND STAY CASE MANAGEMENT DEADLINES PENDING RESOLUTION OF PLEADING-STAGE MOTIONS** |

1

Defendants' Mot. for Admin. Relief to Vacate and Stay Deadlines (2:25-cv-02255-DC-AC)

Under Local Rule 233 and Section I-E of this Court's Standing Order in Civil Cases, Defendants respectfully request administrative relief: that the Court vacate and stay the deadline for the parties to confer under Federal Rule of Civil Procedure 26 and Local Rule 240(b); and order the parties to submit a joint report to the Court after the Court rules on pleading-stage motions.

The existing deadline for the joint report is February 5, 2026. ECF 90. But currently pending before the Court are Defendants' motions to dismiss some defendants and claims from both complaints originally filed (ECF 77, 78) *and* a motion for leave to amend from the Manufacturer Plaintiffs (ECF 107). Plaintiff-intervenor United States has indicated it likewise plans to seek leave to amend its complaint—sometime this week. Meeker Decl. ¶ 3. If the amended complaints are accepted, Defendants reserve their rights to file new motions to dismiss. In sum, both the status of certain defendants as well as claims are unsettled at this time. And Defendants submit—as they did in an earlier motion granted by this Court (ECF 88, 90)—that the parties should not expend resources on discovery planning (or meeting and conferring about discovery) until orders on pleading-stage motions make clear which defendants and claims remain.

Beginning on Monday, January 12, 2026, the parties met and conferred (via email and videoconference) concerning the February 5, 2026 deadline for the status report, among other issues. Defendants reiterated their position from the previous motion (granted by the Court): that the parties should not expend resources planning for discovery until the pending motions to dismiss are resolved. Meeker Decl. ¶ 2. They thus asked Plaintiffs to stipulate to a three-month extension to the status report deadline. *Id.* ¶ 2. Both sets of Plaintiffs then informed Defendants they intended to move for leave to amend their complaints. *Id.* ¶ 3. Plaintiffs nonetheless declined to stipulate to an extension of the Rule 26(f) conference and related status report unless Defendants agreed to Manufacturer Plaintiffs' proposal to set a series of deadlines for other activities. *Id.* ¶ 4. Defendants were willing to consider the proposal and held off on filing this motion in the hopes that the parties could avoid burdening each other and this Court with motion practice on this issue and file a stipulation instead. *Id.* ¶ 5.

2

Defendants' Mot. for Admin. Relief to Vacate and Stay Deadlines (2:25-cv-02255-DC-AC)

On Wednesday, January 14, 2026, Manufacturer Plaintiffs shared a draft stipulation with Defendants reflecting their proposal. *Id.* ¶ 4. On Friday, January 16, 2026, Defendants indicated a willingness to agree to the structure of Plaintiffs' proposal but not to all of the proposed deadlines, some of which Defendants concluded were too tight. *Id.* ¶ 6. Defendants thus proposed alternative deadlines. *Id.* ¶ 6. On Wednesday, January 21, 2026, Defendants informed Plaintiffs that they were concerned about further delay in seeking an extension of the status report deadline, given that discovery planning would have to begin soon to meet the February 5 deadline. *Id.*, Exh. 2. The next day, Manufacturer Plaintiffs indicated they were unwilling to agree to Defendants' revisions to certain deadlines in the proposed stipulation. *Id.* ¶ 8. Rather than propose new, compromise dates, Manufacturer Plaintiffs indicated they would only stipulate to extend the February 5 joint-status report deadline if the parties did so in a joint filing so that Manufacturer Plaintiffs could convey their position regarding process and proposed deadlines to the Court. *Id.* ¶ 8. Manufacturer Plaintiffs also made other demands, including that Defendants provide Plaintiffs now with information about Defendants' discovery plans—a demand that runs directly contrary to Defendants' position that they should not expend state government resources planning for discovery on claims that may not survive the pleading stage (or discovery from defendants who may be dismissed). *Id.* ¶ 8.

Defendants declined to file this request jointly with Plaintiffs because the parties do not want the same relief.  Negotiating a joint filing would take far more time than the ordinary course for presenting party disagreements, without any obvious benefit to the Court which will receive both parties' positions regardless.  Moreover, Defendants have already delayed seeking this relief in the hopes the parties could reach agreement on the reasonable proposition that discovery planning should not occur until the scope of the case—in terms of both claims and defendants—is known.  Defendants need to know very soon whether the February 5, 2026 status report deadline will stand.  Further delay to develop and negotiate a joint filing with Plaintiffs (who took two and a half business days to inform Defendants they were not willing to further negotiate deadlines in Plaintiffs' proposed stipulation) would prevent Defendants from obtaining timely deadline relief.

