ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
M. ELAINE MECKENSTOCK, STATE BAR NO. 268861
CECILIA D. SEGAL, State Bar No. 310935
JONATHAN A. WIENER, State Bar No. 265006
DAVID M. MEEKER, STATE BAR NO. 273814
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA  94244-2550
 Telephone:  (916) 210-6130
 E-mail:  David.Meeker@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM,** in his official capacity as the Governor of California**,**<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DECLARATION OF DAVID M. MEEKER IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO VACATE AND STAY CASE MANAGEMENT DEADLINES PENDING RESOLUTION OF PLEADING-STAGE MOTIONS** |

1

I, David M. Meeker, declare as follows:

1. I am a Deputy Attorney General in the California Attorney General's Office, counsel for Defendants in this matter, and admitted to practice in this Court. Unless otherwise indicated, this Declaration is based on my personal knowledge, and, if called as a witness, I could and would testify to the statements herein.

2. On Monday, January 12, 2026, my colleague M. Elaine Meckenstock emailed counsel for all Plaintiffs in this matter, indicating that "Defendants' position on the Rule 26(f) conference is the same as in the motion we previously filed, and the Court granted: that the parties should not expend resources planning for discovery until the motions to dismiss are resolved" and asking "if Plaintiffs would stipulate to a further extension of the Rule 26(f) conference—by 3 months—given that the Court has not yet ruled on the motions to dismiss." I was copied on this email, a true and correct copy of which is attached to this Declaration as **Exhibit 1**.

3. On Wednesday, January 14, 2026, Ms. Meckenstock and I met with counsel for all Plaintiffs via videoconference. Counsel for the Manufacturer Plaintiffs and the United States indicated that they planned to seek leave to amend their complaints. Manufacturer Plaintiffs' counsel indicated they would file their motion seeking that leave on Friday, January 16. The United States indicated it would likely file a week later.

4. During the January 14, 2026 meet-and-confer, counsel for Manufacturer Plaintiffs indicated they would only agree to extend the time for the Rule 26(f) conference and related status report *if* Defendants would agree to a number of other conditions or deadlines. Later that day, counsel for Manufacturer Plaintiffs provided a draft stipulation to Defendants that laid out the specific terms—including the deadlines—of the proposal.

5. Although the parties agreed that the January 14, 2026 videoconference met the meet-and-confer requirement for Defendants' motion to extend the February 5, 2026 joint status report deadline, Defendants held off on filing that motion in the hopes that the parties could file a stipulation instead and conserve judicial resources.

2

Decl. in Support of Defendants' Mot. for Admin. Relief to Vacate and Stay Deadlines (2:25-cv-02255-DC-AC)

6. To that end, on Friday, January 16, 2026, Ms. Meckenstock returned the draft stipulation to Plaintiffs marked up with Defendants' requested changes. In her cover email, Ms. Meckenstock indicated that Defendants were willing to agree to the overall structure Plaintiffs had proposed, as well as some of the deadlines, but also conveyed that other deadlines in the proposal were not acceptable to Defendants. Specifically, Defendants indicated that they needed more time for discovery planning—before the Rule 26(f) conference would occur—and that the deadlines contingent upon court orders were too tight given the uncertainty of the timing of such orders and the possibility that counsel or clients (or both) might be unusually busy or out-of-town in the short post-order timeframes Plaintiffs had proposed. Defendants proposed modest changes to the dates they found unworkable.

7. On Wednesday, January 21, 2026, Ms. Meckenstock emailed all Plaintiffs' counsel, indicating that Defendants were concerned about further delay in seeking an extension of the status report deadline, given that discovery planning would have to begin soon to meet the February 5 status report deadline. I was copied on that email, a true and correct copy of which is attached hereto as **Exhibit 2**.

8. On Thursday, January 22, 2026, counsel for Manufacturer Plaintiffs replied via email, indicating they were unwilling to agree to Defendants' revisions to certain deadlines in the proposed stipulation. Manufacturer Plaintiffs did not propose compromise deadlines but instead indicated they would only stipulate to extend the February 5 joint-status report deadline if the parties did so in a joint filing so that Manufacturer Plaintiffs could convey their position regarding process and proposed deadlines to the Court. Manufacturer Plaintiffs also made other demands, including that Defendants provide Plaintiffs now with information about Defendants' discovery plans. I and several of my colleagues received this email, a true and correct of which is attached hereto as **Exhibit 3**.

9. Defendants need to know very soon whether the February 5, 2026 deadline will stand because, if it will, Defendants need to begin discovery planning—even for claims or defendants that may not be in the case after motions to dismiss are resolved. Defendants thus declined Plaintiffs' suggestion to submit a joint filing to the Court concerning the February 5 deadline, as

3

Decl. in Support of Defendants' Mot. for Admin. Relief to Vacate and Stay Deadlines (2:25-cv-02255-DC-AC)

1  that would have further delayed the relief Defendants need now.  I informed Plaintiffs of this

2  decision by email, a true and correct copy of which is attached hereto as **Exhibit 4**.

4      I declare under penalty of perjury that the foregoing statements are true and correct.

5  Executed on January 23, 2026.

*/s/ David M. Meeker*
Deputy Attorney General
*Attorney for Defendants*

4

Decl. in Support of Defendants' Mot. for Admin. Relief to Vacate and Stay Deadlines (2:25-cv-02255-DC-AC)