GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:	650.849.5395
Facsimile:	640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:	415.393.8293
Facsimile:	415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:	202.955.8500
Facsimile:	202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>   Plaintiffs,<br><br>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>   Plaintiffs-Intervenors.<br><br>   v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>   Defendants. | Case No. 2:25-cv-02255-DC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING CASE MANAGEMENT DEADLINES**<br><br>Judge:	Hon. Dena Coggins<br>Action Filed:	August 11, 2025 |

Defendants' motion (Dkt. 108, "Motion") is their latest attempt to delay this litigation. Defendants persist in attempting to enforce the preempted regulations at issue in this case, and OEM Plaintiffs have made clear that delay inflicts concrete and ongoing harm. Yet Defendants continue to attempt to slow the case through procedural maneuvering. During the parties' recent discussions regarding scheduling, OEM Plaintiffs consistently expressed a willingness to agree to reasonable extensions in the Rule 26 deadlines provided that those extensions are tied to otherwise moving this litigation forward. Defendants refuse, instead seeking to delay ordinary case management deadlines in a manner that runs contrary to Circuit law favoring discovery during the pendency of Rule 12 motions.

The core issues presented by this litigation are legal in nature, including threshold questions of preemption, and early dispositive motion practice will materially advance the case, potentially rendering discovery unnecessary. For that reason, OEM Plaintiffs are willing to agree to extend the applicable scheduling deadlines relating to discovery, subject to Court approval, as long as the parties engage in the limited planning necessary to determine whether Defendants anticipate needing discovery that could delay early dispositive motions. OEM Plaintiffs have raised this issue with counsel for Defendants on multiple occasions—as far back as October 2025—explaining that OEM Plaintiffs intend to pursue an early motion for summary judgment on threshold legal questions[1] and asking for Defendants' position on whether any discovery is necessary as to those issues. To date, Defendants have not answered that question, much less articulated any discovery needs, simply asserting that the parties should not expend resources planning for discovery until the Rule 12 motions are resolved, clarifying the operative claims. The solution is easy: Defendants should be ordered to engage in a limited Rule 26(f) discussion regarding what discovery, if any, they might pursue with respect to any particular claim.

Before discovery can begin, parties must confer as required by Rule 26(f). Fed. R. Civ. P. 26(d). Rule 26(f) discussions routinely occur while Rule 12 motions are pending, including before

---

[1] OEM Plaintiffs' proposed briefing schedule for dispositive motions—including any cross-motions from Defendants—would align with the parties' joint proposed schedule in the related *AmFree* action pending before this Court, No. 2:25-cv-03255-DC-AC (E.D. Cal.). This would allow the Court to consider related or overlapping legal questions on a coordinated timeline, promoting efficiency and reducing the risk of duplicative consideration. It would also avoid the need for cross-amicus briefs to be filed in either case. It is no answer to say, as Defendants have in correspondence, that consolidated briefing would mean all briefs should be delayed where the agreed briefing schedules already far exceed those contained in the rules of this Court.

oppositions are filed. "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), *as amended on denial of reh'g and reh'g on banc* (Apr. 17, 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing'" that the case should not go forward. *Gray*, 133 F.R.D. at 40 (citation omitted). California has acknowledged the same in its own lawsuit in the Northern District of California challenging a United States Department of Justice directive, telling the Court there: "Defendants make essentially no effort to establish good cause, arguing that the mere filing of the dispositive motion is sufficient to" delay discovery. *See* **Exhibit A**, Pls.' Opp. to Defs.' Mot. for Admin. Relief, *State of California v. U.S. Dep't of Just. et al.*, No. 3:25-cv-04863 (N.D. Cal. Sept. 2, 2025), Dkt. 24, at 4. Defendants have made no such showing here.

