| | |
|---|---|
| ADAM R.F. GUSTAFSON<br>Principal Deputy Assistant Attorney General<br>ROBERT N. STANDER<br>Deputy Assistant Attorney General<br>JOHN K. ADAMS<br>DAVID D. MITCHELL<br>United States Department of Justice<br>Environment & Natural Resources Div.<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>(202) 353-5905<br>robert.stander@usdoj.gov<br>john.adams3@usdoj.gov<br>david.mitchell@usdoj.gov | ERIC GRANT<br>United States Attorney<br>EDWARD A. OLSEN<br>Assistant United States Attorney<br>501 I Street, Suite 10-100<br>Sacramento, California 95814<br>(916) 554-2821 |

*Counsel for Intervenors-Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC; INTERNATIONAL MOTORS, LLC; PACCAR INC; and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Intervenors-Plaintiffs,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date: March 6, 2026<br>Time: 1:30 PM<br>Courtroom: 10, 13th Floor<br>Judge: Hon. Dena Coggins<br>Trial Date: Not Set<br>Action Filed: August 11, 2025 |

Notice of Motion and Motion for Leave to File
First Amended Complaint

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD: PLEASE TAKE NOTICE that on March 6, 2026, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 10 of the above-titled Court, Intervenors-Plaintiffs the United States of America and United States Environmental Protection Agency (together the "United States") will and do move the Court for an order granting leave to file Intervenors-Plaintiffs' First Amended Complaint. This motion is made under Federal Rule of Procedure 15(a)(2) and Local Rule 220, to update the factual allegations and add claims covering events occurring after the original complaint was filed. A copy of Interventors-Plaintiffs' First Amended Complaint is attached as Exhibit 1, a redlined comparison of the original and proposed First Amended Complaint is attached as Exhibit 2, and a proposed order is provided.

On January 14, 2026, the parties met and conferred to discuss the Manufacturer Plaintiffs' and the United States' plans to amend complaints. Defendants defer any position on this motion until it is filed. This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and any oral argument the Court may hear.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

Dated: January 26, 2026        */s/David Mitchell*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

ERIC GRANT                    JOHN K. ADAMS
*United States Attorney*      DAVID D. MITCHELL
EDWARD A. OLSEN               United States Department of Justice
Assistant United States Attorney    Environment & Natural Resources Div.

*Counsel for the Intervenors-Plaintiffs*

Notice of Motion and Motion for Leave to File
First Amended Complaint                                              1

## MEMORANDUM AND POINTS OF AUTHORITIES

The United States and U.S. Environmental Protection Agency (together the "United States") seek leave to file a first amended compliant due to actions CARB took after the United States filed its original complaint on August 22, 2025. *See* Compl. in Intervention, Dkt. No. 56. The original complaint challenged, as relevant to this amendment, CARB's unlawful and preempted Omnibus' Low NOx ("Omnibus") rule for heavy-duty truck emissions standards. Three days later, CARB issued a Manufacturers Advisory Correspondence stating CARB would accept heavy-duty truck engine certifications to the Omnibus rule emissions standards and threatened retroactive enforcement for manufacturers who do not certify to the Omnibus rule. About three weeks after that, CARB issued an emergency rulemaking to revive the Omnibus rule's predecessor emissions standards. That rule is a new rule that is preempted.

The United States should be granted leave to amend its complaint to add allegations and claims covering CARB's unlawful post-complaint actions. There is no prejudice to CARB and the United States' timely moves for leave to amend. Consistent with the obligation to freely grant requests for leave to amend, the Court should grant this motion.

**I.   The United States should be granted leave to amend.**

Under Federal Rule of Civil Procedure 15(a)(2), "…a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires," and "[t]his policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations and internal quotation marks omitted). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*

Notice of Motion and Motion for Leave to File
First Amended Complaint                                                                                           1

at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts must draw all inferences "in favor of granting the motion" for leave to amend. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The United States seeks leave to amend its complaint due to actions CARB took after the United States filed its original complaint. First, on August 25, 2025, CARB issued Manufacturers Advisory Correspondence ECCD-2025-08 (August 25, 2025) ("August 2025 MAC"), Dkt. No. 58-2. The August 2025 MAC provides three certification options for heavy-duty trucks; threatens retroactive enforcement of the preempted Omnibus rule; and announces an intention to provide preferential treatment to manufacturers that certify to the Omnibus rule. That is an unlawful attempt to enforce the preempted Omnibus rule.

Second, on September 15, 2025, CARB initiated an emergency vehicle emissions rulemaking ("Emergency Rule") to "clarify that protective emission standards for vehicles and engines remain operative" during what CARB characterized as "unprecedented uncertainty" following congressional disapproval of the preemption waivers for the Omnibus Rule, as relevant here. CARB Emergency Vehicle Emissions Rulemaking Public Notice, Dkt. No. 73-33 at 6–7. The Emergency Rule purports to "amend" and "adopt new sections into" the California Code of Regulations to "confirm that"—until a court resolves the validity of the Congressional Resolutions revoking the waivers—"certain earlier-adopted regulations (displaced by [] Omnibus) remain operative (as previously adopted)." *Id.* at 1. In reality, the Emergency Rulemaking seeks to establish new emissions standards that lack an EPA-approved preemption waiver. Without a waiver, the Emergency Rule is preempted.

The United States should be granted leave to amend its complaint to include claims challenging CARB's unlawful actions. Prejudice "is the touchstone of inquiry under rule 15(a)." *Eminence Cap.*, 316 F.3d at 1051 (citation and internal quotation marks omitted). There can be no serious argument that granting leave to amend would prejudice Defendants. There has been no answer filed and no initial scheduling

conference in this case. Further, Defendants seek to stay the Federal Rule of Civil Procedure 26(f) joint report currently due on February 5, 2026. Dkt. No. 108. Defendants are in no hurry to litigate this case and will not be prejudiced by the United States' pre-answer amended complaint.

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis in original). There is no basis to find undue delay, bad faith or dilatory motive, or repeated failure cure defective amendments by the United States here. This motion is filed just over four months after the most recent challenged action (initiation of the Emergency Rule rulemaking) and would be the United States' first amended complaint. Thus, the presumption in favor of amendment applies, *see id.*, and the Court should grant this motion.

## CONCLUSION

For these reasons, the Court should grant this motion.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

Dated: January 26, 2026      */s/David Mitchell*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

| | |
|---|---|
| ERIC GRANT | JOHN K. ADAMS |
| *United States Attorney* | DAVID D. MITCHELL |
| EDWARD A. OLSEN | United States Department of Justice |
| Assistant United States Attorney | Environment & Natural Resources Div. |
| 501 I Street, Suite 10-100 | P.O. Box 7611 |
| Sacramento, California 95814 | Washington, D.C. 20044-7611 |
| (916) 554-2821 | (202) 353-5905 |
| | robert.stander@usdoj.gov |
| | john.adams3@usdoj.gov |
| | david.mitchell@usdoj.gov |

*Counsel for Intervenors-Plaintiffs*