IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC; INTERNATIONAL MOTORS, LLC; PACCAR INC; and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Intervenors-Plaintiffs,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**[PROPOSED] ORDER GRANTING THE INTERVENOR-PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Dena Coggins<br>Action Filed: August 11, 2025 |

This matter is before the Court on the United States' motion for leave to file its First Amended Complaint (Dkt. __).

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "should freely give leave when justice so requires," *id.,* and "[t]his policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations and internal quotation marks omitted). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Prejudice "is the touchstone of inquiry under rule 15(a)." *Eminence Cap.*, 316 F.3d at 1052 (citation and internal quotation marks omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Courts must draw all inferences "in favor of granting the motion" for leave to amend. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Upon consideration of the motion and response, the Court finds that the leave to amend is warranted under Federal Rule of Civil Procedure 15(a)(2). The amendment will not prejudice Defendants and the United States' request is timely. Accordingly:

1. The United States' motion for leave to file its First Amended Complaint is GRANTED.
2. The Unites States is ORDERED to file its First Amended Complaint as a separate docket entry within three days of this Order.
3. Defendants' Motion to Dismiss United States' Complaint in Intervention (Dkt. No. 77) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED:_____          _____
                                Honorable Dena M. Coggins
                                United States District Judge