GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:    650.849.5395
Facsimile:    650.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8293
Facsimile:    415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:    202.955.8500
Facsimile:    202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>Plaintiffs,<br><br>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Plaintiffs-Intervenors.<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD; STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>Defendants. | Case No. 2:25-cv-02255-DC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Judge:            Hon. Dena Coggins<br>Action Filed:   August 11, 2025 |

## INTRODUCTION

Federal Rule of Civil Procedure 15 embodies a policy of "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). OEM Plaintiffs' proposed First Amended Complaint ("FAC") does exactly what Rule 15 is designed to permit. It streamlines claims and defendants, updates the pleadings to reflect Defendants' post-filing conduct, and ensures that the case proceeds on a complete and accurate factual record. Indeed, Defendants themselves repeatedly argued that OEM Plaintiffs could not rely on post-complaint enforcement actions unless they amended. *See, e.g.*, Dkt. 80 (Defs.' Sur-Reply re Pls.' PI Mot.) at 1; Prelim. Inj. Hr'g Tr. 43:23–44:9. So OEM Plaintiffs did precisely that. Defendants do not—and cannot—carry the heavy burden of overcoming the presumption in favor of amendment. OEM Plaintiffs' request for leave to amend should be granted in full.

In opposing OEM Plaintiffs' amendment in part, Defendants do not argue that OEM Plaintiffs' amendment is made with undue delay, bad faith, or prejudice—only futility. Specifically, Defendants attack OEM Plaintiffs' *factual allegations* concerning CARB's Alameda County lawsuit (the "Alameda County Litigation"). But *Defendants* injected these facts into this litigation by petitioning for leave to apprise this Court of the Alameda County Litigation when they filed it. *See* Dkt. 85. Since that filing, Defendants have repeatedly attempted to use the Alameda County Litigation as a defense to OEM Plaintiffs' claim that the Clean Truck Partnership is preempted. *See* Dkt. 103-1 at 12 (Defs.' Reply ISO Mot. to Dismiss); Prelim. Inj. Hr'g Tr. 36:20–37:7. Defendants cannot use the Alameda County Litigation to support their positions and then block the OEM Plaintiffs from even referencing it in their FAC. And Defendants' futility arguments are wholly off the mark: OEM Plaintiffs do not seek an injunction to stay the Alameda County Litigation in contravention of the Anti-Injunction Act. Rather, the Alameda County Litigation is relevant to Defendants' persistent attempts to enforce preempted rules in violation of the Clean Air Act, as this Court found in granting OEM Plaintiffs' requested preliminary injunction. Dkt. 94 at 31–32, 34, 34 n.22.

As to the scheduling issues raised in Defendants' opposition, they appear to be yet another unnecessary attempt to delay the progress of this case. At the outset, Defendants are requesting administrative relief in an opposition brief rather than in moving papers, and did not meet and confer with

OEM Plaintiffs prior to seeking a 14-day extension to respond to the FAC—both counter to this Court's Civil Standing Order. *See* Brass Decl. ¶¶ 5–8. As OEM Plaintiffs have previously briefed to this Court, the efficient path forward for these scheduling issues is the Rule 26(f) and Case Management Conference Defendants flatly refuse to hold. Dkt. 109 (Pls.' Opp. to Defs.' Mot. for Admin. Relief) at 4. In addition, contrary to Defendants' position, judicial economy will be best served by coordinated briefing of dispositive motions between this matter and *American Free Enterprise Chamber of Commerce v. Cliff*, No. 2:25-cv-03255-DC-AC (E.D. Cal.) ("*AmFree*").

## ARGUMENT

### I. Defendants Fail to Overcome the Rule 15 Presumption in Favor of Amendment

Rule 15(a)(2) directs courts to "freely give" leave to amend when justice so requires. Denial is appropriate only in narrow circumstances, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Ninth Circuit has expressed a "strong policy to permit the amending of pleadings." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Defendants *do not oppose* OEM Plaintiffs' amendment insofar as it drops claims and defendants, nor OEM Plaintiffs' addition of allegations concerning the August Manufacturers Advisory Correspondence ("MAC") or September emergency rulemaking. Their opposition is limited to allegations concerning Defendants' lawsuit against the OEM Plaintiffs in Alameda County. That narrow objection—premised on speculative merits defenses and manufactured ambiguity—falls far short of the showing required to deny leave to amend under Rule 15.

