# EXHIBIT B



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Assistant Attorney General*                                                                                 *Telephone (202) 514-2701*
*950 Pennsylvania Avenue, N.W.*                                               *Facsimile (202) 514-0557*
*Washington, DC 20530-0001*

August 7, 2025

Sean Waters
Vice President Product Compliance
Daimler Truck North America

C/O Stacie B. Fletcher
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, DC 20036
sfletcher@gibsondunn.com

Dear Mr. Waters:

      The California Air Resources Board's (CARB's) so-called "Clean Truck Partnership" is an illegal attempt to enforce preempted state vehicle emission regulations. Section 209(a) of the Clean Air Act expressly preempts state regulation of vehicle emissions. 42 U.S.C. § 7543(a). The U.S. Environmental Protection Agency may grant a preemption waiver under certain narrow conditions. *Id.* § 7543(b). Absent a waiver, however, "[n]o State or political subdivision thereof shall adopt or attempt to enforce any standard relating to the control of emissions from new motor vehicles or new motor vehicles engines." *Id.* § 7543(a).

      The U.S. Environmental Protection Agency previously granted preemption waivers for two CARB regulations imposing emissions standards for heavy-duty trucks, known as the Advanced Clean Trucks (ACT) and Heavy-Duty Low $NO_x$ Omnibus (Omnibus) regulations. *See* 88 Fed. Reg. 20688 (April 6, 2023) (ACT); 90 Fed. Reg. 643 (January 6, 2025) (Omnibus). A goal of CARB's regulations is to implement an electric vehicle mandate in the State of California and other states that adopt California's regulations.

      In June and July 2025, Congress passed and President Trump signed joint resolutions of disapproval under the Congressional Review Act, invalidating EPA's preemption waivers for CARB's Omnibus and ACT regulations. As a result, section 209(a) of the Clean Air Act now preempts those regulations. Federal law thus prohibits CARB from adopting or attempting to enforce those regulations. And, of course, CARB may not circumvent federal law by disguising its enforcement of vehicle emissions regulations as an "agreement." This is particularly true where the purported agreement was entered into under threat of enforcement of the very regulations that federal law preempts. Nor may CARB attempt to enforce preempted regulations by delaying or threatening to withhold certification of new motor vehicles in California.

But CARB is using these unlawful means to enforce preempted regulations. Wielding the threat of enforcement of the onerous Omnibus and ACT regulations, CARB in July 2023 imposed on all manufacturers of internal-combustion, on-road heavy-duty trucks and engines the Clean Truck Partnership.[1] The Clean Truck Partnership allows manufacturers compliance flexibility under the preempted regulations, but it otherwise compels manufacturers to comply with CARB's ongoing enforcement of the Omnibus and ACT regulations, and to sell only zero-emission vehicles starting in 2035 according to the Advance Clean Fleets regulation (which never obtained a waiver and is therefore also preempted). The Clean Truck Partnership purports to compel this compliance regardless of whether EPA had granted any preemption waiver, regardless of the outcome of any litigation challenging the regulations or applicable waivers, and regardless of any litigation challenging "CARB's overall authority to implement these regulations." Accordingly, by its own terms, the Clean Truck Partnership is the regulatory mechanism by which CARB attempts to enforce preempted California emissions standards. This is an unlawful "attempt to enforce any standard relating to the control of emissions from new motor vehicles" in violation of the U.S. Constitution and section 209(a) of the Clean Air Act. 42 U.S.C. § 7543(a).

In short, because CARB's regulations are preempted, the Clean Truck Partnership is preempted and unlawful. <u>You must therefore immediately cease and desist your compliance with both the Clean Truck Partnership and its preempted state vehicle emission regulations.</u>

Sincerely,

Adam R.F. Gustafson
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

---

[1] Signatories include Cummins, Inc., Daimler Truck North America, Ford Motor Company, General Motors Company, Hino Motors Limited, Inc., Isuzu Technical Center of America, Inc., Navistar, Inc., PACCAR Inc., Stellantis N.V., Truck and Engine Manufacturers Association, and Volvo Group North America. *See* Clean Truck Partnership (2023).