GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:     650.849.5395
Facsimile:     650.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8293
Facsimile:     415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:     202.955.8500
Facsimile:     202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>    Defendants.<br>—————————————————<br>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Plaintiffs-Intervenors,<br><br>    v.<br><br>CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,<br><br>    Defendants. | Civil Action No. 2:25-cv-02255-DC<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:          Hon. Dena Coggins<br>Action Filed:   August 11, 2025 |

Plaintiffs submit the following objections to evidence submitted by Defendants in support of their motion to dismiss.

Rule 201 permits judicial notice only of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b))). Although public records are "properly the subject of judicial notice," Prelim. Inj. Order, ECF 94 at n.18 (citing, *inter alia*, *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007))*,* judicial notice may not be used to "draw circumstantial inferences from that record that contradict [plaintiff's] allegations." *Abdulaziz v. Twitter, Inc.*, 2024 WL 4688893, at *5 n.3 (9th Cir. Nov. 6, 2024). It is also improper to "seek[] judicial notice of facts which are contradicted extensively in the record." *Pham v. Talkdesk, Inc.*, 2024 WL 4532896, at *2 n.1 (9th Cir. Oct. 21, 2024). "[C]ourts should not take judicial notice of a fact contained within a document if that fact 'is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes.'" *Kanter-Doud v. Wells Fargo Bank, N.A.*, 2024 WL 382325, at *3 (E.D. Cal. Feb. 1, 2024) (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)); *see also Del Puerto Water District v. United States Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) ("Judicial Notice is taken of the existence and authenticity of the public and quasi public documents listed. To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice").

Similarly, courts cannot take judicial notice of documents for hearsay purposes. *Thorton v. Schwarzenegger*, 2011 WL 2173652, at *7 (S.D. Cal. Jun. 1, 2011) ("Plaintiff's documents consist of records of either the State of California, the Department of Corrections, or the County of San Diego. They are the proper subject of judicial notice only to establish their existence or the result of an administrative process; Thornton cannot rely on them to establish any hearsay statements or contested facts contained in the documents."). Judicial notice is also denied where the facts or documents raised are irrelevant. *See, e.g.*, *Primerica Life Ins. Co. v. Starr*, 2023 WL 3432241, at *5 (C.D. Cal. Jan. 9, 2023).

Defendants seek judicial notice of *eighteen* documents alongside their motion to dismiss. They

1

purport to seek judicial notice of the "existence and contents" of these documents, *see* ECF 121, ¶¶ 1–18, but repeatedly use these documents to introduce inferences and facts that contradict allegations in the Amended Complaint.  Indeed, Defendants also seek notice of nearly all documents for the unspecified "facts for which they are relied upon here."  *See* ECF 121 at 5.  This is improper.  *See, e.g.*, *DalPoggetto v. Wirecard AG*,  2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (declining "to take judicial notice of the documents at issue" because requesting party did "not identify which facts within the exhibits they ask the court to judicially notice nor . . . explain why the court can judicially notice those facts"); *see also Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) (denying judicial notice of studies when the requesting party "simply requests that the court take judicial notice of the documents in their entirety").  As detailed below, Defendants' backdoor effort to challenge the Amended Complaint's allegations should be rejected as follows:

