ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
ROBERT N. STANDER
Deputy Assistant Attorney General
JOHN K. ADAMS
DAVID D. MITCHELL
United States Department of Justice
Environment & Natural Resources Div.
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 353-5905
robert.stander@usdoj.gov
john.adams3@usdoj.gov
david.mitchell@usdoj.gov

*Counsel for Intervenors-Plaintiffs*

ERIC GRANT
United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
(916) 554-2821

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

DAIMLER TRUCK NORTH AMERICA LLC;
INTERNATIONAL MOTORS, LLC;
PACCAR INC; and
VOLVO GROUP NORTH AMERICA LLC,

Plaintiffs,

and

THE UNITED STATES OF AMERICA; and
UNITED STATES ENVIRONMENTAL PRO-
TECTION AGENCY,

Intervenors-Plaintiffs,

v.

CALIFORNIA AIR RESOURCES BOARD; STE-
VEN S. CLIFF, in his official capacity as the Ex-
ecutive Officer of the California Air Resources
Board; and GAVIN NEWSOM, in his official ca-
pacity as the Governor of California,

Defendants.

2:25-cv-02255-DC-AC

**UNITED STATES' OBJECTIONS TO
DEFENDANTS' REQUEST FOR JU-
DICIAL NOTICE (DKT. NO. 121)
AND JOINDER IN PLAINTIFFS' OB-
JECTIONS TO DEFENDANTS' RE-
QUEST FOR JUDICIAL NOTICE
(DKT. NO. 124)**

Judge:        Hon. Dena Coggins
Action Filed:  August 11, 2025

Opposition to Request for Judicial Notice
Case No. 2:25-cv-02255-DC-AC

On March 10, 2026, Defendants filed one request for judicial notice (Dkt. No. 121) in support of their motion to dismiss Plaintiffs' amended complaint (Dkt. No. 120) and their motion to dismiss the United States' amended complaint-in-intervention (Dkt. No. 122). Defendants include 18 exhibits, Exhibits A–Q and Dkt. No 23-12, in their request. *See* Dkt. No. 121 ¶¶ 1–18. Defendants rely on materially identical statements in both motions to dismiss that quote from or cite to these exhibits. For example, both motions include the materially same paragraph:

> After signing the CTP, EMA issued a press release stating that "[t]his agreement reaffirms EMA's and its members' longstanding commitment to reducing emissions and to a zero-emissions commercial vehicle future." RJN Exh. I at 1. EMA further asserted the CTP "demonstrates how EMA and CARB can work together," highlighting the CTP's bargained-for benefits for EMA's members. *Id.* Several Plaintiffs also directly lauded the agreement, touting the "regulatory certainty" it would provide and the "cooperative effort[]" it reflected. *Id.* at 2, 3.

*Compare* Dkt. No. 120-1 at 5, *with* Dkt. No. 122-1 at 5 (adjusting the last sentence to say "[s]everal manufacturer signatories also lauded the agreement . . . .").

On March 24, Plaintiffs submitted objections to the evidence Defendants submitted in their request for judicial notice. *See* Dkt. No. 124. For the sake of judicial economy, and because Defendants asserted substantially similar statements from their request for judicial notice in both motions to dismiss, the United States joins and incorporates Plaintiffs' objections. *Id*. at 1–19.

In summary, Plaintiffs correctly explain that Federal Rule of Evidence 201 permits judicial notice of facts that are "not subject to reasonable dispute" when such facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. at 1 (collecting cases). But judicial notice is improper or unavailable (1) to draw inferences that contradict the allegations or the record, (2) to interpret documents subject to varying interpretations, (3) to establish hearsay statements, contested facts, or irrelevant facts, (4) or to incorporate entire exhibits without specifying the facts within the exhibits that are subject to judicial notice *Id*. at 1–2.

Here, for reasons explained in more detail in Plaintiffs' objections, Defendants seek judicial notice of documents or statements to introduce disputed facts or otherwise to contradict the well-pleaded allegations in the United States' amended complaint-in-intervention. *See* Dkt. No. 124 at

1–2. Defendants also seek to introduce irrelevant facts. *Id.*

The United States thus concurs with Plaintiffs that Defendants' efforts to contest the well-pleaded allegations in the United States' amended complaint-in-intervention with improper evidence should be rejected. The United States incorporates Plaintiffs' objections to each exhibit and statement listed below. The quoted statements in the right column, which derive from Defendants' motion to dismiss the United States' amended complaint-in- intervention (Dkt. No. 122), are materially identical to the statements in Defendants' motion to dismiss Plaintiffs' amended complaint.

