ROB BONTA, State Bar No. 202668
Attorney General of California
CAITLAN MCLOON, State Bar No. 302798
Acting Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
DAVID M. MEEKER, State Bar No. 273814
SARAH M. PFANDER, State Bar No. 347902
CECILIA D. SEGAL, State Bar No. 310935
M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0299
 Fax:  (510) 622-2270
 E-mail:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM,** in his official capacity as the Governor of California,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO DEFER BRIEFING ON PORTIONS OF PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT AND TO EXTEND TIME AND PAGES TO RESPOND TO THOSE MOTIONS**<br><br>Judge:        The Honorable Dena Coggins<br>Trial Date:    Not Set<br>Action Filed:  August 11, 2025 |

Under Local Rule 233 and Section I-E of this Court's Standing Order in Civil Cases, Defendants respectfully request a deferral of briefing on parts of Plaintiffs' just-filed motions for summary judgment to avoid duplicative or unnecessary briefing, thereby conserving judicial and party resources. Defendants' motions to dismiss will be fully briefed next week. This Court's decision on those motions will clarify, and likely narrow, the scope of any further briefing and discovery—as to whether the Governor remains a defendant in the case at all, and whether claims against the Executive Order, the May Manufacturers Advisory Correspondence (May MAC), the 2036 Sales Requirement, and the Clean Truck Partnership likewise remain.

Additionally, in *California v. United States*, a Northern District court is actively considering arguments concerning the constitutionality of the congressional resolutions that are the sole basis of Plaintiffs' challenges to the Advanced Clean Trucks, Omnibus, and Advanced Clean Cars II regulations. Any decision from that court on those issues would not, of course, bind this Court, but there is no reason for the parties to rebrief and reargue the identical issues now— rather than later, against the backdrop of a fellow court's perspective.

Defendants thus respectfully ask this Court to defer briefing on issues overlapping with the motions to dismiss in this case and in *California*, limiting Plaintiffs' summary judgment motions to the August Manufacturers Advisory Correspondence (August MAC) and the emergency rulemaking. None of the other actions they challenge is being enforced against Plaintiffs (or at all), so no prejudice will flow from a temporary deferral. Defendants also respectfully request extensions to the briefing schedule and page limits, as outlined below.

## BACKGROUND

Four original engine manufacturers (OEM Plaintiffs) filed this suit on August 11, 2025. ECF 1. Among other things, OEM Plaintiffs allege that the Advanced Clean Trucks, Omnibus, and Advanced Clean Cars II regulations are preempted by congressional resolutions. *Id.* at ¶ 74(a). In the earlier filed *California* suit, California and other States allege that those resolutions are unconstitutional and have no effect. *See* ECF 55; N.D. Cal. Case No. 4:25-cv-04966.

On August 12, 2025, OEM Plaintiffs sought a preliminary injunction. ECF 23. Plaintiff-Intervenors the United States and the U.S. Environmental Protection Agency (United States)

joined that motion in part (ECF 57). On October 31, 2025, this Court denied the motion, finding no irreparable injury, except as to the Clean Truck Partnership agreement, which this Court enjoined. ECF 94. After that order issued, and after meeting and conferring with the parties here, CARB sought and obtained a stay of suit it had filed in state court against the OEM Plaintiffs here, alleging breach of the Clean Truck Partnership agreement. Meckenstock Decl., Exh. C.

Meanwhile, on October 10, 2025, Defendants moved to dismiss multiple claims and some Defendants. ECF 77, 78. Months later, Plaintiffs sought leave to amend their complaints, adding challenges to actions CARB had taken in August and September of 2025. ECF 107 at 1:23; ECF 111 at 2:4-23. Defendants again moved to dismiss on March 10, 2026. ECF 120, 122. Plaintiffs opposed. ECF 123, 126. Replies are due next Friday, April 10, 2026. ECF 128.

On February 9, 2026, the Court ordered the parties to "file a joint status report regarding scheduling by" April 3, 2026. ECF 117. In their first draft of that report, Plaintiffs indicated they intended to move for summary judgment on all their claims on April 1. Meckenstock Decl. ¶ 15. Defendants asserted that it would be highly inefficient for the parties to brief claims that might be dismissed by this Court or to rebrief issues just argued in the *California* case. *Id.* at ¶¶ 18, 19. Defendants also observed that confining any early summary judgment motions to other issues— i.e., the August MAC and emergency rulemaking—would not be prejudicial. *Id.* at ¶ 20.

