GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5395
Facsimile:    640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8293
Facsimile:    415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:    202.955.8500
Facsimile:    202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,

        Plaintiffs,

        v.

STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,

        Defendants.

_____

THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

        Plaintiffs-Intervenors,

        v.

CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,

        Defendants.

Case No. 2:25-cv-02255-DC-AC

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Judge:        Hon. Dena Coggins
Action Filed:    August 11, 2025

Gibson, Dunn & Crutcher LLP

This Court should deny Defendants' motion to the extent they seek to defer briefing on all or part of Plaintiffs' Motion for Summary Judgment and instead should enter a reasonable briefing schedule to materially advance this case. Defendants offer no sound basis for their extraordinary request to dictate the contents and timing of other parties' summary judgment motions, contrary to Rule 56's allocation of those decisions to the movant. Plaintiffs have pled—and moved for summary judgment on—claims regarding Defendants' course of conduct to evade the application of Section 209 of the Clean Air Act. Defendants' insistence that Plaintiffs must wait for the resolution of other motions or even other matters is baseless, because the same overarching question of law—the meaning and scope of Section 209 in light of the CRA and California's lack of waivers—will remain in the case regardless. Indeed, a decision on Defendants' Motion to Dismiss would not meaningfully narrow the case, because that motion does not seek to dismiss two of the three *claims* in Plaintiffs' complaint, but rather improperly attempts to strike specific *allegations*. And Defendants are not well positioned to complain about the supposed burdens of briefing the core dispositive issues given that they brought suit on the very day the CRA Resolutions were passed. Resolving the core legal issue of federal preemption would largely resolve this case, which is critical for providing regulatory certainty for Plaintiffs. In contrast, Defendants' proposal would require this Court to consider the same issue multiple times, and result in considerably more briefing.

Defendants do not dispute that Congress has expressly revoked CARB's preemption waivers through the CRA Resolutions. Because the CRA Resolutions are presumptively valid, California's agencies and officials are bound to adhere to them unless and until a Court declares them unconstitutional. *Schwenk v. Hartford*, 204 F.3d 1187, 1204 (9th Cir. 2000). Defendants have nonetheless persisted in attempting to enforce their preempted standards, including as recently as last week (March 26, 2026), when CARB finalized an Emergency Rule that contains the untenable proposition that manufacturers cannot even rely on *Defendants' own alternative pathways* when certifying vehicles and engines.[1] The final Emergency Rule does not contain the federal pathway recognized by this Court's preliminary injunction order—the basis on which this Court found Plaintiffs failed to show irreparable

---

[1] *See* CARB, "CARB approves permanent adoption of Emergency Vehicle Emissions Regulation," https://perma.cc/8MU4-S3VQ (last visited Apr. 2, 2026).

Gibson, Dunn & Crutcher LLP

1

harm from enforcement of the preempted standards. *See* Dkt. 94 at 21, 28–29. Instead, the Emergency Rule provides that the *only* certain way to avoid enforcement action is *to comply with the preempted standards*, including Omnibus and Advanced Clean Cars II. Ex. B3 to Lang Decl. (Dkt. 73-33) at 3. Plaintiffs urgently need consideration of their claims, and Plaintiffs' harms are compounded by Defendants' repeated delays in this Court, through which they seek to defeat judicial scrutiny.

The solution is easy: provide Defendants—who were able to file an enactment-day challenge to the CRA Resolutions because *that* legal question matters to *them*—a generous but reasonable briefing schedule, one that allows the Court to hear the entirety of Plaintiffs' motion on its only June hearing date, and to resolve the central legal question in advance of the 2027 certification process.

