ROB BONTA, State Bar No. 202668
Attorney General of California
M. ELAINE MECKENSTOCK, State Bar No. 268861
Acting Supervising Deputy Attorney General
DAVID M. MEEKER, State Bar No. 273814
SARAH M. PFANDER, State Bar No. 347902
CECILIA D. SEGAL, State Bar No. 310935
BENJAMIN P. LEMPERT, State Bar No. 344239
Deputy Attorneys General
  455 Golden Gate Ave
  San Francisco, CA 94102-7014
  Telephone: (415) 510-3375
  Fax: (415) 703-1107
  E-mail: Benjamin.Lempert@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.; and VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA**; and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF**, in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM**, in his official capacity as the Governor of California,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' RESPONSE AND OBJECTIONS TO OEM PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE (ECF 136)**<br><br>Date:          N/A<br>Time:         N/A<br>Dept:         N/A<br>Judge:        The Honorable Dena Coggins<br>Trial Date:  Not Set<br>Action Filed: 8/11/2025 |

Defendants object to Plaintiffs' request for judicial notice. ECF 136 (RJN). The request should be denied because it attempts to offer legal argument outside the parties' briefs; it is untimely; and it seeks judicial notice of legal conclusions of a party to another lawsuit, not facts. The material at issue is also irrelevant, as indicated in Defendants' reply brief in support of their motion to dismiss Plaintiffs' Complaint.

**1.** Plaintiffs dedicate the bulk of their purported request for judicial notice to arguing that CARB has violated a stipulation and order in another case and that a party to that case agrees with Plaintiffs. RJN 2:14-3:6. That is improper argument, submitted outside (and well after) Plaintiffs' opposition brief. This Court should strike or at least disregard this material on that ground alone.

**2.** Defendants' request for judicial notice is also untimely. The papers of which Plaintiffs seek notice were filed on April 3, 2026 in the matter *Nebraska v. Cliff*, No. 2:24-cv-01364-TLN-CKD (E.D. Cal.)—a case featured prominently in Plaintiffs' Complaint and opposition to Defendants' motion to dismiss. RJN 2:1-12. It begs credulity that Plaintiffs discovered this filing yesterday. But Plaintiffs nonetheless waited nearly a week to file this request —until the afternoon before Defendants' two reply briefs on their motions to dismiss were due. Plaintiffs thus pushed Defendants' time to respond to this request up against the constraints of Local Rule 230(m) which bars filings in support of a motion after "a reply is filed," unless the court grants leave or other exceptions not applicable here are met. Plaintiffs thus left Defendants with little more than 24 hours to respond, absent extension from the Court (which they had little time to seek because those 24 hours overlapped with, *inter alia*, Defendants' work on two reply briefs). Plaintiffs offered no explanation for their delay.

**3.** At most, judicial notice would only be proper concerning the fact that Nebraska filed this motion. But Plaintiffs summarize Nebraska's legal arguments, RJN 3:1-6, and ask the Court to take judicial notice of Nebraska's voluminous filings, suggesting that they actually seek judicial notice of Nebraska's arguments for their veracity. Indeed, Nebraska's filing is otherwise entirely irrelevant, given that only the *court* can decide whether its order has been violated. "While the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the

underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not." *United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Defendants thus object to Plaintiffs' request because it improperly seeks notice of Nebraska's legal contentions for their veracity or validity.

Dated:  April 10, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
M. ELAINE MECKENSTOCK
Acting Supervising Deputy Attorney
General

*/s/ Benjamin P. Lempert*
BENJAMIN P. LEMPERT
Deputy Attorney General
*Attorneys for Defendants*

2