GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:     650.849.5395
Facsimile:     640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8293
Facsimile:     415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C.  20036-4504
Telephone:     202.955.8500
Facsimile:     202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,

Plaintiffs,

v.

STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,

Defendants.

_____

THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Plaintiffs-Intervenors,

v.

CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,

Defendants.

Civil Action No. 2:25-cv-02255-DC

**STATEMENT OF UNDISPUTED FACTS**

Date:           August 7, 2026
Time:           1:30 PM
Courtroom:      10, 13th Floor
Judge:          Hon. Dena Coggins
Action Filed:   August 11, 2025

|  | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| 1. | California does not have a waiver pursuant to Section 209 of the Clean Air Act for California Code of Regulations, title 13, § 2016(c) (titled "100 Percent Medium- and Heavy-Duty Zero-Emission Vehicle Sales"). | Withdrawal of California's Request for a Waiver, Doc. No. EPA-HQ-OAR-2023-0589-0470, U.S. EPA Nonrulemaking Docket No. EPA-HQ-OAR-2023-0589, https://www.regulations.gov/document/EPA-HQ-OAR-2023-0589-0470; Declaration of Assistant Administrator Aaron Szabo in Support of the United States' Motion for Summary Judgment, Dkt. 144-3, ¶ 20; *see also* Defs.' Opp. to Pls.' Prelim. Inj. Mot., Dkt. 73, at 32. |
| 2. | California has not sought a waiver pursuant to Section 209 of the Clean Air Act for its Phase 2 Greenhouse Gas Regulations (Cal. Code Regs. tit. 13, §§ 1956.8, 1961.2, 1965, 2036, 2037, 2065, 2112, & 2141; *id.* tit. 17, §§ 95300, 95301, 95302, 95303, 95304, 95305, 95306, 95307, 95311, 95662, and 95663). | Declaration of Robin U. Lang in Support of Defendants' Opposition to Plaintiffs' Preliminary Injunction Motion, Dkt. 73-30, at ¶ 9; *see also* Order Granting in Part and Denying in Part Plaintiffs' Motion for a Preliminary Injunction, Dkt. 94, at 8 ("CARB has not requested a preemption waiver from EPA for the Phase 2 GHG regulations."). |
| 3. | On July 5, 2023, CARB Executive Officer Steven Cliff signed the Clean Truck Partnership. Representatives from Plaintiffs signed on June 28, 2023. | Clean Truck Partnership, Dkt. 118-1, at 4–6. |
| 4. | The Clean Truck Partnership states the parties entering the agreement "recogniz[e] the importance of … ensuring current and future CARB regulations affecting new [heavy-duty on-highway] vehicles and engines will achieve significant reductions of air pollutants from such vehicles and engines[.]" | Clean Truck Partnership, Dkt. 118-1, at 1. |
| 5. | The Clean Truck Partnership states, "CARB's Executive Officer will direct the CARB staff to propose, and recommend that the CARB Board adopt, minimum four (4) year lead- | Clean Truck Partnership, Dkt. 118-1, at ¶ 5. |

