GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5395
Facsimile:    650.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8293
Facsimile:    415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:    202.955.8500
Facsimile:    202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>        Defendants.<br><br>_____<br><br>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>        Plaintiffs-Intervenors,<br><br>        v.<br><br>CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,<br><br>        Defendants. | Civil Action No. 2:25-cv-02255-DC<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:        Hon. Dena Coggins<br>Action Filed:    August 11, 2025 |

I, Rachel S. Brass, declare as follows:

1. I am a partner at Gibson, Dunn & Crutcher LLP and am admitted to practice in the State of California and before this Court. I submit this declaration in support of the OEM Plaintiffs' Motion for Summary Judgment in the above-captioned matter. I am one of the counsel of record for Plaintiff Daimler Truck North America LLC. I have personal knowledge of the matters contained in this declaration. If called to testify to the matters set forth in this declaration, I could do so competently.

2. OEM Plaintiffs first told Defendants about a planned motion for summary judgment during a meet-and-confer on October 27, 2025. During that videoconference, I explained the general nature of the planned motion, and OEM Plaintiffs' position that the preemption claims required no discovery. I further explained that OEM Plaintiffs intended to move promptly for summary judgment.

3. On March 4, 2026, the parties had the first of three videoconferences specifically set to discuss OEM Plaintiffs' planned motion for summary judgment and the parties' positions on how summary judgment briefing should proceed. These videoconferences also covered the parties' joint status report and the schedule for responding to Defendants' motion to dismiss.

4. Counsel for all parties attended the March 4 meet-and-confer. A list of attendees is below:

| Party | Counsel |
|---|---|
| Plaintiffs-Intervenors | John Adams<br>David Mitchell<br>Martha Mann |
| Plaintiff Daimler Truck North America | Rachel Brass<br>Stacie Fletcher<br>Will Feldman<br>Veronica Goodson |
| Plaintiff PACCAR Inc | Dodi Allocca<br>Danielle Morello |
| Plaintiff International Motors | Robin Hulshizer<br>Rachel Favors |
| Plaintiff Volvo Group North America | Scott Mills |
| Defendants | Elaine Meckenstock<br>David Meeker<br>Cecilia Segal |

5. At this meeting, I explained that OEM Plaintiffs intended to file a motion seeking summary judgment on all claims based on preemption. Counsel for Defendants, Ms. Meckenstock, explained that Defendants believed that OEM Plaintiffs should limit their motion to the August MAC and

2

the Emergency Rulemaking. Ms. Meckenstock then offered Defendants' proposed schedule for briefing that partial summary judgment motion along with including Defendants' planned but unspecified cross-motions for summary judgment.

6.    On March 10, 2026, Defendants filed a motion to dismiss the First Amended Complaints. Between then and March 23, 2026, OEM Plaintiffs prepared their response to Defendants' motion to dismiss and determined whether an extension of time to respond was warranted. Ultimately, OEM Plaintiffs determined that no extension was needed, and that the opposition could be filed within the time period (14 days) provided by the Local Rules. L.R. 230(c).

7.    On March 23, 2026, the parties corresponded further regarding the motion to dismiss and summary judgment briefing schedules. For the motion to dismiss, I confirmed that OEM Plaintiffs would file their opposition in the time period provided by the Rules without an extension. As to the summary judgment motion, I wrote that Defendants lacked legal authority to dictate or limit the scope of Plaintiffs' motions for summary judgment, and so Defendants' substantive approach was unacceptable to Plaintiffs. Given the lack of alignment on the substantive questions to put before the Court, the parties were unable to come to agreement on a briefing schedule at that time. I informed Defendants that, as discussed at the March 4 meet-and-confer, OEM Plaintiffs would file for summary judgment on April 1. I also said OEM Plaintiffs believed that the detailed discussion of the substance of Plaintiffs' intended motions during the March 4, 2026 discussion satisfied the pre-motion conference requirement for any cross-summary judgment motions Defendants intended to file. But I asked Defendants to let OEM Plaintiffs know if they took a different view of that question. A true and correct copy of this correspondence is attached as **Exhibit 1**.

