# EXHIBIT 3

| | |
|---|---|
| **From:** | Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov> |
| **Sent:** | Friday, April 17, 2026 4:51 PM |
| **To:** | Brass, Rachel S.; Fletcher, Stacie B.; Sarah Pfander; Adams, John (ENRD); David Meeker; Benjamin Lempert; Cecilia Segal; Hughes, Jeffrey (ENRD) |
| **Cc:** | Stander, Robert (ENRD); joseph.ostoyich@cliffordchance.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T.; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com; dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD); Feldman, Will; Mann, Martha (ENRD) |
| **Subject:** | RE: Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule |

**This Message Is From an External Sender**
This message came from outside your organization.

Rachel,

I am confused by your reference to the duty to honor agreements as a reason Defendants should have accepted Plaintiffs' draft stipulation despite the absence of a negotiated-for condition. In fact, as indicated in my email this morning, the stipulation version circulated by Plaintiffs left it unclear what Plaintiffs were agreeing to do if the Court did not sign the stipulation by April 20. Your email does not clarify.

Although we think it very unfortunate that the stipulation could not be filed before now, given the clarity we provided on April 7 as to our conditions for agreeing, we can file. We do want to clarify, however, that we are not attempting to provide the Court with an ultimatum. As we have consistently conveyed, we are simply seeking to ensure we get the benefit of the bargain here—where Plaintiffs want to count the period since April 1 as time toward the 8 weeks Defendants requested to work on their oppositions but Defendants do not yet have Plaintiffs' actual filings and, absent the requested condition, have no certainty about how long that state might continue.

Best,
Elaine

**From:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Sent:** Friday, April 17, 2026 2:08 PM
**To:** Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>; Fletcher, Stacie B. <SFletcher@gibsondunn.com>; Sarah Pfander <Sarah.Pfander@doj.ca.gov>; Adams, John (ENRD) <John.Adams3@usdoj.gov>; David Meeker <David.Meeker@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; Hughes, Jeffrey (ENRD) <Jeffrey.Hughes@usdoj.gov>
**Cc:** Stander, Robert (ENRD) <Robert.Stander@usdoj.gov>; joseph.ostoyich@cliffordchance.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com; dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Feldman, Will <WFeldman@gibsondunn.com>; Mann, Martha (ENRD) <Martha.Mann@usdoj.gov>
**Subject:** RE: Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Elaine,

We are disappointed with your insistence on giving the Court an ultimatum on entering a scheduling order, given that we are all officers of the Court and obligated to hold to our agreements. But since this is your condition to having a reasonable agreed schedule, we will agree as long as the Defendants file the stipulation since they insist on this provision. We have accepted all changes in the attached version of the first stipulation attached to your email (i.e., the non-Plan B version) and moved Defendants' signature block to the top. You are authorized to file the attached on behalf of the OEM defendants.

Rachel


**Rachel S. Brass**
Partner

T: +1 415.393.8293 | M: +1 415.264.5998
RBrass@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>
**Sent:** Friday, April 17, 2026 11:06 AM
**To:** Fletcher, Stacie B. <SFletcher@gibsondunn.com>; Sarah Pfander <Sarah.Pfander@doj.ca.gov>; Brass, Rachel S. <RBrass@gibsondunn.com>; Adams, John (ENRD) <John.Adams3@usdoj.gov>; David Meeker <David.Meeker@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; Hughes, Jeffrey (ENRD) <Jeffrey.Hughes@usdoj.gov>
**Cc:** Stander, Robert (ENRD) <Robert.Stander@usdoj.gov>; joseph.ostoyich@cliffordchance.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com; dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Feldman, Will <WFeldman@gibsondunn.com>; Mann, Martha (ENRD) <Martha.Mann@usdoj.gov>
**Subject:** RE: Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule

Hi Stacie,

Thanks for your email and the proposed revisions to the draft stipulation. Defendants are willing to accept some of Plaintiffs' proposed revisions, but not all, as indicated in the attached. Defendants are not willing to accept revisions that require Defendants to bear all the risk about whether and when the Court will sign the stipulation. And Defendants are concerned that Plaintiffs' revisions indicate no agreement to the conditions laid out in Defendants' April 7 email, despite Plaintiffs' previous assent to the schedule that was expressly contingent upon those conditions.

