# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,

          Plaintiffs,

          v.

STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,

          Defendants.


THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

          Plaintiffs-Intervenors,

          v.

CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,

          Defendants.

CASE NO. 2:25-cv-02255-DC

**JOINT STATUS REPORT REGARDING SCHEDULING**

Judge:        Hon. Dena Coggins
Action Filed:   August 11, 2025

Pursuant to this Court's February 9, 2026 Minute Order (Dkt. 117) and April 7, 2026 Minute Order (Dkt. 135), Original Equipment Manufacturer ("OEM") Plaintiffs Daimler Truck North America, International Motors, LLC, Paccar, Inc., and Volvo Group North America LLC ("OEM Plaintiffs"), Plaintiffs-Intervenors the United States of America and the Environmental Protection Agency ("United States Plaintiffs-Intervenors") (together with OEM Plaintiffs, "Plaintiffs"), and Defendants California Air Resources Board ("CARB"), Steven S. Cliff, and Gavin Newsom ("Defendants"), by and through their undersigned counsel hereby submit this joint status report regarding scheduling.

## Joint Status Report

**A.    A brief summary of the claims and legal theories under which recovery is sought or liability is denied.**

OEM Plaintiffs' Claims and Legal Theories:  OEM Plaintiffs brought this suit to clarify their legal obligations under federal and state law and to enjoin California from enforcing emissions standards preempted by federal law.  OEM Plaintiffs' principal argument is that California's emissions standards, including as codified in the Clean Truck Partnership, have been disallowed by congressional resolutions passed pursuant to the Congressional Review Act, and are preempted under the Clean Air Act.  OEM Plaintiffs allege that Defendants' adoption of and attempts to enforce the preempted emissions standards are also barred by the Clean Air Act.  OEM Plaintiffs seek declaratory and injunctive relief.

United States Plaintiffs-Intervenors' Claims and Legal Theories:  The United States brings this action to stop Defendants' ongoing usurpation of federal authority to set national uniform emissions standards for mobile sources. As explained in the United States' First Amended Complaint: (1) the Clean Air Act preempts California's Advanced Clean Fleets rule, which never received a preemption waiver from EPA; (2) Congress invalidated the preemption waivers for the Omnibus and Advanced Clean Trucks rules; (3) the Clean Truck Partnership is an unlawful attempt to enforce these preempted emissions standards; (4) the August 2025 Manufacturers Advisory Correspondence is an unlawful attempt to enforce preempted emissions standards; and (5) CARB's September 2025 Emergency Rule is an unlawful adoption or attempt to enforce preempted emissions standards.

1

Defendants' Positions:  Defendants contest liability as to each and every claim brought by Plaintiffs and Plaintiffs-Intervenors. In Defendants' view, Plaintiffs lack standing for certain claims; other claims are not ripe or have become moot; and the Governor has sovereign immunity as to all claims. Defendants also contend that all preemption claims fail.

**B.    Status of service upon all defendants and cross-defendants.**

All parties have been served.

**C.    Possible joinder of additional parties.**

The parties do not currently anticipate joinder of additional parties.

**D.    Contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses.**

Both OEM Plaintiffs and the United States Plaintiffs-Intervenors filed amended complaints with the Court's leave on February 9, 2026.

OEM Plaintiffs' Position:  OEM Plaintiffs do not currently contemplate further amendments, but reserve their right to seek further amendment if Defendants persist in attempting to enforce preempted standards and argue that such attempts are not within the scope of the amended complaint.

United States Plaintiffs-Intervenors' Position: The United States Plaintiffs-Intervenors similarly do not plan to further amend their complaint but reserve the right to seek leave to amend if Defendants take further regulatory action that would be preempted under federal law.

**E.    The statutory basis for jurisdiction and venue.**

OEM Plaintiffs' Position:  This Court has jurisdiction to grant the relief sought in this action under 28 U.S.C. §§ 1331, 1343(a)(3), 1367, 2201, and 2202.  Venue is proper in this District under 28 U.S.C. § 1391(b) because all Defendants maintain an office and conduct their official duties within this judicial district, and/or a substantial part of the events or omissions giving rise to this action occurred within this judicial district.  *See* Dkt. 118 ¶¶ 17–18.

