TROUTMAN PEPPER LOCKE LLP
Jeffrey M. Goldman (SBN 233840)
jeffrey.goldman@troutman.com
350 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:    213.928.9800
Facsimile:    213.928.9850

T. Scott Mills (SBN 313554)
scott.mills@troutman.com
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Telephone:    404.885.3000
Facsimile:    404.885.3900

Jeremy D. Heep (*pro hac vice*)
jeremy.heep@troutman.com
Daniel J. Boland (*pro hac vice*)
daniel.boland@troutman.com
3000 Two Logan Square, Eighteenth & Arch Streets
Philadelphia, Pennsylvania 19103
Telephone:    215.981.4000
Facsimile:    215.981.4750

*Attorneys for Plaintiff Volvo Group North America LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>              Plaintiffs,<br><br>              v.<br><br>STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>              Defendants.<br><br>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>              Plaintiffs-Intervenors,<br><br>              v.<br><br>CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,<br><br>              Defendants. | Case No. 2:25-cv-02255-DC-AC<br><br>**DECLARATION OF ANDREA BROWN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

Declaration of Andrea Brown

I, Andrea Brown, pursuant to 28 U.S.C. § 1746, state and declare as follows:

1.    I am over eighteen years of age.  If called to testify in this matter, I can and will competently testify to the following facts, of which I have personal knowledge and/or personal experience.

2.    I submit this Declaration as a supplement to my prior Declaration (Dkt. 23-23) and in opposition to Defendants' Motion for Summary Judgment (Dkt. 147).

3.    I have worked at Volvo Group North America, LLC or a parent company or affiliate, including for the brands Volvo Trucks and Mack Trucks, (collectively, "Volvo") since 2005.  My job title is Director of Product Management – Propulsion/VGNA Regulatory.  I have held this position since 2019.

4.    Volvo is one of the leading heavy truck and engine manufacturers in the world and manufactures a broad line of Class 6, Class 7, and Class 8 vehicles (collectively known as, Medium- and Heavy-Duty Vehicles ("MHDV")).

5.    As explained in my first Declaration, Volvo is committed to environmental care and reducing the emission of air pollutants from its MHDVs, including through the transition to zero-emissions vehicles.  However, to pursue these commitments and satisfy customer demand, Volvo needs regulatory clarity so that Volvo can design and build vehicles and engines that are legal and competitive in the industry for MHDVs.

6.    Notwithstanding the Congressional Resolutions signed into law on June 12, 2025, preempting California's MHDV regulations under the Clean Air Act, including Advanced Clean Trucks, Omnibus Low NOx, and Advanced Clean Cars II (collectively, the "Preempted Emissions Regulations"), CARB and the Governor of California have stated that CARB intends to continue to enforce the Preempted Emissions Regulations.

7.    After I submitted my prior Declaration, CARB issued another MAC (the "August MAC") on August 25, 2025, in which CARB offered three "pathways" for OEMs to certify MHDVs and engines for model year 2025 and subsequent model years.[1]  First, CARB stated that

---

[1] Manufacturers Advisory Correspondence ECCD-2025-08, CARB (August 25, 2025) (*available at* https://ww2.arb.ca.gov/sites/default/files/2025-08/MAC%20ECCD-2025-08.pdf).

it would continue to certify engines and vehicles subject to Preempted Emissions Regulations notwithstanding the Congressional Resolutions.  Second, CARB stated that it would certify engines and vehicles subject to the emissions regulations that immediately preceded the Preempted Emissions Regulations.  Third, CARB stated that it would certify engines and vehicles based on the submission of an EPA certification to federal emission standards.

8.      However, CARB further stated that if OEMs certified engines and vehicles based on anything other than the Preempted Emissions Regulations, CARB reserved the right to retroactively enforce the Preempted Emissions Regulations.

