GIBSON, DUNN & CRUTCHER LLP
BENJAMIN WAGNER, SBN 163581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:    650.849.5395
Facsimile:    650.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8293
Facsimile:    415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street N.W.
Washington, D.C. 20036-4504
Telephone:    202.955.8500
Facsimile:    202.467.0539
SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*
(additional counsel on signature pages)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC, <br><br>        Plaintiffs, <br><br>        v. <br><br>STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California, <br><br>        Defendants. <br><hr> THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br>        Plaintiffs-Intervenors, <br><br>        v. <br><br>CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, <br><br>        Defendants. | Case No. 2:25-cv-02255-DC <br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S MOTIONS FOR SUMMARY JUDGMENT (DKT. 148)** <br><br>Judge:         Hon. Dena Coggins <br> Action Filed:   August 11, 2025 |

Plaintiffs submit the following objections to the evidence submitted by Defendants in support of their cross-motion for summary judgment and in opposition to Plaintiffs' and Plaintiff-Intervenor's motions for summary judgment ("Cross-Motion").

Federal Rule of Evidence 201 permits judicial notice only of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b))). At bottom, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. To that end, while "[c]ourts may take judicial notice of 'undisputed matters of public record,'" they "generally may not take judicial notice of 'disputed facts stated in public records.'" *Denton v. Bibbs*, 2025 WL 495819, at *1 (E.D. Cal. Feb. 14, 2025) (citations omitted) (taking judicial notice of the Valley State Prison's Department of Operations Manual Supplement, but not the party's assertion that the procedures in the document were not followed because that argument concerned "a disputed matter"); *see also City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute."). Put differently, "courts should not take judicial notice of a fact contained within a document if that fact 'is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes.'" *Kanter-Doud v. Wells Fargo Bank, N.A.*, 2024 WL 382325, at *3 (E.D. Cal. Feb. 1, 2024) (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)); *see also Zavala v. Kruse-W., Inc.*, 562 F. Supp. 3d 1059, 1068 (E.D. Cal. 2021) ("Courts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed.") (internal quotation marks omitted). It is also improper to "seek[] judicial notice of facts which are contradicted extensively in the record." *Pham v. Talkdesk, Inc.*, 2024 WL 4532896, at *2 n.1 (9th Cir. Oct. 21, 2024).

Further, courts cannot take judicial notice of documents for hearsay purposes. *See Pratt v. Cal. State Bd. of Pharmacy*, 268 F. App'x 600, 603 (9th Cir. 2008) (denying requests for judicial notice of a letter from a state agency and printout where "[b]oth of these offerings are hearsay and their relevance

1

to [the] claim is disputed"); *Gavin v. City of Los Angeles*, 2007 WL 9706236, at *11 (C.D. Cal. Aug. 8, 2007) (denying request for judicial notice of reports because they were hearsay).  Judicial notice is also properly denied where the facts or documents raised are irrelevant to the claims.  *See, e.g.*, *Morales v. Anastassiou*, 2023 WL 2597548, at *1 n.1 (E.D. Cal. Mar. 22, 2023) (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the decree was written is irrelevant to Plaintiffs' [*Monell*] claims").

Defendants seek judicial notice of *eighteen* categories of facts and documents alongside their Cross-Motion.  They request judicial notice of "facts" primarily from publicly available government websites and court records and further request judicial notice of "the existence and contents" of Exhibits 7, 23, 24, 44, 46, 49, and 50 attached to the Declaration of Cecilia D. Segal ("Segal Decl.").  As to these exhibits, judicial notice is not appropriate.

Defendants repeatedly use these materials to introduce inferences and facts to bolster their legal arguments and contradict Plaintiffs on disputed issues, or to introduce inferences and facts that are otherwise irrelevant.  Critically, Defendants also fail to specify which facts within Exhibits 7, 23, 24, 44, 46, 49, and 50 that they seek to judicially notice.  This is improper.  *See, e.g.*, *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (declining "to take judicial notice of the documents at issue" because requesting party did "not identify which facts within the exhibits they ask the court to judicially notice nor … explain why the court can judicially notice those facts"); *Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) (denying judicial notice where party "simply requests that the court take judicial notice of the documents in their entirety").  Defendants' effort to establish contested propositions through judicial notice should be rejected as follows:

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| **RJN ¶ 1 – "The fact that a bill introduced in September 2024 by Senator** | **Cross-Motion Page 10:** "Thus, the GAO concluded, the CRA had no application to the 2022 | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of these legisla- |

