ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
DAVID M. MEEKER, State Bar No. 273814
SARAH M. PFANDER, State Bar No. 347902
CECILIA D. SEGAL, State Bar No. 310935
M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorneys General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0299
 Fax:  (510) 622-2270
 E-mail:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA;** and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF,** in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM,** in his official capacity as the Governor of California,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:        The Honorable Dena Coggins<br>Trial Date:    None Set<br>Action Filed:  August 11, 2025 |

1

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the facts and documents identified below.

1. The existence and contents of a press release issued by the U.S. Environmental Protection Agency (EPA) on June 12, 2026, including the fact that the agency announced it had "determined that" four waivers granted to California pursuant to the Clean Air Act—as far back as 2009—are "rule[s] under the CRA [Congressional Review Act]" and had "transmitted" these waivers to Congress, https://www.epa.gov/newsreleases/epa-fulfills-statutory-obligation-transmitting-four-california-waiver-rules-congress (last visited July 17, 2026). A true and correct copy of EPA's press release is attached to the Declaration of Sarah M. Pfander in support of Defendants' Reply on Cross-Motion for Summary Judgment (Pfander Declaration) as Exhibit A.

2. The fact that on June 22, 2026, California filed a complaint in the U.S. District Court for the District of Columbia. *California v. EPA*, No. 1:26-cv-02185-BAH. A true and correct copy of California's complaint in *California v. EPA* is attached to the Pfander Declaration as Exhibit B.

3. The fact that in *California v. EPA*, California challenges EPA's June 12, 2026 actions described above in paragraph 1, alleging that those actions violate the Administrative Procedure Act and/or are ultra vires. *See* Exhibit B at ¶¶ 94-127.

4. The fact that in its opposition to California's motion for a preliminary injunction in *California v. EPA*, EPA takes the position that ". . . the waivers [California] seeks to continue enforcing are legally effective at this time . . . ." *California v. EPA*, ECF No. 21 at 27. A true and correct copy of EPA's Memorandum in Opposition to Platiniff's Motion for Preliminary Injunction and in Support of EPA's Motion to Dismiss in *California v. EPA* was downloaded from the public docket and is attached to the Pfander Declaration as Exhibit C.

5. The existence and contents of the op-ed *EPA will keep its foot on the gas in 2026, ending burdensome regulations*, by Aaron Szabo, published on December 19, 2025 in *The Hill*. A true and correct copy of the article is attached to the Pfander Declaration as Exhibit E and is publicly available at, and on July 20, 2026, was downloaded from:

https://thehill.com/opinion/energy-environment/5653704-epa-will-keep-its-foot-on-the-gas-in-2026-ending-burdensome-regulations/.

6.    The existence and contents of the Final Brief of State and Local Government Respondent-Intervenors, filed on March 20, 2023 in the U.S. Court of Appeals for the D.C. Circuit in *Ohio v. EPA*, No. 22-1081, Doc. No. 1990949. A true and correct copy of the Brief was downloaded from the public docket and is attached as to the Pfander Declaration as Exhibit F.

7.    The existence and contents of CARB's June 30, 2026 Second Notice of Public Availability of Modified Text and Availability of Additional Documents and/or Information (Second Notice). A true and correct copy of the Second Notice is publicly available and was downloaded from:

https://ww2.arb.ca.gov/sites/default/files/barcu/regact/2025/orhdlcfs/2nd15d_notice.pdf (last visited July 23, 2026), and is attached to the Pfander Declaration as Exhibit G.

8.    The existence and contents of CARB's July 21, 2026 Third Notice of Public Availability of Modified Text and Availability of Additional Documents and/or Information (Third Notice). A true and correct copy of the Third Notice is publicly available at and was downloaded from:

https://ww2.arb.ca.gov/sites/default/files/barcu/regact/2025/orhdlcfs/3rd15d_notice.pdf (last visited July 23, 2026),  and is attached to the Pfander Declaration as Exhibit H.

The document and contents identified in Exhibits A, G, and H, are the proper subject of judicial notice because the documents and facts are government documents made available by the issuing government entities on their public websites, and the facts for which judicial notice is sought can be accurately and readily determined from these sources, whose accuracy cannot reasonably be questioned. *See, e.g., Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (stating that it was appropriate to take judicial notice of information "made publicly available by government entities" on their websites where "neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein"); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG, 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23,

2009) ("Information on government agency websites has often been treated as properly subject to judicial notice.").

For similar reasons, publicly available webpages and social media posts may be judicially noticed. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (explaining that "websites and their contents may be judicially noticed" and collecting cases). These materials are the proper subject of judicial notice to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quoting *Premier Growth Fund v. All. Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)). And where the "contents are not subject to reasonable dispute," courts regularly take notice of webpage content itself, such as website terms of service. *Zhang v. Twitter Inc.*, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023), *aff'd*, 2025 WL 66050 (9th Cir. Jan. 10, 2025). Exhibit E is a publicly available op-ed authored by one of the United States' declarants who was at the time a public official. The existence of this op-ed and its contents are not subject to reasonable dispute and are the proper subjects of judicial notice.

In addition, the documents and facts therein identified in Paragraphs 2-4, and 6, and Exhibits, B, C, and F are the proper subject of judicial notice because the documents are publicly available in court records, and the facts for which judicial notice is requested—i.e., that certain statements or arguments were made therein—can be accurately and readily determined from these sources, whose accuracy cannot reasonably be questioned. *Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, 21 F.4th 631, 633 (9th Cir. 2021) (quoting *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)) ("We may take judicial notice of court filings and other matters of public record.").

Defendants' Reply Request for Judicial Notice (2:25-cv-02255-DC-AC)

Dated:  July 24, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General


*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
Deputy Attorney General
*Attorneys for Defendants*