ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
DAVID M. MEEKER, State Bar No. 273814
SARAH M. PFANDER, State Bar No. 347902
CECILIA D. SEGAL, State Bar No. 310935
BENJAMIN P. LEMPERT, State Bar No. 344239
M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0299
 Fax:  (510) 622-2270
 E-mail:  Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA**; and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF**, in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM**, in his official capacity as the Governor of California,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF 166, 168)**<br><br>Judge:     The Honorable Dena Coggins<br>Trial Date:   Not Set<br>Action Filed:  August 11, 2025 |

**RESPONSE TO PLAINTIFFS' OBJECTIONS**

OEM Plaintiffs and the United States (collectively, Plaintiffs) submit virtually identical "responses," ECF 166, 168, to Defendants' Request for Judicial Notice (Request), ECF 148.[1] Plaintiffs do not object to the Court taking judicial notice of the facts identified in Defendants' request or the existence of any of the documents in Defendants' Request. Plaintiffs also do not appear to dispute Defendants' request for judicial notice of the contents of any of the documents in Defendants' Request. Accordingly, the Court should grant Defendants' Request.

Plaintiffs' primary objection is that Defendants used the facts for which they sought judicial notice "to bolster their legal arguments and contradict Plaintiffs and the United States on disputed issues." ECF 166 at 2:14-15; *see* ECF 168 at 2:14-15 (same). This is an objection to Defendants' *use* of facts for legal argument. It has no bearing on whether the facts themselves (for which Defendants sought judicial notice) are "subject to reasonable dispute." Fed. R. Evid. 201(b). Plaintiffs can, of course, disagree with Defendants' legal arguments, but an objection to how facts are used in those arguments is not a proper objection to a request for judicial notice. It is the presentation of counter arguments on the merits. In other words, Plaintiffs use their "responses" to bolster their own legal arguments with supplementation outside the page limits of their briefs. This is self-evident from the table that comprises the bulk of the "response." Plaintiffs place long quotes *from Defendants' brief* in the second column and then object *to those legal arguments*, not Defendants' facts, in the third column. *E.g.*, 166 at 3:3-4:14 (stating lack of objection to the request for judicial notice and then objecting to Defendants' "inferences"—i.e., arguments). This Court should disregard all of that improper argument. *In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1152–53 (N.D. Cal. 2023); *Chan v. ArcSoft, Inc.*, 2020 WL 13891272, at *3 n.3 (N.D. Cal. Sept. 16, 2020).

To illustrate, Defendants sought judicial notice of the facts that multiple members of the House and Senate sponsored legislation to repeal the Clean Air Act waiver provision (42 U.S.C. § 7543(b)). ECF 166 at 3:3-12 (column 1). As Plaintiffs concede, these facts are properly the

---

[1] Because the "responses" are virtually identical, all of Defendants' responses herein apply to both, regardless of whether Defendants cite to only the United States' or OEM Plaintiffs' "response."

subject of judicial notice. Indeed, they offer no argument otherwise. ECF 166 at 3:3-6 (column 3). Without identifying any facts subject to reasonable dispute, Plaintiffs object to Defendants' *discussion* of these facts and other facts supported by evidence (including press releases from the members who introduced the bills). ECF 166 at 3:3-4:14. This bears no resemblance to a proper objection to judicial notice and provides no basis to deny Defendants' Request.

Similarly, Defendants sought judicial notice of the fact that the President made a statement that California could not take the Federal Government to court over the Resolutions when he signed them, citing the YouTube video of the President's signing ceremony. ECF 166 at 6:3-12. Plaintiffs respond that they object to "Defendants seek[ing] notice of the truth of the statements in the video and inferences therefrom." *Id.* Defendants did not seek judicial notice of "the truth" of the President's assertion or of any inference. Indeed, it is Plaintiffs, including the United States, who argue that the President was correct—that judicial review is unavailable at least as to some of Defendants' constitutional arguments. None of that is relevant to Defendants' Request, and Plaintiffs only object to "inferences," rather than the *facts* for which Defendants sought judicial notice, in a transparent effort to supplement their briefs.

These problems infect the entirety of Plaintiffs' "responses." They should not be permitted to present 20 pages (each) of responses to "inferences" (i.e., argument) in a document other than their brief.

