ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
DAVID M. MEEKER, State Bar No. 273814
SARAH M. PFANDER, State Bar No. 347902
CECILIA D. SEGAL, State Bar No. 310935
BENJAMIN P. LEMPERT, State Bar No. 344239
M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0299
 Fax:  (510) 622-2270
 E-mail:  Elaine.Meckenstock@doj.ca.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA**; and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,**<br><br>Plaintiff-Intervenors,<br><br>**v.**<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF**, in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM**, in his official capacity as the Governor of California,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:     The Honorable Dena Coggins<br>Trial Date:   Not Set<br>Action Filed: August 11, 2025 |

Defendants Steven S. Cliff, in his official capacity as Executive Officer of the California Air Resources Board, and Gavin Newsom, in his official capacity as the Governor of California (collectively, Defendants) respectfully submit the following objections to evidence submitted by Plaintiffs in support of Plaintiffs' reply in support of their motion for summary judgment and Plaintiffs' opposition to Defendants' cross-motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c)(2).

First, courts routinely strike evidence that a party "should have presented in their opening brief." *Cal. Expanded Metal Prods. Co. v. Klein*, 426 F. Supp. 3d 730, 743 (W.D. Wash. 2019). A court may nonetheless consider evidence "submitted for the first time with a reply if it is responsive to points raised for the first time in the nonmovant's opposition." *Aguilar v. Peters*, No. CV-23-00268-TUC-SHR, 2024 WL 4870496, at *13 (D. Ariz. Nov. 22, 2024). These principles hold true in the context of cross-motions. *Stud v. Cains*, No. 15-cv-01045, 2018 WL 11352444, at *5 (D. Ariz. Apr. 20, 2018). Thus, evidence that relates to arguments in support of a plaintiff's own motion, rather than in opposition to a defendant's cross-motion, is improper. *Id.* The following declarants offer material that should have been submitted with Plaintiffs' opening motion because it relates to arguments in support of that motion (including Plaintiffs' standing which they bear the burden to prove), not arguments in opposition to Defendants' cross-motion, *Stud*, 2018 WL 11352444, as follows:

Potter Declaration, ECF 167-1

- Paragraphs 7-27

Brown Declaration, ECF 167-7

- Paragraphs 9-17

Hergart Declaration, ECF 167-8

- Paragraphs 8-16

Noonan Declaration, ECF 167-9

- Paragraphs 4-8

Second, courts commonly strike "portions of declarations, as well as entire declarations[,] where the[y] contained improper argument that should have been included in a memorandum of

1

points and authorities, rather than a declaration." *Fuchs v. State Farm Gen. Ins. Co.*, No. CV 16-01844-BRO-GJS, 2017 WL 4679272, at *2 (C.D. Cal. Mar. 6, 2017); *see also Barboza v. Cal. Ass'n of Pro. Firefighters*, No. 2:08-cv-0519-KJM-EFB, 2016 WL 3125996, at *9 n.6 (E.D. Cal. June 3, 2016) ("Legal arguments should be presented in a party's moving … briefing, not in its supporting declarations."). Plaintiffs' declarants offer the following improper legal arguments and conclusions to which Defendants object:

Potter Declaration, ECF 167-1

- Paragraph 8: "Omnibus Low NOx provided the industry with two years of lead time to comply with its stringent regulations, while the Clean Air Act requires new heavy-duty engine emissions standards to have at least four years of lead time for manufacturers."

- Paragraph 19: "The August MAC directs DTNA to seek certification for lawful sales in California through one of several 'pathways'…."

- Paragraph 19: "First, [the August MAC] is the document that instructs DTNA that it must continue to seek certifications for its new vehicles and engines sold in California, …."

- Paragraph 24: "The CTP also implicitly required CARB to seek an EPA preemption waiver for the Advanced Clean Fleets regulation."

Brown Declaration, ECF 167-7

- Paragraph 6: "CARB and the Governor of California have stated that CARB intends to continue to enforce the Preempted Emissions Regulations."

Third, "[e]vidence must be relevant to be admissible." *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar, LLC*, 36 F. Supp. 3d 1026, 1037 (E.D. Wash. 2014) (considering relevancy objections to declarations submitted in support of summary judgment). Evidence is relevant only if it is "of consequence in determining the action." Fed. R. Evid. 401. Accordingly, because Plaintiffs have neither pled nor otherwise argued a cause of action or defense based on breach of contract, Defendants object to the following:

Potter Declaration, ECF 167-1

- Paragraphs 22-25

Fourth, all of the declarants also purport to summarize the contents of documents, but characterizations and recitations of documents and the law are not evidence. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3882448, at *8 (N.D. Cal. June 23, 2015) (sustaining objection to "interpretation of what those documents mean"); *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) ("testimony cannot be used to provide legal meaning or interpret the [agreement] as written"). Accordingly, Defendants object to the following:

Potter Declaration, ECF 167-1

- The fourth sentence of Paragraph 17[1]
- The second and third sentences of Paragraph 19
- The first three sentences of Paragraph 21
- Paragraphs 22-25
- Paragraphs 26-27

Brown Declaration, ECF 167-7

- The second sentence of Paragraph 6
- Paragraphs 7-10, and 16

Hergart Declaration, ECF 167-8

- The second sentence of Paragraph 10
- The first sentence of Paragraph 15

Noonan Declaration, ECF 167-9

- The second and third sentences of Paragraph 5
- The first sentence of Paragraph 6

---

[1] The declarant references "Polk vehicle registration data" but does not provide a copy of the data. Accordingly, Defendants also object on the basis that the sentence is hearsay.

3

Dated:  July 24, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General


*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
Deputy Attorney General
*Attorneys for Defendants*

4