ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
JOHN K. ADAMS
*Deputy Associate Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
U.S. Department of Justice
DAVID D. MITCHELL
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-9737
david.mitchell@usdoj.gov

*Counsel for the United States*

ERIC GRANT
*United States Attorney*
501 I Street, Suite 10-100
Sacramento, California 95814
501 I Street, Suite 10-100
(916) 554-2700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER TRUCK NORTH AMERICA LLC, INTERNATIONAL MOTORS, LLC, PACCAR INC, and VOLVO GROUP NORTH AMERICA LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board; and GAVIN NEWSOM, in his official capacity as the Governor of California,<br><br>        Defendants.<br><hr>THE UNITED STATES OF AMERICA, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>        Plaintiffs-Intervenors,<br><br>        v.<br><br>CALIFORNIA AIR RESOURCES BOARD; and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,<br><br>        Defendants. | Civil Action No. 2:25-cv-02255-DC<br><br><br>**United States' Response to Defendants' Request for Judicial Notice in Support of Defendants' Reply in Support of Cross-Motion for Summary Judgment**<br><br><br>Judge: Hon. Dena Coggins |

The United States submits the following objections to the evidence submitted by Defendants in support of their cross-motion for summary judgment and in opposition to Plaintiffs' and Plaintiff-Intervenor's motions for summary judgment ("Cross-Motion").

Federal Rule of Evidence 201 permits judicial notice only of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b))). At bottom, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. To that end, while "[c]ourts may take judicial notice of 'undisputed matters of public record,'" they "generally may not take judicial notice of 'disputed facts stated in public records.'" *Denton v. Bibbs*, 2025 WL 495819, at *1–2 (E.D. Cal. Feb. 14, 2025) (citations omitted) (taking judicial notice of the Valley State Prison's Department of Operations Manual Supplement, but not the party's assertion that the procedures in the document were not followed because that argument concerned "a disputed matter"); *see also City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute."). Put differently, "courts should not take judicial notice of a fact contained within a document if that fact 'is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes.'" *Kanter-Doud v. Wells Fargo Bank, N.A.*, 2024 WL 382325, at *3 (E.D. Cal. Feb. 1, 2024) (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)); *see also Zavala v. Kruse-W., Inc.*, 562 F. Supp. 3d 1059, 1066 (E.D. Cal. 2021) ("Courts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed.") (internal quotation marks omitted). It is also improper to "seek[] judicial notice of facts which are contradicted extensively in the record." *Pham v. Talkdesk, Inc.*, 2024 WL 4532896, at *2 n.1 (9th Cir. Oct. 21, 2024).

Further, courts cannot take judicial notice of documents for hearsay purposes. *See Pratt v. Cal. State Bd. of Pharmacy*, 268 F. App'x 600, 603 (9th Cir. 2008) (denying requests for judicial notice of a letter from a state agency and printout where "[b]oth of these offerings are hearsay and their relevance

to [the] claim is disputed"); *Gavin v. City of Los Angeles*, 2007 WL 9706236, at *11 (C.D. Cal. Aug. 8, 2007) (denying request for judicial notice of reports because they were hearsay). Judicial notice is also properly denied where the facts or documents raised are irrelevant to the claims. *See, e.g.*, *Morales v. Anastassiou,*, 2023 WL 2597548, at *1 n.1 (E.D. Cal. Mar. 22, 2023) (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the decree was written is irrelevant to Plaintiffs' [*Monell*] claims").

Defendants seek judicial notice of eight categories of facts and documents alongside their reply. *See* Dkt. 172-11. They request judicial notice of "facts" primarily from publicly available government websites and court records and further request judicial notice of "the existence and contents" of Exhibits A, E, F, G, and H attached to the Declaration of Sarah M. Pfander ("Pfander Decl."). Judicial notice of these "facts" is not appropriate.

