ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
DAVID M. MEEKER, State Bar No. 273814
SARAH M. PFANDER, State Bar No. 347902
CECILIA D. SEGAL, State Bar No. 310935
BENJAMIN P. LEMPERT, State Bar No. 344239
M. ELAINE MECKENSTOCK, State Bar No. 268861
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0299
Fax: (510) 622-2270
E-mail: Elaine.Meckenstock@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAIMLER TRUCK NORTH AMERICA, LLC; INTERNATIONAL MOTORS, LLC; PACCAR, INC.;** and **VOLVO GROUP NORTH AMERICA, LLC,**<br><br>Plaintiffs,<br><br>**THE UNITED STATES OF AMERICA**; and **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**,<br><br>Plaintiff-Intervenors,<br><br>**v.**<br><br>**CALIFORNIA AIR RESOURCES BOARD, STEVEN S. CLIFF**, in his official capacity as the Executive Officer of the California Air Resources Board; and **GAVIN NEWSOM**, in his official capacity as the Governor of California,<br><br>Defendants. | 2:25-cv-02255-DC-AC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' NOTICES OF SUPPLEMENTAL AUTHORITY**<br><br>Judge: The Honorable Dena Coggins<br>Trial Date: Not Set<br>Action Filed: August 11, 2025 |

Consistent with Civil Local Rule 230(m)(2), Defendants California Air Resources Board (CARB); Steven S. Cliff, in his official capacity as Executive Officer of CARB; and Gavin Newsom, in his official capacity as Governor of California, recently submitted three Notices of Supplemental Authority ("Notices") to apprise the Court of relevant authorities issued after the completion of briefing on all pending motions. ECF 175, 176, 177. The Notices "advance[d] no argument about the relevance of" the authorities, as Rule 230(m)(2) dictates. *E.g.*, ECF 175 at 2:17-18. Plaintiffs have not objected to the Notices on any ground or moved to strike them as improperly filed. *Compare Simple Traditions, Inc. v. Paychex, Inc.*, No. 2:24-cv-01335-TLN-SCR, 2025 WL 1142508, at *5 n.4 (E.D. Cal. Apr. 18, 2025) (sustaining objection where notice of supplemental authority violated Rule 230(m)(2) by, inter alia, "mak[ing] additional argument"); *Forster v. Clendenin*, No. 1:25-cv-01053-JLT-CDB, 2026 WL 2823711, at *4 (E.D. Cal. Sept. 21, 2026) (similar), *report and recommendation adopted*, 2026 WL 3307795 (E.D. Cal. Nov. 2, 2026). Instead, OEM Plaintiffs (Daimler Truck North America, LLC; International Motors, LLC, PACCAR Inc., and Volvo Group North America, LLC) have sought leave to file a "response" to the Notices. ECF 178 at 1:1-7. Their attempt to offer additional, one-sided argument on the pending motions should be rejected.

OEM Plaintiffs' proposed response goes far beyond "clarify[ing] the issues" or providing alternate "characterization[s] of the decisions cited." ECF 178 at 1:5-6, 1:17-18. For example, whereas Defendants' first Notice merely described the facts of the authorities at issue, ECF 175 at 1:4-16, OEM Plaintiffs' proposed response seeks to compare those facts to the present action, draw in additional legal authority, and detail why the rulings purportedly "support" Plaintiffs' position on a contested legal question, ECF 178-1 at 1:9-28. The proposed response similarly offers additional argument as to the authorities raised in the second and third Notices. ECF 178-1 at 2. OEM Plaintiffs are simply wrong, then, in claiming that permission to file their proposed response "would not cause prejudice." ECF 178 at 1:19. To the contrary, it would allow OEM Plaintiffs—and only OEM Plaintiffs—to present their views to this Court about the relevance of these new authorities (and *additional* authorities cited in the proposed response).

Defendants sought to avoid that precise result (and this motion practice) by suggesting the parties negotiate a proposed supplemental briefing schedule, along with page limits, and submit a stipulation and proposed order to permit such briefing, should the Court find it helpful. OEM Plaintiffs rejected the proposal, *see* Exhibit B, opting instead to file their proposed supplemental brief with a motion for administrative relief. OEM Plaintiffs' choice left Defendants with *five days* to respond to OEM Plaintiffs' motion *and* their proposed supplemental brief, in stark contrast to the *six weeks* or more OEM Plaintiffs used to prepare their supplemental brief. *See* ECF 176 (last of three Notices, filed September 29, 2026).

OEM Plaintiffs' motion for leave to file one-sided and prejudicially timed supplemental briefing should be denied. Should the Court instead exercise its discretion to allow OEM Plaintiffs to file their proposed supplemental brief, Defendants respectfully request that the Court allow Defendants an equal opportunity to present their views, as well, and accept their proposed response, attached hereto as Exhibit A.[1]

Dated: November 16, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
Deputy Attorney General
*Attorneys for Defendants*

[1] Defendants note that Plaintiff-Intervenors the United States and United States Environmental Protection Agency have not sought leave to file a supplemental brief. Should Plaintiff-Intervenors desire to file such a brief, Defendants would again suggest that the parties negotiate a briefing schedule and present that to the Court in a stipulation and proposed order. In the event the United States nonetheless moves for leave to file its own proposed, supplemental brief, Defendants reserve their rights to respond.