3

Defendants' Mot. for Admin. Relief to Vacate and Stay Deadlines (2:25-cv-02255-DC-AC)

Good cause exists to extend the deadline for the Rule 26(f) conference and joint status report because it will conserve the parties' and the Court's resources by ensuring the parties do not engage in unnecessary discovery and avoid potential discovery disputes. Where the operative complaint is unsettled due to motion practice, "delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources." *Zavala v. Kruse-Western, Inc.*, No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) (internal quotation marks and citations omitted). Accordingly, courts routinely postpone these Rule 26(f) deadlines until after motions to dismiss are resolved. *See, e.g.*, *Contentguard Holdings, Inc. v. ZTE Corp.*, No. 12cv1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) ("It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted."); *Wine v. Merit Sys. Prot. Bd.*, No. 25-CV-03336-JCS, 2025 WL 2721374, at *1 (N.D. Cal. Sept. 24, 2025) (describing procedural history, including grant of federal agency Defendants' request to delay the Rule 26(f) conference until after motion to dismiss was resolved). Defendants have moved to dismiss the Governor from the case entirely and to dismiss six of the seven counts in the Manufacturer Plaintiffs' complaint. *See* ECF 77, 78. Thus, if the Court grants Defendants' motions to dismiss, in whole or in part, the Court's ruling could substantially narrow the scope of relevant and proportionate discovery in this case.

And there is all the more reason to extend the deadline here because Plaintiffs have sought leave (or will seek leave) to amend their complaints, meaning both that it is now *less clear* what claims are live in this case and that additional (or replacement) motions to dismiss may follow if the Court grants leave to amend.[1] The Court should provide the parties time to conduct discovery planning *after* pleading-stage motions are resolved before requiring the Rule 26(f) conference and related status report.

---

[1] While Manufacturer Plaintiffs have described their amended complaint as "streamline[d]," ECF 107 at i:8, they seek to challenge multiple additional actions by Defendants on new legal theories (lumped together as Clean Air Act preemption), *e.g.*, ECF 107-4 at 46-50, 52-53. Thus, while these Plaintiffs did drop some of their claims, they have also added multiple new legal issues.

4

Defendants' Mot. for Admin. Relief to Vacate and Stay Deadlines (2:25-cv-02255-DC-AC)

An extension will also not prejudice Plaintiffs. Indeed, Plaintiffs contend no discovery is necessary, so they cannot credibly assert they will be prejudiced by a delay in seeking discovery. *See* ECF 88 at 3:9-10; *see also* Meeker Decl., Exh. 3 (asserting case should "advance … without the need for discovery"). Nor are Plaintiffs prejudiced by not knowing *now* what discovery Defendants may seek, given that—as courts have recognized—Defendants cannot ascertain that without knowing which defendants and which claims will remain in the case. Plaintiffs also cannot credibly claim to be prejudiced by delay here, given that they are seeking leave to amend their complaints *months* after the events described in the amendments occurred. Indeed, all of the Manufacturer Plaintiffs' proposed amended allegations could have been made in a complaint filed, as of right, within 20 days of Defendants' motions to dismiss. Having opted to seek leave to amend belatedly, Plaintiffs cannot now claim to be harmed by a reasonable extension for discovery plan disclosures—particularly when they do not plan to seek any discovery at all.

Defendants request the Court vacate and stay the deadline for the parties to confer under Federal Rule of Civil Procedure 26 and Local Rule 240(b), and to submit a joint status report that includes the Rule 26(f) discovery plan. Defendants also request the Court reset the joint status report deadline for 45 days after the Court rules on Defendants' motions to dismiss, including any motions to dismiss the proposed amended complaints should they be filed.

Dated:  January 23, 2026                                      Respectfully submitted,

                                                                                                          ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ David M. Meeker*
DAVID M. MEEKER
Deputy Attorney General
*Attorneys for Defendants*

5

Defendants' Mot. for Admin. Relief to Vacate and Stay Deadlines (2:25-cv-02255-DC-AC)