In determining whether to stay discovery during a pending motion to dismiss, which is what Defendants effectively seek, federal district courts within the Ninth Circuit "rely heavily on two factors to determine if delaying discovery is appropriate: (1) whether the pending motion is potentially dispositive of the case, or at least would render unnecessary the discovery at issue; and (2) whether the pending motion can be decided absent additional discovery." *Hernandez v. Event Tickets Ctr., Inc.*, 2025 WL 3035758, at *2 (E.D. Cal. Oct. 29, 2025); *see also Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 27, 2015); *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). "Discovery should proceed if either prong of the test is not met." *Mlejnecky*, 2011 WL 489743, at *6.

Defendants plainly fail the first prong of this test. Defendants did not move to dismiss Count I of OEM Plaintiffs' complaint, *see* Dkt. 78, and this Court already found that OEM Plaintiffs were likely to succeed on Count III when it entered a preliminary injunction, *see* Dkt. 94 at 30–33. Even if the Court grants the pending Rule 12 motion on OEM Plaintiffs' Complaint in full, this case will proceed beyond the pleadings; it will not be dispositive of the case. *Salazar*, 2015 WL 6537813, at *2. The

delay Defendants seek will not conserve party or judicial resources.[2]

As to the equities, OEM Plaintiffs would be prejudiced by the delay caused by Defendants' unwillingness to engage in Rule 26(f) discussions. While the existing preliminary injunction (Dkt. 94) certainly staved off immediate and continued harm by enjoining enforcement of the Clean Truck Partnership, Defendants continue to enforce the challenged preempted rules and certification requirements pursuant to the August MAC and the Emergency Rule, including for current model years. As a result, manufacturers still must make annual and ongoing compliance and certification decisions that are irrevocable, notwithstanding the presumptively valid federal statutory revocation of Defendants' authority for these requirements. *See Turner Broad. Sys., Inc. v. F.C.C.*, 507 U.S. 1301, 1301 (1993) ("The 1992 Cable Act, like all Acts of Congress, is presumptively constitutional. As such, it should remain in effect pending a final decision on the merits by this Court.") (internal quotation omitted); *Williams v. United States,* 426 F.2d 253, 255 (9th Cir. 1970) ("This Court is governed by the fundamental rule of statutory construction that a presumption of validity attaches to an Act of Congress, and that such presumption is not lightly overcome.") (citation omitted). Indeed, OEM Plaintiffs will pay millions of dollars in California certification fees under preempted rules during the pendency of this litigation even if they follow the federal pathway for certification, creating every incentive for Defendants to delay. *See* Dkt. 94.

Defendants have also taken the position that enforcement of the preempted rules may be applied retroactively. *See, e.g.*, Dkt. 73-30, ¶ 45 ("CARB reserve[s] its right to enforce the regulations covered by the targeted waivers, including for sales during the period of litigation."). Uncertainty as to whether OEM Plaintiffs will be subject to enforcement of an unconstitutional law is itself an injury that is

---

[2] Defendants' caselaw further underscores the deficiencies of their argument. In two of the three cases they cite, the court did not delay a Rule 26 conference, but rather denied a motion to compel moving that conference earlier. *See Zavala v. Kruse-Western, Inc.*, No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019); *Contentguard Holdings, Inc. v. ZTE Corp.*, No. 12-cv-01226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013). Neither case addressed whether it is appropriate to delay the initial Rule 26 conference on multiple occasions because a motion to dismiss is pending or may be filed. Defendants' authorities do not overcome the weight of the caselaw that says stays are disfavored and the clear directive of Federal Rules of Civil Procedure that the 26(f) conference "must" occur "as soon as practicable," and "good cause" is required to deviate. Fed. R. Civ. P. 26.

Gibson, Dunn & Crutcher LLP

3

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION RE CASE MANAGEMENT DEADLINES
CASE NO. 2:25-CV-02255-DC

damaging OEM Plaintiffs' ability to serve customers today.  *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014).  For these reasons, the equities favor speedy consideration of OEM Plaintiffs' claims.