### A. The FAC Does Not Seek an Injunction to Stay the Alameda County Litigation

In the proposed FAC (Dkt. 110-1), OEM Plaintiffs do not seek an injunction to stay the proceedings in Alameda County Superior Court or a declaratory judgment that would have the same effect. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court," subject to specific exceptions). Defendants' suggestion that OEM Plaintiffs are covertly seeking impermissible relief against the state court action ignores the plain text and structure of the

FAC and the relief sought. OEM Plaintiffs' claims and prayers for relief are specifically enumerated and do not seek an injunction to stay a state court proceeding in contravention of the Anti-Injunction Act. *See* Dkt. 110-1 at ¶¶ 105, 113, 121; pp. 49–51 (Prayer for Relief). Defendants concede as much, noting that OEM Plaintiffs "expressly omit [the Alameda County Litigation] from the specifically listed actions from which they seek relief." Dkt. 113 at 6. This is correct. The Court need not rule on the futility of an amendment or prayer for relief that does not exist.

### B. OEM Plaintiffs Are Entitled to Seek Broad Relief

Although the proposed FAC does not seek an injunction to stay the Alameda County Litigation, OEM Plaintiffs do seek broad relief to account for Defendants' evolving actions in violation of the Clean Air Act. Defendants' own conduct required OEM Plaintiffs to seek relief in the proposed FAC from "any and all attempts to enforce the preempted standards," including an injunction against "any and all . . . actions" similar to the May 23, 2025 MAC, Executive Order N-27-25, the August 25, 2025 MAC, and the September 2025 Emergency Rulemaking. Dkt. 110-1 ¶ 113. After the original complaint was filed in August 2025, Defendants repeatedly adopted new and creative enforcement mechanisms—each time insisting that the latest iteration fell outside the pleadings and beyond the Court's reach. *See, e.g.*, Dkt. 110-1 ¶¶ 10.c–10.e. The two attempts to enforce added in the FAC—the August 25, 2025 MAC and the September 2025 Emergency Rulemaking—are instances of self-help where CARB (as directed by Defendant Cliff) went beyond the walls of the courthouse to counter OEM Plaintiffs' arguments in this litigation regarding shortcomings in CARB's authority. *See* Dkt. 75 (Reply ISO Prelim. Inj. Mot.) at 12 (August 25, 2025 MAC "expressly references this litigation as a reason for its issuance"); Dkt. 73-33 (CARB Notice of Emergency Rulemaking) at 2 (referencing court filings made by an OEM Plaintiff in this litigation).

OEM Plaintiffs cannot know what shape CARB's next attempts to enforce may take and are entitled to seek relief to the full extent of this Court's jurisdiction. Rule 15 does not require OEM Plaintiffs to engage in a perpetual game of whack-a-mole, filing serial amendments each time Defendants unveil a new strategy attempting to enforce preempted regulations. The FAC's formulation of relief is neither ambiguous nor futile; rather, it is a direct response to Defendants' own conduct and is necessary to ensure that any injunction granted is effective rather than easily evaded.

### C. The Alameda County Litigation Is a Fact Relevant to OEM Plaintiffs' Preemption Claims

The Alameda County Litigation is relevant procedural and factual history, and facts describing it are properly included in the FAC. Defendants' futility argument rests on a fundamentally incorrect premise: that factual allegations may appear in a complaint only if they independently give rise to a claim for relief. That is not the law. Rule 8 permits—and common pleading practice reflects—that complaints include contextual and background facts that illuminate the nature of the dispute, the parties' conduct, and the real-world effects of the challenged action, even where those facts do not, standing alone, give rise to a separate cause of action. *See, e.g.*, *Ginsburg v. Hearst Commc'ns, Inc.*, No. 08-cv-03031, 2008 WL 4372425, at *2 (N.D. Cal. Sept. 24, 2008) ("lengthy" background allegations permissible under Rule 8 where they provide context, even if not independently actionable); *see also Erhart v. Bofl Holding, Inc.*, 269 F. Supp. 3d 1059, 1085 (S.D. Cal. 2017) ("[A]llegations that provide background information, historical material, 'or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant.'") (quoting *In re Facebook PPC Advert. Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010)); *S.L. ex rel. Mary L. v. Downey Unified Sch. Dist.*, No. 13-cv-06050, 2014 WL 934942, at *10 (C.D. Cal. Mar. 10, 2014) ("Background information need not be stricken because it provides the court 'with a fuller understanding of the dispute.'") (quoting *Kaiser Found. Hosps. v. Cal. Nurses Ass'n*, No. 11-cv-05588, 2012 WL 440634, at *4 (N.D. Cal. 2012)).