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| **RJN Ex. A** – Stipulation to Hold Case in Abeyance Pending Outcome of Rulemaking entered in *Nebraska v. Cliff*, 2:24-cv-01364 (E.D. Cal. entered May 5, 2025) | **Page 24**: "Specifically, there is no threat that a preempted requirement will be enforced against Plaintiffs (or anyone) because CARB has already stipulated—in a signed court order in another case—that it will not enforce this regulatory requirement unless and until it has a preemption waiver from EPA. RJN Exh. A at 3[.]" | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this Stipulation, but object to the extent that Defendants seek notice to argue statements contained in the Stipulation are true, or to advance inferences therefrom. <br><br> Defendants improperly ask the Court to use Exhibit A for the truth of the matters asserted and to "draw circumstantial inferences" from the document that contradict [plaintiff's] allegations." *Abdulaziz*, 2024 WL 4688893, at *5 n.3.  "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
|  |  | 690 (9th Cir. 2001) (internal quotation marks omitted). Among other things, Defendants seek an inference that they will abide by that stipulation, and that this stipulation (even if followed) eliminates the harm to Plaintiffs. *But see* FAC ¶¶ 90–92 (describing numerous ways that the stipulation does not eliminate harms to Plaintiffs). *See also, e.g.*, *Marsh v. San Diego Cty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (noting that "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein"). |
| **RJN Ex. B** – Manufacturers Advisory Correspondence ECCD-2025-08 ("August MAC") | **Page 14**: "All claims against the May MAC are moot because the August MAC expressly superseded it. RJN, Exh B at 2[.]" | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom. <br><br> Defendants improperly seek to use Exhibit B to request that the Court take notice of legal conclusions inferred from facts inconsistent with the allegations in the Amended Complaint. *See, e.g.*, *Abdulaziz*, 2024 WL 4688893, at *5 n.3; *Bird v. Globus Med., Inc.*, 2020 WL 5366300, at *1 (E.D. Cal. Sept. 8, 2020) ("The court declines to take judicial notice of anything in the exhibits that may be construed as a legal conclusion"). At the pleading stage, "[c]ourts may not take judicial notice of reasonably disputed facts, nor may courts draw inferences from documents subject to judicial notice that contradict the reasonable inferences drawn from the facts alleged in Plaintiff[s'] complaint." |

3

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | *Ciuffitelli for Tr. of Ciuffitelli Revocable Tr. v. Deloitte & Touche LLP*, 2017 WL 2927481, at *15 (D. Or. Apr. 10, 2017), *report and recommendation adopted sub nom*. *Ciuffitelli v. Deloitte & Touche LLP*, 2017 WL 2927150 (D. Or. July 5, 2017) (internal quotation marks omitted). Among other things, it is a legal conclusion that the August MAC renders claims against the May MAC moot and nothing in the August MAC prohibits the re-issuance of a similar MAC in the future. |
| **RJN Ex. C** – September 15, 2025 Notice of Emergency Rulemaking | **Page 6**: "On September 15, 2025, CARB issued a notice of emergency rulemaking to confirm that the prior iteration of its regulations remain operative, as described in the August MAC, 'until a court resolves the uncertainty created by the federal government's actions.' RJN Exh. C at 1."<br><br>**Page 15**: "And CARB's emergency regulations—and the proposed non-emergency regulations—establish a different course, including certification alternatives not referenced in the May MAC. *See* RJN Exhs C-D." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants use Exhibit C to improperly assert facts inconsistent with the allegations in the Amended Complaint. *See Ciuffitelli*, 2017 WL 2927481, at *15 ("Courts may not take judicial notice of reasonably disputed facts, nor may courts draw inferences from documents subject to judicial notice that contradict the reasonable inferences drawn from the facts alleged in Plaintiff[s'] complaint." (internal quotation marks omitted)). Just because a "document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Defendants twice employ Exhibit C to seek notice of the truth of the document's contents—namely that CARB has provided valid certification alternatives. *See* Mot. 6, 15. But as the |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | Amended Complaint alleges, CARB's emergency rulemaking is itself preempted and therefore invalid. FAC ¶¶ 12, 70–79. *See also, e.g.*, *Garber v. Heilman*, 2009 WL 409957, *1 (C.D. Cal. Feb. 18, 2009) ("Plaintiff's request that the Court take judicial notice . . . is denied because plaintiff's own characterization of the matters reflected in his [document] does not qualify as a matter that is 'not subject to reasonable dispute,'" citing Fed. R. Evid. 201(b)); *Harner v. USAA Gen. Indemn. Co.*, 2022 WL 1271136, at *2 (S.D. Cal. 2022) (denying judicial notice by noting that in cases where notice is granted "the courts took judicial notice of statutes or regulations but not for the purpose of proving the facts therein"). |
| **RJN Ex. D** – Sept. 23, 2025 Notice of Public Hearing to Consider Permanent Adoption of Emergency Regulations | **Page 15**: "And CARB's emergency regulations—and the proposed non-emergency regulations—establish a different course, including certification alternatives not referenced in the May MAC. *See* RJN Exhs C-D." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants use Exhibit D to improperly assert facts inconsistent with the allegations in the Amended Complaint. *See Ciuffitelli*, 2017 WL 2927481, at *15, *supra* 3, 4. Just because a "document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Defendants employ Exhibit D to seek notice of the truth of the document's contents—namely that CARB has provided valid certification alternatives. But as the Amended Complaint alleges, |