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss |
|---|---|
| **RJN Ex. A** – Stipulation to Hold Case in Abeyance Pending Outcome of Rulemaking entered in *Nebraska v. Cliff*, 2:24-cv-01364 (E.D. Cal. entered May 5, 2025) | **Page 4:** "EPA has not yet waived preemption for this requirement, and CARB has stipulated—in a court order in another case—that it will not enforce this requirement unless and until it has such a waiver."<br><br>**Page 17:** "Specifically, there is no threat that a preempted requirement will be enforced because CARB has already stipulated—in a signed court order in another case—that it will not enforce this regulatory requirement unless and until it has a preemption waiver from EPA." |
| **RJN Ex. C** – September 15, 2025 Notice of Emergency Rulemaking | **Page 7:** "On September 15, 2025, CARB issued a notice of emergency rulemaking to confirm that the prior iteration of its regulations remain operative, as described in the August MAC, 'until a court resolves the uncertainty created by the federal government's actions.'" |
| **RJN Ex. E** – Letter from Daimler Truck North America to Chairman of the Federal Trade Commission | **Page 7:** "On August 10, 2025, each of the four Plaintiffs here sent nearly identical letters to the Federal Trade Commission (FTC) disavowing the vehicle-sales commitments they had made in the CTP. Each letter acknowledged that the manufacturer had 'signed the CTP with CARB' and had agreed to sell vehicles in California consistent with the ACT and Omnibus regulations in exchange for 'benefits for its dealers and for customers of its trucks.' Yet, each manufacturer then disavowed any intention of honoring the commitments CARB had bargained for, stating instead that each company would 'independently make decisions about the type and quantity of vehicles it sells without regard" to the CTP.'"<br><br>**Page 11–12**: "Two Plaintiffs stated that 'through the CTP, [the OEM] was able to obtain benefits for its dealers and for customers of its trucks.'" |

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss |
|---|---|
| | **Page 12 n.6**: "Private Plaintiffs also informed the FTC that the CTP was not preempted at the time they signed it but only became so after the enactment of Resolutions purporting to disapprove certain preemption waivers." |
| **RJN Ex. F** – Letter from International Motors, LLC to Chairman of the Federal Trade Commission | **Page 7:** "On August 10, 2025, each of the four private Plaintiffs here sent nearly identical letters to the Federal Trade Commission (FTC) disavowing the vehicle-sales commitments they had made two years earlier in the CTP. . . .  Yet, each manufacturer disavowed any intention of honoring the vehicle sales commitments CARB had bargained for, stating instead that the manufacturer would 'independently make decisions about the type and quantity of vehicles it sells without regard' to the CTP."<br><br>**Page 11–12**: "Two Plaintiffs stated that 'through the CTP, [the OEM] was able to obtain benefits for its dealers and for customers of its trucks.'" |
| **RJN Ex. G** – Letter from PACCAR Inc. to Chairman of the Federal Trade Commission | **Page 7:** "On August 10, 2025, each of the four private Plaintiffs here sent nearly identical letters to the Federal Trade Commission (FTC) disavowing the vehicle-sales commitments they had made two years earlier in the CTP. . . .  Yet, each manufacturer disavowed any intention of honoring the vehicle sales commitments CARB had bargained for, stating instead that the manufacturer would 'independently make decisions about the type and quantity of vehicles it sells without regard' to the CTP."<br><br>**Page 12**: "The other two Plaintiffs affirmed that they signed the CTP to 'gain' promises from CARB 'in exchange for' promises they offered." |
| **RJN Ex. H** – Letter from Volvo Group North America, LLC to Chairman of the Federal Trade Commission | **Page 7:** "On August 10, 2025, each of the four private Plaintiffs here sent nearly identical letters to the Federal Trade Commission (FTC) disavowing the vehicle-sales commitments they had made two years earlier in the CTP. . . .  Yet, each manufacturer disavowed any intention of honoring the vehicle sales commitments CARB had bargained for, stating instead that the manufacturer would 'independently make decisions about the type and quantity of vehicles it sells without regard' to the CTP."<br><br>**Page 12:** "The other two Plaintiffs affirmed that they signed the CTP to 'gain' promises from CARB 'in exchange for' promises they offered." |