Although they identified no prejudice that would flow from it, Plaintiffs declined Defendants' suggestion to present the Court with the parties' alternative proposals in the joint scheduling report. *Id.* at ¶ 22. Plaintiffs opted instead to file summary judgment motions before that joint report could be finalized and submitted. *See id.* at ¶¶ 22, 23. Now on the clock to respond to Plaintiffs' new motions, at the same time they are preparing motion-to-dismiss replies, Defendants submit their proposal to the Court. Plaintiffs plan to file an opposition.

## DEFENDANTS' REQUESTS

### I.  DUPLICATIVE SUMMARY JUDGMENT BRIEFING SHOULD BE DEFERRED

Deferral of all or some of the summary judgment motions is warranted to conserve the Courts' and parties' resources by avoiding duplicative briefing. Any summary judgment briefing

Defendants' Mot. for Admin. Relief to Defer MSJ Briefing (2:25-cv-02255-DC-AC)

now should be limited to the challenges not implicated in other motions—i.e., claims against the August MAC and "emergency regulations."

### A. Briefing on Claims at Issue in the Motions to Dismiss in This Case Should Be Deferred

Although the federal rules permit early motions for summary judgment, "judges from this Court and other courts have denied pre-answer and pre-discovery motions for summary judgment as premature." *Sheikhalizadehjahed v. Gaudiosi*, No. 2:24-CV-1136 SCR, 2024 WL 4505648, at *11 (E.D. Cal. Oct. 16, 2024) (quoting Fed. R. Civ. P. 56 Advisory Committee's Notes and collecting cases). For example, in *Association of American Railroads v. Randolph* (E.D. Cal. Case No. 2:23-cv-1154), when (as here) the plaintiffs filed a summary judgment motion in the middle of Rule 12 briefing (Dkt. 20, 29), the court deferred summary judgment briefing until after it resolved the pending motion to dismiss in order to "facilitate streamlined summary judgment briefing," (Dkt 47). *See also, e.g.*, *Cavanaugh v. Cnty. of San Diego*, No. 18-CV-2557-BEN-LL, 2020 WL 6561363, at *1 (S.D. Cal. Nov. 9, 2020) (quoting prior order that "allow[ed] the Court to rule on the [pending] motion to dismiss and clarify which causes of action remain before motions for summary judgment are due'"); *Silva v. Midland Mortg.*, No. 5:21-CV-00832-JWHSHKX, 2021 WL 4466168, at *2 (C.D. Cal. Sept. 23, 2021) (staying summary judgment briefing until 30 days after resolution of motion to dismiss "in the interest of judicial economy and efficiency" and to "avoid significant prejudice to Defendants by first resolving the important threshold issues raised in the now-pending motion to dismiss.").

The "best course" often is to "resolv[e] the pleading issues first"—before summary judgment motions—because that resolution "could … result in the dismissal of claims." *Waters v. Experian Info. Sols., Inc.*, No. 12-CV-308-AJB RBB, 2012 WL 1965333, at *4 n.2 (S.D. Cal. May 31, 2012). That is certainly true here, where this Court has already suggested that challenges to the May MAC are moot and challenges to the Executive Order are unripe. ECF 94 at 29-30. Moreover, the Governor (named only in his official capacity and only by OEM Plaintiffs) is immune from suit on these claims under the Eleventh Amendment. ECF 120-1 at 8-11. He should not have to rebrief that defense, much less the merits of summary judgment motions.

3

At a minimum, the Court should defer briefing on claims covered by Defendants' motions to dismiss—specifically, challenges to the May MAC, Executive Order, Clean Truck Partnership, and 2036 Sales Requirement. ECF 120-1 at i (table of contents); 122-1 at i (same). Even if any of these claims survive the motions to dismiss, the Court's decision will inform potential discovery and future briefing.