The alternative—further delay—would deeply prejudice Plaintiffs. In seeking to postpone this Court's consideration of the core issue in this case, Defendants knowingly put model year 2027 certifications in jeopardy—a repeat of the conduct that forced Plaintiffs to seek a preliminary injunction for model year 2026 certifications. As this Court is aware from Plaintiffs' Motion for a Preliminary Injunction, each year, vehicle and engine manufacturers certify their products for sale and, in doing so, make investments, business decisions, and compliance elections that are largely irrevocable. Dkt. 23 at 27–28. The certification process generally occurs in summer and early fall. *Id.* The decisions and planning for upcoming model year 2027 are particularly time-sensitive, as the federal emissions standards for heavy-duty vehicles will become significantly more stringent and require some Plaintiffs to introduce new product lines. *See, e.g.*, 40 C.F.R. § 1036.104. Defendants' attempt to prolong proceedings here may thus result in this Court again being called on to provide emergency relief.

## I. Defendants' Request to Limit Plaintiffs' Motion for Summary Judgment is Unworkable, Inefficient, and Has No Basis in Law

Defendants seek extraordinary relief not found within Rule 56 or any binding authority applying it. Rule 56 squarely places the scope and timing of a summary judgment motion within the discretion of the movant and provides the movant the right to file such a motion "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(a)–(b). Contrary to Rule 56, Defendants' proposal attempts to limit Plaintiffs' ability to move for summary judgment.

Rather than promote efficiency, Defendants' proposal multiplies proceedings. Plaintiffs moved

Gibson, Dunn & Crutcher LLP

on a single legal framework applicable to all of their claims: federal preemption. Pls.' SJ Mot. (Dkt. 130-1) at 9. On all three counts, Plaintiffs seek a declaratory judgment that Defendants' emissions standards, certification requirements, and attempts to enforce the same are preempted by the Clean Air Act. *Id.* at 9, 10, 13, 20. Defendants' proposal to consider that overarching question piecemeal makes no sense. There is no reason, for example, to divorce Plaintiffs' briefing on whether the August MAC is preempted from the briefing on whether Omnibus is preempted. The August MAC is just one facet of Defendants' course of conduct attempting to enforce Omnibus, and this Court's consideration of the August MAC will necessarily involve consideration of whether Omnibus is preempted. *See id.* at 16–17. So too with the Emergency Rule, which attempts to enforce preempted standards. *Id.* at 18. Defendants' proposal would result in the parties repeatedly briefing core preemption issues in a disjointed and inefficient manner, unnecessarily burdening the parties and the Court.

Defendants' pending partial motion to dismiss is no reason for delay. That motion seeks to carve up Plaintiffs' claims in the same erroneous way as their administrative motion, improperly seeking dismissal of *only parts of* Counts I and II. *See* Dkt. 123 at 12–13; *see also, e.g.*, *Benyamin v. Topgolf Payroll Servs., LLC*, 2025 WL 745827, at *4 (E.D. Cal. Mar. 6, 2025) (Defendants cannot "attack portions of a single claim on a motion to dismiss.") (citation omitted). But as noted above, those claims outline "a continuous course of conduct to impermissibly sidestep federal preemption." Dkt. 130-1 at 1. Defendants' Administrative Motion makes their misunderstanding clear: they repeatedly refer to Plaintiffs' "claims" as involving singular regulatory actions, for example the August MAC (*see* Admin. Mot. at 3), disregarding that Plaintiffs have pled course-of-conduct claims based on Defendants' repeated disregard of the Clean Air Act's preemptive force. And in seeking to dismiss Count III, Defendants remake arguments this Court rejected at the preliminary injunction phase. Dkt. 94 at 31–32. Thus, a decision on the motion to dismiss is unlikely to significantly narrow Plaintiffs' claims.

None of the cases Defendants rely on present anything like the circumstances here, where resolution of Plaintiffs' purely legal and course-of-conduct claims will be most efficiently accomplished in one fell swoop alongside Defendants' motion to dismiss. Nor do these cases address a dispute between two sovereigns as to the legal obligations of regulated parties in the midst of the relevant compliance period. *See, e.g.*, *Sheikhalizadehjahed v. Gaudiosi*, 2024 WL 4505648, at *11 (E.D. Cal. Oct.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-02255-DC

16, 2024) (denying summary judgment motion without prejudice because it would be "premature without [the administrative] record"); *Ass'n of Am. Railroads v. Randolph*, No. 2:23-cv-1154, Dkts. 47, 48 (E.D. Cal.) (modifying summary judgment briefing schedule because the court intended to decide motion to dismiss "imminently" and issued decision two days later); *Cavanaugh v. Cnty. of San Diego*, 2020 WL 6561363, at *1 (S.D. Cal. Nov. 9, 2020) (quoting order moving *pretrial filing deadline*).