1

| | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| | time … for future criteria emissions regulations affecting new [heavy-duty on-highway] engines and vehicles." | |
| 6. | The Clean Truck Partnership states, "CARB staff commits to initiate the actions set forth in [Appendix B] …. The intent of the actions set forth in Appendix B is … to amend the Omnibus Regulation's 2027 and later model year requirements to align with the United States Environmental Protection Agency's (U.S. EPA) Clean Trucks Plan … Oxides of Nitrogen (NOx) Final Rule[.]" | Clean Truck Partnership, Dkt. 118-1, at ¶ 1(iii). |
| 7. | The Clean Truck Partnership states, "The OEMs commit to meet, in California, the relevant provisions of the CARB regulations set forth in Appendices A and B, and any agreed upon modifications to such regulations as set forth in this Agreement, irrespective of the outcome of any litigation challenging the waivers or authorizations for those regulations or of CARB's overall authority to implement those regulations." | Clean Truck Partnership, Dkt. 118-1, at ¶ 2. |
| 8. | The "CARB regulations set forth" in Appendix A of the Clean Truck Partnership are amendments to Omnibus Legacy Provisions in California Code of Regulations, title 13, section 1956.8. | Clean Truck Partnership, Dkt. 118-1, App'x A. |
| 9. | The "CARB regulations set forth" in Appendix B of the Clean Truck Partnership are Omnibus Low NOx, Advanced Clean Trucks, "the 100 percent [zero-emission vehicle] sales requirement set forth in Cal. Code Regs[.] title 13, section 2016," the Zero Emission Airport Shuttle regulation, the Zero Emission Powertrain Certification Procedure, and the 2018 Heavy-Duty Warranty Amendments. | Clean Truck Partnership, Dkt. 118-1, at App'x B "The OEMs Commit to Meet CARB Truck Regulations" ¶¶ 1–5. |

STATEMENT OF UNDISPUTED FACTS
CASE NO. 2:25-CV-02255-DC

|  | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| 10. | The Clean Truck Partnership states that "All sales volume above 1 percent more than the threshold … [for legacy vehicles under the Omnibus Low NOx regulations] would be considered as non-compliant sales." | Clean Truck Partnership, Dkt. 118-2, App'x A, n.1 |
| 11. | The Clean Truck Partnership states, "California will maintain its certification program. That is, manufacturers will still be required to submit applications for certification including test data, certification documents, etc. to demonstrate compliance with applicable California requirements. CARB will independently evaluate whether to issue Executive Orders." | Clean Truck Partnership, Dkt. 118-1, at App'x B "CARB Carries Out Its Authority Per the Following" ¶¶ 1. |
| 12. | On August 7, 2025, Plaintiffs received letters from the U.S. Department of Justice stating that the Clean Truck Partnership "is an illegal attempt to enforce preempted state vehicle emissions regulations" and that "because CARB's regulations are preempted, the Clean Truck Partnership is preempted and unlawful." | Dkt. 118-2 (Letter to Plaintiff Daimler Truck North America LLC); Dkt. 23-21 (Letter to Plaintiff International Motors, LLC); Dkt 23-24 (Letter to Plaintiff Volvo Group North America LLC). |
| 13. | The U.S. Department of Justice letter states Plaintiffs should "immediately cease and desist your compliance with both the Clean Truck Partnership and its preempted state vehicle emission regulations." | Dkt. 118-2 (Letter to Plaintiff Daimler Truck North America LLC); Dkt. 23-21 (Letter to Plaintiff International Motors, LLC); Dkt 23-24 (Letter to Plaintiff Volvo Group North America LLC). |
| 14. | On May 23, 2025, CARB issued a Manufacturers Advisory Correspondence ("MAC") document stating, "CARB will continue to accept and process certification applications for model year 2026" to, among other things, "ensure the requirements of certification are met to enable lawful vehicle sales in California under Health and Safety Code sections 43100 | Manufacturers Advisory Correspondence ECCD-2025-3 (May 23, 2025), Dkt. 23-16, at 2. |