8.    On March 25, Defendants asked for seven extra days in which to file reply briefs in support of their motions to dismiss.  OEM Plaintiffs quickly stipulated to the request. A true and correct copy of this correspondence is attached as **Exhibit 2**.  The stipulated schedule was filed at Dkt. 127.

9.    On March 26, 2026, Defendants wrote to OEM Plaintiffs and Plaintiffs-Intervenors stating their view that the March 4 meet and confer did not satisfy the parties' pre-motion discussion obligations. I responded that OEM Plaintiffs would make themselves available for a pre-filing meet-and-

DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-02255-DC

confer on or prior to April 1. This correspondence is also included in **Exhibit 1**.

10.    The parties met as agreed on April 1. This meeting covered the summary judgment motion as well as the joint status report. Counsel for all parties attended as shown below:

| Party | Counsel |
| --- | --- |
| Plaintiffs-Intervenors | John Adams<br>Martha Mann |
| Plaintiff Daimler Truck North America | Rachel Brass<br>Stacie Fletcher<br>Will Feldman<br>Veronica Goodson |
| Plaintiff PACCAR Inc | Danielle Morello |
| Plaintiff International Motors | Arthur Foerster |
| Plaintiff Volvo Group North America | Jeremy Heep<br>Scott Mills |
| Defendants | Elaine Meckenstock<br>Benjamin Lempert<br>Sarah Pfander |

11.    During that meet-and-confer, I provided more details about the substance of OEM Plaintiffs' summary judgment motion. I explained that we would move on all three counts of our amended complaint, that our motion would follow the counts closely, and that this motion would seek only declaratory relief. My partner Stacie Fletcher responded to additional questions on points of preemption law.

12.    I explained that our motion on Count I would seek a declaratory judgment that CARB's standards, including Advanced Clean Trucks, Omnibus Low NOx, Advanced Clean Cars II as applied to heavy-duty, Advanced Clean Fleets, Phase 2 Greenhouse Gas, Heavy-Duty On-Board Diagnostics, and the Emergency Rulemaking, are preempted by the Clean Air Act. On Count II, the motion would seek a declaratory judgment that Defendants' attempts to enforce these standards are also preempted under the Clean Air Act, and that such attempts included CARB's Manufacturers Advisory Correspondences (MACs), Governor Newsom's Executive Order, and the Emergency Rulemaking. Finally, on Count III, the motion would seek a declaratory judgment that the Clean Truck Partnership is preempted.

13.    I also pointed out that OEM Plaintiffs had covered all of the broad concepts in the summary judgment motion previously, including in our recent opposition to Defendants' motion to dismiss or in the prior briefing and oral advocacy for our preliminary injunction motion.

4

14.    Defendants asked if we could provide more details about our arguments regarding the August MAC and the Emergency Rulemaking. Along with counsel for the United States, I explained that OEM Plaintiffs' position is that neither has an EPA preemption waiver and that CARB is using both to enforce preempted standards and certification requirements. My partner Stacie Fletcher added that our framing of these issues would track our amended complaint closely.

15.    Defendants next asked what type of evidence would support OEM Plaintiffs' motion. I said that because OEM Plaintiffs' argument is that these preemption issues are pure questions of law, the only evidence we planned was one or two carrying declarations attaching public documents such as the Emergency Rulemaking and MACs, in addition to statements by California.

16.    I confirmed with Defendants' counsel that all their questions on the motion had been addressed.

17.    In response, Ms. Meckenstock repeated Defendants' position that OEM Plaintiffs' summary judgment motion should cover issues only not addressed in Defendants' pending motion to dismiss. Ms. Meckenstock also said because that Defendants urgently needed certainty about the briefing schedule, and they could not comply with the local rules' presumptive deadlines, they intended to move for administrative relief following OEM Plaintiffs' filing of the summary judgment motion. Ms. Meckenstock said the planned administrative motion would ask the Court to limit OEM Plaintiffs' motion to the August MAC and the Emergency Rulemaking, and propose a briefing schedule that aligned with the Defendants' request to narrow the preemption questions before the Court.  Ms. Meckenstock said Defendants would also propose an alternative schedule that sought to move any hearing on OEM Plaintiffs' motion to late-August or September.  Finally, Defendants intended to seek an extension to the page limits.