Per our April 7 email, Defendants are willing to agree to this schedule only with conditions that prevent two possible outcomes that would prejudice us. Plaintiffs' revisions eliminate those protections. In particular, Plaintiffs' revisions do not indicate what would happen if the court does not sign the stipulation by April 20 (this Monday). If Plaintiffs would file their MSJs on April 20 regardless, then Defendants would be on the two-week clock to respond and would likely have to file another motion for administrative relief while simultaneously expediting their work on their opposition(s). If Plaintiffs would wait to refile until the court signs (as previously agreed), Defendants will be required to continue working on their oppositions (in case the court eventually signs the stipulation) but without knowing whether the court will sign and without Plaintiffs' actual filings in hand. Either possibility is unacceptable to Defendants.

2

For these reasons, our April 7 email made clear that our agreement to forego filing a motion for administrative relief seeking to limit the scope of summary judgment is contingent, *inter alia*, on the Court signing off on the negotiated schedule by April 17.  We have since offered to push that to April 20, in the spirit of compromise, but we have not agreed to abandon that condition.  If Plaintiffs agree to that condition, we see no reason to exclude it from the part of the stipulation that lays out what the parties have agreed to.  (Plaintiffs seem to want to characterize this as a simple scheduling stipulation of the kind contemplated in Judge Coggins' standing order. But the dispute about these motions is not a simple scheduling dispute, and we see no reason the stipulation needs to be presented inaccurately as if it were.)  If Plaintiffs do not agree to Defendants' date-certain condition, then we wish that had been communicated sooner as much time has been wasted going back and forth on language when there is, in fact, no agreement on terms.

We continue to hope we can avoid the need for further motion practice here.  Unfortunately, that has been made more challenging by the time elapsed since our April 7 email. One way to move forward would be to file the attached version of the stipulation today—which Plaintiffs have our authority to do—and hope Judge Coggins signs it by end-of-day Monday; and agree to meet and confer further Tuesday morning, if she does not.

Alternatively, and again in the spirit of compromise, Defendants are open to filing a more "streamlined" stipulation along the lines Plaintiffs prefer, but only if the Court has more time to decide whether to sign the stipulation, and only if the parties agree that they will void the stipulation if the Court does not sign it by the date set for Plaintiffs' refiling. To continue to move the ball forward, Defendants attach a "streamlined" Plan B stipulation along those lines. The new date-certain for signature (and thus for Plaintiffs' refiling) would be April 24. Defendants would give up one business day for their opposition/cross-motion, and Plaintiffs would give up 3 business days for their oppositions/replies. We think that allocation is reasonable, particularly since the delay in finalizing a stipulation has been largely due to Plaintiffs' omission from the first draft, and removal from the second, of the conditions Defendants made clear on April 7. Plaintiffs will still have significantly more time to prepare their oppositions and replies than OEM Plaintiffs indicated they needed in their opposition to Defendants' motion for administrative relief. And Defendants need these longer briefing intervals as they have two briefs to which to respond, as well as conflicting work in other matters (including the related *AmFree* case). Defendants are open to providing Plaintiffs with more time for oppositions/replies but not at the expense of Defendants' briefing windows, so that would require moving the hearing by two weeks to August 21, 2026, which Defendants are willing to do but understand is unacceptable to Plaintiffs. Defendants would agree to the filing of this "Plan B" stipulation if the parties agree, in writing, to file a second stipulation with the court the morning (EST) of April 27 withdrawing this stipulation, if the Court has not yet signed it.  That second stipulation would need to be drafted and approved before the attached Plan B stipulation was filed, but we believe that could be very quick to allow for filing the Plan B stipulation today or, at the latest, Monday.

Please let us know as quickly as you can how Plaintiffs would like to proceed or if it would be helpful for the parties to meet and confer in person to discuss.

Best,
Elaine

---

**From:** Fletcher, Stacie B. <SFletcher@gibsondunn.com>
**Sent:** Thursday, April 16, 2026 12:03 PM
**To:** Sarah Pfander <Sarah.Pfander@doj.ca.gov>; Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>; Brass, Rachel S. <RBrass@gibsondunn.com>; Adams, John (ENRD) <John.Adams3@usdoj.gov>; David Meeker <David.Meeker@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; Hughes, Jeffrey (ENRD) <Jeffrey.Hughes@usdoj.gov>
**Cc:** Stander, Robert (ENRD) <Robert.Stander@usdoj.gov>; joseph.ostoyich@cliffordchance.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com; dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Feldman, Will <WFeldman@gibsondunn.com>; Mann, Martha (ENRD) <Martha.Mann@usdoj.gov>

3

Subject: RE: Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

---

Sarah,

Thank you for the edits. Attached please find our comments. We tried to accommodate as much as possible in the interest of moving this forward and avoiding motion practice. To the extent that we did not accept your proposed language or have a different approach, we have added an explanation in comment bubbles.