United States Plaintiffs-Intervenors' Position: The Court has jurisdiction over the United States' claims under 28 U.S.C. §§ 1331 and 1345. The United States agrees with OEM Plaintiffs' Position regarding venue.

Defendants' Position: As to the OEM Plaintiffs' Complaint, the Court lacks jurisdiction over the Governor because the Governor enjoys sovereign immunity as to all claims.  The Court further lacks jurisdiction as to any claims—in either complaint—that are moot or unripe or that the relevant Plaintiffs do not have standing to bring.  Defendants agree that this Court otherwise has jurisdiction over Plaintiffs' preemption claims under 28 U.S.C. § 1331 and over the United States' preemption claims under 28 U.S.C. § 1345.  Defendants agree that this Court is a proper venue.

**F.    Anticipated discovery and the scheduling of discovery, including:**

      i.    **Changes and timing to initial disclosures.**

The parties agree that disclosure under Rule 26(a) should be postponed until after this Court rules on at least some of the motions described below.  There may remain a dispute among the parties as to which motions should be resolved before Rule 26(a) disclosure, but the parties agree to further meet and confer about that as motions are resolved.

      ii.    **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases.**

No party has yet shared a discovery plan pursuant to Rule 26(f).

OEM Plaintiffs' Position:  OEM Plaintiffs have repeatedly offered Defendants the opportunity to hold a 26(f) conference, and to discuss any discovery that they believe is necessary.  Defendants have been aware since October 2025 that OEM Plaintiffs would be moving for summary judgment on all counts.  Defendants have nonetheless taken the position that they decline to hold a Rule 26(f) conference until after a ruling on the pending motion to dismiss.  As preemption is predominantly a legal question, OEM Plaintiffs do not believe that discovery is necessary for the motion for summary judgment that they originally filed on April 1, 2026, and that they re-filed on April 20, 2026.

OEM Plaintiffs reserve the right to oppose any argument asserted by Defendants based on Rule 56(d), including because Defendants have repeatedly declined to avail themselves of any opportunity to seek discovery.

United States Plaintiffs-Intervenors' Position:  The United States Plaintiffs-Intervenors agree that preemption is predominantly a legal question and discovery is unnecessary.  In any event, the United States Plaintiffs-Intervenors have offered Defendants the opportunity to hold a 26(f) conference,

3

and to pursue any discovery that they believe is necessary. The United States Plaintiffs-Intervenors reserve the right to oppose any discovery requests, at least in part because Defendants have declined to avail themselves of any opportunity to seek discovery, notwithstanding having reviewed the United States Plaintiffs-Intervenors' position on its standing. *See* Dkt. No. 126 at 16–20.

Defendants' Position: Defendants contend that discovery from the OEM Plaintiffs may be needed if this Court does not dismiss their preemption claim against the Clean Truck Partnership and that discovery as to standing and ripeness may also be needed depending, again, on how the Court resolves the pending motions to dismiss. Defendants thus contend that discovery planning and the Rule 26(f) conference—as well as summary judgment motion practice on these issues—should occur after the Court resolves the motions to dismiss. As has been true throughout this litigation, Defendants remain willing to continue meeting and conferring about the timing of a Rule 26(f) conference as this Court rules on the motions to dismiss and, as warranted, the motions for summary judgment that have been filed. When the Rule 26(f) conference is held, Defendants will join or file the report on the schedule for discovery if necessary.

Defendants reserve their rights to seek discovery under Rule 56(d) related to any motions for summary judgment.

    iii. **Changes to the limitations on discovery.**

The parties will meet and confer about this as part of the Rule 26(f) conference when it occurs.

    iv. **Timing of expert disclosures.**

The parties will meet and confer about this as part of the Rule 26(f) conference when it occurs.

    v. **Proposed dates for discovery cut-off.**

The parties will meet and confer about this as part of the Rule 26(f) conference when it occurs.

**G. Contemplated dispositive or other motions and a proposed date by which all non-discovery motions shall be filed.**

Defendants filed motions to dismiss (Dkt. 120; Dkt. 122) on March 10, 2026 in accordance with this Court's February 9, 2026 Minute Order (Dkt. 117). Both OEM Plaintiffs and United States Plaintiffs-Intervenors filed oppositions to those motions to dismiss on March 24, 2026. Dkt. 123; Dkt. 126, and on April 10, 2026, Defendants filed their replies. Dkt. 140; Dkt. 141. The motions to dismiss

are now submitted. Dkt. 128.