9.      CARB also enacted an Emergency Rulemaking through which it sought to codify the emissions regulations that immediately preceded the Preempted Emissions Regulations.  The preexisting emissions regulations codified by the Emergency Rulemaking had never previously been in effect at the same time.  The result is a mix of standards that are conflicting, confusing and difficult for Volvo to comply with.

10.      In that Emergency Rulemaking, CARB reiterated that if a Court rules that the Congressional Resolutions are invalid or that the waivers for Advanced Clean Cars II and Omnibus Low NOx are in effect, then CARB may seek to retroactively enforce the Preempted Emissions Regulations. *See, e.g.*, Cal. Code Regs. tit. 13, § 1956.8.

11.      As a result of CARB's actions, including the threats of retroactive enforcement of the Preempted Emissions Regulations in the May MAC, August MAC, and Emergency Rulemaking, Volvo lacks clarity regarding which regulations CARB will enforce, when CARB will enforce them, and how CARB will enforce them.

12.      Volvo has expended substantial amounts of time, energy, and resources planning its business in light of this regulatory uncertainty.

13.      More specifically, as set forth in Paragraph 18 of my prior Declaration, this uncertainty creates harm to Volvo because Volvo does not know (i) what MHDVs and engines Volvo will be able to sell in California in 2027, and (ii) whether it needs to make substantial investments now for compliance with requirements for future model years.  Volvo continues to

operate and plan without knowledge of what regulatory regime to follow, especially in light of the multiple threats to enforce retroactively.

14.     Similarly, as set forth in Paragraphs 18-20 of my prior Declaration, this lack of regulatory clarity harms Volvo's ability to compete against other MHDV manufacturers on a level playing field.  Volvo must guess at what regulatory regime will be in place, and whether CARB would live up to its threat to impose retroactive penalties.  If Volvo guesses wrongly, that would give a competitive advantage to a competitor who guesses right.  In that circumstance, Volvo may become unable to meet customer demand and thus lose customers.  The competitive result would thus be random as opposed to based on which OEM makes the best, most efficient and cost-effective product.

15.     Because Volvo faces the threat of significant retroactive fines, it must devote substantially more time, effort and resources to developing and implementing risk mitigation strategies for its investments, product development, and sales planning than it otherwise would.  This diversion of resources is itself a harm because it hampers innovation and competition.

16.     In addition to the threat of retroactive enforcement, the mere uncertainty in the regulatory framework is harming Volvo.  For example:

a. EPA has rescinded its Greenhouse Gas ("GHG") endangerment finding and repealed GHG emissions standards for MHDVs, so there is no way to certify to a federal GHG standard.  At the same time, in the Emergency Rulemaking, CARB offers OEMs the ability to certify to California's preceding, Phase 1 GHG regulations, but those regulations contain references to the federal GHG regulations that have been repealed.  Moreover, there is no waiver for California's Phase 2 GHG regulations.  This generates massive confusion about how to certify to GHG requirements and to what level.

b. Similarly, EPA's current NOx regulations are more stringent than California's pre-existing NOx standards to which California is accepting certification under Emergency Rulemaking and the August MAC pathways.  If a manufacturer were to certify to these pre-existing California NOx standards, the result would

- 4 -
Declaration of Andrea Brown

be pollution seven times more than one who certifies to the current EPA standard.

17.     Finally, the mere fact of having to certify in California is causing Volvo harm, as it results in unnecessary time, resources and expenditures that are preempted by the Clean Air Act. To receive a certification from CARB, Volvo must conduct significant testing of Volvo's MHDVs and engines.  This process is costly as it takes months of preparation, testing, and analysis.  Volvo also is required to prepare and submit burdensome applications.  And Volvo has to pay costly fees to receive any certification from CARB, including if Volvo only requests certification from CARB based on the submission of an EPA certification to federal emissions standards.

18.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration of Andrea Brown

Executed on June 26, 2026 at Greensboro, North Carolina.

_Andrea Brown_

Andrea Brown

Declaration of Andrea Brown