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| **Mike Lee to repeal the Clean Air Act's waiver provision, 42 U.S.C. 7543(b), had five co-sponsors."**<br><br>**RJN ¶ 2 – "The fact that a companion bill to the one referenced in paragraph 1 introduced by House Representative Troy Nehls had nine co-sponsors."** | Section 209(b) waiver action. Ex 15 at 7.<br><br>Members of both the Senate and the House accepted that conclusion. No one introduced resolutions to disapprove of the 2022 waiver action on which the GAO had opined. SUF ¶ 16. In fact, some members so fully embraced the GAO's conclusion that they introduced ordinary legislation based on it. Senator Mike Lee—and five co-sponsors—introduced a bill to repeal the Clean Air Act's waiver provision, arguing the bill was needed on the ground that Section 209(b) waivers 'cannot be reviewed under the Congressional Review Act (CRA)' because they are not 'rule[s] as that term is defined in the CRA.' SUF ¶¶ 17-19. The author of the companion bill in the House—which had nine co-sponsors—similarly asserted that 'none of [California's waivers] are subject to congressional review.' SUF ¶¶ 20-22." | tive records, but object on relevancy grounds and to the extent that Defendants seek to advance inferences therefrom.<br><br>Defendants use RJN ¶¶ 1–2 to improperly attempt to establish that Congress accepted the GAO's conclusion regarding the CRA's inapplicability to Section 209(b) waivers, a disputed legal proposition. *See, e.g., Kanter-Doud*, 2024 WL 382325, at *3 ("[C]ourts should not take judicial notice of a fact contained within a document if that fact 'is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes.'"); *see also Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Additionally, the legislative sponsors' motivations and the inferences Defendants attempt to draw from the mere introduction of these bills are not adjudicative facts that "can be accurately and readily determined" under Rule 201. Fed. R. Evid. 201(b); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)).<br><br>Plaintiffs also object on the grounds that the purported facts and/or inferences of which Defendants seek judicial notice—namely, whether |

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | | members of Congress had previously introduced legislation related to Defendants' emissions standards—are irrelevant to Plaintiffs' preemption claims. *See, e.g., Morales*, 2023 WL 2597548, at *1 n.1 (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the decree was written is irrelevant to Plaintiffs' [*Monell*] claims"). |
| RJN ¶ 3 – "The fact that, on April 30, 2025, the House of Representatives passed H.J. Res. 87, 119th Cong. (2025)[.]"<br><br>RJN ¶ 4 – "The fact that, on April 30, 2025, the House of Representatives passed H.J. Res. 88, 119th. Cong. (2025)[.]"<br><br>RJN ¶ 5 – "The fact that, on April 30, 2025, the House of Representatives passed H.J. Res. 89, 119th Cong. (2025)[.]"<br><br>RJN ¶ 6 – "The fact | **Cross-Motion Page 14:** "Put another way, the Senate modified its internal procedural rules to substitute the term "Agency-submitted rule," 171 Cong. Rec. S3018 (Sen. Barrasso); *accord id.* at S3088 (Sen. Capito), in place of "rule" as defined (still) in the CRA. Relying on this new 'Agency-submitted' trigger, on May 22, 2025, the Senate passed the Resolutions (which had previously passed the House)—with votes of 51-45 (H.J. Res. 87, ACT), 51-44 (H.J. Res. 88, Advanced Clean Cars II), and 49-46 (H.J. Res. 89, Omnibus). RJN ¶¶ 3-8."<br><br>**Cross-Motion Page 14:** "On June 12, 2025, the President signed the Resolutions. SUF ¶ | Plaintiffs do not object to judicial notice of RJN ¶¶ 3–9 for the limited purpose of noticing the existence of these legislative records and dates of passage of the CRA Resolutions and President's signing of the CRA Resolutions.[1]<br><br>Plaintiffs object, however, to the extent Defendants seek judicial notice of these purported facts—and the inferences they seek to draw from it—to support contested inferences and characterizations about the legal nature and constitutionality of the legislative process or the CRA Resolutions' legal effect. *See Garber v. Heilman*, 2009 WL 409957, at *1 (C.D. Cal. Feb. 18, 2009) (declining judicial notice because the "plaintiff's characterization does not qualify as a matter that is 'not subject to |