Turning then to Plaintiffs' boilerplate objections, they fall into three categories. First, Plaintiffs claim that Defendants failed to identify the facts of which they seek judicial notice in Exhibits 7, 23, 24, 44, 46, 49, and 50. This purported objection rings hollow, as Plaintiffs were clearly able to understand the facts for which Defendants sought notice. Indeed, they not only recount those facts in their objections; they do not object to the Court taking judicial notice of these documents or of their contents. Instead, they object to the Court taking "notice of the truth of the statements" in the documents. *E.g.*, ECF 166 15:6-8. This mischaracterizes Defendants' Request. Defendants did not ask this Court to take judicial notice of the truth of statements in documents EPA submitted to Congress (Exs. 23, 24), in briefs EPA has filed (Ex. 49), in a court decision that Defendants expressly provided as a courtesy to the Court because it is not available

2

on Westlaw (Ex. 50), or any of these documents. Defendants' Request does not reflect "a concerning pattern in securities cases" of "overuse and improper application of judicial notice." *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (cleaned up). Nor does Defendants' Request lack "a clear explanation of the legal basis for their request." *Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020). In fact, Plaintiffs concede judicial notice is proper.

Second, Plaintiffs claim some of the material is hearsay. For example, again, Plaintiffs suggest that "Defendants' usage" of statements made by President Trump at his June 12, 2025 Resolution signing ceremony are hearsay. ECF 166 at 6:17-25. But Defendants do not ask the Court to accept the President's statements as true, and the Court can take judicial notice of the fact that the statements were made. *Scherer v. Dorymans Inn, Inc.*, 2023 WL 8872295, at *3 (C.D. Cal. Feb. 27, 2023) ("Generally, a court may consider factual information from the internet as long as the facts are not subject to reasonable dispute."); *Roman v. Newsom*, 2026 WL 1765171, at *12 (C.D. Cal. Feb. 24, 2026) (taking judicial notice of YouTube "video's existence, date of publication, and content, but not for the truth of any statement made in it."). Moreover, the United States does not explain why this statement would not qualify as an opposing party's statement. Fed. R. Evid. 801(d)(2).

Finally, Plaintiffs contend that some of the facts for which Defendants sought notice are irrelevant. For example, Plaintiffs claim the EPA's lack of explanation for changing its longstanding position that Clean Air Act waivers are not "rules" subject to the Congressional Review Act is irrelevant. *See, e.g.,* ECF 166 at 10:12-19 (Objection to Segal Decl. Ex. 24). Yet again, this is not an objection to judicial notice of *the fact* that EPA made or did not make certain statements in the submissions to Congress. Instead, Plaintiffs argue the presence or absence of particular statements is not relevant *under their theory of the case*. ECF 166 12:7-18. Again, Plaintiffs argue their views on the merits, and this Court should disregard their argument supplementation. The Court can take judicial notice of the EPA's submissions and their contents, the accuracy of which Plaintiffs do not and cannot reasonably dispute. Fed. R. Evid. 201(b)(2). To the extent relevance turns on a legal dispute between the parties, the relevance of the facts of

3

which Defendants seek notice will be determined by the Court's decision on the merits. Relevance is not a basis on which to conclude the documents or their contents are not proper subjects of judicial notice. *See Shetty v. ARLP Securitization Tr. Series 2014-2*, 2017 WL 8220702, at *3 (C.D. Cal. Jan. 19, 2017) ("The Court finds that the argument is better addressed when discussing the merits of Defendant's Motion, and therefore will address it below rather than here when determining whether to take judicial notice.").

For the foregoing reasons, and for the reasons set forth in Defendants' Request, the Court should grant the Request.

Dated: July 24, 2026                    Respectfully submitted,

                                        ROB BONTA
                                        Attorney General of California
                                        MYUNG J. PARK
                                        Supervising Deputy Attorney General


                                        */s/ M. Elaine Meckenstock*
                                        M. ELAINE MECKENSTOCK
                                        Deputy Attorney General
                                        *Attorneys for Defendants*

Defendants' Response to Plaintiffs' Objections to Request for Judicial Notice (2:25-cv-02255-DC-AC)