Defendants repeatedly use these materials to introduce inferences and facts in attempting to bolster their legal arguments and contradict Plaintiffs and the United States on disputed issues, or to introduce inferences and facts that are otherwise irrelevant. Critically, Defendants also fail to specify which facts within Exhibits E, F, G, and H that they seek to judicially notice. This is improper. *See, e.g.*, *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (declining "to take judicial notice of the documents at issue" because requesting party did "not identify which facts within the exhibits they ask the court to judicially notice nor … explain why the court can judicially notice those facts"); *Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) (denying judicial notice where party "simply requests that the court take judicial notice of the documents in their entirety"). Defendants' effort to establish contested propositions through judicial notice should be rejected as follows:

United States' Response to Defendants' Request for Judicial Notice                    2

| Document/Fact | Defendants' Usage in Cross-Reply (Dkt. 172) | United States' Objection |
|---|---|---|
| **RJN ¶ 1 –** "The existence and contents of a press release issued by the U.S. Environmental Protection Agency (EPA) on June 12, 2026, including the fact that the agency announced it had 'determined that' four waivers granted to California pursuant to the Clean Air Act—as far back as 2009—are 'rule[s] under the CRA [Congressional Review Act]' and had 'transmitted" these waivers to Congress[.]"<br><br>**Pfander Decl. Ex. A –** Press release issued by the U.S. EPA on June 12, 2026 | **Page 13 n.5:** "This separate case concerns EPA's June 12, 2026 announcement that it had reclassified four additional preemption waivers (not at issue here)—finalized between 2009 and 2024 as adjudicatory *orders*—into *rules* and submitted the waivers to Congress as such. RJN ¶ 1; Ex. A. California alleges that EPA's actions violate the APA and are ultra vires. RJN ¶ 3. OEM Plaintiffs filed a 'Notice of Other Case,' acknowledging that California's newly-file case and this one are not 'related' under this Court's local rules but suggesting the two cases involve 'overlapping subject matter and arguments.' ECF 170 at 1:8-10. This case, of course, involves no APA or *ultra vires* claims." | The United States does not object to judicial notice of RJN ¶ 1 and Pfander Decl. Ex. A for the limited purpose of noticing the existence of this press release, but objects to the extent that Defendants seek notice of inferences from its contents.<br><br>Defendants improperly ask the Court to use Pfander Decl. Ex. A to draw inferences to establish disputed propositions. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)).<br><br>Specifically, Defendants mischaracterize the contents Pfander Decl. Ex. A; that document speaks for itself and is the best evidence of its contents.<br><br>Moreover, the United States objects to Defendants' invocation of Pfander Decl. Ex. A as irrelevant to the United States' preemption claims in this matter. *See, e.g.*, *E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*, 2005 WL 2005 WL 2435900, at *6 (E.D. Cal. Sept. 30, 2005) (declining judicial notice of a FERC press release as irrelevant to the issue before the court); *Morales*, 2023 WL 2597548, at *1 n.1 (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the |