To resolve the instant dispute and move this case forward efficiently, OEM Plaintiffs propose the following: *First*, the Parties should engage in a limited Rule 26(f) discussion regarding what discovery, if any, Defendants might pursue with respect to the threshold preemption claims prior to OEM Plaintiffs' motion for summary judgment.  OEM Plaintiffs simply need to know now whether Defendants might pursue discovery, rather than burden the parties and the Court with a potential dispute via motion practice if OEM Plaintiffs move for summary judgment.  If Defendants continue to refuse to state what discovery they believe they need to address the merits of OEM Plaintiffs' claims, they should not be permitted to assert arguments under Rule 56(d) based on alleged discovery needs that could have been raised earlier.

*Second*, assuming that the parties agree that early dispositive motion practice without discovery is appropriate, OEM Plaintiffs propose that, following the Court's rulings on the OEM Plaintiffs' motion to amend their complaint, any resulting Rule 12 motions, and any cross-motions for summary judgment that OEM Plaintiffs may file, the parties should meet and confer on any remaining Rule 26(f) topics within three weeks of the Court's last ruling and submit a joint status report regarding scheduling two weeks thereafter.  Five weeks is more than enough time to engage in what is a routine conversation in federal litigation—one presumptively governed by plainly delineated Rules of Civil Procedure.

OEM Plaintiffs offered this reasonable and measured compromise on case management to Defendants, but they declined, opting instead to engage in the present motion practice.  Defendants countered OEM Plaintiffs' offer by seeking seven weeks following the Court's ruling on dispositive motions to submit a joint status report.  Defendants did not meet and confer with OEM Plaintiffs regarding the 45-day post-ruling extension they now seek in their motion.  Instead, they presented it for the first time in an email sent well after the close of business and less than 30 minutes before Defendants filed the Motion seeking that relief.  *See* **Exhibit B**.  Although OEM Plaintiffs are amenable to deferring the majority of the planning required by Rule 26(f) until after the Court rules, including committing to any discovery schedule, OEM Plaintiffs submit that Defendants can—and should—begin evaluating

potential outcomes and discovery needs in advance of any decision. The circumstances here do not justify Defendants' requested 45-day delay *after an order is entered* on dispositive motions for Defendants to determine whether they need discovery and resume ordinary case-management obligations.

This case has been pending since August 2025, giving Defendants ample time to consider what discovery, if any, is required in this case and how long it will take.[3] While OEM Plaintiffs recently filed a Motion for Leave to Amend their complaint (Dkt. 107), the proposed Amended Complaint (Dkt. 107-1) serves only to narrow the claims and align the operative pleadings with the factual record already before the Court in connection with the preliminary injunction proceedings. Allowing additional weeks for the basic topic of whether discovery will be necessary at all would amount to unnecessary delay in a case that has already been extensively briefed and litigated.

For these reasons, OEM Plaintiffs request that the Court either adopt OEM Plaintiffs' proposed compromise or, alternatively, simply order the parties to proceed under the ordinary operation of the Federal Rules of Civil Procedure—*i.e.*, to confer "as soon as practicable" and propose a scheduling order for anything that remains in the case after dispositive motions are resolved. Fed. R. Civ. P. 26(f)(1). Defendants have already had substantial time to consider the issues presented and the potential need for discovery. Further delay would prolong ongoing compliance obligations and costs that are not stayed by the existing preliminary injunction.