Here, allegations concerning the Alameda County Litigation provide context for OEM Plaintiffs' preemption claims by illustrating how Defendants have attempted to enforce the Clean Truck Partnership and preempted standards through ever-shifting mechanisms. The existence and operation of the Alameda County Litigation itself are plainly relevant to OEM Plaintiffs' claims and the scope of Defendants' enforcement conduct. Indeed, as noted above, it was Defendants who initially asserted the Alameda County Litigation in this Court. *See* Dkt. 85.

To be clear, as this Court correctly recognized in the Preliminary Injunction Order—which Defendants did not appeal—the United States and the U.S. EPA ("Plaintiffs-Intervenors") are entitled to injunctive relief against the Alameda County Litigation. *See* Dkt. 94 at 32 (recognizing "per se irreparable harm" to Plaintiffs-Intervenors because Alameda County Litigation "attempts to enforce at

least some standards for which [CARB] admittedly never obtained preemption waivers"), 34 & 34 n.22 (enjoining attempts to enforce the Clean Truck Partnership and referencing Plaintiffs-Intervenors' request for injunction covering Alameda County Litigation). As Plaintiffs-Intervenors have pointed out, "the United States is not subject to the Anti-Injunction Act." Dkt. 91 (U.S. Resp. to Defs.' Mot. for Admin. Relief) at 4 (citing *SEC v. Wencke*, 622 F.2d 1363, 1368 (9th Cir. 1980)). If anything is futile, it is Defendants' attempts to eradicate references to the Alameda County Litigation from OEM Plaintiffs' FAC, when it remains a part of this case through the United States' request for an injunction barring Defendants "from taking actions to implement or enforce" Advanced Clean Trucks, Advanced Clean Fleets, and Omnibus. *See* Dkt. 91 (U.S. Resp. to Defs.' Mot. for Admin. Relief) at 3; Dkt. 111-1 (First Am. Compl. in Intervention) at 27 ¶ B.

Defendants assert that allegations about the Alameda County Litigation would be subject to a motion to strike under Rule 12(f), but they would not succeed in striking references to the very litigation they not only filed but also brought to this Court's attention. *See* Dkt. 85 (Defs.' Mot. for Admin Relief). If such a motion were filed, Defendants would have to show that the facts regarding the Alameda County Litigation "could have no possible bearing on the subject matter of litigation." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 901 (E.D. Cal. 2017) (quoting *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005)). That is obviously not the situation here, not least because—as acknowledged by Defendants in their brief, *see* Dkt. 113 at 3–4—the Alameda County Litigation is referenced in this Court's Preliminary Injunction Order, Dkt. 94 at 34, 34 n.22.

And, of course, when they thought it served their interests, Defendants have argued that the Alameda County Litigation is relevant to this case. On the same day that CARB filed the Alameda County Litigation, Defendants moved for leave to file a notice informing the Court of that case, Dkt. 85, and claimed that the litigation supports Defendants' argument "that CARB can hold the manufacturers to their [Clean Truck Partnership] commitments through state law contract remedies, not regulatory penalties," Dkt. 85-1 at 2, which Defendants consider a defense to Clean Air Act preemption. At the preliminary injunction hearing, Defendants argued that the Clean Truck Partnership is not subject to preemption because it is contractual, rather than regulatory—and used the existence of the Alameda County Litigation to support this position. Prelim. Inj. Hr'g Tr. 36:20–37:7. And in their Opposition

to the Motion for Leave to Amend, Defendants again argue that the Clean Truck Partnership is not preempted because Section 209(a) of the Clean Air Act "does not reach voluntary agreements enforceable through contract or related remedies," Dkt. 113 at 4—a position that Defendants have supported in the past by referencing the Alameda County Litigation. Having treated the Alameda County Litigation as relevant to the preemption dispute when it suits them, Defendants cannot now argue that allegations by OEM Plaintiffs concerning that lawsuit are "wholly irrelevant." Dkt. 113 at 8.