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | CARB's emergency rulemaking is itself preempted.  FAC ¶¶ 12, 70–79. *See also, e.g.*, *Garber*, 2009 WL 409957, *1 ("Plaintiff's request that the Court take judicial notice . . . is denied because plaintiff's own characterization of the matters reflected in his [document] does not qualify as a matter that is 'not subject to reasonable dispute,'" citing Fed. R. Evid. 201(b)); *Harner*, 2022 WL 1271136, at *2 (denying judicial notice by noting that in cases where notice is granted "the courts took judicial notice of statutes or regulations but not for the purpose of proving the facts therein"). |
| **RJN Ex. E** – Letter from Daimler Truck North America to Chairman of the Federal Trade Commission | **Page 6–7**: "On August 10, 2025, each of the four Plaintiffs here sent nearly identical letters to the Federal Trade Commission (FTC) disavowing the vehicle-sales commitments they had made in the CTP.  RJN Exhs. E-H. Each letter acknowledged that the manufacturer had 'signed the CTP with CARB' and had agreed to sell vehicles in California consistent with the ACT and Omnibus regulations in exchange for 'benefits for its dealers and for customers of its trucks.' *E.g.,* RJN Exh. E at 1-2. Each manufacturer then disavowed any intention of honoring the commitments CARB had bargained for, stating instead that each company would 'independently make decisions about the type and quantity of vehicles it sells without regard" to the CTP. *Id.* at 2-3; *see also* RJN Exh. F at 2; Exh. G at 2-3; Exh. H at 2." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this letter, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants use Exhibit E to improperly assert facts and inferences inconsistent with the allegations in the Amended Complaint.  Plaintiffs dispute that the facts and/or inferences of which Defendants seek judicial notice are relevant to Plaintiffs' claims but, in any event, judicial notice is improper because "[t]he truth of the content [of], and the inferences properly drawn from [documents] . . . is not a proper subject of judicial notice under Rule 201." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) (emphasis and internal quotation marks omitted). |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | **Page 20**: "Two Plaintiffs stated that 'through the CTP, [the OEM] was able to obtain benefits for its dealers and for customers of its trucks.' RJN Exh. E at 2; Exh. F at 2." | |
| **RJN Ex. F** – Letter from International Motors, LLC to Chairman of the Federal Trade Commission | **Page 6–7**: "On August 10, 2025, each of the four Plaintiffs here sent nearly identical letters to the Federal Trade Commission (FTC) disavowing the vehicle-sales commitments they had made in the CTP.  RJN Exhs. E-H.   Each letter acknowledged that the manufacturer had 'signed the CTP with CARB' and had agreed to sell vehicles in California consistent with the ACT and Omnibus regulations in exchange for 'benefits for its dealers and for customers of its trucks.' *E.g.*, RJN Exh. E at 1-2. Each manufacturer then disavowed any intention of honoring the commitments CARB had bargained for, stating instead that each company would 'independently make decisions about the type and quantity of vehicles it sells without regard" to the CTP.  *Id.* at 2-3; *see also* RJN Exh. F at 2; Exh. G at 2-3; Exh. H at 2."<br><br>**Page 20**: "Two Plaintiffs stated that 'through the CTP, [the OEM] was able to obtain benefits for its dealers and for customers of its trucks.'  RJN Exh. E at 2: Exh. F at 2." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this letter, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants use Exhibit F to improperly assert facts and inferences inconsistent with the allegations in the Amended Complaint. Plaintiffs dispute that the facts and/or inferences of which Defendants seek judicial notice are relevant to Plaintiffs' claims but, in any event, "[t]he truth of the content [of], and the inferences properly drawn from [documents] . . . is not a proper subject of judicial notice under Rule 201." *Gerritsen*, 112 F. Supp. 3d at 1032 (emphasis and internal quotation marks omitted). |
| **RJN Ex. G** – Letter from PACCAR Inc. to Chairman of the Federal Trade Commission | **Page 6–7**: "On August 10, 2025, each of the four Plaintiffs here sent nearly identical letters to the Federal    Trade    Commission | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this letter, but object to the extent that Defendants |