Opposition to Request for Judicial Notice
Case No. 2:25-cv-02255-DC-AC

3

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss |
|---|---|
| **RJN Ex. I** – July 6, 2023 press release by the Engine Manufacturers Association | **Page 5:** "After signing the CTP, EMA issued a press release stating that '[t]his agreement reaffirms EMA's and its members' longstanding commitment to reducing emissions and to a zero-emissions commercial vehicle future.'" <br><br> **Page 11:** "At signing, their trade association (EMA) touted the CTP as 'demonstrat[ing] how EMA and CARB can work together,' and several Plaintiffs lauded the 'cooperative effort[]' that produced the CTP." |
| **RJN Ex. J** – March 6, 2026 Notice of Readoption of Emergency Rulemaking | **Pg. 7:** "That 180-day period will run before CARB can finalize the non-emergency rulemaking, so CARB has moved to extend the emergency rule for an additional 90 days to allow for that finalization." |
| **RJN Ex. K** – CARB document titled *2022 State Strategy for the State Implementation Plan* | **Pg. 3:** "Although the State has made tremendous progress reducing harmful air pollution, including emissions from motor vehicles, more progress is needed." <br><br> **Pg. 3:** "In one of these areas, the South Coast air basin around Los Angeles, emissions that contribute to smog will need to be reduced *by more than eighty percent* from 2018 levels (already substantially reduced from earlier decades) in order to meet federally mandated ozone standards." |
| **RJN Ex. L** – CARB document titled *Revised Proposed 2016 State Strategy for the State Implementation Plan* | **Pg. 2:** "California has long faced severe air quality challenges, including ozone (or smog) pollution, which increases incidences of respiratory ailments; and particulate matter pollution, which can lead to heart attacks and premature deaths." |
| **RJN Ex. M** – 2025 State of the Air report by the American Lung Association | **Pg. 3:** "Although the State has significantly reduced harmful air pollution, including from motor vehicles, more progress is needed.**"** |
| **RJN Ex. N** – EPA's webpage listing 8-hour Ozone (2015) nonattainment areas | **Pg. 3:** "Indeed, several, heavily populated areas in California still experience the worst ozone (or smog) and particulate matter pollution conditions in the country." |
| **RJN Ex. O** – EPA's webpage listing particulate matter-2.5 (2012) nonattainment areas | **Pg. 3:** "Indeed, several, heavily populated areas in California still experience the worst ozone (or smog) and particulate matter pollution conditions in the country." |
| **RJN Ex. P** – Manufacturers Advisory Correspondence ECCD-2025-03 ("May MAC") | **Pg. 6:** " On May 23, 2025, after Congress passed the Resolutions, but before the President signed them, CARB issued Manufacturers Advisory Correspondence ECCD-2025-03 (May MAC) to provide initial and 'necessary guidance' in light of Congress's actions." |

| Exhibit | Defendants' Improper Usage In Their Motion To Dismiss |
|---|---|
| **RJN Ex. Q** – Executive Order N-27-25 ("EO") | **Pg. 6:** "After the President signed the Resolutions, on June 12, 2025, Governor Newsom issued Executive Order N-27-25 (EO), reaffirming the State's commitment to reducing air pollution." |
| ECF No. 23-12 – May 22, 2024 email from Engine Manufacturers Association to several state environmental regulatory agencies | **Pg. 11:** "EMA later explained that, in the CTP, 'EMA (and its OEM members)' reached a '*consensual* path forward.'" |

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

Dated: March 24, 2026

/s/ John K. Adams

JOHN K. ADAMS
DAVID D. MITCHELL
United States Department of Justice
Environment & Natural Resources Div.

ERIC GRANT
*United States Attorney*
EDWARD A. OLSEN
Assistant United States Attorney

*Counsel for Intervenors-Plaintiffs*