**B.    Briefing on the Defenses at Issue in *California* Should Also Be Deferred**

As this Court is aware, there is "significant overlap of claims and defenses" between this case and *California*,  ECF 55, where plaintiff States allege certain congressional resolutions are unconstitutional. Those resolutions are the sole basis of Plaintiffs' claims against the Advanced Clean Trucks, Omnibus, and Advanced Clean Cars II regulations. ECF 118 at ¶ 99(a); ECF 119 at ¶¶ 104, 108. The claims in *California* thus operate as defenses here. *See* ECF 73 at 20-32; ECF 80 at 6-14. On February 19, 2026, the *California* court took the United States' motion to dismiss all claims in that case under submission, after oral argument. Meckenstock Decl. at ¶ 13.

There is no reason for the United States and Defendants to *rebrief the exact same issues here*, rather than wait to express their views on whether this Court should or should not agree with the *California* court's conclusion once it has ruled. Indeed, "the first-to-file rule" allows courts to stay a later-filed action (or part of it) involving similar parties and issues precisely to avoid such duplicative efforts, thereby serving "the purpose of promoting efficiency." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (cleaned up); *see also Taylor v. AlliedBarton Sec. Servs. LP*, No. 1:13-CV-01613-AWI, 2014 WL 1329415, at *9 (E.D. Cal. Apr. 1, 2014) (applying first-to-file doctrine *only to* overlapping parts of case). *California* was filed first and involves both "substantial similarity of parties" and "substantial overlap" in issues. *Kohn L. Grp.*, 787 F.3d at 1240, 1241 (cleaned up). The first-to-file rule thus applies; and the efficiency and economy interests it serves "should not be disregarded lightly." *Id.* at 1239.

There is no countervailing urgency that would require duplication and inefficiency, given this Court's correct conclusion that the regulations allegedly preempted by the congressional resolutions—Omnibus, Advanced Clean Trucks, and Advanced Clean Cars II—are not currently

4

being enforced. ECF 94 at 28-29. No prejudice will befall Plaintiffs from deferring briefing on those regulations to provide the parties and this Court with the opportunity to consider and react to the *California* court's order before determining whether and how to proceed to summary judgment.

## II. THE COURT SHOULD EXTEND THE BRIEFING SCHEDULE (AND PAGES) TO RESPOND TO PLAINTIFFS' SUMMARY JUDGMENT MOTIONS

If the Court permits briefing to advance on Plaintiffs' summary judgment motions, in whole or in part, it should extend the schedule and page limits to allow Defendants to adequately respond and cross-move.

**1.** If this Court limits summary judgment briefing, as requested, to Plaintiffs' challenges to the August MAC and the "emergency regulations," Defendants would not need additional pages but respectfully request the Court set the following schedule:

| | |
|---|---|
| Defendant's Oppositions and Cross-Motions | May 13, 2026 |
| Plaintiffs' Replies and Oppositions | June 10, 2026 |
| Defendants' Replies | July 1, 2026 |

Good cause—including the need to respond to two separate briefs and conflicting demands in this and other matters being handled by Defendants' counsel—exists to order this schedule. Meckenstock Decl. ¶¶ 29, 32.

**2.** In the event the Court declines Defendants' request to defer some of the issues, Defendants respectfully request a more extended schedule and additional pages:

| | |
|---|---|
| Defendant's Oppositions and Cross-Motions (one 60-page brief) | May 29, 2026 |
| Plaintiffs' Replies and Oppositions (two 24-page briefs) | July 10, 2026 |
| Defendants' Replies (one 34-page brief) | August 14, 2026 |

In addition to the good cause identified above, these expanded briefing intervals and page limits are justified because Defendants would need to brief constitutional and other defenses not addressed in the full-length opening briefs. Those defenses require substantial pages, as evinced by prior briefing here and in *California*. Meckenstock Decl. ¶¶ 10, 12.

## CONCLUSION

Defendants respectfully ask the Court to limit Plaintiffs' summary judgment motions to the August MAC and "emergency regulations" and to adopt the relevant proposed briefing schedule.

Defendants' Mot. for Admin. Relief to Defer MSJ Briefing (2:25-cv-02255-DC-AC)

Dated:  April 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General


*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
Deputy Attorney General
*Attorneys for Defendants*

6