Defendants state that "[a]ny decision" from Judge Gilliam in *California v. United States*, 3:25-cv-04966 (N.D. Cal. June 12, 2025) "would not, of course, bind this Court," Admin. Mot. 1, but nonetheless use that case to justify delay here. But that decision will not limit the issues litigated here no matter what. If California's claims survive the United States' motion to dismiss there, the merits of California's claims remain unadjudicated. And if the United States' motion is granted, unless California foregoes an appeal or waives the argument in this Court (which nothing in the Administrative Motion suggests it will do), those issues will likely remain contested here. The first-to-file doctrine therefore has no bearing here at all—it is intended to "promot[e] efficiency," *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (cleaned up), but here waiting would needlessly delay this case only for the legal issues to be re-briefed here regardless. *See id.* at 1241 (discussing first-to-file doctrine with regards to overlapping *factual issues* that, once decided by the first court, would likely resolve the case in the second); *Taylor v. AlliedBarton Sec. Servs. LP*, 2014 WL 1329415, at *8–*9 (E.D. Cal. Apr. 1, 2014) (addressing overlapping factual issues).[2]

## II.  Plaintiffs' Full Motion for Summary Judgment Should be Briefed on a Reasonable and Prompt Timeline

In an alternative attempt to delay, Defendants have proposed a briefing schedule that would give them nearly two months to brief issues already largely addressed in their prior briefing—here, in *AmFree*, and in *California*. *See, e.g.*, Dkt. 73 (opposing Plaintiffs' preemption arguments related to the CTP, ACT, Omnibus, Advanced Clean Cars II, 2036 Sales Requirement, Phase 2 regulations, May MAC, and EO N-27-25). Delaying any hearing until late August or early September under Defendants' leisurely schedule is not only unwarranted, but would significantly prejudice Plaintiffs, as they would

---

[2] To the extent Defendants also ask this Court to defer *all* summary judgment briefing, that is all the more inappropriate and unwarranted. Needless delay at Plaintiffs' expense will only lead to more briefing and prejudice to Plaintiffs.

need to make compliance decisions for model year 2027 without certainty regarding their legal obligations. Because the same issues arise in the summary judgment motions of both Plaintiffs' and Plaintiffs-Intervenors, *see* Dkts. 129-1; 130-1, having to prepare two oppositions simultaneously is no great feat. And, of course, Defendants can always seek leave to file a combined opposition brief. *E.g.*, Dkt. 73.

Delay also increases the likelihood of more litigation. While the existing preliminary injunction (Dkt. 94) staved off immediate and continued harm by enjoining enforcement of the CTP, Defendants continue to enforce preempted rules and certification requirements pursuant to the August MAC and the Emergency Rule, including for current model years. As a result, manufacturers soon must make irrevocable compliance decisions. Plaintiffs will pay millions of dollars to Defendants in certification fees under preempted rules during the pendency of this litigation even if Plaintiffs are allowed to follow the federal pathway for certification. And Defendants' proposed schedule pushes any resolution out far enough that this Court may again be called on to provide emergency relief.[3]

Plaintiffs propose the following reasonable briefing schedule—one that doubles the default schedule the Court affords litigants—while also moving this litigation forward and reducing the significant risk that additional emergency motions must be filed:

| Event | Deadline |
|---|---|
| Defendants' Opposition and Cross Motion | April 29, 2026 [Four weeks] |
| Plaintiffs' Opposition and Reply | May 13, 2026  [Two weeks] |
| Defendants' Reply | May 27, 2026  [Two weeks] |
| Oral Argument | June 5, 2026 |

Plaintiffs take no position on Defendants' request for additional pages and are amenable to whatever limits the Court sets.