3

| | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| | and 43151 through 43153." | |
| 15. | On August 25, 2025, CARB issued a MAC stating, "Manufacturers who seek and obtain certification through either" the Clean Truck Partnership or "the regulations covered by the waivers that were targeted by the congressional resolutions … will have confidence that they are in compliance with their obligations under CARB's regulations (or under the Clean Truck Partnership, as applicable)." | Manufacturers Advisory Correspondence ECCD-2025-8 (Aug. 25, 2025), Dkt. 58-2, at 2. |
| 16. | The August 25, 2025 MAC states, "Manufacturers who are parties to the [CTP] may also continue to seek, and CARB will continue to process[] applications for[,] CARB certification on the terms provided for in that agreement." | Manufacturers Advisory Correspondence ECCD-2025-8 (Aug. 25, 2025), Dkt. 58-2, at 2. |
| 17. | The August 25, 2025 MAC states that it provides "alternative pathways" for manufacturers to seek CARB certification. | Manufacturers Advisory Correspondence ECCD-2025-8 (Aug. 25, 2025), Dkt. 58-2, at 2–3. |
| 18. | The August 25, 2025 MAC states, "Manufacturers choosing these pathways should be advised, however, that CARB reserves its right to enforce the regulations covered by the waivers targeted by the congressional resolutions in the event a court of law holds those resolutions invalid, including with respect to model years that such manufacturers ask CARB to certify under these alternative pathways." | Manufacturers Advisory Correspondence ECCD-2025-8 (Aug. 25, 2025), Dkt. 58-2, at 3. |
| 19. | On September 15, 2025, CARB initiated emergency rulemaking proceedings under state law. | CARB Emergency Vehicle Emissions Rulemaking Public Notice, Exhibit B3 to Declaration of Robin U. Lang in Support of Defendants' Opposition to Plaintiffs' Preliminary Injunction Motion, Dkt. 73-33, at 6–7. |
| 20. | The Emergency Rulemaking Notice states that "[CARB] proposes to adopt emergency | Exhibit B3 to Declaration of Robin U. Lang in Support of Defendants' Opposition to |

STATEMENT OF UNDISPUTED FACTS
CASE NO. 2:25-CV-02255-DC

| | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| | vehicle emissions regulations … that will amend California Code of Regulations, titles 13 and 17, and adopt new sections into California Code of Regulations, titles 13 and 17." | Plaintiffs' Preliminary Injunction Motion, Dkt. 73-33, at 1. |
| 21. | The Emergency Rulemaking Notice states, "the [CRA] resolutions purported to invalidate preemption waivers authorizing enforcement of more recently adopted (and more stringent) vehicle emission standards, which themselves had displaced earlier-adopted regulations (applicable to all future model years), for which preemption had also been waived." | Exhibit B3 to Declaration of Robin U. Lang in Support of Defendants' Opposition to Plaintiffs' Preliminary Injunction Motion, Dkt. 73-33, at 2. |
| 22. | The Emergency Rulemaking Notice states, "CARB may enforce Advanced Clean Cars II and Omnibus, to the extent permitted by law, in the event a court of law holds invalid the resolutions purporting to disapprove the waivers for those more recent regulations." | Exhibit B3 to Declaration of Robin U. Lang in Support of Defendants' Opposition to Plaintiffs' Preliminary Injunction Motion, Dkt. 73-33, at 3. |
| 23. | On March 26, 2026, CARB approved the permanent adoption of the Emergency Rulemaking. | Declaration of Stacie B. Fletcher in Support of Plaintiffs' Motion for Summary Judgment, ¶ 16; "CARB approves permanent adoption of Emergency Vehicle Emissions Regulation" (Mar. 26, 2026), available at https://ww2.arb.ca.gov/news/carb-approves-permanent-adoption-emergency-vehicle-emissions-regulation/. |
| 24. | CARB has not submitted a waiver request for the Emergency Rulemaking as set forth in Cal. Reg. Notice Register 2025, 1322 Vol. 42-Z (Oct. 17, 2021), https://oal.ca.gov/wp-content/uploads/sites/166/2025/10/2025-Notice-Register-No.-42-Z-October-17-2025.pdf. | Declaration of Assistant Administrator Aaron Szabo in Support of the United States' Motion for Summary Judgment, Dkt. 144-3, ¶ 21. |
| 25. | CARB has not submitted a request to EPA for a determination that the Emergency Rulemaking as set forth in Cal. Reg. Notice Register | Declaration of Assistant Administrator Aaron Szabo in Support of the United States' Motion for Summary Judgment, Dkt. 144-3, |

| | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| | 2025, 1322 Vol. 42-Z (Oct. 17, 2021), https://oal.ca.gov/wp-con-tent/up-loads/sites/166/2025/10/2025-Notice-Regis-ter-No.-42-Z-October-17-2025.pdf, is within the scope of a prior waiver or waivers. | ¶ 22. |
| 26. | On April 3, 2026, CARB announced publication of the Emergency Rulemaking text proposed for permanent adoption in a Notice of Public Availability posted on CARB's website. | Declaration of Stacie B. Fletcher in Support of Plaintiffs' Motion for Summary Judgment, ¶ 17; CARB, Notice of Public Availability of Modified Text and Availability of Additional Documents and/or Information, Proposal to Permanently Adopt the Emergency Vehicle Emissions Regulations (April 3, 2026), https://ww2.arb.ca.gov/sites/de-fault/files/barcu/regact/2025/orhdlcfs/15dno-tice.pdf. |
| 27. | The Notice of Public Availability states that the version of the Emergency Rulemaking proposed for permanent adoption includes "proposed amendments" that "add references to H.J. Res. 87 (119th Congress) and the April 6, 2023 waiver issued by the U.S. Environmental Protection Agency (U.S. EPA) (88 Federal Register 20,688). These revisions ensure that these sections fully and accurately identify the federal actions that may affect the applicability of California's emission standards." | CARB, Notice of Public Availability of Modified Text and Availability of Additional Documents and/or Information, Proposal to Permanently Adopt the Emergency Vehicle Emissions Regulations (April 3, 2026), at 5, https://ww2.arb.ca.gov/sites/de-fault/files/barcu/regact/2025/orhdlcfs/15dno-tice.pdf. |
| 28. | On June 12, 2025, Governor Newsom issued Executive Order N-27-25. | Executive Order N-27-25, Dkt. 23-17. |
| 29. | Executive Order N-27-25 states, "The California Air Resources Board shall continue to work with manufacturers consistent with the commitments made in the Clean Truck Partnership, and report to [the Governor's] office every six months on manufacturer progress towards those commitments." | Executive Order N-27-25, Dkt. 23-17 ¶ 4. |

STATEMENT OF UNDISPUTED FACTS
CASE NO. 2:25-CV-02255-DC

| | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| 30. | Executive Order N-27-25 states, "The California Air Resources Board shall identify, maintain, and update [a] publicly available list[] of … medium- and heavy-duty vehicle manufacturers that are continuing to certify to and follow the requirements of the Advanced Clean Trucks regulation and the Heavy-Duty Low-NOx Omnibus regulation, or requirements agreed to as part of any agreements between such manufacturer and the California Air Resources Board[.]" | Executive Order N-27-25, Dkt. 23-17 ¶ 3. |
| 31. | Manufacturers that CARB identifies are referred to in Executive Order N-27-25 as "listed manufacturers." | Executive Order N-27-25, Dkt. 23-17 ¶ 3. |
| 32. | Executive Order N-27-25 states, "The California Air Resources Board, in developing regulatory strategies or other measures … shall explore opportunities for special considerations and flexibilities for listed manufacturers and fleets." | Executive Order N-27-25, Dkt. 23-17 ¶ 3. |
| 33. | Executive Order N-27-25 states, "The California Air Resources Board and any other State agencies implementing incentive programs that support the purchase of zero-emission vehicles shall prioritize funding for the listed manufacturers and fleets." | Executive Order N-27-25, Dkt. 23-17 ¶ 3. |
| 34. | Executive Order N-27-25 states, "The Department of General Services shall update its vehicle manufacturer purchasing restriction list to align with [such list] and assess any additional opportunities to prioritize these manufacturers in government vehicle procurement decisions." | Executive Order N-27-25, Dkt. 23-17 ¶ 3. |

STATEMENT OF UNDISPUTED FACTS
CASE NO. 2:25-CV-02255-DC

Finally, Plaintiffs note many of the publicly available and undisputed facts above are judicially notice-able. *See, e.g.*, *United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of government information available to the public). As this Court noted, "Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Order on Preliminary Injunction Motion, Dkt. 94, at 23 n.18 (quoting Fed. R. Evid. 201(b)).