18.    I explained again that OEM Plaintiffs could not agree to Defendants' proposal to carve up our complaint and move for summary judgment on anything other than the claims actually brought in this case—claims that did not match the limitations Defendants' proposed. I explained that given the model year 2027 certification schedule, OEM Plaintiffs could not accept Defendant's proposed schedule, which delayed the hearing on the summary judgment motion to September. I offered to meet and

DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:25-CV-02255-DC

confer with Defendants the following day once the summary judgment was filed to discuss a reasonable briefing schedule after they had an opportunity to see the motion. I further noted that OEM Plaintiffs would agree to a reasonable schedule that provided Defendants with more than two weeks for an Opposition.

19.     During that call, Ms. Meckenstock also said that Defendants would file cross-motions for summary judgment but declined to articulate the basis for any cross-motion they would file, deferring that discussion until a meet-and-confer closer to the date.

20.     On April 6, the parties met and conferred for a third time. Counsel for all parties attended as shown below:

| Party | Counsel |
|---|---|
| Plaintiffs-Intervenors | Jeffrey Hughes<br>David Mitchell<br>Martha Mann |
| Plaintiff Daimler Truck North America | Rachel Brass<br>Stacie Fletcher<br>Will Feldman<br>Veronica Goodson |
| Plaintiff PACCAR Inc | Kaia Pankey |
| Plaintiff International Motors | Arthur Foerster<br>Robin Hulshizer |
| Plaintiff Volvo Group North America | Jeremy Heep<br>Scott Mills |
| Defendants | Elaine Meckenstock<br>David Meeker<br>Sarah Pfander<br>Benjamin Lempert |

21.     At this meeting, I presented a global compromise position to try to avoid extraneous motion practice. I explained that OEM Plaintiffs' proposal was based on the whole-motion schedule that Defendants had previously proposed, because carving up Defendants' preempted actions into discrete motions did not align with the legal theory at the heart of OEM Plaintiffs' Complaint. I explained that OEM Plaintiffs couldn't agree to move for summary judgment on only parts of our claims, noting that Counts I and II of the First Amended Complaint bring course-of-conduct claims, and that because essentially the same legal questions underpin all of our claims, a single motion on all claims was the more efficient course. I explained that, in OEM Plaintiffs' view, the MY27 certification questions were not limited only to the August MAC and the Emergency Rule, as Ms. Meckenstock suggested.  I also

6

said that OEM Plaintiffs would agree to the page limits Defendants requested for their opposition and cross-briefing in their motion for administrative relief.

22.     I proposed a briefing schedule substantially similar to the second briefing proposal in Defendants' motion for administrative relief, specifically:

| Event | Deadline |
|---|---|
| Defendants' Opposition Brief and Cross-Motion for Summary Judgment | Monday, June 1, 2026 |
| OEM Plaintiffs' and Federal Plaintiffs' Replies ISO of Motions of Summary Judgment and Oppositions to Defendants' Cross-Motion | Monday, June 29, 2026 |
| Defendants' Replies ISO of Cross-Motion for Summary Judgment | Monday, July 27, 2026 |
| Hearing | Friday, August 7, 2026 |

23.     I explained this schedule provided Defendants with more than the eight weeks that they sought to oppose the Plaintiffs' motions for summary judgment, and to file cross-motions. I also pointed out that because the summary judgment motion, when refiled, will not be significantly different than what we filed on April 1, Defendants were receiving extra time with our papers now.

24.     On April 7, 2026, Defendants followed up in writing to propose two schedules, one of which was largely consistent with OEM Plaintiffs' proposal at the April 6 meet-and-confer. On April 9, my partner Stacie Fletcher wrote back to Defendants accepting the schedule that generally aligned with OEM Plaintiffs' offer and provided a draft stipulation reflecting the approach. Defendants replied with edits to the stipulation on April 14, including edits that gave the Court a deadline to enter the stipulation. In response, on April 16, my partner Stacie Fletcher provided Defendants with a revised stipulation that presented the agreed dates and page limits but did not impose a deadline on the Court.

25.     After further correspondence, on April 17, 2026, Defendants filed a joint stipulation and proposed order with a briefing schedule for the summary judgment motion. A true and correct copy of

7

this correspondence is attached as **Exhibit 3.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:              April 20, 2026

_____
Rachel S. Brass

8