In light of the standing order in this case addressing scheduling stipulations for summary judgment, we propose that the stipulation list only dates certain for the filings. Her standing order indicates that joint stipulations "setting a briefing schedule for the cross-motions in advance of the first brief . . . will likely be signed so long as the fourth brief is due no later than 14 days before the hearing date." Since this draft of the joint stipulation comports with this order, we have streamlined the stipulation such that the agreed dates and page limits are in a table.

Best,
Stacie

**Stacie B. Fletcher**
Partner

T: +1 202.887.3627 | M: +1 202.664.9586
SFletcher@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-5306

---

**From:** Sarah Pfander <Sarah.Pfander@doj.ca.gov>
**Sent:** Tuesday, April 14, 2026 12:35 PM
**To:** Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>; Brass, Rachel S. <RBrass@gibsondunn.com>; Fletcher, Stacie B. <SFletcher@gibsondunn.com>; Adams, John (ENRD) <John.Adams3@usdoj.gov>; David Meeker <David.Meeker@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; Hughes, Jeffrey (ENRD) <Jeffrey.Hughes@usdoj.gov>
**Cc:** Stander, Robert (ENRD) <Robert.Stander@usdoj.gov>; joseph.ostoyich@cliffordchance.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com; dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Feldman, Will <WFeldman@gibsondunn.com>; Mann, Martha (ENRD) <Martha.Mann@usdoj.gov>
**Subject:** RE: Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule

Hi all,

Please see Defendants proposed revisions to the stipulation in the attached. You will note that we have added some WHEREAS clauses that we believe are relevant to the Court understanding the stipulation. We have endeavored to phrase those neutrally to avoid the need for further back-and-forth among the parties.

4

We have also added Defendants' conditions for this agreement from our April 7, 2026 email. Those include a date certain for a court order setting the schedule. That is non-negotiable because Defendants cannot agree to a June 1 briefing deadline with no certainty as to when they will receive Plaintiffs' revised and refiled opening briefs. Given that it is now April 14, and in the spirit of cooperation, Defendants are willing to push that date certain from April 17 to April 20 as indicated in the attached. We note that if the Court does sign the stipulation and order on April 20, Defendants will have Plaintiffs' (re)filed papers for five weeks or less before oppositions are due, where Defendants requested 8 weeks. We therefore cannot push that date further. (Doing so would also make it difficult for the parties to further confer before the April 22 joint status report deadline.)

We know that all parties want to get this filed as soon as possible. To that end, if the proposed revisions are acceptable to Plaintiffs and there are no additional changes, OEM Plaintiffs have our authority to file. If Plaintiffs wish to make additional changes, we would ask that you send those for our review today.

Warm regards,
Sarah

---

**From:** Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>
**Sent:** Monday, April 13, 2026 12:40 PM
**To:** Brass, Rachel S. <RBrass@gibsondunn.com>; Fletcher, Stacie B. <SFletcher@gibsondunn.com>; Sarah Pfander <Sarah.Pfander@doj.ca.gov>; Adams, John (ENRD) <John.Adams3@usdoj.gov>; David Meeker <David.Meeker@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; Hughes, Jeffrey (ENRD) <Jeffrey.Hughes@usdoj.gov>
**Cc:** Stander, Robert (ENRD) <Robert.Stander@usdoj.gov>; joseph.ostoyich@cliffordchance.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com; dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Feldman, Will <WFeldman@gibsondunn.com>; Mann, Martha (ENRD) <Martha.Mann@usdoj.gov>
**Subject:** RE: Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule

Rachel,

Thanks for your email over the weekend.  As indicated in our email last Tuesday evening, Defendants would also like to get a stip on file quickly, assuming the parties reach agreement on terms.  However, we did not hear back from all parties until Friday—the same day our motion to dismiss replies, and response to OEM Plaintiffs' late request for judicial notice, were due.  We are working on revisions to the stipulation and conferring with our clients and will be back in touch as soon as we can.