Plaintiffs and the United States Plaintiffs-Intervenors moved for summary judgment on all of their claims on April 1, 2026. Dkt 129; Dkt. 130. On April 2, 2026, Defendants filed a motion for administrative relief to defer briefing on portions of Plaintiffs' and the United States Plaintiffs-Intervenors' motions for summary judgment and to extend time and pages to respond to those motions. Dkt. 131. On April 3, 2026, the OEM Plaintiffs filed a response to that motion. Dkt. 132. The United States Plaintiff-Intervenors intended to file a response in opposition as well.

On April 3, 2026, the Court denied without prejudice to re-filing the motions for summary judgment, and Defendants' motion for administrative relief as moot, ordering the parties to further meet and confer on those motions. Dkt. 133.

On April 6, 2026, the parties held an additional meet and confer in response to the Court's April 3, 2026 order, and thereafter, on April 17, 2026, the parties filed a stipulation regarding summary judgment briefing, which outlined in relevant part the following schedule and page limits:

| Event | Deadline | Page Limits |
|---|---|---|
| Defendants' Opposition Brief and Cross-Motion for Summary Judgment | Monday, June 1, 2026 | One 60-page brief |
| OEM Plaintiffs' and the United States' Replies ISO of Motions of Summary Judgment and Oppositions to Defendants' Cross-Motion | Friday, June 26, 2026 | Two 24-page briefs |
| Defendants' Replies ISO of Cross-Motion for Summary Judgment | Friday, July 24, 2026 | One 34-page brief |
| Hearing | Friday, August 7, 2026 | |

On April 20, 2026, the Court entered the parties' stipulation (Dkt. 143), and Plaintiffs re-filed their motions for summary judgment on all claims that same day (Dkt. 144; Dkt. 145).

**H.    Methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations and restrictions on the use of testimony under Federal Rule of Evidence 702.**

The parties will continue to meet and confer concerning the filing of any and all motions, pursuant to the Court's standing order. The parties will endeavor to avoid unnecessary proof and

5

cumulative evidence as part of that process.  No party currently anticipates introducing expert testimony, but should that change, the parties will meet and confer about possible limitations and restrictions on such testimony.

**I.     Proposed final pre-trial conference date.**

The parties will meet and confer about a final pre-trial conference date and submit a proposed date or dates, if necessary, after this Court rules on the pending motions.

**J.     A proposed date for trial, estimated number of days for trial, whether any party has demanded a jury.**

The parties will meet and confer about these scheduling issues and submit a proposal or proposals, if necessary, after this Court rules on the pending motions.  No party has demanded a jury.

**K.     Appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge.**

None.  The parties do not agree to try the matter before a magistrate judge.

**L.     Proposed modification of standard pretrial procedures because of simplicity or complexity of the case.**

The parties will meet and confer about proposed modification to standard pretrial procedures and submit a proposal or proposals, if necessary, after this Court rules on the pending motions.

**M.     Related cases in this district.**

This case is related to a case pending in this district, in which the Clean Truck Partnership alone is challenged: *American Free Enterprise Chamber of Commerce v. Steven S. Cliff*, 2:25-cv-03255-DC-AC.  On April 1, 2026, the American Free Enterprise Chamber of Commerce moved for judgment on the pleadings on its claim.  By stipulation of the parties to that action, Defendant Cliff's opposition and cross-motion is due on May 27, 2026,

**N.     Timing and method of settlement discussions.**

The parties are not able to resolve their dispute through settlement discussions or voluntary dispute resolution.

**O.     Other matters conducive to just and expeditious disposition of the case.**

Though not a related case because it is currently pending in the Northern District of California,

6

the matter *California v. United States*, 3:25-cv-04966, involves the validity of the congressional resolutions purporting to disapprove of EPA's waivers for California's Advanced Clean Cars II, Advanced Clean Trucks, and Omnibus regulations.  On February 19, 2026, Judge Gilliam held a hearing on the United States' motion to dismiss in *California*.