---

[1] With respect to RJN ¶ 4, Plaintiffs note that the correct date of House passage of House Joint Resolution 88 is May 1, 2025, not April 30, 2025. *H.J. Res. 88 — 119th Congress (2025-2026)*, https://www.congress.gov/bill/119th-congress/house-joint-resolution/88/all-actions. Plaintiffs further object to RJN ¶ 4 to the extent that the currently listed date is inaccurate.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| that, on May 22, 2025, by a vote of 51-45, the Senate passed H.J. Res. 87, 119th Cong. (2025)[.]"<br><br>RJN ¶ 7 – "The fact that, on May 22, 2025, by a vote of 51-44, the Senate passed H.J. Res. 88, 119th. Cong. (2025)[.]"<br><br>RJN ¶ 8 – "The fact that, on May 22, 2025, by a vote of 49-46, the Senate passed H.J. Res. 89, 119th Cong. (2025) [.]"<br><br>RJN ¶ 9 – "The fact that, on June 12, 2025, the President signed H.J. Res. 87, 119th Cong. (2025), https://www.con-gress.gov/bill/119th-congress/house-joint-resolution/87/all-ac-tions; H.J. Res. 88, 119th. Cong. (2025), https://www.con-gress.gov/bill/119th-congress/house-joint-resolution/88/all-ac-tions; and H.J. Res. 89, 119th Cong. (2025), https://www.con-gress.gov/bill/119th-congress/house-joint-resolution/89/all-ac-tions." | 67." | reasonable dispute'"); *see also Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)).<br><br>Specifically, Defendants characterize Congress's and the President's actions as "unprecedented" and argue that the CRA Resolutions are invalid because they violate the Tenth Amendment and structural federalism. Cross-Motion at 11, 23.<br><br>With respect to RJN ¶¶ 6–8, Plaintiffs further object that the specific vote tallies for Senate passage of the CRA Resolutions are irrelevant to Plaintiffs' preemption claims. *See, e.g.*, *Morales*, 2023 WL 2597548, at *1 n.1 (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the decree was written is irrelevant to Plaintiffs' [*Monell*] claims"). The relevant issue is whether Congress passed and the President signed the CRA Resolutions—not by what margin. |
| RJN ¶ 10 – "The fact that, at the June 12, | Cross-Motion Page 14: "At the signing ceremony, President | Plaintiffs do not object to judicial notice for the limited purpose of no- |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| **2025 signing ceremony for these resolutions, the President stated "[I]n a few moments, I'll sign three pieces of legislation that will kill, totally kill [California's regulations], can't do anything about it; they can't take us to court. *President Trump Participates in a Bill Signing Ceremony*, June 12, at 28:30 (YouTube, June 12, 2025)[.]"** | Trump stated '[I]n a few moments, I'll sign three pieces of legislation that will kill, totally kill [California's regulations], can't do anything about it; they can't take us to court….' SUF ¶ 68." | ticing the existence of RJN ¶ 10, but object to the extent that Defendants seek notice of the truth of the statements in the video and inferences therefrom, such as the intent and effect of the CRA Resolutions.<br><br>Plaintiffs dispute that the purported facts and/or inferences of which Defendants seek judicial notice are relevant to Plaintiffs' claims but, in any event, judicial notice is improper because courts have routinely declined to "take judicial notice of the truth of the contents of online YouTube videos." *E.g.*, *Heitkoetter v. Domm*, 2023 WL 2563647, at *4 n.4 (E.D. Cal. Mar. 17, 2023); *Novation Sols., Inc. v. Issuance Inc.*, 2023 WL 6373871, at *14 (C.D. Cal. Aug. 16, 2023).<br><br>Moreover, Defendants' usage of RJN ¶ 10 violates Fed. R. Evid. 802's bar on hearsay. *See, e.g., Pratt*, 268 F. App'x at 603 (9th Cir. 2008) (denying requests for judicial notice of a letter from a state agency and printout where "[b]oth of these offerings are hearsay and their relevance to [the] claim is disputed"); *Gavin*, 2007 WL 9706236, at *11 (denying request for judicial notice of reports because they were hearsay). |
| **RJN ¶ 11 – "The fact that Defendant Steven S. Cliff, in his official capacity as Executive Officer of the California Air Resources Board (CARB), stipulated in a court order in *Califor-*** | **SUF ¶ 70:** "CARB has stipulated—in court orders in other cases—that it will not enforce the 2036 Sales Requirement regulatory provision of the Advanced Clean Fleets regulation unless and until EPA waives preemption." | Plaintiffs do not object to judicial notice for the limited purpose of noticing the existence of these stipulations, but object to the extent that Defendants seek notice to argue statements contained in the stipulations are true, or to advance inferences therefrom. |