| Document/Fact | Defendants' Usage in Cross-Reply (Dkt. 172) | United States' Objection |
|---|---|---|
| | | decree was written is irrelevant to Plaintiffs' [*Monell*] claims"). |
| **RJN ¶ 2 –** "The fact that on June 22, 2026, California filed a complaint in the U.S. District Court for the District of Columbia. *California v. EPA*, No. 1:26-cv-02185-BAH." <br><br> **RJN ¶ 3 –** "The fact that in *California v. EPA*, California challenges EPA's June 12, 2026 actions described above in paragraph 1, alleging that those actions violate the Administrative Procedure Act and/or are ultra vires." <br><br> **Pfander Decl. Ex. B –** Complaint filed in the U.S. District Court for the District of Columbia, in the matter *California v. EPA*, Case No. 1:26-cv-02185-BAH | **Page 13 n.5:** "This separate case concerns EPA's June 12, 2026 announcement that it had reclassified four additional preemption waivers (not at issue here)—finalized between 2009 and 2024 as adjudicatory *orders*—into *rules* and submitted the waivers to Congress as such. RJN ¶ 1; Ex. A. California alleges that EPA's actions violate the APA and are ultra vires. RJN ¶ 3. OEM Plaintiffs filed a 'Notice of Other Case,' acknowledging that California's newly-file case and this one are not 'related' under this Court's local rules but suggesting the two cases involve 'overlapping subject matter and arguments.' ECF 170 at 1:8-10. This case, of course, involves no APA or *ultra vires* claims." | The United States does not object to judicial notice of RJN ¶¶ 2–3 and Pfander Decl. Ex. B for the limited purpose of noticing the existence of the complaint, but objects to the extent that Defendants seek notice of the truth of the statements in this document and inferences from its contents. <br><br> Defendants improperly ask the Court to use Pfander Decl. Ex. B for the truth of the matters asserted and to draw inferences to establish disputed propositions. *See Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)). Although courts may take judicial notice of court records and that documents were filed, it "may not consider [those] documents to establish" disputed facts. *Olivera v. Am. Home Mortg. Servicing, Inc.*, 689 F. Supp. 2d 1218, 1222 n.4 (N.D. Cal. 2010) (denying judicial notice of court records offered to establish a disputed relationship between entities); *see also Hornish v. King Cty.*, 899 F.3d 680, 702–03 (9th Cir. 2018) ("Even if the records are filed on the public docket of the *Neighbors* case, we can take judicial notice only of the filing of the documents, and not of the truth of the documents' contents."). <br><br> Moreover, Defendants' filing of a complaint after the filing of this case |

United States' Response to Defendants' Request for Judicial Notice                    4

| Document/Fact | Defendants' Usage in Cross-Reply (Dkt. 172) | United States' Objection |
|---|---|---|
| | | is irrelevant to the United States' preemption claims in this matter. *See, e.g.*, *Morales*, 2023 WL 2597548, at *1 n.1 (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the decree was written is irrelevant to Plaintiffs' [*Monell*] claims"). |
| **RJN ¶ 4 –** "The fact that in its opposition to California's motion for a preliminary injunction in *California v. EPA*, EPA takes the position that '. . . the waivers [California] seeks to continue enforcing are legally effective at this time . . . .' *California v. EPA*, ECF No. 21 at 27."<br><br>**Pfander Decl. Ex. C –** EPA's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction and in Support of EPA's Motion to Dismiss, filed in *California v. EPA*, ECF No. 21 | **Page 13:** "Moreover, the United States nowhere maintains its argument that California needs a new waiver to enforce the recodified pre-Omnibus requirements. *See* US Opp. 26:15-27:25.<br><br>The United States is correct to abandon that argument. Indeed, it has argued, in a separate case, that even earlier preemption waivers remain operative. RJN ¶ 4, Ex. C at 19 (arguing waivers granted as far back as 2009 are 'legally effective at this time'); *see also* Ex. D (responding)." | The United States does not object to judicial notice of RJN ¶ 4 and Pfander Decl. Ex. C for the limited purpose of noticing the existence of the brief, but objects to the extent that Defendants seek notice of inferences from its contents.<br><br>Defendants improperly ask the Court to use Pfander Decl. Ex. C to draw inferences to establish disputed propositions. *See Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)).<br><br>Specifically, Defendants invoke Pfander Decl. Ex. C to attempt to support their argument that the Emergency Rule is not preempted and seek to support that argument by inaccurately and misleadingly contending that EPA argued in a different case that certain preemption waivers are "legally effective at this time." California selectively quotes a sentence from EPA's brief, but the full sentence shows what EPA |