Dated: January 26, 2026

Respectfully submitted on behalf of all undersigned parties,

By: *(signature: Benjamin Wagner)*

**GIBSON, DUNN & CRUTCHER LLP**
BENJAMIN WAGNER, State Bar No. 163581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5395
Facsimile:    640.849.5095
BWagner@gibsondunn.com

---

[3] Defendants have been litigating related legal issues and claims in multiple other cases pending in federal courts. *Am. Free Enterprise Chamber of Comm. v. Cliff*, 2:25-cv-03255-DC-AC (E.D. Cal.); *State of California v. United States*, 4:25-cv-04966 (N.D. Cal.). Defendants cannot reasonably claim that they still do not know whether discovery will be necessary to litigate those same issues here.

| | |
|---|---|
| | RACHEL S. BRASS, SBN 219301<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone:   415.393.8293<br>Facsimile:    415.393.8306<br>RBrass@gibsondunn.com |
| | STACIE B. FLETCHER, *pro hac vice*<br>MIGUEL A. ESTRADA, *pro hac vice*<br>JACOB T. SPENCER, *pro hac vice*<br>VERONICA J.T. GOODSON, SBN 314367<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504<br>Telephone:   202.955.8500<br>Facsimile:    202.467.0539<br>SFletcher@gibsondunn.com<br>MEstrada@gibsondunn.com<br>JSpencer@gibsondunn.com<br>VGoodson@gibsondunn.com |
| | *Attorneys for Plaintiff Daimler Truck North America LLC* |

| | |
|---|---|
| **LATHAM & WATKINS LLP**<br>ROBIN M. HULSHIZER, SBN 158486<br>ARTHUR FOERSTER, *pro hac vice*<br>KEVIN M. JAKOPCHEK, *pro hac vice*<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: 312.876.7700<br>Facsimile: 312.993.9767<br>Robin.hulshizer@lw.com<br>Arthur.foerster@lw.com<br>Kevin.jakopchek@lw.com<br><br>BELINDA S. LEE, SBN 199635<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>Telephone: 415.391.0600<br>Facsimile: 415.395.8095<br>Belinda.lee@lw.com<br><br>*Attorneys for Plaintiff International Motors, LLC* | **CLIFFORD CHANCE LLP**<br>JOSEPH A. OSTOYICH, *pro hac vice*<br>WILLIAM LAVERY, *pro hac vice*<br>STEVE NICKELSBURG, *pro hac vice*<br>DANIELLE MORELLO, *pro hac vice*<br>DOROTHEA R. ALLOCCA, *pro hac vice*<br>2001 K Street NW<br>Washington, DC 20006-1001<br>Telephone: 202.253.9077<br>joseph.ostoyich@cliffordchance.com<br>william.lavery@cliffordchance.com<br>steve.nickelsburg@cliffordchance.com<br>danielle.morello@cliffordchance.com<br>dodi.allocca@cliffordchance.com<br><br>**ILLOVSKY GATES & CALIA LLP**<br>EUGENE ILLOVSKY, SBN 117892<br>KEVIN CALIA, SBN 227406<br>1611 Telegraph Avenue, Suite 806<br>Oakland, CA 94612<br>Telephone:  415.500.6643<br>Eugene@illovskygates.com<br>Kevin@illovskygates.com<br><br>*Attorneys for Plaintiff PACCAR Inc* |
| **TROUTMAN PEPPER LOCKE LLP**<br>JEFFREY M. GOLDMAN, SBN 233840<br>350 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone:   213.928.9800<br>Facsimile:    213.928.9850<br>jeffrey.goldman@troutman.com<br><br>T. SCOTT MILLS, SBN 313554<br>600 Peachtree Street, N.E., Suite 3000 | |

Gibson, Dunn & Crutcher LLP

1   Atlanta, Georgia 30308-2305
    Telephone:    404.885.3000
2   Facsimile:    404.885.3900
    scott.mills@troutman.com
3
    JEREMY HEEP, *pro hac vice*
4   DANIEL J. BOLAND, *pro hac vice*
    3000 Two Logan Square
5   Eighteenth & Arch Streets
    Philadelphia, PA 19103
6   Telephone:    215.981.4000
    Facsimile:    215.981.4750
7   daniel.heep@troutman.com
    daniel.boland@troutman.com
8
    *Attorneys for Plaintiff Volvo Group North America, LLC*