### D. Paragraph 58 Is Substantively Relevant—And Was Not Substantively Amended

In a footnote, Defendants also ask this Court to deny leave to amend Paragraph 58 of the proposed FAC. Dkt. 113 at 8 n.7. But the substance of this paragraph is virtually unchanged from the initial Complaint, with the changes limited to a transitional introductory sentence and two editorial revisions. *See* Dkt. 110-2 ¶ 58 (redline of proposed FAC). Thus, if leave to amend is denied as to Paragraph 58, the proper resolution would be to allow OEM Plaintiffs to retain the original version of Paragraph 58 in the FAC. Despite Defendants' implication that this paragraph could be struck under Rule 12(f), Defendants have not, in fact, moved thereunder. And even if they had, Defendants do not clear the high bar of proving that the material is utterly disconnected from the litigation. *Ayala*, 263 F. Supp. 3d at 901. Paragraph 58 describes the preemptive effect of the Congressional Resolutions on the actions required by the Clean Truck Partnership and, thus, is relevant to the preemption status of the Clean Truck Partnership, a core issue in this case.

## II. Defendants' Scheduling Requests Would Be Inefficient and Delay This Case

### A. Defendants' Request for Additional Time to Respond to the FAC Should Be Addressed Through An Overall Plan for Efficient Litigation

Section I-E of this Court's Civil Standing Order anticipates that "requests to extend a response deadline" will take the form of a motion for administrative relief, and Section I-C requires counsel for represented parties to meet and confer prior to filing any motion. Yet, to seek a 14-day extension to respond to the FAC, Defendants neither moved for administrative relief nor raised their request with OEM Plaintiffs in a meet and confer. Brass Decl. ¶¶ 5–8. Before OEM Plaintiffs filed their motion for leave to amend, OEM Plaintiffs proposed and remain open to constructive suggestions for how to efficiently move forward, including supplemental briefing on the already-briefed motion to dismiss

Gibson, Dunn & Crutcher LLP

rather than briefing all issues anew. Brass Decl. ¶ 2. Regardless, extensions should be addressed within a broader plan for the efficient litigation of the case as a whole, not one-off and without discussion as Defendants have proposed. As OEM Plaintiffs have explained, scheduling issues would be most efficiently resolved through a Rule 26(f) and Case Management Conference. Dkt. 109 (Pls.' Opp. to Defs.' Mot. for Admin. Relief) at 4.

### B. Defendants' Positions on Dispositive Briefing Scheduling are Incorrect

As stated in the motion for leave to amend, OEM Plaintiffs maintain that because of the overlapping issues between this case and *American Free Enterprise Chamber of Commerce v. Cliff*, No. 2:25-cv-03255-DC-AC (E.D. Cal.) ("*AmFree*"), coordinated dispositive motion briefing "will promote substantial efficiency and economy for the court"—the very purpose of relating cases. Dkt. 106 at 1; *see* Dkt. 107 at 3–4. This litigation involves more claims than *AmFree*, but the preemptive effect of Section 209(a) of the Clean Air Act is at the heart of all claims in both matters. Defendants erroneously characterize preemption of the Clean Truck Partnership as turning on "whether the agreement was voluntary and whether it is enforceable via civil or criminal penalties or via breach of contract suit." Dkt. 113 at 12. But that is not the test under the text of Section 209(a), which asks only if a State is adopting or attempting to enforce an emissions standard, or requiring certification (or other conditions precedent) prior to initial sale, without a waiver from EPA. 42 U.S.C. §§ 7543(a)–(b). Thus, although Defendants try to cast the legal dispute over the Congressional Resolutions as distinct from claims that the Clean Truck Partnership is preempted, *see* Dkt. 113 at 12–13, the preemption status of the underlying rules is relevant to preemption of the Clean Truck Partnership. *See, e.g.*, Third Amended Complaint ¶¶ 169–174, *AmFree*, ECF No. 142.