7

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | (FTC) disavowing the vehicle-sales commitments they had made in the CTP. RJN Exhs. E-H. Each letter acknowledged that the manufacturer had 'signed the CTP with CARB' and had agreed to sell vehicles in California consistent with the ACT and Omnibus regulations in exchange for 'benefits for its dealers and for customers of its trucks.' *E.g.*, RJN Exh. E at 1-2. Each manufacturer then disavowed any intention of honoring the commitments CARB had bargained for, stating instead that each company would 'independently make decisions about the type and quantity of vehicles it sells without regard" to the CTP. *Id.* at 2-3; *see also* RJN Exh. F at 2; Exh. G at 2-3; Exh. H at 2." <br><br> **Page 20**: "The other two Plaintiffs affirmed that they signed the CTP to 'gain' promises from CARB 'in exchange for' promises they offered. RJN Exh. H at 1; *see also* Exh. G at 1." | seek notice of the truth of the statements in this document and inferences therefrom. <br><br> Defendants use Exhibit G to improperly assert facts and/or inferences inconsistent with the allegations in the Amended Complaint. Plaintiffs dispute that the facts and/or inferences of which Defendants seek judicial notice are relevant to Plaintiffs' claims but, in any event, "[t]he truth of the content [of], and the inferences properly drawn from [documents] . . . is not a proper subject of judicial notice under Rule 201." *Gerritsen*, 112 F. Supp. 3d at 1032 (emphasis and internal quotation marks omitted). |
| **RJN Ex. H** – Letter from Volvo Group North America, LLC to Chairman of the Federal Trade Commission | **Page 6–7**: "On August 10, 2025, each of the four Plaintiffs here sent nearly identical letters to the Federal Trade Commission (FTC) disavowing the vehicle-sales commitments they had made in the CTP. RJN Exhs. E-H. Each letter acknowledged that the manufacturer had 'signed the CTP with CARB' and had agreed to sell vehicles in California consistent with the ACT and Omnibus regulations in exchange for 'benefits for its dealers and for customers of its | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this letter, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom. <br><br> Defendants use Exhibit H to improperly assert facts and inferences inconsistent with the allegations in the Amended Complaint. Plaintiffs dispute that the facts and/or inferences of which Defendants seek ju- |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | trucks.' *E.g.*, RJN Exh. E at 1-2. Each manufacturer then disavowed any intention of honoring the commitments CARB had bargained for, stating instead that each company would 'independently make decisions about the type and quantity of vehicles it sells without regard" to the CTP. *Id.* at 2-3; *see also* RJN Exh. F at 2; Exh. G at 2-3; Exh. H at 2." <br><br> **Page 20**: "The other two Plaintiffs affirmed that they signed the CTP to 'gain' promises from CARB 'in exchange for' promises they offered. RJN Exh. H at 1; *see also* Exh. G at 1." | dicial notice are relevant to Plaintiffs' claims but, in any event, "[t]he truth of the content [of], and the inferences properly drawn from [documents] . . . is not a proper subject of judicial notice under Rule 201." *Gerritsen*, 112 F. Supp. 3d at 1032 (emphasis and internal quotation marks omitted). |
| **RJN Ex. I** – July 6, 2023 press release by the Engine Manufacturers Association | **Page 20**: "At signing, their trade association (EMA) touted the CTP as 'demonstrat[ing] how EMA and CARB can work together,' and several Plaintiffs lauded the 'cooperative effort[]' that produced the CTP. RJN Exh. I at 1, 2, 3." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom. <br><br> Defendants use Exhibit I to improperly assert facts and inferences inconsistent with the allegations in the Amended Complaint. Plaintiffs dispute that the facts and/or inferences of which Defendants seek judicial notice are relevant to Plaintiffs' claims but, in any event, "[t]he truth of the content [of], and the inferences properly drawn from [documents] . . . is not a proper subject of judicial notice under Rule 201." *Gerritsen*, 112 F. Supp. 3d at 1032 (emphasis omitted). <br><br> Moreover, statements in a press release—particularly from a non-party |