---

[3] Despite this Court's order requiring the parties to submit a joint status report regarding scheduling, Defendants have refused to engage in a Rule 26(f) conference with Plaintiffs. *See* Dkts. 112 & 117 (vacating earlier Rule 26(f) report deadline and resetting same for April 3, 2026); Brass Decl. ¶ 3–4; Brass Decl. Ex. 1. Plaintiffs first asked Defendants over six months ago to provide views on limited discovery issues, but rather than engage in discussions Defendants resorted to procedural maneuvering to slow-walk the case. Brass Decl. ¶ 2. Because Defendants have refused to engage in a meaningful Rule 26(f) conference or discuss what discovery might be required before summary judgment can be resolved, they should not be permitted to extend the schedule only to then argue that Rule 56(d) applies and a decision on summary judgment should be deferred.

Gibson, Dunn & Crutcher LLP

5

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-02255-DC

Dated: April 3, 2026

Respectfully submitted on behalf of all under-signed parties,

BENJAMIN WAGNER, SBN 163581

**GIBSON, DUNN & CRUTCHER LLP**

BENJAMIN WAGNER, SBN 63581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:      650.849.5395
Facsimile:      640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:      415.393.8293
Facsimile:      415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:      202.955.8500
Facsimile:      202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*

/s/ *Robin M. Hulshizer*
(as authorized on April 3, 2026)
ROBIN M. HULSHIZER, SBN 158486

**LATHAM & WATKINS LLP**

ROBIN M. HULSHIZER, SBN 158486
ARTHUR FOERSTER, *pro hac vice*
KEVIN M. JAKOPCHEK, *pro hac vice*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Facsimile: 312.993.9767
Robin.hulshizer@lw.com
Arthur.foerster@lw.com
Kevin.jakopchek@lw.com

/s/ *Joseph A. Ostoyich*
(as authorized on April 3, 2026)
JOSEPH A. OSTOYICH (pro hac vice)

**CLIFFORD CHANCE LLP**

JOSEPH A. OSTOYICH, *pro hac vice*
WILLIAM LAVERY, *pro hac vice*
STEVE NICKELSBURG, *pro hac vice*
DANIELLE MORELLO, *pro hac vice*
DOROTHEA R. ALLOCCA, *pro hac vice*
2001 K Street NW
Washington, DC 20006-1001
Telephone: 202.253.9077
joseph.ostoyich@cliffordchance.com
william.lavery@cliffordchance.com

Gibson, Dunn & Crutcher LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF REGARDING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-02255-DC

BELINDA S. LEE, SBN 199635
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
Belinda.lee@lw.com

*Attorneys for Plaintiff International Motors, LLC*

*/s/ Jeffrey M. Goldman*
(as authorized on April 3, 2026)
JEFFREY M. GOLDMAN, SBN 233840

**TROUTMAN PEPPER LOCKE LLP**

JEFFREY M. GOLDMAN, SBN 233840
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:     213.928.9800
Facsimile:     213.928.9850
jeffrey.goldman@troutman.com

T. SCOTT MILLS, SBN 313554
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2305
Telephone:     404.885.3000
Facsimile:     404.885.3900
scott.mills@troutman.com

JEREMY HEEP, *pro hac vice*
DANIEL J. BOLAND, *pro hac vice*
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone:     215.981.4000
Facsimile:     215.981.4750
daniel.heep@troutman.com
daniel.boland@troutman.com

*Attorneys for Plaintiff Volvo Group North America, LLC*

steve.nickelsburg@cliffordchance.com
danielle.morello@cliffordchance.com
dodi.allocca@cliffordchance.com

**ILLOVSKY GATES & CALIA LLP**

EUGENE ILLOVSKY, SBN 117892
KEVIN CALIA, SBN 227406
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Telephone: 415.500.6643
Eugene@illovskygates.com
Kevin@illovskygates.com

*Attorneys for Plaintiff PACCAR Inc*

Gibson, Dunn & Crutcher LLP

7