Dated:  April 20, 2026

Respectfully submitted,

_____
BENJAMIN WAGNER, SBN 163581

**GIBSON, DUNN & CRUTCHER LLP**
BENJAMIN WAGNER, SBN 163581

310 University Avenue
Palo Alto, CA  94301-1744
Telephone:     650.849.5395
Facsimile:     640.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301

One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8293
Facsimile:     415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER (*pro hac vice*)
MIGUEL A. ESTRADA (*pro hac vice*)
JACOB T. SPENCER (*pro hac vice*)
VERONICA J.T. GOODSON, SBN 314367

1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:     202.955.8500
Facsimile:     202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSPencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*

STATEMENT OF UNDISPUTED FACTS
CASE NO. 2:25-CV-02255-DC

/s/ Robin M. Hulshizer
(as authorized on April 20, 2026)
ROBIN M. HULSHIZER, SBN 158486

**LATHAM & WATKINS LLP**

ROBIN M. HULSHIZER, State Bar No. 158486
ARTHUR FOERSTER *(pro hac vice)*
KEVIN M. JAKOPCHEK *(pro hac vice)*

330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Facsimile: 312.993.9767
Robin.hulshizer@lw.com
Arthur.foerster@lw.com
Kevin.jakopchek@lw.com

BELINDA S. LEE, State Bar No. 199635

505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
Belinda.lee@lw.com

*Attorneys for Plaintiff International Motors, LLC*

/s/ Joseph A. Ostoyich
(as authorized on April 20, 2026)
JOSEPH A. OSTOYICH *(pro hac vice)*

**CLIFFORD CHANCE LLP**

JOSEPH A. OSTOYICH *(pro hac vice)*
WILLIAM LAVERY *(pro hac vice)*
STEVE NICKELSBURG *(pro hac vice)*
DANIELLE MORELLO *(pro hac vice)*
DOROTHEA R. ALLOCCA *(pro hac vice)*

2001 K Street NW
Washington, DC 20006-1001
Telephone: 202.253.9077
joseph.ostoyich@cliffordchance.com
william.lavery@cliffordchance.com
steve.nickelsburg@cliffordchance.com
danielle.morello@cliffordchance.com
dodi.allocca@cliffordchance.com

**ILLOVSKY GATES & CALIA LLP**

EUGENE ILLOVSKY, SBN 117892
KEVIN CALIA, SBN 227406

1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Eugene@illovskygates.com
Kevin@illovskygates.com

*Attorneys for Plaintiff PACCAR Inc*

/s/ Jeffrey M. Goldman
(as authorized on April 20, 2026)
JEFFREY M. GOLDMAN, SBN 233840

**TROUTMAN PEPPER LOCKE LLP**

JEFFREY M. GOLDMAN, State Bar No. 233840

350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:    213.928.9800
Facsimile:    213.928.9850
jeffrey.goldman@troutman.com

T. SCOTT MILLS, State Bar No. 313554

600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2305
Telephone:    404.885.3000
Facsimile:    404.885.3900
scott.mills@troutman.com

JEREMY HEEP *(pro hac vice)*
DANIEL J. BOLAND *(pro hac vice)*

3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone:    215.981.4000

STATEMENT OF UNDISPUTED FACTS
CASE NO. 2:25-CV-02255-DC

Facsimile:      215.981.4750
jeremy.heep@troutman.com
daniel.boland@troutman.com

*Attorneys for Plaintiff Volvo Group North
America LLC*

STATEMENT OF UNDISPUTED FACTS
CASE NO. 2:25-CV-02255-DC