Best,
Elaine

---

**From:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Sent:** Saturday, April 11, 2026 3:51 PM
**To:** Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>; Fletcher, Stacie B. <SFletcher@gibsondunn.com>; Sarah Pfander <Sarah.Pfander@doj.ca.gov>; Adams, John (ENRD) <John.Adams3@usdoj.gov>; David Meeker <David.Meeker@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; Hughes, Jeffrey (ENRD) <Jeffrey.Hughes@usdoj.gov>
**Cc:** Stander, Robert (ENRD) <Robert.Stander@usdoj.gov>; joseph.ostoyich@cliffordchance.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com;

dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Feldman, Will <WFeldman@gibsondunn.com>; Mann, Martha (ENRD) <Martha.Mann@usdoj.gov>

**Subject:** RE: Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Elaine,

Please let us know if Defendants have any comments on the stipulation we sent.  We would like to file that early next week if all parties are signed off.

Thank you,
Rachel

**Rachel S. Brass**
Partner

T: +1 415.393.8293 | M: +1 415.264.5998
RBrass@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>
**Sent:** Thursday, April 9, 2026 5:02 PM
**To:** Fletcher, Stacie B. <SFletcher@gibsondunn.com>; Sarah Pfander <Sarah.Pfander@doj.ca.gov>; Brass, Rachel S. <RBrass@gibsondunn.com>; Adams, John (ENRD) <John.Adams3@usdoj.gov>; David Meeker <David.Meeker@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; Hughes, Jeffrey (ENRD) <Jeffrey.Hughes@usdoj.gov>
**Cc:** Stander, Robert (ENRD) <Robert.Stander@usdoj.gov>; joseph.ostoyich@cliffordchance.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com; dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Feldman, Will <WFeldman@gibsondunn.com>; Mann, Martha (ENRD) <Martha.Mann@usdoj.gov>
**Subject:** RE: Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule

Thanks, Stacie.

We will review and respond.

John: Does the US agree to this schedule and the conditions in our email below (from April 7)?

---

**From:** Fletcher, Stacie B. <SFletcher@gibsondunn.com>
**Sent:** Thursday, April 9, 2026 1:23 PM
**To:** Sarah Pfander <Sarah.Pfander@doj.ca.gov>; Brass, Rachel S. <RBrass@gibsondunn.com>; Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>; Adams, John (ENRD) <John.Adams3@usdoj.gov>; David Meeker <David.Meeker@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; Hughes, Jeffrey (ENRD) <Jeffrey.Hughes@usdoj.gov>
**Cc:** Stander, Robert (ENRD) <Robert.Stander@usdoj.gov>; joseph.ostoyich@cliffordchance.com;

6

Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com; dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>; Feldman, Will <WFeldman@gibsondunn.com>; Mann, Martha (ENRD) <Martha.Mann@usdoj.gov>

**Subject:** RE: Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Sarah, all –

Thank you for your proposals on briefing schedule. OEM Plaintiffs accept the first schedule:

- Monday, June 1: Defendants' Opp and Cross-Motion due
- Friday, June 26: Plaintiffs' Opps and Replies due
- Friday, July 24: Defendants' Replies due

We note that this gives us less time for opposition and reply than it gives Defendants to simply reply; nevertheless, to move things along, we are willing to accommodate Defendants here.

On the substance of the motion, we agree that the motion will be substantially in the form that we filed, but it will have to account for changes to reflect ongoing developments—in other words, we will address any changes of fact or law necessary to bring our papers up to date. For example, in addition to the *Nebraska* filing, we will also note that CARB again amended the Emergency Rule on April 3.

In terms of timeline for refiling, we will refile after the Court has entered the stipulation.

Attached please find a draft stipulation reflecting this approach.

Best,
Stacie

**Stacie B. Fletcher**
Partner

T: +1 202.887.3627 | M: +1 202.664.9586
SFletcher@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-5306

---

**From:** Sarah Pfander <Sarah.Pfander@doj.ca.gov>
**Sent:** Tuesday, April 7, 2026 8:26 PM
**To:** Brass, Rachel S. <RBrass@gibsondunn.com>; Elaine Meckenstock <Elaine.Meckenstock@doj.ca.gov>; Adams, John (ENRD) <John.Adams3@usdoj.gov>; Fletcher, Stacie B. <SFletcher@gibsondunn.com>; David Meeker <David.Meeker@doj.ca.gov>; Benjamin Lempert <Benjamin.Lempert@doj.ca.gov>; Cecilia Segal <Cecilia.Segal@doj.ca.gov>; Hughes, Jeffrey (ENRD) <Jeffrey.Hughes@usdoj.gov>
**Cc:** Stander, Robert (ENRD) <Robert.Stander@usdoj.gov>; joseph.ostoyich@cliffordchance.com; Arthur.Foerster@lw.com; Jeremy.Heep@troutman.com; Scott.Mills@troutman.com; Goodson, Veronica J.T. <VGoodson@gibsondunn.com>; ROBIN.HULSHIZER@lw.com; Kevin.Jakopchek@lw.com; dodi.allocca@cliffordchance.com; Daniel.Boland@troutman.com; Mitchell, David (ENRD) <David.Mitchell@usdoj.gov>;