Dated: April 22, 2026                              Respectfully submitted,

                                              **GIBSON, DUNN & CRUTCHER LLP**

                                              _____

                                              BENJAMIN WAGNER, State Bar No. 163581
                                              310 University Avenue
                                              Palo Alto, CA 94301-1744
                                              Telephone:    650.849.5395
                                              Facsimile:     640.849.5095
                                              BWagner@gibsondunn.com

                                              RACHEL S. BRASS, SBN 219301
                                              One Embarcadero Center, Suite 2600
                                              San Francisco, CA 94111-3715
                                              Telephone:    415.393.8293
                                              Facsimile:     415.393.8306
                                              RBrass@gibsondunn.com

                                              STACIE B. FLETCHER, *pro hac vice*
                                              MIGUEL A. ESTRADA, *pro hac vice*
                                              VERONICA J.T. GOODSON, SBN 314367
                                              1700 M Street, N.W.
                                              Washington, D.C. 20036-4504
                                              Telephone:    202.955.8500
                                              Facsimile:     202.467.0539
                                              SFletcher@gibsondunn.com
                                              MEstrada@gibsondunn.com
                                              VGoodson@gibsondunn.com

                                              *Attorneys for Plaintiff Daimler Truck North America LLC*

**LATHAM & WATKINS LLP**                     **CLIFFORD CHANCE LLP**

/s/ *Robin M. Hulshizer*                      /s/ *Joseph A. Ostoyich*
(as authorized on April 22, 2026)             (as authorized on April 22, 2026)
ROBIN M. HULSHIZER, SBN 158486               JOSEPH A. OSTOYICH, *pro hac vice*
ARTHUR FOERSTER, *pro hac vice*              WILLIAM LAVERY, *pro hac vice*

JOINT STATUS REPORT
CASE NO. 2:25-CV-02255-DC

KEVIN M. JAKOPCHEK, *pro hac vice*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Facsimile: 312.993.9767
Robin.hulshizer@lw.com
Arthur.foerster@lw.com
Kevin.jakopchek@lw.com

BELINDA S. LEE, SBN 199635
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
Belinda.lee@lw.com

*Attorneys for Plaintiff International Motors, LLC*

STEVE NICKELSBURG, *pro hac vice*
DANIELLE MORELLO, *pro hac vice*
DOROTHEA R. ALLOCCA, *pro hac vice*
2001 K Street NW
Washington, DC 20006-1001
Telephone: 202.253.9077
joseph.ostoyich@cliffordchance.com
william.lavery@cliffordchance.com
steve.nickelsburg@cliffordchance.com
danielle.morello@cliffordchance.com
dodi.allocca@cliffordchance.com

**ILLOVSKY GATES & CALIA LLP**

EUGENE ILLOVSKY, SBN 117892
KEVIN CALIA, SBN 227406
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Telephone:  415.500.6643
Eugene@illovskygates.com
Kevin@illovskygates.com

*Attorneys for Plaintiff PACCAR Inc*

**TROUTMAN PEPPER LOCKE LLP**

/s/ *Jeffrey M. Goldman*
(as authorized on April 22, 2026)
JEFFREY M. GOLDMAN, SBN 233840
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:    213.928.9800
Facsimile:    213.928.9850
jeffrey.goldman@troutman.com

T. SCOTT MILLS, SBN 313554
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2305
Telephone:    404.885.3000
Facsimile:    404.885.3900
scott.mills@troutman.com

JEREMY HEEP, *pro hac vice*
DANIEL J. BOLAND, *pro hac vice*
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone:    215.981.4000
Facsimile:    215.981.4750
daniel.heep@troutman.com
daniel.boland@troutman.com

*Attorneys for Plaintiff Volvo Group North America, LLC*

8

Dated: April 22, 2026

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

ERIC GRANT
*United States Attorney*
EDWARD A. OLSEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
(916) 554-2821

/s/ *David D. Mitchell*
(as authorized on April 22, 2026)
DAVID D. MITCHELL
JOHN K. ADAMS
United States Department of Justice
Environment & Natural Resources Div.
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 353-5905
robert.stander@usdoj.gov
john.adams3@usdoj.gov
david.mitchell@usdoj.gov

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

/s/ *M. Elaine Meckenstock*
(as authorized on April 22, 2026)
M. ELAINE MECKENSTOCK
Deputy Attorney General

BENJAMIN P. LEMPERT
DAVID M. MEEKER
SARAH M. PFANDER
CECILIA D. SEGAL
JONATHAN A. WIENER
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 879-0299
  Fax:  (510) 622-2270
  E-mail:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

9