6

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| *nia Trucking Ass'n v. Cliff*, Case No. 2:23-cv-02333-TLN-CKD (E.D. Cal. filed Oct. 16, 2023), ECF 56, that CARB would not enforce the part of the Advanced Clean Fleets regulation requiring 100% zero-emission-vehicle sales in the medium- and heavy-duty categories beginning with model year 2036 (Cal. Code Regs., tit. 13, § 2016), until CARB obtains a Clean Air Act preemption waiver from EPA for that regulatory requirement; and the fact that CARB so stipulated to the same, also in a court order, in *Specialty Equipment Market Ass'n v. CARB*, Case No. 2:24-cv-02771-TLN-AC (E.D. Cal. filed Oct. 8, 2024), ECF 21." <br><br> **Segal Decl. Ex. 7 –** Stipulation to Hold Case in Abeyance Pending Outcome of Rulemaking entered in *Nebraska v. Cliff*, 2:24-cv-01364 (E.D. Cal. entered May 5, 2025) | **Cross-Motion Page 6:** "CARB has stipulated—in court orders in other cases—that it will not enforce the 2036 Sales Requirement provision unless and until it has such a waiver. Ex.7 at 3 ¶ 3; Defendants' Req. for Judicial Notice (RJN) ¶ 11; Lang Decl., ¶ 61." <br><br> **Cross-Motion Page 34:** "But there is no threat that a preempted 2036 Sales Requirement will be enforced. CARB has already stipulated—in signed court orders—that it will not enforce this regulatory requirement unless and until it has a preemption waiver from EPA. SUF ¶ 70. Plaintiffs have no standing where, as here, the state agency has 'stipulated that it … will not' engage in the challenged conduct (i.e., preempted enforcement)." | Defendants improperly ask the Court to use RJN ¶ 11 and Segal Decl. Ex. 7 for the truth of the matters asserted and to draw inferences to establish disputed propositions. *See Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)). Although courts may take judicial notice of court records and that documents were filed, it "may not consider [those] documents to establish" disputed facts. *Olivera v. Am. Home Mortg. Servicing, Inc.*, 689 F. Supp. 2d 1218, 1222 n.4 (N.D. Cal. 2010) (denying judicial notice of court records offered to establish a disputed relationship between entities); *see also Hornish v. King Cty.*, 899 F.3d 680, 702–03 (9th Cir. 2018) ("Even if the records are filed on the public docket of the *Neighbors* case, we can take judicial notice only of the *filing* of the documents, and not of the truth of the documents' contents."). <br><br> Among other things, Defendants seek an inference that CARB will abide by the stipulations and not seek to enforce the 2036 Sales Requirement and that Plaintiffs therefore lack standing. But Plaintiffs contest these conclusions. *See* Pls' Opp'n to Mot. to Dismiss, Dkt. 123 at 13–17 (arguing that Plaintiffs face imminent injury from the 2036 Sales Requirement); Pls.' Mot. for Summ. J., Dkt. 145 at 3 n.2 (contending that the stipulation in *Nebraska v. Cliff* |

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | | does not require CARB to repeal the manufacturer-side sales requirement, and that CARB has violated the order "by seeking specific performance of the CTP—and, thus, the ACF 2036 combustion ban"); *see also, e.g.*, *Marsh v. San Diego Cty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (noting that "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein"). |
| **Segal Decl. Ex. 23 –** "EPA transmissions EC00439, EC00440, and EC00441 to the President of the U.S. Senate dated February 19, 2025, attached as Exhibit F to the Petition for Review in *California v. EPA*, Case No. 25-5071 (9th Cir. filed Aug. 11, 2025), Dkt. 7[.]" | **SUF ¶ 40:** "EPA first submitted the waivers for Advanced Clean Cars II, Advanced Clean Trucks, and Omnibus to the GAO and Congress on February 19, 2025 in a report that referred to the waiver decisions as 'actions' and 'Notice[s] of Decision,' rather than 'rules.'"<br><br>**SUF ¶ 41:** "As GAO observed, EPA 'did not explain … why the agency was submitting the notices' referenced at row 40 under the CRA 'given its statement in each notice that CRA did not apply.'"<br><br>**Cross-Motion Page 11:** "EPA then submitted these three waivers to the GAO and Congress on February 19, 2025. SUF ¶ 40. The submissions to Congress provided no explanation for 'why the agency was submitting the notices under [the] CRA.' Ex. 18 at 2, 6; SUF ¶¶ 40-42. Indeed, the initial submissions described the waiver decisions as | Plaintiffs do not object to judicial notice of Segal Decl. Ex. 23 for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants invoke Segal Decl. Ex. 23 to support contested inferences and characterizations about the legal nature and constitutionality of the legislative process or the CRA Resolutions' legal effect. *See Garber*, 2009 WL 409957, at *1 (declining judicial notice because the "plaintiff's characterization does not qualify as a matter that is 'not subject to reasonable dispute'"); *see also Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)).<br><br>Specifically, Defendants characterize the "processes by which the Res- |

8

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | 'actions' and 'Notice[s] of Decisions,' rather than rules. Ex. 23 at 1, 3; SUF ¶ 40." | olutions were enacted" as "extraordinary," assert that the President and EPA Administrator declared that the waivers were rules "without process or explanation," and argue that the CRA Resolutions are invalid because they violate the Tenth Amendment and structural federalism. Cross-Motion at 11, 23–24. Defendants' efforts are an improper attempt to advance their argument that the EPA has purportedly long understood the CRA to be inapplicable to Section 209(b) waivers because the waivers are purportedly not rules, and that the EPA purportedly charted an unprecedented course— all disputed propositions. *See, e.g.*, *Kanter-Doud*, 2024 WL 382325, at \*3 ("[C]ourts should not take judicial notice of a fact contained within a document if that fact 'is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes.'"); *see also Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Critically, however, EPA's reasoning and purported lack of explanation for submitting the waivers to Congress and the inferences Defendants draw from the mere transmission of the waivers to Congress are not adjudicative facts that "can be accurately and readily determined" under Rule 201. Fed. R. Evid. 201(b); *see also Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn |

9

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | | from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)).<br><br>Moreover, Plaintiffs object that the EPA's reasoning and purported lack of explanation for submitting the waivers to Congress are irrelevant to Plaintiffs' preemption claims. *See, e.g.*, *Morales*, 2023 WL 2597548, at *1 n.1 (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the decree was written is irrelevant to Plaintiffs' [*Monell*] claims").  The relevant issue is whether Congress ultimately passed and the President signed the CRA Resolutions. |
| **Segal Decl. Ex. 24 –** "EPA transmissions EC00660, EC00661, and EC00662 to the President of the U.S. Senate dated March 5, 2025, attached as Exhibit G to the Petition for Review in *California v. EPA*, Case No. 25-5071 (9th Cir. filed Aug. 11, 2025), Dkt. 8[.]" | **SUF ¶ 45:** "On February 27, 2025 and March 5, 2025, EPA resubmitted the Advanced Clean Cars II, Advanced Clean Trucks, and Omnibus waiver decisions to Congress and GAO, relabeling them as 'rules.'"<br><br>**Cross-Motion Pages 11–12:** "EPA then submitted these three waivers to the GAO and Congress on February 19, 2025. SUF ¶ 40. The submissions to Congress provided no explanation for 'why the agency was submitting the notices under [the] CRA.' Ex. 18 at 2, 6; SUF ¶¶ 40-42. Indeed, the initial submis- | Plaintiffs do not object to judicial notice of Segal Decl. Ex. 24 for the limited purpose of noticing the existence of this document, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants invoke Segal Decl. Ex. 24 to support contested inferences and characterizations about the legal nature and constitutionality of the legislative process or the CRA Resolutions' legal effect. *See Garber*, 2009 WL 409957, at *1 (declining judicial notice because the "plaintiff's characterization does not qual- |

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | sions described the waiver decisions as 'actions' and 'Notice[s] of Decisions,' rather than rules. Ex. 23 at 1, 3; SUF ¶ 40. EPA later resubmitted, relabeling its actions as 'rules.' Ex. 24 at 1, 3; SUF ¶ 45. But EPA 'still did not address the statements in the notices regarding the inapplicability of the CRA" or otherwise explain its new labels. SUF ¶ 46; *see also* Ex. 24.'" | ify as a matter that is 'not subject to reasonable dispute'"); *see also Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)).<br><br>Specifically, Defendants characterize the "processes by which the Resolutions were enacted" as "extraordinary," assert that the President and EPA Administrator purportedly declared that the waivers were rules "without process or explanation," and argue that the CRA Resolutions are purportedly invalid because they violate the Tenth Amendment and structural federalism. Cross-Motion at 11, 23–24. Defendants' efforts are an improper attempt to advance their argument that the EPA has purportedly long understood the CRA to be inapplicable to Section 209(b) waivers because the waivers are purportedly not rules, and that EPA purportedly charted an unprecedented course—a disputed legal proposition. *See, e.g.*, *Kanter-Doud*, 2024 WL 382325, at *3 ("[C]ourts should not take judicial notice of a fact contained within a document if that fact 'is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes.'"); *see also Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").<br><br>Critically, however, EPA's pur- |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | | ported lack of explanation for submitting the waivers to Congress and reasoning for the language choice in the submission, and the inferences Defendants draw from these circumstances are not adjudicative facts that "can be accurately and readily determined" under Rule 201. Fed. R. Evid. 201(b); *see also Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)).<br><br>Moreover, Plaintiffs object that the EPA's purported lack of explanation for submitting the waivers to Congress and reasoning for the language choice in the submission are irrelevant to Plaintiffs' preemption claims. *See, e.g.*, *Morales*, 2023 WL 2597548, at *1 n.1 (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the decree was written is irrelevant to Plaintiffs' [*Monell*] claims"). The relevant issue is whether Congress ultimately passed and the President signed the CRA Resolutions. |
| **Segal Decl. Ex. 44 –** Joint Stipulation of Dismissal with Prejudice entered in *Nebraska v. Daimler*, Case No. CI 24-570 (Neb. D. Ct. entered August 11, | Defendants do not cite Segal Decl. Ex. 44 in the Cross-Motion or SUF. | Plaintiffs do not object to judicial notice of Segal Decl. Ex. 44 for the limited purpose of noticing the existence of this stipulation, but object to the extent that Defendants seek notice of the truth of the statements |