| Document/Fact | Defendants' Usage in Cross-Reply (Dkt. 172) | United States' Objection |
|---|---|---|
| | | actually said. EPA simply noted in contesting California's standing that California itself could not argue that EPA has invalidated California's waivers by sending them to Congress under the Congressional Review Act. Nothing from the selectively quoted sentence in EPA's brief in a separate court has any bearing on the issues in this case.<br><br>Moreover, the United States objects to Defendants' invocation of Pfander Decl. Ex. C as irrelevant to the United States' preemption claims in this matter. *See, e.g.*, *Morales*, 2023 WL 2597548, at *1 n.1 (declining judicial notice where "plaintiff did not show that the documents were relevant to the court's analysis of defendant's motion for summary judgment"); *Gavin*, 2007 WL 9706236, at *11 (declining judicial notice of a "consent decree because the state of the LAPD when the decree was written is irrelevant to Plaintiffs' [*Monell*] claims"). |
| **RJN ¶ 5** – "The existence and contents of the op-ed *EPA will keep its foot on the gas in 2026, ending burdensome regulations*, by Aaron Szabo, published on December 19, 2025 in *The Hill*."<br><br>**Pfander Decl. Ex. E** – Op-ed by Aaron Szabo, EPA Assistant Administrator for the Office of Air and Radiation, with the title *EPA will keep its foot on the gas in 2026, ending burdensome regulations*, published in *The Hill* on | **Page 18:** "The United States has pointed to no evidence of any injury to itself from the 2036 Sales Requirement. Its sole declaration contains general statements about 'regulatory certainty' and 'the possibility of multiple competing and potentially conflicting standards disrupt[ing] EPA's' rulemakings. US Opp. 3:23, 3:26-28 (quoting Szabo Decl., ¶¶ 13, 17). These general statements do not establish that any disruption has occurred (or will occur), much less connect any disruption to the 2036 Sales Requirement. Moreover, EPA has recently proceeded with | The United States does not object to judicial notice of RJN ¶ 5 and Pfander Decl. Ex. E for the limited purpose of noticing the existence of this article, but objects to the extent that Defendants seek notice of inferences from its contents.<br><br>Defendants improperly ask the Court to use Pfander Decl. Ex. E to draw inferences to establish disputed propositions. *See Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)). |

| Document/Fact | Defendants' Usage in Cross-Reply (Dkt. 172) | United States' Objection |
|---|---|---|
| December 19, 2025 | numerous rulemakings without a hint of disruption from this (or any other) CARB regulation. Ex. E at 1; 90 Fed. Reg. 36,288 (Aug. 1, 2025); 91 Fed. Reg. 7,686 (Feb. 18, 2026); 91 Fed. Reg. 28,463 (May 18, 2026); 91 Fed. Reg. 43,154 (July 14, 2026)." | Specifically, Defendants seek an inference that the United States is not facing injury from the 2036 Sales Requirement and therefore lack standing. But the United States contests these conclusions. *See* U.S. Br. at 14 n.2, Dkt. 144-1; U.S. Reply at 2.<br><br>Judicial notice is also improper because courts have found that op-eds are not "the stuff of judicial notice" under Rule 201. *Tech. LED Intell. Prop., LLC v. Irtronix, Inc.*, 2020 WL 5751227, *at 2 n.1 (C.D. Cal. Apr. 10, 2020) (declining judicial notice of an op-ed by a federal judge). |
| **RJN ¶ 6** – "The existence and contents of the Final Brief of State and Local Government Respondent-Intervenors, filed on March 20, 2023 in the U.S. Court of Appeals for the D.C. Circuit in *Ohio v. EPA*, No. 22-1081, Doc. No. 1990949."<br><br>**Pfander Decl. Ex. F** – Final Brief of State and Local Government Respondent-Intervenors, filed on March 20, 2023 in the U.S. Court of Appeals for the D.C. Circuit in *Ohio v. EPA*, No. 22-1081, Doc. No. 1990949 | **Page 3 n.1:** "There is no 'incompatib[ility],' OEM Opp. 6:24-28, between Defendants' position that waivers are not Section 804 rules and California's position that the state emission standards for which a waiver is granted are 'motor vehicle standards of the Government' whose 'effect … on fuel economy' the National Highway Traffic Safety Administration 'shall consider' before issuing average fuel-economy standards under the Energy Policy and Conservation Act (EPCA), 49 U.S.C. § 32902(f). The latter proposition, which establishes that EPCA does not preempt emission standards for which a waiver has issued, rests on a close textual analysis of EPCA—not on the notion that state standards, or EPA's waivers, are federal-agency rules. *See Cent. Valley Chrysler-Jeep, Inc.* | The United States does not object to judicial notice of RJN ¶ 6 and Pfander Decl. Ex. F for the limited purpose of noticing the existence of the brief, but object to the extent that Defendants seek notice of the truth of the statements in this document and inferences therefrom.<br><br>Defendants improperly ask the Court to use Pfander Decl. Ex. F for the truth of the matters asserted and to draw inferences to establish disputed propositions. *See Gerritsen*, 112 F. Supp. 3d at 1032 (explaining that "the inferences properly drawn from [documents]… is not a proper subject of judicial notice under Rule 201" (emphasis and citation omitted)). Although courts may take judicial notice of court records and that documents were filed, it "may not consider [those] documents to establish" disputed facts. *Olivera*, 689 F. Supp. 2d at 1222 n.4 (denying judicial notice of court records |