Ultimately, Defendants' implicit request for a decision about what issues should be briefed, and when, during dispositive motion practice is not only premature but contrary to their refusal to hold a case management or Rule 26(f) conference where all of those things would be discussed. *See* Dkt. 109 at 2 (Pls.' Opp. to Defs.' Mot. for Extension of Time).

### CONCLUSION

The proposed FAC pleads contextual facts and seeks appropriately framed relief for the same reason: Since the filing of the Complaint in this case, Defendants' enforcement efforts have not been

static. OEM Plaintiffs amended their Complaint to reflect what Defendants actually did after the case was filed and to ensure that the pleadings and requested relief capture the full scope of that conduct. That is exactly what Rule 15 is meant to allow.

Defendants' opposition tilts at windmills. It seeks denial of leave to add injunctive relief that OEM Plaintiffs have not added. It contends that facts Defendants themselves brought into the litigation are "wholly irrelevant" when restated by OEM Plaintiffs. And it objects to the amendment of a paragraph where the substance was not, in fact, amended. This Court should disregard Defendants' quixotic delaying tactics and grant OEM Plaintiffs' motion for leave to amend in full.

As to the scheduling issues, as OEM Plaintiffs have previously briefed to this Court, the efficient path to resolving them is the Rule 26(f) and Case Management Conference Defendants flatly refuse to hold—not a sideways motion snuck into a brief in opposition.

Dated: February 4, 2026

Respectfully submitted on behalf of all undersigned parties,

By: _____
Benjamin Wagner

**GIBSON, DUNN & CRUTCHER LLP**

BENJAMIN WAGNER, State Bar No. 163581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5395
Facsimile:    650.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8293
Facsimile:    415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:    202.955.8500
Facsimile:    202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com

JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*

**LATHAM & WATKINS LLP**

ROBIN M. HULSHIZER, SBN 158486
ARTHUR FOERSTER, *pro hac vice*
KEVIN M. JAKOPCHEK, *pro hac vice*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Facsimile: 312.993.9767
Robin.hulshizer@lw.com
Arthur.foerster@lw.com
Kevin.jakopchek@lw.com

BELINDA S. LEE, SBN 199635
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
Belinda.lee@lw.com

*Attorneys for Plaintiff International Motors, LLC*

**TROUTMAN PEPPER LOCKE LLP**

JEFFREY M. GOLDMAN, SBN 233840
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:   213.928.9800
Facsimile:    213.928.9850
jeffrey.goldman@troutman.com

T. SCOTT MILLS, SBN 313554
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2305
Telephone:   404.885.3000
Facsimile:    404.885.3900
scott.mills@troutman.com

JEREMY HEEP, *pro hac vice*
DANIEL J. BOLAND, *pro hac vice*
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone:   215.981.4000
Facsimile:    215.981.4750
daniel.heep@troutman.com
daniel.boland@troutman.com

*Attorneys for Plaintiff Volvo Group North America, LLC*

**CLIFFORD CHANCE LLP**

JOSEPH A. OSTOYICH, *pro hac vice*
WILLIAM LAVERY, *pro hac vice*
STEVE NICKELSBURG, *pro hac vice*
DANIELLE MORELLO, *pro hac vice*
DOROTHEA R. ALLOCCA, *pro hac vice*
2001 K Street NW
Washington, DC 20006-1001
Telephone: 202.253.9077
joseph.ostoyich@cliffordchance.com
william.lavery@cliffordchance.com
steve.nickelsburg@cliffordchance.com
danielle.morello@cliffordchance.com
dodi.allocca@cliffordchance.com

**ILLOVSKY GATES & CALIA LLP**

EUGENE ILLOVSKY, SBN 117892
KEVIN CALIA, SBN 227406
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Telephone:  415.500.6643
Eugene@illovskygates.com
Kevin@illovskygates.com

*Attorneys for Plaintiff PACCAR Inc*