9

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | trade association—are not adjudicative facts that "can be accurately and readily determined" under Rule 201 and cannot be used for the truth of the matters asserted or to draw inferences against the pleadings. *See, e.g.*, *Kanter-Doud*, 2024 WL 382325, at *4 ("[A]s to the press release, the court will take judicial notice of the fact that Senator Dodd's office issued a press release describing his introduction of Senate Bill 278 but not of the facts asserted therein."). For much the same reason, Defendants' usage of Exhibit I violates Fed. R. Evid. 802's bar on hearsay. *See, e.g.*, *Kip's Nut-Free Kitchen, LLC v. Kips Dehydrated Foods, LLC*, 2019 WL 3766654, at *3 (S.D. Cal. Aug. 9, 2019) (rejecting consideration of extrinsic material offered on a motion to dismiss as impermissible hearsay).<br><br>Finally, Plaintiffs object that Exhibit I, if properly noticed only for its existence and not for the truth of the matters asserted therein, is irrelevant and should not be considered. *See, e.g.*, *Amie v. Kirkland*, 2009 WL 414584, at *9 (E.D. Cal. Feb. 18, 2009) (rejecting request to take judicial notice under Rule 201 of irrelevant articles). |
| **RJN Ex. J** – March 6, 2026 Notice of Readoption of Emergency Rulemaking | **Pg. 6**: "That 180-day period will run before CARB can finalize the non-emergency rulemaking, so CARB has moved to extend the emergency regulations for an additional 90 days to allow for that finalization. RJN Exh. J[.]" | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants use Exhibit J to improperly assert facts and inferences inconsistent with the allegations in the |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | Amended Complaint. *See Ciuffitelli*, 2017 WL 2927481, at *15, *supra* 3, 4. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. To the extent that Defendants invoke Exhibit J to argue that CARB's emergency regulations permissibly remain operative and are being extended in a routine regulatory process, those assertions—and the inferences Defendants draw from them—contradict the Amended Complaint's allegations that the emergency rulemaking and its extension are unlawful and preempted. *See, e.g.*, FAC ¶¶ 70–79. Defendants' use of Exhibit J thus improperly asks the Court to credit contested characterizations of regulatory actions and resolve merits issues at the pleading stage. |
| **RJN Ex. K –** CARB document titled *2022 State Strategy for the State Implementation Plan* | **Pg. 3**: "In one of these areas, the South Coast air basin around Los Angeles, emissions that contribute to smog will need to be reduced by more than eighty percent from 2018 levels (already substantially reduced from earlier decades) in order to meet federally mandated ozone standards. RJN Exh. K at 14, 23-24." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.

Defendants use Exhibit K to improperly assert facts and inferences inconsistent with the allegations in the Amended Complaint. *See Ciuffitelli*, 2017 WL 2927481, at *15, *supra* 3, 4. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Defendants invoke Exhibit K to advance detailed claims about California's air |