Feldman, Will <WFeldman@gibsondunn.com>; Mann, Martha (ENRD) <Martha.Mann@usdoj.gov>
**Subject:** Case 2:25-cv-02255-DC-AC Daimler Truck North America LLC et al v. CA Air Resources Board--Proposed MSJ Briefing Schedule

Hello all,

Defendants read the Court's order affording the parties more time to meet-and-confer as suggesting the Court would prefer the parties meaningfully confer about the scope (as well as timing) of further substantive motions.  We understand from our prior meet-and-confer, however, that Plaintiffs are unwilling to compromise at all on their scope of their summary judgment motions and intend to proceed with refiling their summary judgment motions on all claims shortly.  If that is incorrect or has changed, please let us know.

In light of what we understand to be Plaintiffs' inflexibility on the scope of imminent summary judgment motions, Defendants may be willing to agree to a briefing schedule akin to the one proposed by OEM Plaintiffs.  We continue to believe it is inefficient to further brief challenges that may well be resolved on the motions to dismiss, particularly when none of those challenges goes to regulatory certifications for model year 2027 vehicles. We nonetheless see value in certainty of schedule and in avoiding the resources further administrative motion practice would demand from Defendants and the Court.

To that end, we are following up with minor proposed changes to the briefing schedule that was floated on Monday. We are also providing Defendants' position on how to handle the next steps to ensure that Defendants are not prejudiced in their time to respond to these motions.

First, given that Judge Coggins' standing order specifically requires that the Court have 14 days with the summary judgment briefs prior to any hearing date, we are concerned that the Court will deny a stipulation that sets out OEM Plaintiffs' proposed schedule, in which the fourth brief is due only 10 days before the hearing.
If Plaintiffs and Plaintiff-Intervenors are set on the August 7 hearing date, then we propose the following briefing schedule:
-    Monday, June 1: Defendants' Opp and Cross-Motion due
-    Friday, June 26: Plaintiffs' Opps and Replies due
-    Friday, July 24: Defendants' Replies due

On the other hand, if Plaintiffs and Plaintiff-Intervenors are willing to push out to the August 21 hearing date, we can reconfigure the briefing schedule slightly to give all parties a little more time:
-    Thursday, June 4: Defendants' Opp and Cross-Motion
-    Tuesday, July 7: Plaintiffs' Opps and Replies
-    Friday, August 7: Defendants' Replies

Second, to provide certainty to the parties as quickly as possible and ensure Defendants receive the full benefit of this briefing schedule, Defendants request that the parties file a joint stipulation proposing an agreed-to schedule by this Thursday, April 9 and that Plaintiffs and Plaintiff-Intervenors wait for the court to enter that stipulation before refiling their papers (and do so within 24 hours of the court's order). If Plaintiffs and Plaintiff-Intervenors refile before that, Defendants would have to consider filing another motion for administrative relief, given that Plaintiffs' filings will start an unmanageable two-week clock. Further, Defendants' agreement to this schedule would be contingent upon the Court approving the stipulation and Plaintiffs refiling by April 17. If the Court has not approved and Plaintiffs have not refiled by that date Defendants will not have sufficient time with the filed versions of the papers. The parties would also have time, after April 17, to meet-and-confer and address their scheduling positions to the Court in the April 22 joint status report.

Third, Defendants further request that both Plaintiffs and the United States affirm that their filings not be different from what was filed on April 1—beyond references to the Nebraska motion should you wish to add that. Otherwise, Defendants will not have the time they need to prepare their responses.

In consideration of all this, please let us know if Plaintiffs and Plaintiff-Intervenors are willing to consent to one of these adjusted briefing schedules and whether Plaintiffs and Plaintiff-Intervenors will proceed with a joint stipulation, subject to these conditions.

Warmest regards,
Sarah

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.