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| 2025) | | in this stipulation, or to advance inferences therefrom.<br><br>Although courts may take judicial notice of court records and that documents were filed, it "may not consider [those] documents to establish" disputed facts. *Olivera*, 689 F. Supp. 2d at 1222 n.4 (N.D. Cal. 2010) (denying judicial notice of court records offered to establish a disputed relationship between entities); *see also Hornish*, 899 F.3d at 702–03 (9th Cir. 2018) ("Even if the records are filed on the public docket of the *Neighbors* case, we can take judicial notice only of the filing of the documents, and not of the truth of the documents' contents.").<br><br>Finally, Plaintiffs object that Segal Decl. Ex. 44, if properly noticed only for its existence and not for the truth of the matters asserted therein, is irrelevant and should not be considered. *See, e.g., Morales*, 2023 WL 2597548, at *1 n.1 (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the decree was written is irrelevant to Plaintiffs' [*Monell*] claims"). |
| **Segal Decl. Ex. 46 –** Complaint filed in *California Air Resources Board v. Daimler Truck North America*, Case No. | **SUF ¶ 96:** "On October 27, 2025, CARB filed a suit in California state court against DTNA, International Motors LLC, PACCAR Inc., and Volvo | Plaintiffs do not object to judicial notice of Segal Decl. Ex. 46 for the limited purpose of noticing the existence of the complaint, but object to the extent that Defendants seek |

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| 25CV151420 (Sup. Ct. Cal. filed Oct. 27, 2025) | Group North America LLC alleging, among other things, that these manufacturers breached their commitments under the CTP." **Cross-Motion Page 47:** "Plaintiffs also cannot establish the second factor—that signatory manufacturers face regulatory penalties for non-compliance with the CTP—which OEM Plaintiffs argue is 'dispositive … in determining whether preemption applies.' OEM MSJ 23:14. As Plaintiffs acknowledge, CARB sought breach-of-contract remedies against the manufacturer signatories in state court. US MSJ 21:10-12; OEM MSJ 3 n.2, SUF ¶ 96. That type of suit is, of course, available to private parties, just as to government entities, and bears no resemblance to the government-only means CARB employs when it enforces regulations. See Ex. 45 (CARB Enforcement Policy)." | notice of the truth of the statements in the complaint, or to advance inferences therefrom. Defendants improperly ask the Court to use Segal Decl. Ex. 46 for the truth of the matters asserted and to draw inferences to establish disputed propositions. *See Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)). Although courts may take judicial notice of court records and that documents were filed, it "may not consider [those] documents to establish" disputed facts. *Olivera*, 689 F. Supp. 2d at 1222 n.4 (N.D. Cal. 2010) (denying judicial notice of court records offered to establish a disputed relationship between entities); *see also Hornish*, 899 F.3d at 702–03 (9th Cir. 2018) ("Even if the records are filed on the public docket of the *Neighbors* case, we can take judicial notice only of the filing of the documents, and not of the truth of the documents' contents."). Specifically, Defendants seek to establish that the CTP is a voluntary agreement (and thus not preempted) because the CTP is only enforceable through means available to private parties, as evidenced by CARB's suit against Plaintiffs purportedly seeking mere breach-of-contract remedies. But Plaintiffs contest these legal conclusions. *See* Pls.' Mot. for Summ. J. at 16 (contending that the CTP is a preempted attempt |

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | | to enforce emissions standards, and that CARB has sought to compel compliance with the CTP through the breach-of-contract suit); *see also, e.g.*, *Marsh*, 432 F. Supp. 2d at 1043 (S.D. Cal. 2006) (noting that "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein"). Defendants' filing of a complaint after the filing of this case—a complaint which has neither been served nor withstood any motion practice—is irrelevant to the legal question of whether the CTP is voluntary. *See, e.g.*, *Morales*, 2023 WL 2597548, at *1 n.1 (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"). And, as explained in Plaintiffs' motion for summary judgment, the question of whether the CTP was voluntary is itself irrelevant to the question of whether the CTP is preempted. Defendants cannot use judicial notice of Segal Decl. Ex. 46 to prove the legal character of the CTP. |
| **Segal Decl. Ex. 49 –** EPA's Proof Brief filed in *California Communities Against Toxics v. EPA*, Case No. 21-1024 (D.C. Cir. filed April 10, 2026), Dkt. No. 2168115 | **Cross-Motion Page 31:** "Finally, the revival of the prior iteration of CARB's program is all the more irrefutable, if (as Plaintiffs contend) the Omnibus, ACT, and ACCII waivers were rules, such that they could be disapproved through CRA resolutions. Generally, '[t]he effect of invalidating an agency rule is to reinstate the rule previously in force.' *California ex rel. Lock-* | Plaintiffs do not object to judicial notice of Segal Decl. Ex. 49 for the limited purpose of noticing the existence of the brief, but object to the extent that Defendants seek notice of the truth of the statements in the brief, or to advance inferences therefrom.<br><br>Defendants improperly ask the Court to use Segal Decl. Ex. 49 for the truth of the matters asserted and |