| Document/Fact | Defendants' Usage in Cross-Reply (Dkt. 172) | United States' Objection |
|---|---|---|
| | *v. Goldstene*, 529 F.Supp. 2d 1151, 1172-73 (E.D. Cal. 2007); Ex. F. California has never argued that the State or its agencies are 'authorit[ies]' of the Government of the United States,' 5 U.S.C. § 551(1), that can issue federal rules within the meaning of the APA or CRA. *Contra* OEM Opp. 6:26." | offered to establish a disputed relationship between entities); *see also Hornish*, 899 F.3d at 702–03 ("Even if the records are filed on the public docket of the *Neighbors* case, we can take judicial notice only of the filing of the documents, and not of the truth of the documents' contents."). |
| **RJN ¶ 7 –** "The existence and contents of CARB's June 30, 2026 Second Notice of Public Availability of Modified Text and Availability of Additional Documents and/or Information (Second Notice)."<br><br>**Pfander Decl. Ex. G** – CARB's June 30, 2026 Second Notice of Public Availability of Modified Text and Availability of Additional Documents and/or Information<br><br>**RJN ¶ 8 –** "The existence and contents of CARB's July 21, 2026 Third Notice of Public Availability of Modified Text and Availability of Additional Documents and/or Information (Third Notice)."<br><br>**Pfander Decl. Ex. H** – CARB's July 21, 2026 Third Notice of Public Availability of Modified Text and Availability of Additional Documents and/or Information | Defendants do not cite RJN ¶¶ 7–8 nor Pfander Decl. Exs. G and H in the Reply. | The United States does not object to judicial notice of RJN ¶¶ 7–8 and Pfander Decl. Exs. G and H for the limited purpose of noticing the existence of these documents, but object to the extent that Defendants seek notice of the truth of the statements in these documents and inferences therefrom.<br><br>Although courts "may take judicial notice of the existence of matters of public record," such records are not judicially noticeable for "the truth of the facts cited therein." *McNeil v. Toor*, 2024 WL 21668, at *9 (E.D. Cal. Jan. 2, 2024); *see also Khoja*, 899 F.3d at 999 ("Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.")." |

United States' Response to Defendants' Request for Judicial Notice                    8

Dated:  August 6, 2026                    Respectfully submitted,

                                          ADAM R.F. GUSTAFSON
                                          *Principal Deputy Assistant Attorney General*
                                          JOHN K. ADAMS
                                          *Deputy Associate Attorney General*
                                          ROBERT N. STANDER
                                          *Deputy Assistant Attorney General*

                                          */s/ David Mitchell*
 ERIC GRANT                               DAVID D. MITCHELL
*United States Attorney*                   United States Department of Justice
501 I Street, Suite 10-100                Environment & Natural Resources Div.
Sacramento, California 95814              P.O. Box 7611
(916) 554-2821                            Washington, D.C. 20044-7611
                                          (202) 598-9737
                                          david.mitchell@usdoj.gov

                                          *Counsel for the United States*

United States' Response to Defendants' Request for Judicial Notice                9