11

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | quality conditions and the asserted need for additional regulation, but those policy assertions—and the inferences Defendants draw from them—contradict the Amended Complaint's allegations that the challenged regulatory scheme is preempted regardless of any asserted environmental justification. *See, e.g.*, FAC ¶¶ 12, 70–79. While the Court may take notice of the existence of such agency documents, it may not credit the truth of their contents or use them to resolve merits issues at the pleading stage. *See, e.g.*, *Marsh*, 432 F. Supp. 2d at 1043. For much the same reason, Defendants' usage of Exhibit K violates Fed. R. Evid. 802's bar on hearsay. *See, e.g.*, *Kip's Nut-Free Kitchen*, 2019 WL 3766654, at *3 (rejecting consideration of extrinsic material offered on a motion to dismiss as impermissible hearsay). <br><br> Finally, Plaintiffs object that Exhibit K, if properly noticed only for its existence and not for the truth of the matters asserted therein, is irrelevant and should not be considered. *See, e.g.*, *Amie*, 2009 WL 414584, at *9 (rejecting request to take judicial notice under Rule 201 of irrelevant articles). |
| **RJN Ex. L** – CARB document titled *Revised Proposed 2016 State Strategy for the State Implementation Plan* | **Pg. 1**: "California has long faced severe air quality challenges and resulting adverse impacts on public health." (Citing RJN Exh. L at 15-16). | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom. <br><br> Defendants invoke Exhibit L to advance generalized claims about California's longstanding air quality |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | challenges and asserted public health impacts, but those evaluative policy assertions—and the inferences Defendants draw from them—contradict the Amended Complaint's allegations that the challenged regulatory scheme is preempted regardless of any asserted environmental or public-health justification. *See, e.g.*, FAC ¶¶ 12, 70–79. At most, the Court may take judicial notice of the existence of such materials, not the truth of their contents or the conclusions Defendants seek to draw from them. *See, e.g.*, *Marsh*, 432 F. Supp. 2d at 1043. For much the same reason, Defendants' usage of Exhibit L violates Fed. R. Evid. 802's bar on hearsay. *See, e.g.*, *Kip's Nut-Free Kitchen*, 2019 WL 3766654, at *3 (rejecting consideration of extrinsic material offered on a motion to dismiss as impermissible hearsay). <br><br> Finally, Plaintiffs object that Exhibit L, if properly noticed only for its existence and not for the truth of the matters asserted therein, is irrelevant and should not be considered. *See, e.g.*, *Amie*, 2009 WL 414584, at *9 (rejecting request to take judicial notice under Rule 201 of irrelevant articles). |
| **RJN Ex. M** – 2025 State of the Air report by the American Lung Association | **Pg. 3**: "Although the State has significantly reduced harmful air pollution, including from motor vehicles, more progress is needed. RJN Exh. K at 1; Exh. M at 15, 18." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom. <br><br> "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact |

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Defendants rely on Exhibit M—a third-party advocacy report—to establish generalized propositions about California air quality and regulatory need, and to invite the Court to draw inferences supporting the challenged regulatory scheme. But those assertions contradict the Amended Complaint's allegations that Defendants' regulatory actions are preempted regardless of any asserted policy justifications. *See, e.g.*, FAC ¶¶ 12, 70–79. Moreover, unlike official government records, Exhibit M is a non-governmental report reflecting advocacy positions and evaluative conclusions, further underscoring that its contents are not adjudicative facts that "can be accurately and readily determined" under Rule 201. *See* Fed. R. Evid. 201(b); *Garber*, 2009 WL 409957, at *1. For much the same reason, Defendants' usage of Exhibit M violates Fed. R. Evid. 802's bar on hearsay. *See, e.g.*, *Kip's Nut-Free Kitchen*, 2019 WL 3766654, at *3 (rejecting consideration of extrinsic material offered on a motion to dismiss as impermissible hearsay).<br><br>Finally, Plaintiffs object that Exhibit M, if properly noticed only for its existence and not for the truth of the matters asserted therein, is irrelevant and should not be considered. *See, e.g.*, *Amie*, 2009 WL 414584, at *9 (rejecting request to take judicial notice under Rule 201 of irrelevant articles). |
| **RJN Ex. N –** EPA's webpage listing 8-hour | **Pg. 3**: "Indeed, several, heavily populated areas in California | Plaintiffs do not object to judicial |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| Ozone (2015) nonattainment areas | still experience the worst ozone (or smog) and particulate matter pollution conditions in the country. RJN Exh. N at 1; Exh. O at 1." | notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>"Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Defendants rely on Exhibit N to establish generalized propositions about air pollution conditions in California and to invite the Court to draw inferences supporting the challenged regulatory scheme. But those assertions contradict the Amended Complaint's allegations that Defendants' regulatory actions are preempted regardless of any asserted policy justifications. *See, e.g.*, FAC ¶¶ 12, 70–79. And while the Court may take judicial notice of the existence of agency webpages, it may not take notice of the truth of the matters asserted therein. *See, e.g.*, *Marsh*, 432 F. Supp. 2d at 1043.<br><br>Finally, Plaintiffs object that Exhibit N, if properly noticed only for its existence and not for the truth of the matters asserted therein, is irrelevant and should not be considered. *See, e.g.*, *Amie*, 2009 WL 414584, at *9 (rejecting request to take judicial notice under Rule 201 of irrelevant articles). |
| **RJN Ex. O –** EPA's webpage listing particulate matter-2.5 (2012) nonattainment areas | **Pg. 3**: "Indeed, several, heavily populated areas in California still experience the worst ozone (or smog) and particulate matter | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth |