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | *yer v. Dep't of Agric.*, 575 F.3d 999, 1020 (9th Cir. 2009) (cleaned up). And EPA itself has taken the position in litigation that congressional disapproval of a rule 'restore[s]' the prior version of the rule 'to its original form.' *See* Ex. 49 at 20. Thus, if these waivers were rules, subject to the CRA and validly disapproved, the preceding waivers were fully restored by the Resolutions and render the recodified iteration of CARB's program (and the State's certification requirements) fully enforceable." | to draw inferences to establish disputed propositions. *See Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)). Although courts may take judicial notice of court records and that documents were filed, it "may not consider [those] documents to establish" disputed facts. *Olivera*, 689 F. Supp. 2d at 1222 n.4 (N.D. Cal. 2010) (denying judicial notice of court records offered to establish a disputed relationship between entities); *Hornish*, 899 F.3d at 702–03 (9th Cir. 2018) ("Even if the records are filed on the public docket of the *Neighbors* case, we can take judicial notice only of the filing of the documents, and not of the truth of the documents' contents."). Specifically, Defendants invoke Segal Decl. Ex. 49 to attempt to establish that the Emergency Regulations are not preempted because the invalidation of the Omnibus, ACT, and ACCII waivers reinstated CARB's prior rules, as evidenced by the EPA previously arguing that congressional disapproval of a rule restored the prior version of the rule. But Plaintiffs contest the conclusion that the Emergency Regulations are not preempted and that the prior version of the rules have been (or could be) lawfully reinstated. *See* Pls.' Mot. for Summ. J. at 11, 19; United States' Mot. for Summ. J., Dkt. 144-1 at 23; *see also, e.g.*, *Richardson v. Barr*, 827 F. App'x 624, 627 (9th Cir. 2020) (finding that the contents |

16

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | | of an amicus brief filed in separate litigation were not judicially notice-able); *Marsh*, 432 F. Supp. 2d at 1043 (S.D. Cal. 2006) (noting that "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or deci-sion, but not the truth of the facts cited therein"). Moreover, Plaintiffs object to CARB's invocation of Segal Decl. Ex. 49 as it is irrelevant to the situa-tion at hand. *See, e.g.*, *Morales*, 2023 WL 2597548, at *1 n.1 (de-clining judicial notice where "plain-tiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the de-cree was written is irrelevant to Plaintiffs' [*Monell*] claims"). The Emergency Rules are not the "prior version" of Omnibus, ACT, and ACCII; they are not, in fact, any sin-gle regulatory program previously adopted by CARB and granted an EPA waiver. The Emergency Rules are a new, haphazard patchwork of emission standards from separate programs spanning the last two dec-ades that collectively create a com-pletely new regulatory regime. Therefore, CARB's attempted use of Segal Decl. Ex 49 is inapposite. |
| **Segal Decl. Ex. 50 –** Or-der in *International Truck and Engine Corp. v. Lloyd*, Case No. 01-cv-1245-GEB-GGH    (E.D. | **Cross-Motion Page 34:** "Plain-tiffs also claim the 2036 Sales Requirement is preempted be-cause preemption was never waived, and the OEM Plaintiffs | Plaintiffs do not object to judicial notice of Segal Decl. Ex. 50 for the limited purpose of noticing the ex-istence of this opinion, but object to the extent that Defendants seek no- |

17

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| Cal. entered Oct. 23, 2001) | (but not the United States) mount the same challenge to the Phase 2 GHG Requirements. But it is undisputed that no waiver has been issued for those standards, and so neither regulation can be—or will be—enforced unless EPA waives preemption in the future. These challenges should be dismissed because it is 'purely speculative whether [any] Plaintiff will ever face injury from [these] requirements. *Int'l Truck & Engine Corp. v. Lloyd*, 2001 U.S. Dist. LEXIS 26127 (E.D. Cal. June 1, 2001) at *7 (dismissing challenge to CARB regulation because it 'had not yet been considered by the EPA')." <br><br>**Cross-Motion Page 34 n. 12:** "A courtesy copy of this order (which is not available on Westlaw) is Ex. 50." | tice of the truth of the statements in this opinion, or to advance inferences therefrom. <br><br>Defendants improperly ask the Court to use Segal Decl. Ex. 50 for the truth of the matters asserted and to draw inferences to establish disputed propositions. *See Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)). Although courts may take judicial notice of court records and that documents were filed, it "may not consider [those] documents to establish" disputed facts. *Olivera*, 689 F. Supp. 2d at 1222 n.4 (N.D. Cal. 2010) (denying judicial notice of court records offered to establish a disputed relationship between entities); *see also Hornish*, 899 F.3d at 702–03 (9th Cir. 2018) ("Even if the records are filed on the public docket of the *Neighbors* case, we can take judicial notice only of the filing of the documents, and not of the truth of the documents' contents."). <br><br>Among other things, Defendants seek an inference that Plaintiffs are not facing injury from the 2036 Sales Requirement and therefore lack standing. But Plaintiffs contest these conclusions. *See* Pls' Opp'n to Mot. to Dismiss, Dkt. 123 at 13–17 (arguing that Plaintiffs face imminent injury from the 2036 Sales Requirement); *see also* Pls.' Mot. for Summ. J., Dkt. 145-1 at 3 n.2 (contending that the stipulation in |