15

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | pollution conditions in the country.  RJN Exh. N at 1; Exh. O at 1." | of the statements in this document and inferences therefrom.<br><br>"Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999.  Defendants invoke Exhibit O to support broad claims about particulate matter conditions in California and to bolster their asserted justification for the challenged regulatory regime.  But such characterizations are neither indisputable nor appropriate for judicial notice, and they contradict the Amended Complaint's allegations that Defendants' regulatory actions are preempted irrespective of any asserted environmental rationale. *See, e.g.*, FAC ¶¶ 12, 70–79.  At most, the Court may notice the existence of the EPA webpage, not the truth of the factual assertions or conclusions it contains.  *See, e.g.*, *Marsh*, 432 F. Supp. 2d at 1043.<br><br>Finally, Plaintiffs object that Exhibit O, if properly noticed only for its existence and not for the truth of the matters asserted therein, is irrelevant and should not be considered.  *See, e.g.*, *Amie*, 2009 WL 414584, at *9 (rejecting request to take judicial notice under Rule 201 of irrelevant articles). |
| **RJN Ex. P** – Manufacturers Advisory Correspondence   ECCD-2025-03 ("May MAC") | **Pg. 15**: "Moreover, CARB cannot reasonably be expected to reissue the May MAC. It was an initial advisory, as evinced by the express indication that further information would be forthcoming.  RJN Exh. P at 2." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom. |

16

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | Defendants use Exhibit P to improperly assert facts and speculative inferences based on the truth of the contents of the document. *See Ciuffitelli*, 2017 WL 2927481, at *15, *supra* 3, 4. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Defendants rely on Exhibit P to argue both that the May MAC was merely "initial guidance" and that CARB "cannot reasonably be expected to reissue" it, but those are characterizations and policy assertions—not adjudicative facts that "can be accurately and readily determined" under Rule 201. *See* Fed. R. Evid. 201(b). They also directly contradict the Amended Complaint's allegations that Defendants have used and can continue to use similar guidance to implement and enforce preempted requirements. *See, e.g.*, FAC ¶¶ 63–69, 90–92. |
| **RJN Ex. Q** – Executive Order N-27-25 ("EO") | **Pg. 11**: "As this allegation—and the EO itself—make clear, it is not the Governor who would promulgate the future regulations Plaintiffs fear or who would allegedly exclude Plaintiffs, down the road, from state-funded programs.  RJN Exh. Q at ¶ 3.  To the contrary, the EO directs state agencies to take certain actions.   RJN Exh. Q."<br><br>**Pg. 13**: "Plaintiffs have not alleged otherwise; nor could they do so because the EO directs agencies to reward voluntary behavior through incentives. FAC | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants use Exhibit Q to improperly assert facts and inferences inconsistent with the allegations in the Amended Complaint. *See Ciuffitelli*, 2017 WL 2927481, at *15, *supra* 3, 4.  Defendants rely on the Executive Order to argue that future regulatory actions are speculative, |