18

| Document/Fact | Defendants' Usage in Cross-Motion (Dkt. 147-1) and Defendants' Statement of Facts ("SUF") (Dkt. 147-2) | Plaintiffs' Objection |
|---|---|---|
| | | *Nebraska v. Cliff* does not require CARB to repeal the manufacturer-side sales requirement, and that CARB has violated the order "by seeking specific performance of the CTP—and, thus, the ACF 2036 combustion ban"); *see also, e.g.*, *Marsh*, 432 F. Supp. 2d at 1043 (S.D. Cal. 2006) (noting that "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein"). Moreover, judicial notice is also improper here because Defendants seek for the Court to consider the opinion "for the legal principle it represents, not to establish a fact at issue in this case." *Derum v. Saks & Co.*, 95 F. Supp. 3d 1221, 1224 (S.D. Cal. 2015) (denying judicial notice of a court order, even though it was not available on a commercial legal database, because Rule 201 was not a "method" for establishing "legal principles"). |

19

Dated: June 26, 2026

Respectfully submitted on behalf of all under-signed parties,

*/s/ Benjamin Wagner*
BENJAMIN WAGNER, SBN 163581

**GIBSON, DUNN & CRUTCHER LLP**

BENJAMIN WAGNER, State Bar No. 163581
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:      650.849.5395
Facsimile:      650.849.5095
BWagner@gibsondunn.com

RACHEL S. BRASS, SBN 219301
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:      415.393.8293
Facsimile:      415.393.8306
RBrass@gibsondunn.com

STACIE B. FLETCHER, *pro hac vice*
MIGUEL A. ESTRADA, *pro hac vice*
JACOB T. SPENCER, *pro hac vice*
VERONICA J.T. GOODSON, SBN 314367
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone:      202.955.8500
Facsimile:      202.467.0539

SFletcher@gibsondunn.com
MEstrada@gibsondunn.com
JSpencer@gibsondunn.com
VGoodson@gibsondunn.com

*Attorneys for Plaintiff Daimler Truck North America LLC*

*/s/ Robin M. Hulshizer*
(as authorized on June 26, 2026)
ROBIN M. HULSHIZER, STATE BAR NO. 158486

**LATHAM & WATKINS LLP**

ROBIN M. HULSHIZER, SBN 158486
ARTHUR FOERSTER, *pro hac vice*
KEVIN M. JAKOPCHEK, *pro hac vice*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Facsimile: 312.993.9767
Robin.hulshizer@lw.com

*/s/ Joseph A. Ostoyich*
(as authorized on June 26, 2026)
JOSEPH A. OSTOYICH *(pro hac vice)*

**CLIFFORD CHANCE LLP**

JOSEPH A. OSTOYICH, *pro hac vice*
WILLIAM LAVERY, *pro hac vice*
STEVE NICKELSBURG, *pro hac vice*
DANIELLE MORELLO, *pro hac vice*
DOROTHEA R. ALLOCCA, *pro hac vice*
2001 K Street NW
Washington, DC 20006-1001
Telephone: 202.253.9077
joseph.ostoyich@cliffordchance.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC

Arthur.foerster@lw.com
Kevin.jakopchek@lw.com

BELINDA S. LEE, SBN 199635
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
Belinda.lee@lw.com

*Attorneys for Plaintiff International Motors, LLC*

*/s/ Jeffrey M. Goldman*
(as authorized on June 26, 2026)
JEFFREY M. GOLDMAN, State Bar No. 233840

**TROUTMAN PEPPER LOCKE LLP**

JEFFREY M. GOLDMAN, SBN 233840
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:     213.928.9800
Facsimile:      213.928.9850
jeffrey.goldman@troutman.com

T. SCOTT MILLS, SBN 313554
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2305
Telephone:     404.885.3000
Facsimile:      404.885.3900
scott.mills@troutman.com

JEREMY HEEP, *pro hac vice*
DANIEL J. BOLAND, *pro hac vice*
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone:     215.981.4000
Facsimile:      215.981.4750
jeremy.heep@troutman.com
daniel.boland@troutman.com

*Attorneys for Plaintiff Volvo Group North America, LLC*

william.lavery@cliffordchance.com
steve.nickelsburg@cliffordchance.com
danielle.morello@cliffordchance.com
dodi.allocca@cliffordchance.com

**ILLOVSKY GATES & CALIA LLP**
EUGENE ILLOVSKY, SBN 117892
KEVIN CALIA, SBN 227406
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Telephone: 415.500.6643
Eugene@illovskygates.com
Kevin@illovskygates.com

*Attorneys for Plaintiff PACCAR Inc*

2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE
CASE NO. 2:25-CV-02255-DC