17

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | ¶ 109(b); RJN Exh. Q at 3." | that the Governor lacks a direct enforcement role, and that the Order merely promotes voluntary incentives. But Defendants' characterization of the Order—and the inferences they seek to draw from it—contradict the Amended Complaint's allegations that state actors are coordinating to implement and enforce a preempted regulatory regime. *See, e.g.*, FAC ¶¶ 12, 80–89. While the Court may take judicial notice of the existence of an executive order, it may not take notice of Defendants' proffered interpretation of its legal effect or draw factual inferences from it at the pleading stage. *See, e.g.*, *Abdulaziz*, 2024 WL 4688893, at *5 n.3; *Marsh*, 432 F. Supp. 2d at 1043. |
| ECF 23-12 – May 22, 2024 email from Engine Manufacturers Association to several state environmental regulatory agencies | **Pg. 20**: "EMA later explained that, in the CTP, 'EMA (and its OEM members)' reached a '*consensual* path forward.' ECF No. 23-12, at 2 (emphasis added)." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of this document on the Court's docket, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants use ECF 23-12 to improperly assert facts and inferences inconsistent with the allegations in the Amended Complaint. Plaintiffs dispute that the facts and/or inferences of which Defendants seek judicial notice are relevant to Plaintiffs' claims and, in any event, "[t]he truth of the content [of], and the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201." *Gerritsen*, 112 F. Supp. 3d at 1032 (emphasis omitted). For much the same reason, Defendants' usage of ECF 23-12 violates Fed. R. Evid. |

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss | Plaintiffs' Objection |
|---|---|---|
| | | 802's bar on hearsay. *See, e.g.*, *Kip's Nut-Free Kitchen*, 2019 WL 3766654, at *3 (rejecting consideration of extrinsic material offered on a motion to dismiss as impermissible hearsay). <br><br> Finally, Plaintiffs object that ECF 23-12, if properly noticed only for its existence and not for the truth of the matters asserted therein, is irrelevant and should not be considered. *See, e.g.*, *Amie*, 2009 WL 414584, at *9 (rejecting request to take judicial notice under Rule 201 of irrelevant articles). |

Dated: March 24, 2026

Respectfully submitted on behalf of all under-signed parties,

**GIBSON, DUNN & CRUTCHER LLP**

_____

BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:     650.849.5395
Facsimile:     640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8293
Facsimile:     415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:     202.955.8500
Facsimile:     202.467.0539

19

SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*

**LATHAM & WATKINS LLP**
*/s/ Robin M. Hulshizer*
(as authorized Mar. 24, 2026)
ROBIN M. HULSHIZER, SBN 158486
ARTHUR FOERSTER, *pro hac vice*
KEVIN M. JAKOPCHEK, *pro hac vice*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Facsimile: 312.993.9767
Robin.hulshizer@lw.com
Arthur.foerster@lw.com
Kevin.jakopchek@lw.com

BELINDA S. LEE, SBN 199635
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
Belinda.lee@lw.com

*Attorneys for Plaintiff International Motors, LLC*

**TROUTMAN PEPPER LOCKE LLP**
*/s/ Jeffrey M. Goldman*
(as authorized Mar. 24, 2026)
JEFFREY M. GOLDMAN, SBN 233840
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:    213.928.9800
Facsimile:    213.928.9850
jeffrey.goldman@troutman.com

T. SCOTT MILLS, SBN 313554
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2305
Telephone:    404.885.3000
Facsimile:    404.885.3900
scott.mills@troutman.com

JEREMY HEEP, *pro hac vice*
DANIEL J. BOLAND, *pro hac vice*
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone:    215.981.4000
Facsimile:    215.981.4750

**CLIFFORD CHANCE LLP**
*/s/ Joseph A. Ostoyich*
(as authorized Mar. 24, 2026)
JOSEPH A. OSTOYICH, *pro hac vice*
WILLIAM LAVERY, *pro hac vice*
STEVE NICKELSBURG, *pro hac vice*
DANIELLE MORELLO, *pro hac vice*
DOROTHEA R. ALLOCCA, *pro hac vice*
2001 K Street NW
Washington, DC 20006-1001
Telephone: 202.253.9077
joseph.ostoyich@cliffordchance.com
william.lavery@cliffordchance.com
steve.nickelsburg@cliffordchance.com
danielle.morello@cliffordchance.com
dodi.allocca@cliffordchance.com

**ILLOVSKY GATES & CALIA LLP**
EUGENE ILLOVSKY, SBN 117892
KEVIN CALIA, SBN 227406
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Telephone: 415.500.6643
Eugene@illovskygates.com
Kevin@illovskygates.com

*Attorneys for Plaintiff PACCAR Inc*

20

jeremy.heep@troutman.com
daniel.boland@troutman.com

*Attorneys for Plaintiff Volvo Group North*
*America, LLC*

21